IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 04-418-SLR |
| | ) | |
| v. | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| CORNICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CORNICE, INC.'S MOTION
FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendant Cornice, Inc. ("Cornice") moves for leave to amend its Answer and Counterclaims to assert license-related defenses and a counterclaim for breach of contract, and to amend its inequitable conduct allegations. Attached as Exhibit 1 are two copies of the Amended Answer, Affirmative Defenses, and Counterclaims, and attached as Exhibit 2 is a redlined version comparing the original pleading to the amended pleading. Attached as Exhibit 3 is a proposed Order granting this motion.

STATEMENT OF FACTS

Plaintiff Seagate Technology LLC ("Seagate") filed this action on June 22, 2004, alleging infringement of seven United States patents. This case is pending concurrently with an action that Seagate filed in the International Trade Commission ("ITC") alleging infringement of the same seven patents. The parties have been working together to coordinate discovery between the two actions.

Cornice's proposed amendment contains new affirmative defenses of license and immunity from suit based on the cross license, as well as a breach of contract counterclaim that is based on the same facts. Seagate does not oppose the new affirmative defenses based on the cross license, but does not consent to the amendment with respect to the breach of contract counterclaim. The proposed amendment also updates Cornice's inequitable conduct pleading and adds license-related defenses of patent exhaustion and implied license from the pleadings in the ITC action.

## ARGUMENT

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court stated in *Foman v. Davis*, 371 U.S. 178, 181-182 (1962), that "this mandate is to be heeded":

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

Although the decision to grant or deny leave to amend is committed to the sound direction of this Court, the Supreme Court stated in *Foman* that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 182.

There has been no "bad faith, delay or dilatory motive" by Cornice in connection with this motion. The Scheduling Order entered in this case set a date for amendment of pleadings of March 25, 2005. Thus, this motion is timely.

The proposed amendment is proper because there will be no prejudice to Seagate. In fact, Seagate does not oppose the amendment with respect to the affirmative defenses of license and immunity from suit, which are based on the same facts as the breach of contract counterclaim. Furthermore, the Scheduling Order provides a significant period for additional fact discovery, through June 30, 2005, and trial is still over a year away. Moreover, Seagate should not require extensive discovery on the breach of contract counterclaim, and in any event

Finally, because Cornice's proposed counterclaim for breach of contract states a claim under California law, any opposition by Seagate based on futility should be rejected.

California Civil Code specifically states that "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code 1559 (2004). *See Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr.3d 233, 239 (Cal. Ct. App. 2005).

*Ralph C. Sutro Co. v. Paramount Plastering, Inc.*, 31 Cal. Rptr. 174, 177 (Cal. 2nd Dist. Ct. App. 1963).

*See City & Suburban Mgmt. Corp. v. First Bank*, 959 F.Supp. 660, 665 (D.Del. 1997).

## CONCLUSION

For the foregoing reasons, Cornice's Motion For Leave To File Amended Answer and Counterclaims should be granted.

        MORRIS, NICHOLS, ARSHT & TUNNELL

        /s/ Julia Heaney
        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
          *Attorneys for Defendant and*
          *Counterclaim Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

March 25, 2005