IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CORNICE, INC.<br><br>        Defendant. | C.A. No. 04-418 (SLR)<br><br>**PUBLIC VERSION** |

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO
DEFENDANT CORNICE, INC.'S MOTION FOR LEAVE TO
FILE AMENDED ANSWER AND COUNTERCLAIMS**

Date: April 8, 2005

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

## TABLE OF CONTENTS

<u>Page</u>

NATURE AND STAGE OF THE PROCEEDING..................................................................1

SUMMARY OF ARGUMENT ........................................................................................2

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT.................................................................................................................4

I.    CORNICE HAS UNDULY DELAYED IN BRINGING ITS ELEVENTH COUNTERCLAIM..................................................................4

II.    CORNICE'S NEW BREACH OF CONTRACT COUNTERCLAIM IS FUTILE ............................................................................5

    A.    Cornice Is Not An "Intended" Beneficiary And Has No Standing To Bring A Breach of Contract Claim Based On The _____ License..........................................................................5

    B.    Cornice's Alleged Supplier Had Not Entered Into A Sublicense Agreement With _____ Prior To The Commencement Of This Action ...................................................8

CONCLUSION.............................................................................................................10



# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Adams v. Gould, Inc.*,
  739 F.2d 858 (3d Cir. 1984)......................................................................................4

*Alvin v. Suzuki*,
  227 F.3d 107 (3d Cir. 2000).......................................................................................5

*City & Suburban Management Corp. v. First Bank*,
  959 F. Supp. 660 (D. Del. 1997)................................................................................8

*Corrugated Paper Products v. Longview Fibre Co.*,
  868 F.2d 908 (7th Cir. 1989) .....................................................................................7

*Foman v. Davis*,
  371 U.S. 178 (1962)...................................................................................................5

*Unova, Inc. v. Acer Inc.*,
  363 F.3d 1278 (Fed. Cir. 2004)..................................................................................6

## STATE CASES

*Alling v. Universal Manufacturing Corp.*,
  5 Cal. App. 4th 1412 (Cal. Ct. App. 1992)............................................................6, 8

*Eastern Aviation Group, Inc. v. Airborne Express, Inc.*,
  6 Cal. App. 4th 1448 (Cal. Ct. App., 1992) ........................................................6, 7, 8

*Neverkovec v. Fredericks*,
  74 Cal. App. 4th 337, 87 Cal. Rptr. 2d 856 (Cal. Ct. App. 1999) .............................6

*Ralph C. Sutro Co. v. Paramount Plastering, Inc.*,
  31 Cal. Rptr. 174 (Cal. 2nd Dist. Ct. App. 1963) ......................................................8

*Schauer v. Mandarin Gems of Cal., Inc.*,
  23 Cal. Rptr. 3d 233  (Cal. Ct. App. 2005).................................................................8

**STATE STATUTES**

Cal. Civ. Code § 1550..................................................................................................9

Cal. Civ. Code §1624...................................................................................................9

**REDACTED**

## NATURE AND STAGE OF THE PROCEEDING

On June 22, 2004, Plaintiff Seagate Technology LLC ("Seagate") commenced this action against Defendant Cornice, Inc. ("Cornice") for infringement of six Seagate patents. Seagate filed an Amended Complaint on July 14, 2004 alleging, *inter alia*, infringement of a seventh patent. On August 11, 2004, Cornice filed its original Answer, Affirmative Defenses and Counterclaims.

Seagate also filed a Complaint with the U.S. International Trade Commission ("ITC") on July 2, 2004 alleging infringement of the same patents involved in this action and naming Cornice as a Respondent. Notably, attached to the ITC Complaint as Exhibit 63 was a copy of the cross-license agreement between **REDACTED** License") which is the subject of Cornice's Eleventh Counterclaim.[1]

This Court entered its Scheduling Order on November 3, 2004. The Scheduling Order provides that document production be completed by January 14, 2005. The Court also set March 25, 2005 as the last day for parties to move to amend the pleadings. Despite being aware of the        agreement since at least July 2, 2004, Cornice never included its breach of contract claim in its original Counterclaims. Moreover, Cornice waited over seven months more – until March 25, 2005 – to file its Motion for Leave to Amend its Answer and Counterclaims (hereinafter "Motion") to add its Eleventh Counterclaim for breach of contract.[2] Attached hereto as Exhibit A is a proposed form of Order denying Cornice's Motion for Leave to Amend to add its Eleventh Counterclaim for breach of contract and granting the Eighth, Ninth and Tenth Affirmative Defenses.

