IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 04-418-SLR |
| | ) | |
| v. | ) | **CONFIDENTIAL -** |
| | ) | **FILED UNDER SEAL** |
| CORNICE, INC., | ) | |
| | ) | PUBLIC VERSION |
| Defendant. | ) | |

**REDACTED**
**CORNICE'S REPLY BRIEF IN SUPPORT OF IT'S MOTION**
**FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
   *Attorneys for Defendant and Counterclaim*
   *Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

Redacted Filing Date:  April 15, 2005
Original Filing Date:  April 21, 2005

TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                              ii.

SUMMARY OF ARGUMENT                                             1

ARGUMENT                                                       2

    I.    CORNICE'S MOTION TO AMEND IS TIMELY.        2

    II.    THERE WILL BE NO PREJUDICE TO SEAGATE.     3

    III.    THE MOTION IS NOT FUTILE.                 4

CONCLUSION                                                     7

## TABLE OF CITATIONS

Page(s)

<u>Cases</u>

*Adams v. Gould, Inc.*
 739 F.2d 858 (3d Cir. 1984)      3

*Air Products and Chemicals, Inc. v. Eaton Metal Prods. Co.*,
 256 F. Supp. 2d 329 (E.D. Pa. 2003)    4

*Alling v. Universal Manuf'g Corp.*,
 5 Cal. App. 4th 1412 (Cal. Ct. App. 1992)   6

*Bechtel v. Robinson*,
 886 F.2d 644 (3d Cir. 1989)      3

*Butcher & Singer, Inc. v. Kellam*,
 105 F.R.D. 450 (D. Del. 1984)     3

*Foman v. Davis*,
 371 U.S. 178 (1962)        3

*In re Burlington Coat Factory Sec. Litig.*,
 114 F.3d 1410 (3d Cir. 1997);     4

*Massarky v. General Motors Corp.*,
 706 F.2d 111 (3d Cir. 1983).     4

*Miller v. Rykoff-Sexton, Inc.*,
 845 F.2d 209 (9th Cir. 1988)     6

*Scheur v. Rhodes*,
 416 U.S. 232 (1974)        4

*Senza-Gel Corp. v. Seiffhart*,
 803 F.2d 661 (Fed. Cir. 1986)     4

## SUMMARY OF ARGUMENT

Seagate's Opposition to Cornice's Motion For Leave To File Amended Answer and Counterclaims attempts to defeat Cornice's motion using all available legal theories – undue delay, undue prejudice, and futility. None of Seagate's attempts succeeds. As explained in Cornice's motion (D.I. 51), Cornice has moved by the date set forth in the Scheduling Order for amendment of pleadings, March 25, 2005, and is therefore timely.

There will be no prejudice to Seagate. Notably, Seagate opposes the amendment only with respect to Cornice's Eleventh Counterclaim of breach of contract. Cornice's proposed Ninth and Tenth affirmative defenses of license and immunity from suit, which Seagate does not oppose, are based on much the same facts. Seagate has already had discovery relating to those defenses in the ITC action, and will have an opportunity to take additional discovery in this case prior to trial, which is over a year away.

Finally, Seagate has not satisfied the heavy burden on its argument of futility. The question at this stage is not whether Cornice will ultimately prevail, but whether it has adequately pleaded a counterclaim for breach of contract

As set forth below, Cornice has stated a claim for breach of contract and shown that it has standing as a third-party beneficiary. Seagate's attempt

should be rejected as irrelevant because the only question before the Court is whether Cornice has come forward with allegations that would be sufficient to survive a motion to dismiss. That question is not a difficult one, and under

the liberal standard that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Seagate's opposition must fail.

## ARGUMENT

### I.    <u>CORNICE'S MOTION TO AMEND IS TIMELY.</u>

Seagate half-heartedly argues that Cornice should not be granted leave to amend its Eleventh Counterclaim because Cornice's "undue delay of over seven months will necessarily prejudice Seagate...." (D.I. 54 at 2). Seagate's count of seven months dates back to the filing of Cornice's original counterclaims in this case. That date, however is hardly relevant – if Cornice were only permitted to file its Eleventh Counterclaim at the time that it filed its original counterclaims, then the provision in the Scheduling Order for amendments to pleadings would be meaningless. Seagate ignores the date that *is* relevant to the question of whether Cornice's motion to amend is timely -- the date set by the Court in the Scheduling Order. Cornice has complied with that deadline and did not unduly delay.

Seagate further attempts to create the impression that strategic reasons motivated Cornice to delay its motion to amend, so as to minimize the time remaining for discovery relating to the Eleventh Counterclaim. That is just wrong. In fact, Cornice was not able to move to amend previously because under the rules governing the ITC action, Cornice was prohibited from using in this action confidential information that was produced in the ITC action,                                    It was not until counsel for Seagate and Cornice agreed on the treatment of confidential ITC documents in this case that Cornice was able to amend its Delaware pleading (Exh. A, January 21, 2005 letter from

Radulescu to Nester). Thus, there has been no "bad faith, delay or dilatory motive" by Cornice. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

## II.    THERE WILL BE NO PREJUDICE TO SEAGATE.

Even if Seagate were able to show that Cornice unduly delayed, "delay alone, absent a showing of undue prejudice or unfair disadvantage to the nonmoving party as a result of the amendment, is an inadequate basis for denying a party leave to amend his pleadings." *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D. Del. 1984) (permitting amendment to add affirmative defense seven months after close of discovery and six weeks before trial).[1]  The party opposing a motion to amend "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

Seagate argues that it will be prejudiced if it must take discovery on Cornice's proposed Eleventh Counterclaim in the time between the close of trial in the ITC action and close of fact discovery in this action.  Seagate's prejudice argument rings hollow – it has not opposed Cornice's amendment of its Ninth and Tenth affirmative defenses of license and immunity from suit, which are based on much the same facts as the Eleventh Counterclaim.  Furthermore, Seagate has offered no evidence to support its

---

[1]    The case of *Adams v. Gould, Inc.* 739 F.2d 858,868 (3d Cir. 1984), does *not* stand for the proposition that "a motion to amend may be denied in the face of undue delay," as Seagate argues (D.I. 54 at 4).  In *Adams*, the court held that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied" and granted leave to amend. *Id.*

4.

claims that discovery relating to damages sought by Cornice's Eleventh Counterclaim would be "substantial" or lead to "motion practice." D.I. 54 at 5. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 667 (Fed. Cir. 1986) (affirming motion to amend based on plaintiff's "failure to present any evidence in support of its burden" of showing prejudice). The parties have already devoted substantial discovery resources to the license and immunity defenses in the ITC action and have agreed to coordinate discovery between the two actions. In any event, trial in this action is still over a year away.

### III.    THE MOTION IS NOT FUTILE.

It is well settled that opponents, like Seagate, who claim that a proposed amendment is futile must satisfy a "heavy burden" given the liberal standard applied to the amendment of pleadings. *See, e.g., Air Products and Chemicals, Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 332-33 (E.D. Pa. 2003). Specifically, the opposing party must prove that the proposed amendment would not withstand a motion to dismiss – *i.e.*, that the pleading, as amended, would fail to state a claim or defense upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Massarky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). In other words, Seagate must demonstrate that "it appears beyond doubt that [Cornice] can prove no set of facts in support of [the] claim which would entitle [Cornice] to relief." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974).

Here, Seagate falls far short of satisfying this "heavy burden" of proving futility.

REDACTED

6.

REDACTED

## CONCLUSION

For the reasons stated in its motion and herein, Cornice's motion to amend should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ *Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendant and Counterclaim*
  *Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

8.

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

April 15, 2005