IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>          **Plaintiff,**<br><br>    v.<br><br>CORNICE, INC.,<br><br>          **Defendant.** | Civil Action No. 04-418-SLR |

## CORNICE INC.'S NOTICE OF DEPOSITION AND ISSUANCE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, and the subpoena annexed hereto, defendant Cornice, Inc., by and through its undersigned counsel, will take the deposition pursuant to Fed. R. Civ. P. 30, upon oral examination of TDK USA Corporation by stenographic means and by videotape. The deposition will commence on June 14, 2005 at 9:00 a.m. at offices of Defendant's counsel, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 or at such other place and time as may be mutually agreed upon and will continue day-to-day thereafter until completed or adjourned.

Pursuant to the Federal Rules of Civil Procedure, TDK shall designate a witness or witnesses on each of the topics set forth in Attachment 1 attached hereto. You are invited to attend and examine.

                        MORRIS, NICHOLS, ARSHT & TUNNELL

                        /s/ *Julia Heaney*
                        Jack B. Blumenfeld (#1014)
                        Julia Heaney (#3052)
                        1201 N. Market Street
                        P.O. Box 1347
                        Wilmington, DE 19899
                        (302) 658-9200
                        jheaney@mnat.com
                           *Attorneys for Defendant and Counterclaim Plaintiff Cornice, Inc.*

May 31, 2005


OF COUNSEL:
Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000


467740

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN  DISTRICT OF  NEW YORK

SEAGATE TECHNOLOGY LLC,
    PLAINTIFF

V.

CORNICE, INC.
    DEFENDANT

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 04-418-SLR (D.Del.)

TO:  TDK USA Corporation
901 Franklin Avenue
Garden City, NY 11530-9302

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    See topics in Attachment 1.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | June 14, 2005; 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 | June 13, 2005; 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
*David C Radulescu* — Counsel for Defendant

DATE: 5/20/05

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David C. Radulescu, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, (212) 310-8906

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



## Demovsky Lawyer Service
**Premier Nationwide Document Retrieval and Process Service Company**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

SEAGATE TECHNLOGY LLC,

        Plaintiff,

        -against-

CORNICE, INC.,

        Defendant.
-------------------------------------------------X

AFFIDAVIT OF SERVICE
Case No. 04-418-SLR

STATE OF NEW YORK    )
        S.S.:
COUNTY OF ALBANY    )

        DEBORAH WINN, being duly sworn, deposes and says that she is over the age of eighteen years, is an employee of the attorney service, D.L.S., Inc., and is not a party to this action.

        That on the 23RD day of May, 2005, at approximately the time of 12:05P.M., deponent served a copy of the SUBPOENA IN A CIVIL CASE upon TDK USA CORPORATION, c/o Registered Agent, The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York, by personally delivering and leaving the same with MAUREEN COGAN who informed deponent that she holds the position of SERVICE OF PROCESS REPRESENTATIVE with that company and is authorized by appointment to receive service at that address. A forty dollar witness fee was given at time of service.

        MAUREEN COGAN is a white female, approximately 43 years of age, stands approximately 5 feet 6 inches tall, weighs approximately 165 pounds with brown hair and wears glasses.

*(signature)*
DEBORAH WINN

Sworn to before me this
23RD day of May, 2005

*(signature)*
NOTARY PUBLIC

Frank J. Panucci
Notary Public-State of NY
Qualified in Albany Co.
No. 4721156
Comm. Expires July 31, 2006

D.L.S., Inc.
100 State Street
Ste 220
Albany, NY 12207
518-449-8411
www.dlsny.com

# ATTACHMENT 1

## Definitions

A.  **"Seagate"** and **"Complainant"** shall each mean and refer to complainant Seagate Technology LLC, individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Seagate and others acting on behalf of Seagate, including without limitation, Seagate Technology, Seagate Technology (US) Holdings, Inc., Quinta Corporation, and Conner Peripherals, Inc.

B.  **"SAE"** shall mean and refer to SAE Magnetics [H.K.] Ltd., including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with SAE and others acting on behalf of SAE, including without limitation, Husko, Inc.

C.  **"TDK"** shall mean and refer to TDK Corporation, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with TDK and others acting on behalf of TDK, including without limitation, TDK U.S.A. Corporation and TDK Corporation of America.

D.  **"Cornice"** and **"Respondent"** shall each mean and refer to Cornice, Inc.

E.  **"Relevant Patents-in-Suit"** shall mean and refer to U.S. Patent Nos. 5,452,159; 5,596,461; 5,600,506; 6,146,754; 6,324,054; and 6,545,845, individually and collectively.

F.  **"TDK License Agreement"** shall mean the Agreement between Seagate Technology, Inc. and TDK Corporation, dated November 1, 1995.

G.  **"SAE Sublicense Letter"** shall mean the letter from Monjiro Momoi, Deputy General Manager of TDK Corporation, to Walter Sze, Vice President of SAE Magnetics (H.K.) Ltd., dated January 14, 2005.

H.  **"Person"** shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

I.  **"Document"** shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings,

1

cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

J.     **"Communication"** shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including without limitation but not limited to conversations, correspondence, electronic mails, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communication, telephone or message logs, notes or memoranda relating to written or oral communications, and any translation thereof.

K.     **"Date"** shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation, the year, month, week in a month, or part of a month.

L.     **"Relate to," "Related to,"** or **"Relating to"** shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

M.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

N.     As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

O.     Except where the context does not permit, the term **"including"** shall be without limitation.

P.     Except where the context does not permit, the terms **"and"** and **"or"** shall be both conjunctive and disjunctive.

Q.     Except where the context does not permit, the terms **"each"** and **"any"** shall mean any and all.

## Deposition Topics

1. Whether the TDK License Agreement is in full force and effect.

2. Whether, at the time of execution of the TDK License Agreement, TDK intended the TDK License Agreement to grant TDK license rights to the Relevant Patents-in-Suit.

3. Whether TDK has granted SAE a sublicense under the TDK License Agreement.

4. The facts and circumstances of any sublicense granted by TDK to SAE under the TDK License Agreement.

5. Whether the SAE Sublicense Letter contains true and accurate facts regarding the grant by TDK of a sublicense to SAE under the TDK License Agreement.

## Document Requests

1. All documents relating to the TDK License Agreement, including any drafts thereof, and any correspondence relating thereto, prior to or after its execution.

2. All documents relating to the SAE Sublicense Letter, including any drafts thereof, and any correspondence relating thereto, prior to or after its execution.

3. All documents relating to any corporate policy of TDK of granting sublicenses to patent license agreements to its subsidiaries.

4. All documents relating to any corporate policy or practice of TDK of granting sublicenses to patent license agreements to its subsidiaries, including to SAE.

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 31, 2005, I electronically filed Notice of Deposition of TDK USA Corporation with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**BY HAND**
William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801

and I, the undersigned, also hereby certify that on May 31, 2005, I sent by Federal Express, the above-stated document to:

**BY FEDERAL EXPRESS**
Roger S. Borovoy, Esquire
Fish & Richardson, P.C.
500 Arguello Street
Redwood City, CA 94063-1526

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW
Suite 1100
Washington, DC 20005

Edmond Bannon
Fish & Richardson
Citigroup Center
153 East 53rd St.
New York, NY 10022

MORRIS, NICHOLS, ARSHT & TUNNELL
/s/ *Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
Wilmington, Delaware 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendant and Counterclaim Plaintiff* Cornice, Inc.