## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CORNICE, INC.,<br><br>    Defendant. | Civil Action No. 04-418 (SLR)<br><br>**JURY TRIAL DEMANDED** |

## REPLY TO AMENDED COUNTERCLAIM

Plaintiff Seagate Technology LLC ("Seagate") hereby replies to the Amended Counterclaims set forth in Defendant's Amended Answer, Affirmative Defenses, and Counterclaims filed on May 20, 2005. Seagate's responses, numbered to correspond with the paragraph numbering of Cornice's Amended Counterclaims, are as follows:

### JURISDICTION AND VENUE

72. Seagate admits the allegation of paragraph 72 that this Court has subject matter jurisdiction.

73. Seagate admits the allegation of paragraph 73 that venue is proper in this district.

74. Seagate admits the allegation of paragraph 74 that an actual and justiciable controversy exists between Cornice and Seagate. Seagate neither admits nor denies the remaining allegations made in paragraph 74 because they require no response.

### THE PARTIES

75. Seagate admits the allegation of paragraph 75.

76. Seagate admits the allegation of paragraph 76.

### FACTUAL BACKGROUND

77. Seagate denies the allegations of paragraph 77.

78. Seagate is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies each and every such allegation.

79.    Seagate denies the allegations of paragraph 79.

80.    Seagate denies the allegations of paragraph 80.

81.    Seagate denies the allegations of paragraph 81.

82.    Seagate denies the allegations of paragraph 82.

83.    Seagate denies the allegations of paragraph 83.

## CLAIMS FOR RELIEF

### FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '754 Patent

84.    Seagate incorporates and re-alleges paragraphs 72-83 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

85.    Seagate denies the allegations of paragraph 85.

### Invalidity of the '754 Patent

86.    Seagate denies the allegations of paragraph 86.

### Unenforceability of the '754 Patent

87.    Seagate denies the allegations of paragraph 87.

### SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '054 Patent

88.    Seagate incorporates and re-alleges paragraphs 72-87 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

89.    Seagate denies the allegations of paragraph 89.

### Invalidity of the '054 Patent

90.    Seagate denies the allegations of paragraph 90.

### Unenforceability of the '054 Patent

91.    Seagate denies the allegations of paragraph 91.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '461 Patent

92.    Seagate incorporates and re-alleges paragraphs 72-91 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

93.     Seagate denies the allegations of paragraph 93.

### Invalidity of the '461 Patent

94.     Seagate denies the allegations of paragraph 94.

### Unenforceability of the '461 Patent

95.     Seagate denies the allegations of paragraph 95.

### FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '606 Patent

96.     Seagate incorporates and re-alleges paragraphs 72-95 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

97.     Seagate denies the allegations of paragraph 97.

### Invalidity of the '606 Patent

98.     Seagate denies the allegations of paragraph 98.

### Unenforceability of the '606 Patent

99.     Seagate denies the allegations of paragraph 99.

### FIFTH COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '845 patent

100.     Seagate incorporates and re-alleges paragraphs 72-99 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

101.     Seagate denies the allegations of paragraph 101.

### Invalidity of the '845 Patent

102.     Seagate denies the allegations of paragraph 102.

### Unenforceability of the '845 Patent

103.     Seagate denies the allegations of paragraph 103.

### SIXTH COUNTERCLAIM – DECLARATORY JUDGMENT
### Noninfringement of the '159 Patent

104.     Seagate incorporates and re-alleges paragraphs 72-103 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

105.     Seagate denies the allegations of paragraph 105.

**Invalidity of the '159 Patent**

106.    Seagate denies the allegations of paragraph 106.

**SEVENTH COUNTERCLAIM – DECLARATORY JUDGMENT
Noninfringement of the '506 Patent**

107.    Seagate incorporates and re-alleges paragraphs 72-106 of this Reply to Cornice's

Amended Counterclaims as if fully set forth herein.

108.    Seagate denies the allegations of paragraph 108.

**Invalidity of the '506 Patent**

109.    Seagate denies the allegations of paragraph 109.

**EIGHTH COUNTERCLAIM
TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
UNDER COLORADO LAW**

110.    Seagate incorporates and re-alleges paragraphs 72-109 of this Reply to Cornice's

Amended Counterclaims as if fully set forth herein.

