**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SEAGATE TECHNOLOGY LLC,

               Plaintiff,

    v.                                    <u>Civil Action No. 04-418-SLR</u>

CORNICE, INC.

               Defendant.

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S**
**OBJECTIONS TO DEFENDANT CORNICE, INC.'S**
**<u>CORPORATE DEPOSITION NOTICE OF SEAGATE TECHNOLOGY LLC</u>**

       Pursuant to Fed. R. Civ. P. 30, Plaintiff Seagate Technology LLC ("Seagate") submits the following objections to the Corporate Deposition Notice of Seagate Technology LLC ("Deposition Notice") by Defendant Cornice, Inc. ("Cornice").

       The following objections are based upon Seagate's current knowledge, information, and belief after making a reasonable inquiry. Seagate expressly reserves the right to supplement its objections as additional evidence pertinent to this action may become available.

**<u>GENERAL OBJECTIONS</u>**

       Seagate asserts the following general objections to Cornice's Corporate Deposition Notice to Seagate. These objections are in addition to objections set forth separately in response to each individual deposition topic, and are incorporated in response to each individual deposition topic, regardless of whether they are separately stated therein.

       1.      Seagate objects to the time and place designated for the testimony as unduly burdensome and oppressive, because the Deposition Notice fail to provide adequate time to comply, and are duplicative and cumulative of equivalent deposition notices issued in a concurrent proceeding previously pending before the U.S. International Trade Commission.

2.      Seagate objects to the definitions, instructions, deposition topics, and document requests to the extent that they purport to impose any requirement or discovery obligation beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, any applicable orders issued by the presiding U.S. District Judge and/or Magistrate Judge, or any other applicable rules.

3.      Seagate objects to the definitions, instructions, and deposition topics to the extent that they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, immunity, or restriction upon discovery.  Inadvertent disclosure of any privileged or protected information or documents in response to these deposition topics shall not be deemed a waiver of the applicable privilege or protection, or of any other basis for objecting to discovery, or of the right of Seagate to object to the use, and seek the return, of any inadvertently disclosed information.

4.      Seagate objects to the definitions, instructions, and deposition topics to the extent that they seek disclosure of information or documents that are not relevant to the subject matter of this matter and/or are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Seagate objects to the definitions, instructions, and deposition topics to the extent that they seek to impose an obligation on Seagate to disclose information that is publicly available and/or as easily obtained from other parties, or that is more appropriately obtained through sources other than Seagate's testimony, such as through expert witnesses, on the grounds that such discovery is overly broad and unduly burdensome.  Seagate also objects to the definitions, instructions, and deposition topics to the extent that they seek information or documents that are already in the possession of other parties and/or Cornice.

6.      Seagate objects generally to Cornice's deposition topics to the extent that they are vague, indefinite, uncertain, and/or ambiguous.

7.      Seagate objects generally to Cornice's deposition topics to the extent that they are cumulative and/or duplicative.

8.    Seagate objects to the deposition topics to the extent that they purport to impose a requirement on Seagate to search for information and/or documents in locations other than where Seagate reasonably believes that non-duplicative responsive material might be located within the scope of a reasonable search.  Such a requirement would be overbroad, unduly burdensome, and oppressive.

9.    Seagate objects to the definitions, instructions, and deposition topics to the extent that they are overbroad, overly inclusive, oppressive and/or unduly burdensome, and that they result in requests for production which seek information that is not relevant to the subject matter of this matter and/or are not reasonably calculated to lead to the discovery of admissible evidence.

10.    To the extent any deposition topic seeks to impose an obligation to obtain or disclose information from any other entity or individual, Seagate objects on the grounds that such information is not within Seagate's possession, custody, or control and is overbroad, burdensome, and oppressive and/or seeks information which is not relevant to the subject matter of this matter and/or are not reasonably calculated to lead to the discovery of admissible evidence.

11.    Seagate generally objects to Cornice's deposition topics to the extent that they seek to compel Seagate to disclose trade secret and/or any other proprietary information within Seagate's possession, control, custody, including information not relevant to this matter and/or not covered by a suitable Protective Order already in place.

12.    Seagate generally objects to Cornice's definition of "Seagate" and "Complainant" as overly broad and unduly burdensome.  Seagate will interpret "Seagate" and "Complainant" as referring to Seagate Technology, LLC.

13.    Seagate objects to Cornice's Definition of "Patents-In-Suit" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  "Patents-In-Suit" will be interpreted to refer to the '159 patent, the '461 patent, the '506 patent, the '754 patent, the '054 patent, the '845 patent, and the '606 patent collectively.

