IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information.

**IT IS HEREBY ORDERED THAT**:

1. Confidential business information ("CBI") is information which has not been made public and which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to cause substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face

with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Inadvertent or unintentional production of documents or information containing CBI which are not originally designated as such shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

3. In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than the following: (i) outside counsel for parties to this litigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation, subject to the provisions of paragraph 9 ; (iv) the Court and its employees and staff; and (v) graphics consultants, jury consultants, their staff, and mock jury participants.

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraphs 3(ii) or (iii) unless he or she shall have first read this order and shall have agreed: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this investigation. Persons receiving CBI pursuant to paragraph 3(v) must agree in writing not to reveal such information to those outside the study and to use the information solely for purposes of the study, though the existence and identity of such individuals need not be revealed to any other party in this litigation.

5. If the Court orders, or if the supplier of the CBI agrees, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Court finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Court in connection with a motion or other proceeding in this action shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this litigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and, if filed with the Court, filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name], CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or similar.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. If a party to this order who is to be a recipient of any business information designated as CBI and submitted in accordance with paragraph 2, disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer

as to the status of the subject information proffered within the context of this order. The document or other information at issue will continue to be treated as CBI pursuant to this Order unless and until the producing party agrees in writing to remove that designation. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status with the Court for a ruling upon the matter. The Court may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

      9.      For experts that were not otherwise cleared under Order No. 1: Protective Order, In re Certain Disc Drives, Components Thereof, and Products Containing Same, 337-TA-516, no less than 10 calendar days prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within 10 calendar days of receipt of such notice of objections, the supplier may submit its objections to the Court for a ruling. Failure to seek intervention from the Court by the supplier of the information will be deemed a withdrawal of the supplier's objection to said expert. The parties agree that experts disclosed under Order No. 1: Protective Order, In re Certain Disc Drives, Components Thereof, and Products Containing Same, 337-TA-516 need not be cleared again pursuant to the provisions

of this paragraph, and can have access to CBI under the terms of this Order, but only after (1) they comply with paragraph 4 of this Order and (2) provide a written undertaking, signed by the expert, that affirms the expert will be bound by the terms of this Order and subject to the jurisdiction of this court for enforcement thereof.

10. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Court and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. Upon final termination of this litigation, each party that is subject to this Order shall assemble and return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.

12. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

13. Each nonparty supplier shall be provided a copy of this Order by the party seeking information from said supplier.

14. Inadvertent or unintentional production of privileged documents shall not constitute a waiver of the attorney-client privilege or attorney work-product doctrine as they apply

to those documents specifically or to the subject matter of those documents generally. If a party produces documents that it believes should have been withheld for privilege, such party shall provide a written request for the return of those documents within five (5) days after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within five (5) days of receiving such notice. The receiving party may challenge the privileged nature of the recalled documents by raising the issue with the Court and requesting an *in camera* review of the materials in question. Until the matter is ruled upon, the moving party will not use or refer to any information contained within the document(s) at issue.

| FISH & RICHARDSON, P.C. | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
| /s/ *Timothy Devlin*<br>William J. Marsden, Jr. (#2247)<br>Thomas Lee Halkowski (#4099)<br>Timothy Devlin (#4241)<br>919 N. Market St., Suite 1100<br>P.O. Box 1114<br>Wilmington, DE  19899<br>(302) 652-5070<br>tdevlin@fr.com<br>    Attorneys for Plaintiff<br>    Seagate Technology LLC | /s/ *Julia Heaney*<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>1201 N. Market St.<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jheaney@mnat.com<br>    Attorneys for Defendant<br>    Cornice, Inc. |

SO ORDERED this

\_\_\_\_ day of _____, 2005.

_____
United States District Court Judge