IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-418 (SLR) |
| ) | |
| v. ) | REDACTED PUBLIC VERSION |
| ) | |
| CORNICE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CORNICE, INC.'S
REQUEST FOR *IN CAMERA* INSPECTION PURSUANT TO THE
STIPULATED PROTECTIVE ORDER**

Pursuant to Paragraph 14 of the Stipulated Protective Order (D.I. 113)[1], Defendant Cornice, Inc. ("Cornice") requests *in camera* inspection of three sentences that Seagate Technology LLC ("Seagate") has improperly redacted from STX 011831-837 ("the redacted document") on the basis of privilege.[2] Cornice requests an order from this Court that the redacted portion of this document is not privileged, and that Cornice may therefore use it at trial.

---

[1] Paragraph 14 of the Stipulated Protective Order states, in relevant part, "If a party produces documents that it believes should have been withheld for privilege, such party shall provide a written request for the return of those documents within five (5) days after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within five (5) days of receiving such notice. <u>The receiving party may challenge the privileged nature of the recalled documents by raising the issue with the Court and requesting an *in camera* review of the materials in question.</u>" (emphasis added)

[2] Exhibit 1 is an unredacted copy of STX 011831-837. Cornice is taking steps to dispose of all copies of the unredacted version (except for Exhibit 1 attached hereto) consistent with the Stipulated Protective Order, until resolution of this issue by the Court. Exhibit 2 shows that the only redaction from this document is the first three sentences of the e-mail from Mr. Waite appearing at STX 011831.

## STATEMENT OF FACTS

**REDACTED**

---

[3]

**REDACTED**

# REDACTED

## ARGUMENT

I.  **THE REDACTED PORTION OF STX 011831 IS NOT PRIVILEGED.**

As the party claiming privilege, Seagate bears the burden of establishing that a privilege exists. *Tulip Computers Int'l v. Dell Computer Corp.*, 210 F.R.D. 100, 104 (D. Del. 2002). On its face, the redacted document is not privileged. Rather, it is a business discussion among business executives about a business tactic (the delivery of a slide presentation to a potential business partner or acquisition). The document does not purport to seek legal advice, nor does it reflect the legal advice of any attorney. In fact, it merely describes statements Seagate has already made to the IRS – statements which cannot by definition be privileged. Under these circumstances, the three sentences that Seagate wishes to redact cannot be privileged.

# REDACTED

---

4

# REDACTED

5

document suggests that Mr. Hudson was a mere observer of a conversation among business executives (if in fact he even read the e-mails). The law is clear that sending a carbon copy of a business document to a lawyer does not make that document privileged. *Rohm and Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 798 (D. Del. 1993) (holding that privilege did not apply to memorandum that was merely copied to counsel); *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994) ("A corporation cannot be permitted to insulate its files from discovery simply by sending a 'cc' to in-house counsel.")

Likewise, Seagate cannot argue that the redacted sentences are protected by the work product doctrine:

> If documents are created for routine business purposes, by non-attorneys, they do not fall within the purview of the work product privilege. Forwarding an e-mail or other such document that fits this description to an attorney does not transform it into the attorney's work product – *i.e.*, a reflection of his "mental impressions," or "legal strategy," and such documents are not "created in anticipation of litigation."

*In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 186 (D.N.J. 2003), see also *Rohm and Haas*, 815 F. Supp. 793 (holding that privilege did not apply to memorandum that was "more directed to business and technical issues than to legal matters.")

Therefore, the three sentences redacted from STX001831 are not protected by any privilege or immunity and should be fully available to Cornice in the course of this litigation.[6]

---

6

# REDACTED

II.  **SEAGATE'S RED HERRINGS.**

In the past, Seagate has attempted to distract from the salient issue – whether or not the redacted sentences are privileged – by alleging that Judge Harris in the ITC already ruled these three sentences are privileged, and that they must be returned. However, <u>Judge Harris issued no such ruling</u>, nor can Seagate point to any evidence to support this erroneous contention. Rather, Judge Harris indicated that the three sentences (dealing with a royalty rate) were not <u>relevant</u> in the ITC (where damages were not an issue),[7] but the ITC case was dismissed before he made a final determination as to Seagate's privilege claim. Regardless, the activities in the ITC are not relevant to this case in general or the proper disposition of this motion in particular, and this Court should make its own privilege determination.

# REDACTED

---

[7]  Exhibit 3, letter from Radulescu to Nester. Note that the indication from Judge Harris was rather informal, being presented by Judge Harris's clerk during a telephone conference at which no stenographer was present. Hence neither Seagate nor Cornice has documentary evidence to support their respective recollection of events. This is yet another reason why Seagate's frequent arguments regarding what occurred in the ITC are not constructive in this context.

