IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>CORNICE, INC.<br><br>          Defendant. | C.A. No. 04-418 (SLR)<br><br><br><br><br>REDACTED |

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S RESPONSE TO DEFENDANT
CORNICE, INC.'S REQUEST FOR *IN CAMERA* INSPECTION PURSUANT TO THE
STIPULATED PROTECTIVE ORDER**

I.    **INTRODUCTION**

In its motion to this Court, Cornice re-argues the identical privilege issue it brought – and lost – before Judge Harris in the International Trade Commission proceeding.

**REDACTED**

In short, it was and remains a privileged document. This Court should accord the ITC's holding comity.

The ITC ruled on April 19, 2005 that the e-mail in question contains privileged information. Pursuant to the ITC's holding, Seagate sent Cornice a letter enclosing redacted copies of the document on April 20, 2005, along with an updated privilege log, and further requested return or destruction of the unredacted copies of the document still in the possession of Cornice's counsel. Cornice's counsel never disputed the April 20 letter or stated that it intended

1

to retain copies of the unredacted document for purposes of challenging Judge Harris' ruling in another forum (or for any other reason). Instead, Cornice secretly kept copies of the unredacted documented for over three months.   **REDACTED**

If Cornice believed that Judge Harris' ruling would not be binding in the Delaware proceeding, it should have raised that issue explicitly and openly reserved its rights – not secretly keeping copies   **REDACTED**
and the parties expressly agreed in writing to return all inadvertently produced privileged material on demand of the producing party. Cornice now tries to justify its violation of ITC orders and Cornice's own contractual obligations by taking the untenable position that Judge Harris ordered the redactions based on "relevancy" not privilege – even though ITC trials are bench trials in which it would make no sense to redact documents based on "relevancy."

The Court should refuse to condone Cornice's gamesmanship, and should deny Cornice's motion – both because of the merits of Seagate's privilege assertion and because of Cornice's improperly keeping copies of the unredacted document for three months after Judge Harris' order.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

This is not the first time that Cornice has sought a privileged ruling on this document. Upon Cornice's request for a privileged ruling, Administrative Law Judge Harris already considered the document in camera and held that part of the document was privileged. Here are the facts that Cornice did not provide to the Court.

During the ITC investigation, Seagate discovered in April of 2005 that the disputed document was inadvertently produced. [Ex. 1 (unredacted e-mail document).][1] Immediately upon discovering that issue, Seagate requested that Cornice return the privileged document pursuant to the parties agreement regarding inadvertently produced documents. [Ex. 2 (Apr. 14, 2005 Ltr fr. Ms. Heilbrunn to Mr. Radulescu); Ex. 3 (Sept. 22, 2004 Agreement).]

Cornice refused to return the privileged document. Instead, it sent a letter dated April 18, 2005, to Judge Harris, stating:

**REDACTED**

[Ex. 4 (Apr. 18, 2005 Ltr fr. Mr. Radulescu to Judge Harris) (emphases added).]

[Id.]     **REDACTED**

[Ex. 5 (Apr. 19, 2005 Ltr fr. Mr. Nester to Judge Harris).]

On April 19, 2005, the ALJ's law clerk informed the parties during a telephone conference of Judge Harris's ruling.   **REDACTED**

[Ex. 6 (Apr. 20, 2005 Ltr fr. Ms. Mack to Mr. Radulescu).] Pursuant to Judge Harris's ruling, Seagate sent to Cornice a redacted copy of the e-mail communication, an updated version of the privilege log reflecting the court-ordered

---

[1] All exhibits cited in this brief refer to the exhibits attached to declaration of Timothy Devlin, filed concurrently with this response.

3

redaction, and a request that Cornice either "promptly return the inadvertently produced e-mail or certify that [Cornice has] destroyed all copies" of the document. [Id.] Rather than complying with Judge Harris's order and honoring the parties' Inadvertent Disclosure Agreement,[3] Cornice declined to respond to the letter and, as Seagate has now learned, never destroyed the unredacted document.

Cornice secretly held on to the unredacted copies for the past three months, revealing its misrepresentation for the first time on July 27, 2005,

### REDACTED

Given Cornice's conduct during the deposition, Seagate immediately sent a letter to Cornice requesting return of the privileged document. [Ex. 8 (July 29, 2005 Ltr fr. Mr. Nester to Mr. Radulescu).] In response, Cornice disregarded the request, and for the first time, asserted that Judge Harris ordered the redaction based on relevancy rather than privilege. [Ex. 9 (Aug. 1, 2005 Ltr fr. Mr. Radulescu to Mr. Nester).] Again, attempting to resolve the matter amicably and informally, Seagate provided ample reasons for Cornice to return the document and to comply with Judge Harris's Order. [Ex. 10 (Aug. 5, 2005 Ltr. fr. Mr. Nester to Mr. Radulescu).]

---

[2] Judge Harris has not issued a written order memorializing this particular ruling. However, contemporaneously with this response, Seagate is submitting a request to Judge Harris for a written order to clarify the record and put to rest Cornice's misrepresentations.
[3] Pursuant to the parties Inadvertent Disclosure agreement Agreement, Cornice expressly agreed to return all allegedly privileged material within 5 days of Seagate's demand. [Ex. 3 at 1.] Cornice disregarded its obligation.

4

III. **ARGUMENT**

A. **The First Three Sentences of the Disputed Document Are Privileged**

The attorney-client privilege exists "to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000). To determine the applicability of the privilege, courts have considered "(1) whether the asserted holder of the privilege is or has sought to become a client; (2) whether the person to whom the communication was made is a member of the bar and is acting as a lawyer in connection with the communication; (3) whether the communication relates to a fact of which the attorney was informed by the client in confidence for the purpose of obtaining legal advice; and, (4) whether the privilege has been claimed and not waived." Rohm and Haas Co. v. Brotech Corp., 815 F.Supp. 793, 796 (D. Del. 1993). Applying this standard to the disputed document, there is no doubt that the privilege applies to the redacted sentences.

First, there is no dispute that "the privilege has been claimed and not waived." Id. Seagate has consistently asserted privilege over the redacted sentences, as evidenced by the redaction made pursuant to the attorney-client privilege and the privilege dispute presented to Judge Harris and this Court. [Exs. 1-2, 4-6, & 8-10.] And as soon as it became aware of the inadvertent disclosure, Seagate immediately took steps to avoid waiver of any privilege by invoking the parties' Inadvertent Disclosure Agreement and requesting return and destruction of the document. [Exs. 3-4.] Cornice does not dispute these points.

Second, the attorney-client privilege extends to the individuals making and receiving the communication at issue here.

**REDACTED**

- 
-

- **REDACTED**
-

Under settled precedent, the privilege covers such communication between corporate employees and in-house counsel. E.g., Upjohn Co. v. United States, 449 U.S. 383, 394 (1981) (holding that communications between corporate counsel and a corporation's employees made for the purpose of rendering legal advice are protected by the attorney-client privilege); Tucker v. Fischbein, 237 F.3d 275, 288 (3d Cir. 2001) (affirming finding of privilege because "[t]hat reporters regularly consult with in-house counsel to discuss potential liability for libel does not thereby deprive those communications of the protection of the attorney-client privilege.").

**REDACTED**
but rather on whether a communication was made to an attorney to obtain legal advice or to assist that attorney in providing legal advice – In re Spalding, 203 F.3d at 805-06 (upholding claim of privilege over movant's objections that advice was rendered in business rather than legal capacity); First Chicago Int'l v. United Exchange Co. Ltd., 125 F.R.D. 55, 58 (S.D.N.Y. 1989) (finding document privileged because it was created "to provide counsel with the facts concerning an overdraft, so that counsel would be able to render a legal opinion"). **REDACTED**

[Ex. 11 (Cornice's privilege log).]

Finally, the redacted sentences unambiguously involve a legal subject issue,

**REDACTED**

**REDACTED**

4.

7

**REDACTED**

, "communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." In re Spalding, 203 F.3d at 805.

For these reasons, the redacted three sentences in the disputed document are privileged and Cornice's request should be denied.

**B.    Judge Harris Did Not Base his Ruling on Relevancy**

Cornice previously sought the same privilege ruling from Judge Harris based on the same grounds and same arguments. Cornice failed to persuade Judge Harris, but hopes to get a more advantageous holding from this Court. And to do so, Cornice even goes so far as to argue that Judge Harris ordered the redaction because royalty rates are irrelevant in ITC proceedings. [Mtn. at 5.]

To the contrary, the ITC uses existing reasonable royalty rates to set the amount of bond an infringer must pay during the statutory period for Presidential review. See, e.g., Certain Digital Satellite System (DSS) Receivers, Inv. No. 337-TA-392, 1997 ITC LEXIS 307 at *67, Initial Determination at 245 (Oct. 20, 1997) ("The administrative law judge finds that a bond in the amount of the royalty payed [sic] by Sony would eliminate any cost difference between accused and licenced [sic] DSS receivers, and is therefore sufficient to protect the complainant from any injury during presidential review.").

Moreover, courts exclude irrelevant documents from the trial record; they do not order them redacted. This is particularly true in the ITC, where any risk that prejudicial information

**REDACTED**

may be presented to the jury is non-existent because all proceedings are bench trials. In fact, as the procedural and factual background discussed above show, Judge Harris ruled on the issue Cornice presented to him, i.e., whether the document was privileged.

### C. Cornice Should Not Be Rewarded for Secretly Keeping the Document

As a matter of fundamental fairness, Cornice should not benefit from its wrongdoing. If Cornice believed that Judge Harris' ruling would not be binding in the Delaware proceeding, it should have raised that issue explicitly and openly reserved its rights. As the facts summarized above show, Cornice chose a different—and unfair—approach, secretly keeping copies to spring on Seagate's counsel in the middle of a deposition and attempting to collaterally overturn Judge Harris's ruling in this forum. Such gamesmanship should not be condoned; the Court should deny Cornice's request and, in the process, signal that civility and fair play are still requirements to which all litigants in this district must adhere.

### IV. CONCLUSION

For the reasons stated above, the Court should deny Cornice's request and sustain the redaction based on the attorney-client privilege.

Dated: August 15, 2005

FISH & RICHARDSON P.C.

By: /s/

William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2005, I electronically filed a **REDACTED VERSION OF PLAINTIFF SEAGATE'S RESPONSE TO DEFENDANT CORNICE'S REQUEST FOR IN CAMERA INSPECTION PURSUANT TO THE STIPULATED PROTECTIVE ORDER** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT & TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

I hereby certify that on August 17, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Attorneys for Defendant<br>Cornice, Inc. |
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002 | Attorneys for Defendant<br>Cornice, Inc. |
| Alan J. Weinschel<br>David C. Radulescu<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Attorneys for Defendant<br>Cornice, Inc. |

                                                          /s/ Timothy Devlin
                                                            Timothy Devlin