IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

              Plaintiff,

    v.

CORNICE, INC.

              Defendant.

C.A. No. 04-418 (SLR)

 REDACTED

### DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF PLAINTIFF SEAGATE TECHNOLOGY LLC'S RESPONSE TO DEFENDANT CORNICE, INC.'S REQUEST FOR *IN CAMERA* INSPECTION PURSUANT TO THE STIPULATED PROTECTIVE ORDER

I, Timothy Devlin, declare as follows:

1.    I am a member of Fish & Richardson P.C., counsel of record in this action for Seagate Technology, LLC. I am a member of the Bar of the State of Delaware and of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.    True and accurate copies of the following documents are attached as exhibits, as listed, in support of this declaration and the concurrently filed response.

| Exhibit | Document |
| --- | --- |
| 1. | |
| 2. | Apr. 14, 2005 Ltr fr. Ms. Heilbrunn to Mr. Radulescu |
| 3. | Sept. 22, 2004 Agreement re Inadvertent Disclosure |
| 4. | **REDACTED** |
| 5. | |
| 6. | Apr. 20, 2005 Ltr fr. Ms. Mack to Mr. Radulescu |
| 7. | |

1

8.     July 29, 2005 Ltr. fr. Mr. Nester to Mr. Radulescu

9.

10.    Aug. 5, 2005 Ltr. fr. Mr. Nester to Mr. Radulescu

11.                    **REDACTED**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Wilmington, DE, this 15th day of August, 2005.

_____
Timothy Devlin

2

# Exhibit 1

**Redacted**

# Exhibit 2

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**FEDEX & ELECTRONIC MAIL**

April 14, 2005

David C. Radulescu, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re:   *In re Certain Disc Drives, Components Thereof, and Products Containing Same*, U.S. I.T.C. - Investigation No. 337-TA-516

Dear David,

It has come to our attention that RX-10C and RX-12C are privileged documents that were inadvertently produced. Please immediately delete these documents from Cornice's exhibit list and return any copies of these documents. We will request that Mr. Fusco and Judge Harris destroy the copies provided to them.

Very truly yours,

*E. G. Heilbrunn (E.X.)*

Evelyn G. Heilbrunn

cc:  Thomas S. Fusco, Esq.

EGH/emh

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

# Exhibit 3

WEIL, GOTSHAL & MANGES LLP

SUITE 100
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 682-7000
FAX: (202) 857-0940

DIRECT LINE
(202) 682-7022
tina.hsu@weil.com

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
SILICON VALLEY
SINGAPORE
WARSAW

September 22, 2004

**BY ELECTRONIC MAIL**

Brian R. Nester
Fish & Richardson P.C.
1425 K Street NW, 11th Floor
Washington, DC 20005

> Re:   **In the matter of Certain Disc Drives,
> Components Thereof, and Products Containing
> Same, Inv. No. 337-TA-516; and
> Seagate Technology LLC v. Cornice, Inc., Civ.
> No. 04-418-SLR (D. Del.)**

Dear Mr. Nester:

          As we have discussed, the parties are in agreement that any inadvertent disclosure or production of document(s) shall not be deemed a waiver of, nor a prejudice to, any privilege with respect to such information or document(s) or of any work product doctrine or immunity that may attach thereto, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.

          Upon discovery of any inadvertent disclosure or production, the producing party shall demand the return of such document(s) within 5 days of the discovery of the inadvertent disclosure or production. All copies of such document(s) shall be returned to the producing party within 5 days of the demand.

          If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the responding party may file a motion to compel the production of such document(s) in the event the parties cannot resolve the dispute without Court intervention. However, in no case will the return of demanded documents be delayed or refused by reason of a party's objection to the demand or by the filing of a motion to

WEIL, GOTSHAL & MANGES LLP

Brian R. Nester
September 22, 2004
Page 2

compel, nor may such motion assert as a ground for production the fact of the inadvertent production.

The parties further agree that until and unless such motions to compel are granted by a Court, the responding party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, except to the extent such information is reflected in any applicable privilege log.

To signify your agreement with the foregoing, please sign two copies of this letter and return one to me.  If you have any questions, please do not hesitate to contact me.

Sincerely,

Christine P. Hsu

AGREED

By:  Brian R. Nester

DC1:\186343\01\3Z5701!.DOC\39101.0005

# Exhibit 4

**Redacted**

# Exhibit 5

**Redacted**

# Exhibit 6

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**BY FEDERAL EXPRESS**

April 20, 2005

David Radulescu, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153

Re:    *In the matter of Certain Disc Drives, Components Thereof, and
       Products Containing Same*, Inv. No. 337-TA-516

Dear David:

Pursuant to Judge Harris's ruling yesterday afternoon on Cornice, Inc.'s request
regarding RX-10C, enclosed is a redacted version of the document inadvertently
produced as STX 011831-837 and an updated version of Seagate Technology LLC's
privilege log for this action.  In accordance with the parties' agreement regarding the
inadvertent production of privileged materials, please promptly return to us or certify
that you have destroyed all copies in your files of the document originally produced
as STX 011831-837.

Very truly yours,

Shelley K Mack

/fml

Enclosures

cc w/out encl:  Thomas S. Fusco, Esq.

50273084.doc



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

# Exhibit 7

**Redacted**

# Exhibit 8

# FISH & RICHARDSON P.C.

1425 K STREET, N.W.
11TH FLOOR
WASHINGTON, DC 20005

Frederick P. Fish
1855-1930

Telephone
202 783-5070

W.K. Richardson
1859-1951

Facsimile
202 783-2331

July 29, 2005

Web Site
www.fr.com

David C. Radulescu, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re:    Seagate Technology vs. Cornice, Inc.
       USDC-D. Del. - C.A. No. 04-418 (SLR)



Dear David:

AUSTIN

As we discussed yesterday, Seagate produced STX011831-STX011837, which

BOSTON

Cornice marked as RX-10, to Cornice during the ITC litigation. Seagate produced

DALLAS

RX-10 inadvertently, and as you know, it is privileged. Based on Seagate's motion,

DELAWARE

Judge Harris ruled that this document contained privileged information. He ordered

NEW YORK

the privileged portions redacted, and all privileged copies returned to Seagate.

SAN DIEGO

As we discussed, if Cornice fails to return all privileged versions of STX011831-

SILICON VALLEY

STX011837 by Monday, August 1, Seagate will understand that Cornice intends to

TWIN CITIES

continue to violate the ITC's Protective Order and Judge Harris' Order.

WASHINGTON, DC

Very truly yours,

Brian R. Nester

BRN/tmp

40293363.doc

# Exhibit 9

**Redacted**

# Exhibit 10

# FISH & RICHARDSON P.C.

1425 K STREET, N.W.
11TH FLOOR
WASHINGTON, DC 20005

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

August 5, 2005

David C. Radulescu, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re:    Seagate Technology/Cornice, Inc.
       USDC-D.Del. – C.A. No. 04-418 (SLR)



AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear David:

Cornice's refusal to return—and its continued use in the Delaware proceeding of—the unredacted document bearing production control numbers STX011831-37 is a sanctionable violation of the ITC's Protective Order, Judge Harris' Order that this document is privileged, and Cornice's written agreement to return all inadvertently produced privileged documents.

In an effort to resolve this issue amicably and informally, we set out below the reasons why Cornice's position regarding this document is incorrect. Based on this explanation, we request that you reconsider your unsupportable position.

First, Cornice's argument that Seagate agreed to produce privileged material in the Delaware proceeding is frivolous. Indeed, the parties have an express agreement that inadvertently produced privileged documents must be returned. And contrary to Cornice's presumption, Seagate has never agreed to produce privileged information to Cornice or that such information could be used in Delaware.

Second, Cornice's insinuation that STX011831-37 was somehow produced in the Delaware proceeding and thus not subject to the ITC protective order rings hollow. As plainly apparent from the document, Seagate marked the document confidential in the manner set out under the ITC's protective order. Cornice even conceded this point by seeking to have the ITC rule that this document was not privileged (see Apr. 18, 2005 ltr from Mr. Radulescu to A.L.J. Harris).

Third, Cornice's claim that Judge Harris ordered Cornice to redact a portion of STX011831 because it was irrelevant strains credibility. Cornice brought this matter before Judge Harris when Cornice requested,

On behalf of respondent, Cornice, Inc., we write to ask the Court for a privilege ruling on the attached document[, STX011831-37]

FISH & RICHARDSON P.C.

David C. Radulescu. Esq.
August 5, 2005
Page 2

(Apr. 18, 2005 ltr from Mr. Radulescu to A.L.J. Harris). Cornice expressly requested a "privilege ruling" on STX011831-37, and relevancy was never at issue. In fact, as you are well aware, courts and agencies do not order redaction of irrelevant information.

Fourth, Cornice's failure to return STX011831-37 demonstrates not only a disregard for the ITC's Orders, but also demonstrates Cornice's willingness to violate its own express agreements. In the parties' September 22, 2004 Inadvertent-Disclosure Agreement, authored by Cornice attorney Christine Hsu, Cornice expressly agrees to return documents claimed privileged on demand:

Upon discovery of any inadvertent disclosure or production, the producing party shall demand the return of such document(s) within 5 days of the discovery of the inadvertent disclosure or production. All copies of such document(s) shall be returned to the producing party within 5 days of the demand.

(Sept. 22, 2004 Agreement (emphases added)). Seagate requested return of STX011831-37 the day Seagate discovered the inadvertent production. (See Apr. 14, 2005 letters from Ms. Heilbrunn). Seagate even renewed its request after Judge Harris ruled on April 20, 2005 that the document was privileged and ordered it redacted. (See Apr. 20, 2005 Letter from Ms. Mack).

Seagate demands immediate return of all unredacted versions of the document bearing production control number STX011831-37. Should Cornice fail to immediately comply with this request, Seagate will seek appropriate relief for Cornice's violation of the ITC's Orders and Cornice's contractual obligations.

Very truly yours,

Brian R. Nester

BRN/fxw

inadvertent disclosure letter – 40294772.doc

08/05/2005 15:05 FAX                                                    ☒001

```
                    ************************
                    ***   TX REPORT   ***
                    ************************


    TRANSMISSION OK

    TX/RX NO              4285
    CONNECTION TEL        99999#800110#12123108007
    CONNECTION ID
    ST. TIME             08/05 15:04
    USAGE T              00'29
    PGS. SENT            3
    RESULT               OK
```

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
17th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-4331

Web Site
www.fr.com

Date    August 5, 2005

To    David R. Radulescu, Esq
      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, NY 10153
      Telephone: (212) 310-8000

Facsimile number    (212) 310-8007

From    Brian R. Nester

Re    Seagate Technology/Cornice, Inc.
      USDC-D.Del. – C.A. No. 04-418-(SLR)

Number of pages
including this page    3

Message

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

**Date**   August 5, 2005

**To**   David R. Radulescu, Esq
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

**Facsimile number**   (212) 310-8007

**From**   Brian R. Nester

**Re**   Seagate Technology/Cornice, Inc.
USDC-D.Del. – C.A. No. 04-418-(SLR)

**Number of pages
including this page**   3

**Message**

NOTE: This facsimile is intended for the addressee only and may contain privileged or confidential
information. If you have received this facsimile in error, please immediately call us collect at
202 783-5070 to arrange for its return. Thank you.

# Exhibit 11

**Redacted**

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2005, I electronically filed a **REDACTED VERSION OF DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF PLAINTIFF SEAGATE'S RESPONSE TO DEFENDANT CORNICE'S REQUEST FOR IN CAMERA INSPECTION PURSUANT TO THE STIPULATED PROTECTIVE ORDER** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld, Esquire
MORRIS NICHOLS ARSHT &
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Attorneys for Defendant
Cornice, Inc.

I hereby certify that on August 17, 2005, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Mathew D. Powers
Jason D. Kipnis
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Attorneys for Defendant
Cornice, Inc.

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX  77002

Attorneys for Defendant
Cornice, Inc.

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153

Attorneys for Defendant
Cornice, Inc.

/s/ Timothy Devlin
Timothy Devlin