IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-418 (SLR) |
| | ) | |
| CORNICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CORNICE'S OPPOSITION TO SEAGATE'S EXPEDITED
MOTION FOR ISSUANCE OF LETTER ROGATORY**

On August 18, 2005, plaintiff Seagate Technology LLC ("Seagate") filed an "expedited motion" for issuance of a letter rogatory to obtain documents and a deposition from Canadian Imperial Bank of Commerce World Markets, Inc. of Toronto, Ontario ("CIBC-TOR") in Canada. (D.I. 131). Seagate says that it needs that discovery for its damages case, and that expedition is necessary because it will take two months to obtain and enforce subpoenas from the Canadian court.

Seagate does not explain why it waited until the very end of the discovery period to seek discovery from any CIBC entity (when it has known about CIBC for a year), why it waited nearly two months to file its motion after learning that the information it wants is in Canada, why it should get additional discovery nearly two months after the Court-ordered discovery cutoff, or why it waited until two business days before its damages expert reports are due to file its motion. Seagate also does not explain why, having done nothing until yesterday, the Court should process its request on an "expedited" basis. Seagate's motion is untimely and should be denied on that basis alone.

Seagate has known about CIBC's investment in Cornice for more than a year. In the related ITC action, on August 4, 2004, Seagate served Document Request No. 8, seeking (Ex. A):

> All documents referring or relating to investments in Cornice and/or its products, including but not limited to any investments made by . . . CIBC Capital Partners. . . .

This Court's Scheduling Order set a fact discovery cutoff of June 30, 2005 (D.I. 36, ¶ 2(b)). Yet, Seagate waited until June 8, 2005 -- three weeks before that cutoff -- to serve a subpoena on any CIBC entity (D.I. 132, Ex. 5). Seagate says that it was told nearly two months ago -- on June 27, 2005 -- that any further CIBC documentation would have to be obtained from CIBC-TOR (D.I. 132, ¶ 11). Seagate was then told "[s]ometime in July" that CIBC-TOR would only produce documents in response to a subpoena (id. at ¶ 19). Seagate retained Canadian counsel in July (id., ¶ 20), but it waited until August 18, 2005 to file its "expedited motion."[1]

Seagate's attempt to start discovery nearly two months after the June 30 discovery cutoff date is particularly egregious here. The Court denied Seagate's request to extend the June 30 discovery cutoff on May 11, 2005. (D.I. 67 at 21). Seagate then waited until June 8 to seek any discovery from CIBC. Moreover, the Scheduling Order provides that opening expert reports are due next Monday, August 22 (D.I. 36, ¶ 2(c)(1)). Seagate has known for nearly a year that its damages expert reports would be due next Monday. It has no excuse for waiting until two

---

[1]     As Seagate notes in its motion (D.I. 131 at fn 24), it also filed a motion to compel with respect to its June 8, 2005 subpoena yesterday in the United States District Court for the Southern District of New York.

business days before its expert reports are due to seek damages discovery from CIBC-TOR that it says will take two months.[2]

It is simply too late for Seagate to seek additional discovery, and its motion should be denied.  A form of Order is attached.

<div style="margin-left:50%">

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/  Jack B. Blumenfeld (#1014)*

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendant and*
   *Counterclaim Plaintiff Cornice, Inc.*

</div>

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

_____

[2]    There are numerous other problems with Seagate's request.  For example, it asks the Court to recite that "[t]he accused products include Cornice's . . . 4.0 GB Storage Elements" (D.I. 131, Ex. 1, p. 2), even though the Court has denied Seagate's request to add 4.0 products three times.  Further, Seagate seeks 15 categories of documents (D.I. 131, Ex. 1, Sched. A) and 12 categories of testimony (id., Sched. B) going far beyond anything reasonably related to Seagate's damages claim.  We do not address these issues because, given the timing of Seagate's request, we do not believe it is necessary to do so.

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

479552
August 19, 2005

<u>**CERTIFICATE OF SERVICE**</u>

I, Jack B. Blumenfeld, hereby certify that on August 19, 2005, I caused to be electronically filed Cornice's Opposition to Seagate's Expedited Motion for Issuance of Letter Rogatory with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

<u>**BY HAND**</u>

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE  19801

<u>**BY FEDERAL EXPRESS**</u>

Roger S. Borovoy, Esquire
Fish & Richardson, P.C.
500 Arguello Street
Redwood City, CA  94063-1526

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW
Suite 1100
Washington, DC  20005

Edmond Bannon
Fish & Richardson
Citigroup Center
153 East 53rd St.
New York, NY  10022

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)