IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>NOTICE OF SERVICE OF SUBPOENAS</u>

PLEASE TAKE NOTICE that the attached subpoenas will be served on the following:

> Andrew Hirt
> Materials Research Laboratories, Inc.
> 290 North Bridge Street
> Struthers, OH 44471-2217

> Carnegie Mellon University
> 5000 Forbes Avenue
> Pittsburgh, PA 15213

> Chando Park
> Carnegie Mellon University
> 5000 Forbes Avenue
> Pittsburgh, PA 15213

> Yingguo Peng
> Carnegie Mellon University
> 5000 Forbes Aveue
> Pittsburgh, PA 15213

> Jian-Gang Zhu
> Carnegie Mellon University
> 5000 Forbes Aveue
> Pittsburgh, PA 15213

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Defendant and Counterclaim
Plaintiff Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

September 2, 2005

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF OHIO

**SUBPOENA IN A CIVIL CASE**

SEAGATE TECHNOLOGY LLC,

PLAINTIFF,

v.                                                    Case Number:[1]  04-418-SLR

                                                            District of Delaware

CORNICE, INC.,

DEFENDANT.

TO:     Andrew Hirt
        Materials Research Laboratories, Inc.
        290 North Bridge Street
        Struthers, OH  44471-2217

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 12, 2005 at 2:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 9, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>September 2, 2005 |
|---|---|
| *[signature]* |  |

Issuing Officer's Name, Address, and Phone Number
    Julia Heaney, Esq. - Counsel for Defendant Cornice, Inc.
    1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347
    (T) (302) 575-7291

---

[1] If action is pending in district other than district of issuance, state district under case number.

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Definitions

A.    **"You"** and **"Your"** shall each mean and refer to Mr. Andrew Hirt.

B.    **"Electronic Data"** shall mean all numbers, graphs, charts, pictures, cross-sections, or other data stored in electronic form.

C.    **"AES"** shall mean auger electron spectroscopy.

D.    **"Relevant Media"** shall mean magnetic recording media used in any Cornice, Inc. data storage device or provided to you over the past fifteen (15) months by David E. Laughlin for purposes of his work with or for Seagate Technology, LLC, or any related or affiliated entities.

E.    **"Document"** shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

F.    **"Relate to," "Related to,"** or **"Relating to"** shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

G.    As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

H.    As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

I.    Except where the context does not permit, the term **"including"** shall be without limitation.

J.    Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

K.    Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

## Instructions

A.      If no documents are responsive to a particular request, state in your response that no responsive documents exist.

B.      If you withhold any Document, or Communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, provide a statement of the following:  (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.).

C.      If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph Q above.

D.      These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.      Each document is to be produced along with all drafts, without abbreviation or redaction.

F.      For any responsive documents or tangible things that have been lost; destroyed or withheld from production based on any ground, provide a written statement setting forth: (a) the identity of the document; (b) the nature of the document (e.g., letter, memorandum, chart); (c) the identity of the person(s) who received copies of the document; (d) the date of the document; (e) a brief description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which you rely in withholding the document.

All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

**Document Requests**

1.  All manuals and specifications related to the machines used by you (or any person employed, instructed, or directed by you) to take AES measurements of any Relevant Media.

2.  All Electronic Data (including but not limited to data that has not been manipulated or altered from its original form and data that has been manipulated or altered from its original form) and printed data obtained from AES measurements of any Relevant Media.

3.  All log and notebook records related to AES measurements of any Relevant Media.

4.  All communications, including without limitation emails, between you (or any person employed, instructed, or directed by you) and Dr. David Laughlin relating to AES measurements of any Relevant Media.

5.  All communications between you (or any person employed, instructed, or directed by you) and anyone else relating to any Relevant Media or AES measurements of any Relevant Media.

6.  All documents relating to the accuracy of any machines used to take AES measurements on any Relevant Media.

7.  All documents relating to the reproducibility of any AES measurements on any Relevant Media.

8.  All documents and things relating to any Relevant Media, including without limitation relating to any measurements performed on any Relevant Media.

9.  All magnetic moment data relating to any Relevant Media.

10. All student theses and dissertations describing or referring to any machine used to take AES measurements of any Relevant Media.

11. All publications naming you as an author or coauthor where any machine used to take AES measurements of any Relevant Media was described or referred to in the publication.

Issued by the

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

### SUBPOENA IN A CIVIL CASE

SEAGATE TECHNOLOGY LLC,

                                        PLAINTIFF,

                    v.                                                Case Number:[1] 04-418-SLR

CORNICE, INC.,                                                       District of Delaware

                                        DEFENDANT.

TO:    Carnegie Mellon University
       5000 Forbes Avenue
       Pittsburgh, PA  15213

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  See Attachment A

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 14, 2005 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment B

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 9, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>September 2, 2005 |
|---|---|
| *Julia Heaney* | |

Issuing Officer's Name, Address, and Phone Number
   Julia Heaney, Esq. - Counsel for Defendant Cornice, Inc.
   1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347
   (T) (302) 575-7291

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____              _____
                        DATE                                        SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within

the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Definitions

A.    **"CMU"** shall mean and refer to Carnegie Mellon University, including all staff, faculty, students, and employees of Carnegie Mellon University.

B.    **"Electronic Data"** shall mean all numbers, graphs, charts, pictures, cross-sections, or other data stored in electronic form.

C.    **"TEM"** shall mean transmission electron microscopy.

D.    **"EDS"** shall mean energy-dispersive spectroscopy.

E.    **"NED"** shall mean nanobeam electron diffraction.

F.    **"VSM"** shall mean vibrating sample magnetometer.

G.    **"AFM"** shall mean atomic force microscopy.

H.    **"XRD"** shall mean X-ray diffraction.

I.    **"AES"** shall mean auger electron spectroscopy.

J.    **"Relevant Media"** shall mean magnetic recording media used in any Cornice, Inc. data storage device or provided to you over the past fifteen (15) months by David E. Laughlin for purposes of his work with or for Seagate Technology, LLC, or any related or affiliated entities.

K.    **"Document"** shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

L.    "**Relate to**," "**Related to**," or "**Relating to**" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

M.    As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

N.    As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

O.    Except where the context does not permit, the term "**including**" shall be without limitation.

P.    Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

Q.    Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

**Instructions**

A.     If no documents are responsive to a particular request, state in your response that no responsive documents exist.

B.     If you withhold any Document, or Communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, provide a statement of the following:  (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.)

C.     If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph Q above.

D.     These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.     Each document is to be produced along with all drafts, without abbreviation or redaction.

F.     For any responsive documents or tangible things that have been lost; destroyed or withheld from production based on any ground, provide a written statement setting forth: (a) the identity of the document; (b) the nature of the document (e.g., letter, memorandum, chart); (c) the identity of the person(s) who received copies of the document; (d) the date of the document; (e) a brief description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which you rely in withholding the document.

G.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

## Topics

1.  The facts, circumstances, and nature of any testing or measurements (including TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements) performed by or at CMU on any Relevant Media.

2.  The use, operation, and accuracy of the machines used by or at CMU, including without limitation by Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu (or any person employed, instructed, or directed by any of the foregoing), to take any testing or measurements (including TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements) of any Relevant Media.

3.  The data and records related to any testing or measurements (including TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements) of any Relevant Media, including the nature and location of such data and records, the reproducibility of the testing, and the manipulation and/or alteration of such data and records.

4.  The facts, circumstances, and nature of any communications (including emails) between anyone at CMU, including without limitation Dr. David Laughlin, Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu, and anyone else relating to any testing or measurements (including TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements) of any Relevant Media.

5.  The existence and nature of any student theses and dissertations describing or referring to any machine used to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

6.  The existence and nature of any publications naming Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu as an author or coauthor where any machine used to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media was described or referred to in the publication..

# ATTACHMENT B

## Document Requests

The Definitions and Instructions from Attachment A are incorporated herein.

1.  All manuals and specifications related to the machines used by anyone at CMU, including without limitation Dr. David Laughlin, Dr. Yinggou Peng, Dr. Chando Park, Dr. Jian-Gang Zhu (or any person employed, instructed, or directed by any of the foregoing), to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

2.  All Electronic Data (including but not limited to data that has not been manipulated or altered from its original form and data that has been manipulated or altered from its original form) obtained from TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

3.  All log and notebook records related to TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

4.  All communications, including without limitation emails, between Dr. David Laughlin and anyone at CMU, including without limitation Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu, relating to TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

5.  All communications between anyone at CMU, including without limitation Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu, and any one else relating to any Relevant Media or TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

6.  All documents relating to the accuracy of any machines used to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements on any Relevant Media.

7.  All documents relating to the reproducibility of any TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements on any Relevant Media.

8.  All documents and things relating to any Relevant Media, including without limitation relating to any measurements performed on any Relevant Media.

9.  All magnetic moment data relating to any Relevant Media.

10. All student theses and dissertations describing or referring to any machine used to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media.

11.    All publications naming Dr. Yinggou Peng, Dr. Chando Park, or Dr. Jian-Gang Zhu as an author or coauthor where any machine used to take TEM, EDS, NED, VSM, AFM, XRD, AES, spin stand, and/or electron diffraction measurements of any Relevant Media was described or referred to in the publication.

Issued by the

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF PENNSYLVANIA

SUBPOENA IN A CIVIL CASE

SEAGATE TECHNOLOGY LLC,

PLAINTIFF,

v.

CORNICE, INC.,

DEFENDANT.

Case Number:[1]  04-418-SLR

District of Delaware

TO:  Chando Park
Carnegie Mellon University
5000 Forbes Avenue
Pittsburgh, PA  15213

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 13, 2005 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 9, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date<br>September 2, 2005 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Julia Heaney, Esq. - Counsel for Defendant Cornice, Inc.
1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347
(T) (302) 575-7291

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                                SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within

the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Definitions

A.    "**You**" and "**your**," shall each mean and refer to Dr. Chando Park.

B.    "**Electronic Data**" shall mean all numbers, graphs, charts, pictures, cross-sections, or other data stored in electronic form.

C.    "**VSM**" shall mean vibrating sample magnetometer.

D.    "**Relevant Media**" shall mean magnetic recording media used in any Cornice, Inc. data storage device or provided to you over the past fifteen (15) months by David E. Laughlin for purposes of his work with or for Seagate Technology, LLC, or any related or affiliated entities.

E.    "**Document**" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

F.    "**Relate to**," "**Related to**," or "**Relating to**" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

G.    As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

H.    As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

I.    Except where the context does not permit, the term "**including**" shall be without limitation.

J.     Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

K.     Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

**Instructions**

A.    If no documents are responsive to a particular request, state in your response that no responsive documents exist.

B.    If you withhold any Document, or Communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, provide a statement of the following:  (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.).

C.    If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph Q above.

D.    These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.    Each document is to be produced along with all drafts, without abbreviation or redaction.

F.    For any responsive documents or tangible things that have been lost; destroyed or withheld from production based on any ground, provide a written statement setting forth: (a) the identity of the document; (b) the nature of the document (e.g., letter, memorandum, chart); (c) the identity of the person(s) who received copies of the document; (d) the date of the document; (e) a brief description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which you rely in withholding the document.

G.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

**Document Requests**

1.  All manuals and specifications related to the machines used by you (or any person employed, instructed, or directed by you) to take VSM measurements of any Relevant Media.

2.  All Electronic Data (including but not limited to data that has not been manipulated or altered from its original form and data that has been manipulated or altered from its original form) and printed data obtained from VSM measurements of any Relevant Media.

3.  All log and notebook records related to VSM measurements of any Relevant Media.

4.  All communications, including without limitation emails, between you (or any person employed, instructed, or directed by you) and Dr. David Laughlin relating to VSM measurements of any Relevant Media.

5.  All communications between you (or any person employed, instructed, or directed by you) and anyone else relating to any Relevant Media or VSM measurements of any Relevant Media.

6.  All documents relating to the accuracy of any machines used to take VSM measurements on any Relevant Media.

7.  All documents relating to the reproducibility of any VSM measurements on any Relevant Media.

8.  All documents and things relating to any Relevant Media, including without limitation relating to any measurements performed on any Relevant Media.

9.  All magnetic moment data relating to any Relevant Media.

10. All student theses and dissertations describing or referring to any machine used to take VSM measurements of any Relevant Media.

11. All publications naming you as an author or coauthor where any machine used to take VSM measurements of any Relevant Media was described or referred to in the publication.

**Issued by the**

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

### SUBPOENA IN A CIVIL CASE

SEAGATE TECHNOLOGY LLC,

PLAINTIFF,

v.

CORNICE, INC.,

DEFENDANT.

Case Number:[1] 04-418-SLR

District of Delaware

TO:    Yingguo Peng
Carnegie Mellon University
5000 Forbes Avenue
Pittsburgh, PA  15213

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 12, 2005 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 9, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Julia Heaney* | September 2, 2005 |

Issuing Officer's Name, Address, and Phone Number
Julia Heaney, Esq. - Counsel for Defendant Cornice, Inc.
1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347
(T) (302) 575-7291

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within

the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## Definitions

A.    **"You"** and **"your,"** shall each mean and refer to Dr. Yingguo Peng.

B.    **"Electronic Data"** shall mean all numbers, graphs, charts, pictures, cross-sections, or other data stored in electronic form.

C.    **"TEM"** shall mean transmission electron microscopy.

D.    **"EDS"** shall mean energy-dispersive spectroscopy.

E.    **"NED"** shall mean nanobeam electron diffraction.

F.    **"AFM"** shall mean atomic force microscopy.

G.    **"XRD"** shall mean X-ray diffraction.

H.    **"Relevant Media"** shall mean magnetic recording media used in any Cornice, Inc. data storage device or provided to you over the past fifteen (15) months by David E. Laughlin for purposes of his work with or for Seagate Technology, LLC, or any related or affiliated entities.

I.    **"Document"** shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

J.    **"Relate to,"** **"Related to,"** or **"Relating to"** shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

K.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

L.     As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

M.     Except where the context does not permit, the term "**including**" shall be without limitation.

N.     Except where the context does not permit, the terms "**and**" and "**or**" shall be both conjunctive and disjunctive.

O.     Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

**Instructions**

A.     If no documents are responsive to a particular request, state in your response that no responsive documents exist.

B.     If you withhold any Document, or Communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, provide a statement of the following:  (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.).

C.     If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph Q above.

D.     These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.     Each document is to be produced along with all drafts, without abbreviation or redaction.

F.     For any responsive documents or tangible things that have been lost; destroyed or withheld from production based on any ground, provide a written statement setting forth: (a) the identity of the document; (b) the nature of the document (e.g., letter, memorandum, chart); (c) the identity of the person(s) who received copies of the document; (d) the date of the document; (e) a brief description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which you rely in withholding the document.

G.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

## Document Requests

1.    All manuals and specifications related to the machines used by you (or any person employed, instructed, or directed by you) to take TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media.

2.    All Electronic Data (including but not limited to data that has not been manipulated or altered from its original form and data that has been manipulated or altered from its original form) and printed data obtained from TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media.

3.    All log and notebook records related to TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media.

4.    All communications, including without limitation emails, between you (or any person employed, instructed, or directed by you) and Dr. David Laughlin relating to TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media.

5.    All communications between you (or any person employed, instructed, or directed by you) and anyone else relating to any Relevant Media or TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media.

6.    All documents relating to the accuracy of any machines used to take TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements on any Relevant Media.

7.    All documents relating to the reproducibility of any TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements on any Relevant Media.

8.    All documents and things relating to any Relevant Media including without limitation relating to any measurements performed on any Relevant Media.

9.    All magnetic moment data relating to any Relevant Media.

10.    All student theses and dissertations describing or referring to any machine used to take TEM, EDS, NED, AFM, XRD and electron diffraction measurements of any Relevant Media.

11.    All publications naming you as an author or coauthor where any machine used to take TEM, EDS, NED, AFM, XRD and/or electron diffraction measurements of any Relevant Media was described or referred to in the publication.

Issued by the

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF PENNSYLVANIA

### SUBPOENA IN A CIVIL CASE

SEAGATE TECHNOLOGY LLC,

                    PLAINTIFF,

         v.

CORNICE, INC.,

                    DEFENDANT.

Case Number:[1]  04-418-SLR

           District of Delaware

TO:    Jian-Gang Zhu
       Carnegie Mellon University
       5000 Forbes Avenue
       Pittsburgh, PA  15213

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 13, 2005 at 2:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347 | September 9, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
|---|---|
| *Julia Heaney* | September 2, 2005 |
| Issuing Officer's Name, Address, and Phone Number<br>   Julia Heaney, Esq. - Counsel for Defendant Cornice, Inc.<br>   1201 North Market Street, P.O. Box 1347, Wilmington, DE  19899-1347<br>   (T) (302) 575-7291 | |

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

### Definitions

A.     **"You"** and **"your,"** shall each mean and refer to Dr. Jian-Gang Zhu.

B.     **"Electronic Data"** shall mean all numbers, graphs, charts, pictures, cross-sections, or other data stored in electronic form.

C.     **"Relevant Media"** shall mean magnetic recording media used in any Cornice, Inc. data storage device or provided to you over the past fifteen (15) months by David E. Laughlin for purposes of his work with or for Seagate Technology, LLC, or any related or affiliated entities.

D.     **"Document"** shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all nonidentical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

E.     **"Relate to,"** **"Related to,"** or **"Relating to"** shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

F.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

G.     As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

H.     Except where the context does not permit, the term **"including"** shall be without limitation.

I.     Except where the context does not permit, the terms **"and"** and **"or"** shall be both conjunctive and disjunctive.

J.      Except where the context does not permit, the terms "**each**" and "**any**" shall mean any and all.

## Instructions

A.    If no documents are responsive to a particular request, state in your response that no responsive documents exist.

B.    If you withhold any Document, or Communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each Document, Communication, or portion thereof so withheld, provide a statement of the following:  (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.).

C.    If you contend that a portion of a Document contains information that is immune from discovery, then produce the Document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph Q above.

D.    These requests seek all responsive documents in their original language, and, if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

E.    Each document is to be produced along with all drafts, without abbreviation or redaction.

F.    For any responsive documents or tangible things that have been lost; destroyed or withheld from production based on any ground, provide a written statement setting forth: (a) the identity of the document; (b) the nature of the document (e.g., letter, memorandum, chart); (c) the identity of the person(s) who received copies of the document; (d) the date of the document; (e) a brief description of the subject matter of the document; and (f) the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which you rely in withholding the document.

G.    All documents requested are to be produced in the same file or other organizational environment in which they are maintained in the normal course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production and where applicable, the interrogatory number, in response to which the document or thing is being produced.

**Document Requests**

1.    All manuals and specifications related to the machines used by you (or any person employed, instructed, or directed by you) to take spin stand measurements of any Relevant Media.

2.    All Electronic Data (including but not limited to data that has not been manipulated or altered from its original form and data that has been manipulated or altered from its original form) and printed data obtained from spin stand measurements of any Relevant Media.

3.    All log and notebook records related to spin stand measurements of any Relevant Media.

4.    All communications, including without limitation emails, between you (or any person employed, instructed, or directed by you) and Dr. David Laughlin relating to spin stand measurements of any Relevant Media.

5.    All communications between you (or any person employed, instructed, or directed by you) and anyone else relating to any Relevant Media or spin stand measurements of any Relevant Media.

6.    All documents relating to the accuracy of any machines used to take spin stand measurements on any Relevant Media.

7.    All documents relating to the reproducibility of any spin stand measurements on any Relevant Media.

8.    All documents and things relating to any Relevant Media, including without limitation relating to any measurements performed on any Relevant Media.

9.    All magnetic moment data relating to any Relevant Media.

10.   All student theses and dissertations describing or referring to any machine used to take spin stand measurements of any Relevant Media.

11.   All publications naming you as an author or coauthor where any machine used to take spin stand measurements of any Relevant Media was described or referred to in the publication.

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on September 2, 2005, I caused to be electronically filed NOTICE OF SERVICE OF SUBPOENA with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street
> Suite 1100
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> Roger S. Borovoy, Esquire
> Fish & Richardson, P.C.
> 500 Arguello Street
> Redwood City, CA  94063-1526

> Ruffin B. Cordell, Esquire
> Fish & Richardson, P.C.
> 1425 K Street, NW
> Suite 1100
> Washington, DC  20005

Edmond Bannon
Fish & Richardson
Citigroup Center
153 East 53rd St.
New York, NY 10022


/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL
jheaney@mnat.com

*Attorneys for Defendant and
Counterclaim Plaintiff Cornice, Inc.*