IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Civ. No. 04-418-SLR |
| ) | |
| CORNICE, INC.,    ) | |
| ) | |
| Defendant.    ) | |

**O R D E R**

At Wilmington this 31st day of October, 2005, having reviewed defendant's request for <u>in camera</u> inspection pursuant to the stipulated protective order, and the papers filed in connection with said motion;

IT IS ORDERED that said motion (D.I. 124) is granted in part and denied in part.

    1.  On the merits, the act of sending a copy of a document to counsel does not, in and of itself, shield the document from disclosure by virtue of the attorney-client privilege.  In order to invoke the protection of the attorney client privilege, there must be some indicia on the face of the document that legal advice was actually sought by the author.

    2.  There is no such indicia on the face of the emails at issue.  (D.I. 128, exs. 1-2)  The emails were authored by

business people about a routine business matter - the contents of a slide presentation to a third party. The three sentences plaintiff seeks to redact relate to a business executive's negative reaction to the royalty rates contained in the presentation. Although copies of the emails were forwarded to in-house counsel, there is no indication that counsel was anything other than an observer of the conversation among business people. There certainly is nothing so "inherently legal" about royalty rates that transforms a business discussion into a legal one protected by the privilege. Therefore, under other circumstances, I would order the unredacted document produced.

     3. However, in this case, defendant apparently failed to honor the provisions of the stipulated protective order regarding the inadvertent disclosure of privileged documents. (D.I. 128, ex. 3) Setting aside what ALJ Harris might have decided in this regard, it appears that defendant, after receiving notice of the inadvertent disclosure, neither returned the document nor brought it to my attention promptly but, instead, retained a copy and attempted to use it in a later deposition. Under these circumstances, I decline to give defendant the benefit of this document and, instead, will preclude its use in this case.

     IT IS FURTHER ORDERED that plaintiff's motion for issuance

of a letter rogatory (D.I. 131) is denied as untimely.

```
                              _____
                                  United States District Judge
```