IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT CORNICE'S MOTION TO PRECLUDE [NO. 2] SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO ACCUSED 4.0 PRODUCTS**

Defendant Cornice, Inc. ("Cornice") moves to preclude Seagate Technology LLC ("Seagate") from asserting infringement by any 4.0 gigabyte products. The Court has ruled three times that the 4.0 products are not part of this case. Nevertheless, in expert reports, plaintiff Seagate Technology LLC ("Seagate") has asserted that those products infringe four of the patents-in-suit.

The Scheduling Order entered in this action included a fact discovery cut-off date of June 30, 2005 (D.I. 36, ¶ 2(b)). At a May 11 discovery conference, the Court denied Seagate's request for discovery of Cornice's 4.0 products that were in development, stating that "products not in the market by the discovery cutoff date" would not be part of this case (D.I. 67, pp. 20-21). At a June 28, 2005 discovery conference, the Court again denied Seagate's attempt to bring the 4.0 products into this case, saying that "the bottom line is, if it's not being marketed as a commercial product, I thought I already ruled it was not part of this case." (D.I. 111, p. 14).

Then, on August 3, 2005, Seagate sought -- for a third time -- to take discovery on the 4.0 products (D.I. 120). In an August 9, 2005 Order, the Court denied that request, on the

basis that "the court is not persuaded . . . that any such products are presently in the market as commercial products." (D.I. 123).

Notwithstanding the three Court Orders that Cornice's 4.0 products would not be part of this case, when Seagate served expert reports on August 23, 2005, it asserted infringement of four of the patents-in-suit by Cornice's 4.0 products (the '054, '845, '461 and '606 patents). The Court has ruled three times that Cornice's 4.0 gigabyte products are "not part of this case." Nevertheless, Seagate intends to try to put the 4.0 products before the jury. Accordingly, the Court should enter an order precluding Seagate from asserting that the 4.0 products infringe, to make clear that those products are not part of this case.

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

November 18, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendant and Counterclaim Plaintiff Cornice, Inc.*

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on November 18, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street, Suite 1100
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> Ruffin B. Cordell, Esquire
> Fish & Richardson, P.C.
> 1425 K Street, NW, Suite 1100
> Washington, DC 20005

> /s/ *Julia Heaney*
> Julia Heaney (#3052)
> MORRIS, NICHOLS, ARSHT & TUNNELL
> jheaney@mnat.com
>   *Attorneys for Defendant and*
>   *Counterclaim Plaintiff Cornice, Inc.*