---

[1] See Declaration of William J. Marsden, Jr. in Support of Plaintiff Seagate Technology LLC's Opposition To Defendant Cornice, Inc.'s Motion For Leave To File Amended Answer And Counterclaims ("Marsden Decl.", Ex. A).

[2] In its Amended Answer, Affirmative Defenses and Counterclaims (see Motion, Exs. 1 and 2), Cornice seeks to amend its Eighth Affirmative Defense, to add Ninth and Tenth Affirmative Defenses, and to add an Eleventh Counterclaim. Seagate only opposes granting leave to amend as to the Eleventh Counterclaim.

**REDACTED**

## SUMMARY OF ARGUMENT

Cornice's Eleventh Counterclaim alleges breach of a cross-license agreement between _____ Cornice was aware of this agreement before it filed its original Answer, Affirmative Defenses and Counterclaims. Indeed, every fact alleged in the proposed Eleventh Counterclaim was known or available to Cornice by at least July 2, 2004 when Seagate filed and served its Complaint with the ITC. This inexplicable and undue delay of over seven months will necessarily prejudice Seagate given the cut-off dates in the present Scheduling Order, including the short time remaining for fact discovery.

The prejudice caused by Cornice's delay will be compounded by the futility of its Eleventh Counterclaim.

# REDACTED

Nor can it, because clearly there is no evidence to support such a claim. Therefore, for these and other reasons discussed herein, leave to amend with regard to Cornice's Eleventh Counterclaim should be denied.

## STATEMENT OF FACTS

In its Motion, Cornice seeks leave to revise its Eighth Affirmative Defense, to add Ninth and Tenth Affirmative Defenses, and to add a new Eleventh Counterclaim. (See Motion, Exs. 1 and 2). Seagate agreed not to oppose Cornice's request for leave to amend and/or add its Eighth, Ninth and Tenth Affirmative Defenses. Although none of these defenses are well-taken, at least the Eighth Defense (alleging inequitable conduct), the Ninth Defense (alleging immunity from suit), and the Tenth Defense (alleging a license) were all raised previously in the ITC action. However, Cornice's Eleventh

Counterclaim for breach of contract under California law is a new cause of action raised in this Court for the first time in Cornice's proposed amended pleading.

**REDACTED**

(Marsden Decl., Ex. B).

**REDACTED**

<sup>3</sup>

These issues are about to be tried before the ITC in a trial scheduled to begin on May 2, 2005.

## ARGUMENT

### I. CORNICE HAS UNDULY DELAYED IN BRINGING ITS ELEVENTH COUNTERCLAIM

Cornice's Motion should be denied with respect to its Eleventh Counterclaim because it has delayed unduly in asserting this new cause of action until the last possible moment, even though it was aware of the _____ License more than eight months ago. In so doing, Cornice took full advantage of the fact that the schedule was negotiated, and the Court issued its Scheduling Order, on the assumption that all claims based on facts known to Cornice in August 2004 had been included in its original Counterclaims.

It is well-settled that a motion to amend may be denied in the face of undue delay by the moving party, *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) ("at some point, the delay will become 'undue,' placing an unwarranted burden on the Court, or will become 'prejudicial,' placing an unfair burden on the opposing party.").

Here, Cornice delayed unduly in moving to amend its Counterclaims because it was in possession of all the alleged "facts" on which its Eleventh Counterclaim is based before it filed its original Answer, Affirmative Defenses and Counterclaims in August 2004. This cannot be disputed because the 1995 license agreement between _____ was attached as an exhibit to the Complaint filed with the ITC and served on Cornice on July 2, 2004. Allowing Cornice to insert this Counterclaim in the case at this late date will, at a minimum, raise new issues regarding the relationship between two

---

[3] See generally, the Expert Report of Roger S. Smith, dated March 16, 2005 (Marsden Decl., Exhibit C).

4

**REDACTED**

The damages requested will also require substantial discovery of, *inter alia*, Cornice and its trial counsel regarding how Cornice has been damaged, the cost of litigation and the appropriateness of trial counsel's invoices. (See, e.g., Motion, Ex. 1, ¶160 and Ex. 2, ¶158.) This discovery will undoubtedly result in a significant amount of motion practice.

Furthermore, trial in the related ITC case is scheduled to begin on May 2, 2005, and fact discovery in this action is scheduled to close the following month on June 30, 2005. Cornice should have asserted its Eleventh Counterclaim last August when it could have. Its undue delay in bringing this claim at this late date will certainly prejudice Seagate.

## II.  CORNICE'S NEW BREACH OF CONTRACT COUNTERCLAIM IS FUTILE

The Supreme Court has held that leave to amend should not be permitted if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile when the proposed amended claim or counterclaim would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

### A.  Cornice Is Not An "Intended" Beneficiary And Has No Standing To Bring A Breach of Contract Claim Based On The ▬▬▬ License



The law of the State of California governs the construction of the contract at issue. (Marsden Decl., ¶11.1, Ex. A). Under California law:

> "A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him." [Citations omitted]. The circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement. The contracting parties must have intended to confer a benefit on the third party.

*Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, 348, 87 Cal. Rptr. 2d 856, 865 (Cal. Ct. App. 1999).

Cornice cannot establish its status as a third party beneficiary unless it "carries the burden of proving that the contracting parties' intended purpose in executing their agreement was to confer a direct benefit on the alleged third party beneficiary." *Alling v. Universal Manufacturing Corp.*, 5 Cal. App. 4th 1412, 1439 (Cal. Ct. App. 1992). The contract must be interpreted so as "to give effect to the mutual intention of the parties as it existed at the time of contracting." *Unova, Inc. v. Acer Inc.*, 363 F.3d 1278, 1281 (Fed. Cir. 2004).

**REDACTED**

(Motion at 3). Under California law, "for a contract to be enforceable by a third party, the contract must be made <u>expressly</u> for the benefit of the third person. (Civ. Code §1559.)" *Eastern Aviation Group, Inc. v. Airborne Express, Inc.*, 6 Cal. App. 4th 1448, 1452 (Cal. Ct. App., 1992) (emphasis added). If a third party is only "incidentally" benefited by the performance of a contract, as is the case here, the third party is not entitled to enforce it. *Id.* The California Court of Appeals cautions that: "<u>[t]he fact that he [the third party] is incidentally named in the contract</u>, or that the contract, if carried out according to its terms, would inure to his benefit, <u>is not sufficient to entitle him to demand its fulfillment. It must appear to have been the intention of *the parties* to secure to him personally the benefit of its provisions</u>. *Id.* (Underlining added; italics in original).

In *Eastern Aviation*, the plaintiff (EAG, Inc.) was a third-party customer specifically identified in the contract between the seller and the buyer. The Court held that "when a seller knows the buyer intends to resell the goods to a third party, this does not establish that the seller intends to benefit the third party." *Id.* at 1453. The California

Court of Appeals relied heavily on *Corrugated Paper Products v. Longview Fibre Co.*, 868 F.2d 908 (7th Cir. 1989).

In *Corrugated*, the seller knew that the buyer he had contracted with had agreed to resell to a third party, and the contract between the buyer and seller provided that the machinery that was the subject of the contract would be shipped directly from the seller to the third party. The discussion of the pertinent law by the Seventh Circuit is particularly relevant to the present case:

> In determining the intent of the contracting parties, the fact that a third party is named in the contract, or that performance is to run directly to the third party, is not conclusive.
>
> * * *
>
> In other jurisdictions, courts have also been reluctant to recognize third-party rights based solely on the fact that the contracting parties were aware of the third person's relationship to the transaction. For example, courts have generally held that a third party is not a beneficiary of a sales agreement merely because both contracting parties knew that the product would be resold to the third party, or to a class of which the third party was a member. <u>Even where the subsequent purchaser is mentioned by name in the contract, such a third party is "no more than a known remote buyer" in the absence of further evidence of an intent to benefit the third party.</u>

*Id.* at 911. (Emphasis added).

The California Court of Appeals in *Eastern Aviation* further found that "the fact that seller knew buyer intended to resell to third party was not sufficient to make third party an intended beneficiary of the agreement between seller and buyer." *Eastern Aviation*, supra at 1453. The Court relied upon the following reasoning of the Seventh Circuit:

> "there is an important difference between *knowledge* that a certain outcome will occur, and an *intent* to bring about that result. In order to establish third-party beneficiary status, a plaintiff must show more than that the contracting parties acted against a backdrop of knowledge that the plaintiff would derive benefit from the agreement. The plaintiff must show that the benefit to plaintiff was a consequence which the parties affirmatively sought; <u>in other words, the benefit to plaintiff must have been, to some extent, a motivating factor in the parties' decision to enter into the contract.</u>" (*Corrugated Paper Products v. Longview Fibre Co., supra*, 868 F.2d at 912, italics in original.) The court held there was no evidence that both seller and buyer intended to confer a benefit on third party.

7

**REDACTED**

*Eastern Aviation*, supra at 1453. (Underlining added; italics in original).

Such is the case here, where Cornice failed to plead that ▬▬▬ intended to confer a benefit on Cornice or the class to which it claims to be a member.

Since the pleading is defective, and there is no evidence that either of the contracting parties intended to benefit Cornice, leave to amend should be denied.

The company was established in 2001. (Marsden Decl., Ex. B). Whether a third party may be considered a beneficiary is determined as of the time of the contracting. *Alling, supra* at 1441.

Under similar circumstances, the California Court of Appeals held that the third party in question (Calmont), which had been established years after the time of contracting, could not have been an intended third party beneficiary <u>as a matter of law</u>. *Id.*[4]

**B.   Cornice's Alleged Supplier Had Not Entered Into A Sublicense Agreement With ▬▬▬ Prior To The Commencement Of This Action**

**REDACTED**

---

[4] The caselaw relied upon by Cornice is misplaced. In *Schauer v. Mandarin Gems of Cal., Inc.*, 23 Cal. Rptr. 3d 233, 239 (Cal. Ct. App. 2005), the contract was for the purchase of an engagement ring and the third party beneficiary (i.e. the woman who was given the diamond ring) was clearly the reason the contract was entered into in the first place. Similarly, in *Ralph C. Sutro Co. v. Paramount Plastering, Inc.*, 31 Cal. Rptr. 174, 177 (Cal. 2nd Dist. Ct. App. 1963), the contract provided for a trust fund to assure that certain third parties were paid. The plaintiff was clearly entitled to the money in the trust fund since he needed to be paid and that was the reason for the fund. Finally, in *City & Suburban Mgmt. Corp. v. First Bank*, 959 F. Supp. 660 (D. Del. 1997), the plaintiff was a creditor beneficiary, which is not the situation here. None of these cases are analogous to the facts before this Court.

**REDACTED**

It does not just happen as Cornice would have this Court believe. Furthermore, a sublicense is a contract and requires that the elements of a valid contract and the Statute of Frauds be satisfied in order to be enforceable. See, e.g., Cal. Civ. Code § 1550 and Cal. Civ. Code §1624.

**REDACTED**

[5]

**REDACTED**

---

[5] Indeed, it was not until this issue was raised in the related case pending before the ITC that Cornice made a transparent attempt to revise history in an effort to salvage its licensing defense.

**REDACTED**

9



, and ignores black letter principles of contract law. As such, Cornice's Eleventh Counterclaim is defective and its motion for leave to add this Counterclaim should be denied.

## CONCLUSION

For the reasons stated above, Cornice's motion for leave to amend to add its Eleventh Counterclaim should be denied.

Dated: April 8, 2005

FISH & RICHARDSON P.C.

By: /s/
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORNICE, INC.,<br><br>　　　　Defendant. | Civil Action No. 04-418-SLR |

## PROPOSED ORDER

The Court having considered Plaintiff Seagate Technology LLC's Opposition to Defendant Cornice, Inc.'s Motion for Leave to File Amended Answer and Counterclaims, the parties having submitted their positions with regard to that motion, and the Court having duly considered the parties' positions:

IT IS ORDERED this _____ day of April, 2005 that Defendant Cornice, Inc.'s Motion for Leave to File Amended Answer and Counterclaims is DENIED as to the Eleventh Counterclaim for breach of contract and GRANTED as to the Eighth, Ninth and Tenth Affirmative Defenses.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2005, a true and correct copy of **PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO DEFENDANT CORNICE, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS** was caused to be served on the attorney of record at the following address as indicated:

**BY HAND DELIVERY**

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT & TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

**VIA FEDERAL EXPRESS**

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000 | Attorneys for Defendant<br>Cornice, Inc. |
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002<br>(713) 546-5000 | Attorneys for Defendant<br>Cornice, Inc. |
| David C. Radulescu<br>Alan J. Weinschel<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000 | Attorneys for Defendant<br>Cornice, Inc. |

William J. Marsden, Jr.