**Seagate's Suit on the '754 Patent Is Objectively Baseless**

111.    Seagate denies the allegations of paragraph 111.

112.    Seagate denies the allegations of paragraph 112.

**Seagate's Suit on the '054 Patent Is Objectively Baseless**

113.    Seagate denies the allegations of paragraph 113.

114.    Seagate denies the allegations of paragraph 114.

115.    Seagate denies the allegations of paragraph 115.

**Seagate's Suit on the '461 Patent Is Objectively Baseless**

116.    Seagate denies the allegations of paragraph 116.

117.    Seagate denies the allegations of paragraph 117.

118.    Seagate denies the allegations of paragraph 118.

119.    Seagate denies the allegations of paragraph 119.

**Seagate's Suit on the '606 Patent Is Objectively Baseless**

120.    Seagate denies the allegations of paragraph 120.

121.    Seagate denies the allegations of paragraph 121.

**Seagate's Suit on the '845 Patent Is Objectively Baseless**

122.    Seagate denies the allegations of paragraph 122.

123.    Seagate denies the allegations of paragraph 123.

124.    Seagate denies the allegations of paragraph 124.

**Seagate's Suit on the '159 Patent Is Objectively Baseless**

125.    Seagate denies the allegations of paragraph 125.

126.    Seagate denies the allegations of paragraph 126.

127.    Seagate denies the allegations of paragraph 127.

**Seagate's Suit on the '506 Patent Is Objectively Baseless**

128.    Seagate denies the allegations of paragraph 128.

129.    Seagate denies the allegations of paragraph 129.

**Tortious Interference**

130.    Seagate denies the allegations of paragraph 130.

131.    Seagate denies the allegations of paragraph 131.

132.    Seagate denies the allegations of paragraph 132.

133.    Seagate denies the allegations of paragraph 133.

134.    Seagate denies the allegations of paragraph 134.

135.    Seagate denies the allegations of paragraph 135.

136.    Seagate denies the allegations of paragraph 136.

137.    Seagate denies the allegations of paragraph 137.

138.    Seagate denies the allegations of paragraph 138.

139.    Seagate denies the allegations of paragraph 139.

**NINTH COUNTERCLAIM**
**UNFAIR COMPETITION UNDER COLORADO COMMON LAW**

140.    Seagate incorporates and re-alleges paragraphs 72-139 of this Reply to Cornice's
Amended Counterclaims as if fully set forth herein.

141.    Seagate denies the allegations of paragraph 141.

142.    Seagate denies the allegations of paragraph 142.

143.    Seagate denies the allegations of paragraph 143.

144.    Seagate denies the allegations of paragraph 144.

145.    Seagate denies the allegations of paragraph 145.

**TENTH COUNTERCLAIM**
**UNFAIR COMPETITION UNDER COLORADO REV. STAT. § 6-1-105**

146.    Seagate incorporates and re-alleges paragraphs 72-145 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

147.    Seagate denies the allegations of paragraph 147.

148.    Seagate denies the allegations of paragraph 148.

149.    Seagate denies the allegations of paragraph 149.

150.    Seagate denies the allegations of paragraph 150.

151.    Seagate denies the allegations of paragraph 151.

**ELEVENTH COUNTERCLAIM**
**BREACH OF CONTRACT UNDER CALIFORNIA LAW**

152.    Seagate incorporates and re-alleges paragraphs 72-151 of this Reply to Cornice's Amended Counterclaims as if fully set forth herein.

153.    Seagate denies the allegations of paragraph 153.

154.    Seagate denies the allegations of paragraph 154.

155.    Seagate admits that the quoted text "[e]ach sublicensed Subsidiary ... whom the sublicense originated" appears in what purports to be an agreement involving TDK.  Except as so admitted, Seagate denies the allegations of paragraph 155.

156.    Seagate admits that the quoted text "covenants ... contributory infringement of Licensed Patent(s)...." appears in what purports to be an agreement involving TDK.  Except as so admitted, Seagate denies the allegations of paragraph 156.

157.    Seagate denies the allegations of paragraph 157.

158.    Seagate denies the allegations of paragraph 158.

159.    Seagate denies the allegations of paragraph 159.

160.    Seagate denies the allegations of paragraph 160.

## AFFIRMATIVE DEFENSES TO CORNICE'S COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

161.    Seagate is immune from liability for the counterclaims under various doctrines, including the Noerr-Pennington doctrine.

### SECOND AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

162.    Seagate is immune from liability for the counterclaims because it has acted with justification.

### THIRD AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

163.    Cornice's counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

164.    Cornice's counterclaims are barred, in whole or in part, by the doctrines of estoppel and/or equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

165.    Cornice's counterclaims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

166.    Cornice's counterclaims are barred, in whole or in part, by the equitable doctrines of unclean hands and/or in pare delicto.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

167.    Cornice's counterclaims are barred, in whole or in part, by Cornice's failure to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

168.    Seagate is not liable for any alleged damages by reason of set-off.

### NINTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

169.    Cornice's counterclaims are barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

170.    Cornice's allegations of unenforceability, violation of the duty of candor, deceptive intent and fraud fail to comply with Fed.R.Civ.P. 9(b).

### ELEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIMS

171.    Seagate reserves all affirmative defenses under Federal Rules of Civil Procedure 8(c), the patent laws of the United States, any applicable state law, and any other defense, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

WHEREFORE, Plaintiff Seagate prays for judgment to be entered as follows:

A    That this Court dismiss Cornice's counterclaims with prejudice or enter judgment against Cornice on its counterclaims, and deny in all respects Cornice's prayer for relief;

B.    That Cornice has infringed, induced and/or contributed to the infringement of the '159, '506, '754, '054, '845, '461, and '606 patents (collectively, "Patents-in-Suit");

C.    Preliminarily enjoining Cornice, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement or contributing to infringement of the Patents-in-Suit;

D.    Permanently enjoining Cornice, its officers, directors, employees, agents, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert with them from infringing, actively inducing infringement or contributing to infringement of the Patents-in-Suit.;

E.    Awarding Seagate damages adequate to compensate them for Cornice's acts of infringement, inducement of and/or contributions to infringement of the Patents-in-Suit, together with interest thereon;

F.     Awarding Seagate treble damages against Cornice for its willful infringement, inducement of and/or contribution to infringement of the Patents-in-Suit;

G.     Ordering Cornice to pay Seagate its costs and attorneys' fees in connection with this action; and

H.     That Seagate be granted all other and further relief as this Court may deem just and proper.


## JURY DEMAND

Seagate hereby demands trial by jury on all issues so triable.


Dated:  June 9, 2005                    FISH & RICHARDSON P.C.

                                        By: _____
                                        William J. Marsden, Jr. (#2247)
                                        Timothy Devlin (#4241)
                                        Fish & Richardson P.C.
                                        919 N. Market Street, Suite 1100
                                        Wilmington, DE 19899-1114

                                        Roger S. Borovoy
                                        David M. Barkan
                                        D. Austin Horowitz
                                        Fish & Richardson P.C.
                                        500 Arguello Street
                                        Redwood City, CA 94063-1526

                                        Ruffin B. Cordell
                                        Brian R. Nester (#3581)
                                        Timothy W. Riffe
                                        Christian A. Chu
                                        Fish & Richardson P.C.
                                        1425 K Street NW, Suite 1100
                                        Washington, D.C.  20005

                                        Attorneys for Plaintiff
                                        SEAGATE TECHNOLOGY LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I electronically filed a **REPLY TO AMENDED**

**COUNTERCLAIM** with the Clerk of Court using CM/ECF which will send notification of such

filing(s) to the following:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT &<br>TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

I hereby certify that on June 9, 2005, I have mailed by United States Postal Service, the

document(s) to the following non-registered participants:

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | Attorneys for Defendant<br>Cornice, Inc. |
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX  77002 | Attorneys for Defendant<br>Cornice, Inc. |
| Alan J. Weinschel<br>David C. Radulescu<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153 | Attorneys for Defendant<br>Cornice, Inc. |

Timothy Devlin by Brian R. Nester (#3581)