14.     Seagate objects to Cornice's Definition of "Relevant products" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  For purposes of damages discovery, "[r]elevant products" will be interpreted to refer to the Seagate ST1 series of 1" drives.

15.     Seagate objects to Cornice's Definition of "Named Inventor(s)" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  "Named Inventor(s)" will be interpreted to refer to the inventors explicitly named on the face of the specific patent expressly at issue in the Deposition Topic(s).

16.     Seagate objects to Cornice's Definition of "Person" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  "Person" will be interpreted to refer to a natural person or a corporation as specifically identified in the Deposition Topic(s).

17.     Seagate objects to Cornice's Definition of "Document" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  "Document" will be interpreted to refer to documents contemplated by the Federal Rules of Civil Procedure and any other applicable law, precedent or rule, whichever is narrower.

18.     Seagate objects to Cornice's Definition of "Thing" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  "Thing" will be interpreted in accordance with its ordinary meaning to refer to an inanimate material object.

19.     Seagate objects to Cornice's Definition of "Communication" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  Seagate will use the term "Communication" consistently with the term's ordinary usage in responding to these interrogatories.

20.     Seagate objects to Cornice's Definition of "Identify" and/or "Identity" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  Seagate will provide information sufficient to identify the indicated individuals, entities, or occurrences to the extent that it is known after a reasonable investigation.

21.     Seagate objects to Cornice's Definition of "Describe" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome.  Seagate will use the term "Describe" consistently with the term's ordinary usage.

22.     Seagate objects to Cornice's Definitions of "Relate to" (or any form thereof), "including," "and," "or," "each," and "any" as vague, overbroad, inconsistent, irrelevant, and/or unduly burdensome. Seagate will use these terms consistently with the terms' ordinary usage.

## SPECIFIC OBJECTIONS AND RESPONSES

Seagate objects to each deposition topic on all the grounds set forth above in his General Objections and incorporates those objections into its specific objections to each deposition topic as if set forth in full therein.  By responding to Cornice's Deposition Notice, Seagate does not waive any objections it may have that the information requested is not relevant or admissible in this action, and expressly reserves the right to assert those objections.

## DEPOSITION TOPIC NO. 1:

Seagate's responses to Cornice's interrogatories served in this action (not including contention interrogatories).

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 1:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 2:

The identity, location, and contents of documents relating to the topics in this notice, the steps taken by Seagate to preserve evidence for this action and the timing of those steps, as well as the location and identity of the documents and things searched in response to Cornice's discovery requests in this action and the ITC action, and the files and locations from which documents and things were produced.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 2:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 3:

Identification and description of all relevant products (Seagate's, its licensees', or otherwise), the time frame when such products are/were manufactured, and the patent numbers now or previously marked on all such products, including the time period during which such marks were present.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 3:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 4:

Seagate's policies regarding patent marking, including the process used to select patents to mark on a given product, the manner in which the products are marked, and any other notice provided by Seagate regarding its alleged proprietary rights.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 4:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 5:

For each relevant product, the total sales by month, the average selling price by month, the cost of goods sold, and all variable and fixed costs associated with the manufacture and sale of each relevant product.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 5:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 6:

The capacity of Seagate to manufacture the relevant products from 1980 to the present, the actual production volumes for those products over the same time frame, and an explanation for the difference (if any) between production capacity and actual production.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 6:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 7:

Seagate's business plans for the relevant products, including actual and estimated demand, distribution channels, projected sales prices, projected sales and income, pro forma financial statements, product timelines, production plans, actual and estimated market penetration, cost analyses and manufacturing budgets.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 7:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession,

custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5 and 6.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 8:

Actual and projected profitability of the relevant products, and of those products versus Seagate's other products.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 8:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5, 6 and 7. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that relates to any Seagate product other than the Seagate ST1 series of 1" drives.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 9:

Seagate's sales strategies and forecasts for the relevant products, including warranty policies, sales training materials, sales budget, and salespeople's reports.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 9:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to

this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-8.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 10:

The identity and location of Seagate (or its licensees') customers for the relevant products from 1980 to present, including the identity of products into which the relevant products are or were incorporated.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 10:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it covers the period of time "from 1980 to present," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-9.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 11:

The cost of sales on a yearly basis for the relevant products, including the sales on a yearly basis of all consumables associated with the relevant products as well as the cost of sales on a yearly basis for all consumables associated with the relevant products from 1980 to present.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 11:

Seagate incorporates by reference each of the General Objections. Seagate further

objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it covers the period of time "from 1980 to present," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-10.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 12:

Seagate's marketing strategy for the relevant products, including the marketing, solicitation efforts, sales, offers of sale, trade shows, distribution, promotion, market research, selection of features and designs to be employed in the relevant products, including all product demonstrations, samples, price quotations, information or materials provided by Seagate in connection with such efforts.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 12:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-11.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 13:

The marketing forecasts, business plans, business projections, market research/analysis, customer surveys and sales budgets for the relevant products from 1980 to the present.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 13:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it covers the period of time "from 1980 to present," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-12.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 14:**

Competitive analyses performed by Seagate or on its behalf with regard to the relevant products, the accused products, or other companies' products in the same field.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 14:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-13.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 15:**

Identification of the competitors and competitive products in the market in which the relevant products were/are sold from 1980 to present, including the market share held by each of the relevant products and the competing products during that time frame.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 15:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it covers the period of time "from 1980 to present," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-14.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 16:**

Seagate's research and development activities, budget and plans for each of the relevant products, including the summary(ies) of Seagate's investments or cost of developing the relevant products or the patents-in-suit.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 16:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to

this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-15.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 17:**

The technological manner in which any or all relevant products could have been substituted for each accused products in a host device, including compatibility and performance characteristics.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 17:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 18:**

The existence, identity, and details regarding noninfringing alternatives for the products alleged to practice the patents-in-suit.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 18:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 17. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 19:**

All facts and information Seagate believes is relevant to determine the profits lost by Seagate, if any, due to Cornice's alleged infringement of the patents-in-suit.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 19:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession,

custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 20:**

Valuation or estimates of the value of Seagate, its relevant products, and its patents, including but not limited to the patents-in-suit.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 20:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 21:**

Communications with third parties, including but not limited to government entities such as the IRS, regarding any valuation attributed to Seagate's intellectual property in general, and its patent(s) in particular, including any evidence presented by either Seagate or the third party in support or opposition of a proposed valuation.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 21:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the

attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is the proprietary information of a third party.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 20.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 22:**

Seagate's current and historical technology and patent licensing practices, policies and strategies.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 22:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is the proprietary information of a third party.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 23:**

Seagate's current and historical efforts to license its patents, and any license agreements that have resulted from these efforts.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 23:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is the proprietary information of a third party. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 22.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 24:

The negotiation for and terms of all patent licenses between Seagate and other parties, including without limitation the royalty rates paid or received by Seagate under those licenses (or any other consideration given or received), the nature and scope of the license granted, the duration of the patent for which the license was granted, the term of the license granted and the commercial relationship between Seagate and the other party to each license.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 24:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession,

custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is the proprietary information of a third party.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 22 and 23.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 25:**

Patents that Seagate believes are "comparable" to the patents-in-suit within the meaning of *Georgia Pacific Corp. v. US. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 25:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it seeks overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 26:**

The licensing of any patents at any time of which Seagate is aware or believes are "comparable" to the patents-in-suit within the meaning of *Georgia Pacific Corp. v. US. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 26:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 25.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 27:**

The rate and/or amount that Cornice and Seagate would have agreed upon as a result of a hypothetical negotiation to license the patents-in-suit at any time after 2000, including without limitation internal analyses and discussions at Seagate regarding the proposed terms of license agreements for the patents-in-suit and negotiations between Seagate and third-parties that did or did not result in a consummated license agreement.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 27:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession,

custody, or control.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 28:

The existence and extent of any derivative or convoyed sales resulting from the sale of products which practice one or more of the patents-in-suit.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 28:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 29:

The profitability and commercial success, or lack thereof, of products or processes that practice one or more of the patents-in-suit, including without limitation the unit sales, revenues, costs, profits and allocation of costs and profits of such products, and the portion of the profit attributable to each patent practiced.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 29:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is

overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-16.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 30:

The extent to which Seagate believes the inventions of the patents-in-suit provide utility and advantage over the previously existing modes or devices in the fields of the patents.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 30:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 31:**

The extent to which Seagate believes Cornice has made use of the patents-in-suit, and the evidence probative of the value of that use.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 31:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 32:**

The nature of the subject matter of the patents-in-suit, the character of the commercial embodiment of it as owned and produced by Seagate, and the benefits to those who have used the invention.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 32:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession,

custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 30.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 33:**

The customary portion of the profit or selling price to allow for the use of the subject matter of the patents-in-suit or analogous subject matter.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 33:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 34:**

All facts and information Seagate believes is relevant to the calculation of a reasonable royalty.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 34:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 33.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 35:**

Any asset or corporate acquisitions for technology similar to the patented technology, including all book entries and valuations related to the transactions, business plans, business proposals, and communications related to the acquisition.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 35:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 5-16 and 22-24.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 36:

The relationship between Seagate and TDK, including Seagate's intentions and understandings regarding the cross-license(s) between Seagate and TDK/SAE, including identification of the intended third-party beneficiaries, licensed products, licensed combinations, sublicenses, as well as all communications relating to said cross-license(s) and sublicense(s).

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 36:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Any cross-license(s) between Seagate and TDK/SAE speak for themselves, and the interpretation of any cross-license(s) is up to the Court.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 37:

All communications between Seagate and any third party (including actual or potential customers, competitors, suppliers, analysts, media, Cornice investors/potential investors, Cornice customers/potential customers and business partners) regarding the patents-in-suit, Cornice, Cornice's products, this action and/or the ITC action, and the motivation and intent for all of the foregoing communications.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 37:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 38:**

All communications between Seagate and Hitachi and/or Western Digital regarding Cornice, the patents-in-suit, Cornice's products, this action, and/or the ITC action.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 38:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 39:

Seagate's consideration(s) to invest in, purchase, or collaborate with Cornice, the negotiations associated with such discussions, the terms discussed/offered/agreed upon, communications regarding the issue, the ultimate outcome and reasons therefor.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 39:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 40:

The non-disclosure agreements between Seagate and Cornice, the materials provided to Seagate under the terms of those agreements, Seagate's use of those materials, and the ultimate disposition of those materials.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 40:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition

topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 39.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 41:

Seagate's attempts to obtain samples of Cornice's products, its examination and evaluation of Cornice's products and/or technology, communications regarding such evaluation(s), and the results of those investigations.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 41:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 39 and 40.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 42:

Evaluation of Cornice by Seagate or on its behalf, communications regarding such evaluations, and the results thereof.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 42:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not

reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 39-41.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

## DEPOSITION TOPIC NO. 43:

The presentation titled "The Patent Minefield" (see, *e.g.*, COR-ITC021316 et seq.), the creation of that presentation, the people involved with its creation including identification of all individuals who commented on or contributed to it, drafts or changes made to the presentation, the purpose of the presentation, the delivery of the presentation, and communications regarding it.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 43:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 44:**

Seagate's policies regarding "defensive investigations" when introducing a disk drive product, including patents compared to each Seagate product, patents "examined closely," formal non-infringement opinions prepared, and the time and money spent on each such investigations individually and all such investigations collectively.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 44:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 45:**

Communications with Cornice regarding proprietary or intellectual property issues, including any actual or constructive notice of Seagate's patents and/or of alleged infringement.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 45:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 39-42. Seagate further

objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 46:

Seagate's evaluation of Cornice's products for possible infringement, the timing of such evaluation, the impetus for such evaluation, the patents that were considered in connection with this evaluation, the results of this evaluation, and all communications relating to this evaluation.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 46:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 39-42 and 45.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 47:

Seagate's practices and procedures regarding enforcement of its intellectual property rights.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 47:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is

overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 48:**

Seagate's motivations for and its decisions to file this action and the ITC action, the factors considered in making those decisions, communications regarding those decisions, analysis of the merits of Seagate's allegations, allegations considered but not asserted, and the timing of the action.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 48:**

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 47.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 49:**

Seagate's motivations for and its decision to withdraw its infringement allegations with respect to the '845 and '054 patents in the ITC action, and its decision to continue to pursue those claims in this action, including all communications regarding those decisions.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 49:**

  Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 47 and 48.

  Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 50:**

  Seagate's motivations for and its decision not to appeal the Initial Determination of noninfringement of the '461 patent in the ITC action, and its decision to continue to pursue that claim in this action, including all communications regarding those decisions.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 50:**

  Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 47-49.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 51:**

Seagate's procedure for and considerations in making materiality determinations for statements and disclosures in its governmental filings, including SEC filings, including the analysis, selection, and disclosure of competitors, litigations, etc., as well as the information and materials not disclosed in those filings and the reasons therefor.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 51:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 52:**

Seagate's design, development, evaluation, analysis and testing of a servo system, or any portion thereof, for a disk drive utilizing an MR head, prior to 1996, regardless of whether such servo system was commercialized.  This topic covers work performed by or for Seagate and/or Conner, both before and after Seagate's acquisition of Conner.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 52:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it covers the period of time "prior to 1996," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to

the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 53:

Seagate's disclosure to any third party prior to 1996 of a 3/2 Quad Servo Pattern or 2/3 Gray Code Servo Pattern, or any disk drive, magnetic disk, servo system or prototype containing either or both.  This topic covers disclosures by or for Seagate and/or Conner, both before and after Seagate's acquisition of Conner.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 53:

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it covers the period of time "prior to 1996," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 54:

Seagate's demonstration or disclosure of products and/or prototypes of disk drives utilizing an MR head at COMDEX and/or any other trade show or conference prior to 1996. This topic covers demonstrations and disclosures by or for Seagate and/or Conner, both before and after Seagate's acquisition of Conner.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 54:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it covers the period of time "prior to 1996," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 52. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 55:

Seagate's design, development, evaluation, analysis, and testing of a servo system, or any portion thereof, utilizing a 3/2 Quad Servo Pattern and/or a 2/3 Gray Code Servo Pattern prior to 1996, regardless of whether such servo system was commercialized. This topic covers work performed by or for Seagate and/or Conner, both before and after Seagate's acquisition of Conner.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 55:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is

overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it covers the period of time "prior to 1996," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic no. 53.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 56:**

The design, development, evaluation, analysis, and testing of the position generator logic described in the '506 patent.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 56:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 53 and 55.  Seagate

further objects to this deposition topic to the extent that it is premature in that it requires expert testimony. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

## DEPOSITION TOPIC NO. 57:

Seagate's reverse engineering, analysis, or investigation of the servo system in any IBM or other third party disk drive product or portion thereof utilizing an MR head prior to 1996. This topic covers work performed by or for Seagate and/or Conner, both before and after Seagate's acquisition of Conner.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 57:

Seagate incorporates by reference each of the General Objections. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it covers the period of time "prior to 1996," and therefore includes a period of time that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control. Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 52 and 54. Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony. Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 58:**

The servo pattern and position generator logic used in each product manufactured and/or sold by or for Seagate that Seagate contends practices any claim of the '506 patent.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 58:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is protected by the attorney-client privilege and/or attorney work product.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it calls for a legal opinion or conclusion.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is not within Seagate's possession, custody, or control.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 53 and 55-56.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 59:**

The function and operation of the code produced by Seagate at STX 173223-174503.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 59:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not

reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 53, 55-56, and 58.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

**DEPOSITION TOPIC NO. 60:**

Seagate's use of alternatives to the servo pattern and/or position generator logic described in the '506 patent.

**SPECIFIC OBJECTIONS TO DEPOSITION TOPIC NO. 60:**

Seagate incorporates by reference each of the General Objections.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that it is overbroad, unduly burdensome, and seeks information that is irrelevant to this matter, and not reasonably calculated to lead to the discovery of admissible evidence.  Seagate further objects to this deposition topic to the extent that it seeks testimony or information that is duplicative of deposition topic nos. 53, 55-56, and 58-59.  Seagate further objects to this deposition topic to the extent that it is premature in that it requires expert testimony.  Seagate further objects to this deposition topic to the extent that it is cumulative and/or duplicative of previous deposition testimony taken in the ITC proceeding.

Subject to and without waiving the foregoing General and Specific objections, Seagate will appear and testify on this deposition topic.

Dated:  June 24, 2005                    FISH & RICHARDSON P.C.


By:  /s/ Timothy Devlin
    _____
        William J. Marsden (#2247)
        Timothy Devlin (#4241)
        919 N. Market Street, Suite 1100
        Wilmington, DE  19899-1114

        Roger S. Borovoy
        David M. Barkan
        D. Austin Horowitz
        500 Arguello Street
        Redwood City, CA 94063-1526

        Ruffin B. Cordell
        Brian R. Nester
        Timothy W. Riffe
        Christian A. Chu
        1425 K Street NW, Suite 1100
        Washington, D.C.  20005

        Edmond Bannon
        Lewis E. Hudnell, III
        Citigroup Center - 52nd Floor
        153 East 53rd Street
        New York, NY 10022-4611

    Attorneys for Plaintiff
    SEAGATE TECHNOLOGY LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of June, 2005, a true and correct copy of

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S OBJECTIONS TO DEFENDANT**

**CORNICE, INC.'S CORPORATE DEPOSITION NOTICE OF SEAGATE**

**TECHNOLOGY LLC** was caused to be served on the attorneys of record at the following

addresses as indicated:

### <u>BY HAND DELIVERY</u>

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT &<br>TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

### <u>VIA FEDERAL EXPRESS</u>

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | Attorneys for Defendant<br>Cornice, Inc. |

| | |
|---|---|
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX  77002 | Attorneys for Defendant<br>Cornice, Inc. |

| | |
|---|---|
| Alan J. Weinschel<br>David C. Radulescu<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153 | Attorneys for Defendant<br>Cornice, Inc. |

/s/ Timothy Devlin
Timothy Devlin