## **CONCLUSION**

Cornice therefore requests a ruling that the redacted portion of STX 011831-837 (three sentences from Mr. Waite) is not privileged, and that Cornice may use the entire document in unredacted form for all purposes.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendant and
   Counterclaim Plaintiff Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
478254

Original Filed: 08/10/05
Redacted Filed: 08/11/05

# EXHIBIT 1

# CONFIDENTIAL

# EXHIBIT 2

# CONFIDENTIAL

# EXHIBIT 3

## WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE · NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

DALLAS
HOUSTON
MENLO PARK
(SILICON VALLEY)
MIAMI
WASHINGTON, D.C.

BRUSSELS
BUDAPEST
FRANKFURT
LONDON
PRAGUE
WARSAW

DAVID C. RADULESCU
DIRECT LINE (212) 310-8906
E-MAIL: david.radulescu@weil.com

August 1, 2005

VIA E-MAIL
Brian R. Nester, Esq.
Fish & Richardson P.C.
1425 K Street, N.W.
Suite 1100
Washington, DC 20005

Re:   In the Matter of Certain Disc Drives and
      Components Thereof, and Products Containing
      Same, Inv. No. 337-TA-516

Dear Brian:

We write in response to your letter dated July 29, 2005 regarding STX011831-37 (hereinafter the "IRS Royalty Email"). It is incorrect to assert that Cornice has somehow "violated" the ITC Protective Order and/or an "Order" by Judge Harris in the above Investigation.

As an initial matter, Seagate agreed long ago that Cornice could use the IRS Royalty Email in the co-pending Delaware Action. Specifically, as you know, both parties have been operating under an explicit agreement that documents produced in the above Investigation would be "treated as if they were produced in the Delaware Action as well (so as to alleviate the need to re-photocopy and Bates-stamp our respective documents for a second production in the Delaware Action)." See Cornice's letter to Seagate, dated January 21, 2005. Indeed, at the termination of the ITC Investigation, neither party returned any Confidential Business Information of the other party even though ITC Order No. 1 required such return. See Order No. 1: Protective Order, ¶ 14. This is consistent with the parties' understanding that documents produced in the ITC Investigation were also produced in the co-pending Delaware Action and that the parties could use such documents for purposes of the Delaware Action without any Protective Order concerns in the ITC. Accordingly, the actions that Seagate now complains of are in connection with a document produced in the Delaware Action and not any actions relating to the ITC Investigation which, as you know, was terminated a while back.

NY1:\1342702\01\SS1@01!.DOC\59101.0005

WEIL, GOTSHAL & MANGES LLP

Brian R. Nester, Esq.
August 1, 2005
Page 2

      You claim that Judge Harris ordered "all privileged copies [of the IRS Royalty Email] returned to Seagate." We are not aware of any such Order by Judge Harris. If you believe there is such an Order, please send us a copy.

      You also claim that the IRS Royalty Email is "privileged." That is not correct. As set forth in our letter to Judge Harris dated April 18th, 2005, Seagate's claim to privilege was not well founded. Indeed, Judge Harris overruled Seagate's privilege claim with respect to that document. You will recall that Judge Harris' ruling required Seagate to reproduce another copy of the IRS Royalty Email with only the first three (3) sentences of page STX011831 redacted. Although we do agree that Judge Harris ruled that those three sentences could not be used in Cornice's Pre-Hearing Statement in the ITC, he did not rule that they contained "privileged" information. It is our understanding that the basis of his ruling was that the information was not "relevant" to any issue pending before the ITC, therefore alleviating the need to rule on the privilege claim at that time with respect to those particular sentences.

      In light of the above, Seagate's complaint about any alleged violations of any ITC Orders is without merit.

      Yours truly,

      */s/ David C. Radulescu*

      David C. Radulescu

DCR:scm

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on August 11, 2005, I caused to be electronically filed a Redacted Public Version of Defendant Cornice, Inc.'s Request For *In Camera* Inspection Pursuant To The Stipulated Protective Order with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street
> Suite 1100
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> Roger S. Borovoy, Esquire
> Fish & Richardson, P.C.
> 500 Arguello Street
> Redwood City, CA 94063-1526

> Ruffin B. Cordell, Esquire
> Fish & Richardson, P.C.
> 1425 K Street, NW
> Suite 1100
> Washington, DC 20005

> Edmond Bannon
> Fish & Richardson
> Citigroup Center
> 153 East 53rd St.
> New York, NY 10022

/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL