5

# Exhibit 5

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

6

# Exhibit 6

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

7

**August 2000**
-Founded Cornice based on a vision of future storage needs specifically for pocket-able CE devices

**August 2002**
-Completed 1st round of venture funding - $22 million

**December 2002**
-Relocated and expanded Cornice headquarters



**April 2003**
-Provided first SE samples to customer

**June 2003**
-Company launch
-Launched the 1.5GB SE
-Announced strategic partnerships
-1st one-inch HDD-based MP3 player to market (RCA MicroLyra)
-1st one-inch HDD-based USB personal storage device to market (Digitalway)

  

**July 2003**
-Named to the AlwaysOn Top 100 Private Companies List

**November 2003**
-Awarded PC Magazine's Technical Excellence Award
-Named EDN Innovation Winner - Embedded Products
-Recognized by the Institute for Information Systems Technology as the "Most Significant Technology of the Year"

 

**January 2004**
-Launched the 2.0GB SE
-Awarded "Best Mobile Technology" at StorageVisions Conference
-Philips HD060 hit store shelves

 

**February 2004**
-Completed 2nd round of venture funding - $51 million

**May 2004**
-Established Cornice distributors

**August 2004**
-1st one-inch HDD-based GPS device to market (Garmin StreetPilot 2620 & 2660)
-Shipped the one-millionth SE
-Sony 2GB Micro Vault Pro hit store shelves



 

**November 2004**
-Added industry veteran Bill Schroeder to Cornice board

  

**December 2004**
-1st HDD-based mobile phone to market (Samsung V-5400)
-Recognized by World Economic Forum as Technology Pioneer

**January 2005**
-Launched the 3.0GB SE - the leading areal density capacity and includes Crash Guard™ Technology for extra durability and ruggedness

  

**February 2005**
-1st one-inch embedded HDD-based PVC to market (NHJ D'zion DV-5)

8

# WESTERN DIGITAL FILES PATENT INFRINGEMENT SUIT AGAINST CORNICE

LAKE FOREST, Calif. - June 29, 2004 - Western Digital Corp. (NYSE: WDC) announced today that it has filed a patent infringement lawsuit against Cornice Inc.

Filed today in United States District Court in Orange County, Calif., the lawsuit alleges that Cornice is infringing seven Western Digital patents related to disk drive technology. Western Digital is seeking to prevent Cornice from illegally using Western Digital patented technology, as well as seeking to recoup monetary damages resulting from patent infringement by products Cornice has already sold to its customers.

Matt Massengill, chairman and CEO for Western Digital, said, "Western Digital has made significant investments in research and development over its 34-year history, including the last 16 years as a leading hard drive company. We have invested hundreds of millions of dollars to develop our hard drive products. The technical sophistication and outstanding quality of our products is the result of these investments and the hard work of our talented and dedicated team of employees. We will not allow Cornice to unfairly exploit our patents, which are the product of the efforts of our team and the investments by our shareholders. We intend to vigorously protect our valuable intellectual property and keep our rights from being violated."

## About Western Digital

Western Digital, one of the storage industry's pioneers and long-time leaders, provides products and services for people and organizations that collect, manage and use digital information. The company produces reliable, high-performance hard drives that keep users' data close-at-hand and secure from loss.

Western Digital was founded in 1970. The company's storage products are marketed to leading systems manufacturers and selected resellers under the Western Digital brand name. Visit the Investor section of the company's Web site (www.westerndigital.com) to access a variety of financial and investor information.

<div align="center">###</div>

Western Digital and the Western Digital logo are registered trademarks of Western Digital Technologies Inc. All other brand and product names mentioned herein are the property of their respective owner.

9

1   Jerold B. Schnayer (*pro hac vice* application pending)
    Daniel R. Cherry (*pro hac vice* application pending)
2   WELSH & KATZ, LTD.
    120 S. Riverside Plaza, 22nd Floor
3   Chicago, Illinois. 60606
    Telephone: (312) 655-1500
4   Facsimile: (312) 655-1501

5   John S. Siamas (State Bar No. 049061)
    William R. Overend (State Bar No. 180209)
6   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
7   San Francisco, CA 94111

8   **Mailing Address:**
    P.O. Box 7936
9   San Francisco, CA 94120-7936

10  Telephone:   415.543.8700
    Facsimile:   415.391.8269
11
    Attorneys for Plaintiff
12  Papst Licensing GmbH & Co. KG

13

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16

17  PAPST LICENSING GMBH & Co. KG, a
    German corporation                          **C 05 3880**

18              Plaintiff,                       **COMPLAINT FOR PATENT
                                                 INFRINGEMENT**
19      vs.
                                                 **[JURY TRIAL DEMANDED]**
20  CORNICE, INC., a Delaware
    corporation; SAE MAGNETICS
21  LIMITED, a company located in Hong
    Kong; and TDK CORPORATION, a
22  company located in Japan

23              Defendants.

24

25

26

27

28

- 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1    Plaintiff Papst Licensing GmbH & Co. KG, for its complaint for patent infringement

2    against Cornice, Inc., SAE Magnetics Limited, and TDK Corporation, states as follows.

3    **Parties**

4    1.    Plaintiff Papst Licensing GmbH & Co. KG, referred to herein as "Papst

5    Licensing," is a corporation existing under the laws of The Federal Republic of Germany, and has

6    a principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

7    2.    Upon information and belief, defendant Cornice, Inc., referred to herein as

8    "Cornice," is incorporated under the laws of the State of Delaware, and has a principal place of

9    business at 1951 South Fordham Street, Suite 105, Longmont, Colorado 80503.

10    3.    Upon information and belief, defendant SAE Magnetics Limited, referred to herein

11    as "SAE," is a company that has a principal place of business located at 12F SAE Twr, 38-42

12    Kwai Fung Cresent, Kwai Chung, New Territories, Hong Kong.

13    4.    Upon information and belief, defendant TDK Corporation, referred to herein as

14    "TDK," is a Japanese Corporation, and has a principal place of business at 1-13-1, Nihonbashi,

15    Chuo-ku, Tokyo, 103-8272, Japan.

16    **Jurisdiction And Venue**

17    5.    In Count I of this Complaint, paragraphs 16-22, Papst Licensing asserts that the

18    Defendants infringe numerous Papst Licensing patents.    This Court has federal question

19    jurisdiction of these patent infringement claims pursuant to 28 U.S.C. §1331 and 1338(a) because

20    this action arises under the patent laws of the United States. 35 U.S.C. §§ 1, et seq.

21    6.    Venue over Cornice, SAE, and TDK is proper in this district pursuant to 28 U.S.C.

22    §§ 1391(c) and 1400(b).

23    7.    Moreover, in Count II of this Complaint, paragraphs 23-29, Papst Licensing

24    asserts that TDK is in breach of a patent license agreement with Papst Licensing that has an

25    effective date of March 31, 1999 (the "TDK Agreement").    This Court has jurisdiction over this

26    breach of contract claim pursuant to 28 U.S.C. §1367(a).

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

## Patents At Issue

8.    Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to the United States Patents identified in paragraphs 9-15.

9.    United States Patent No. Re. 38,722 (the "Re. '722 patent") duly and legally issued on August 9, 2005.

10.    United States Patent No. Re. 38,662 (the "Re. '662 patent") duly and legally issued on November 30, 2004.

11.    United States Patent No. Re. 38,178 (the "Re. '178 patent") duly and legally issued on July 8, 2003.

12.    United States Patent No. 6,271,988 (the "'988 patent ") duly and legally issued on August 7, 2001.

13.    United States Patent No. 5,877,916 (the "'916 patent") duly and legally issued on March 2, 1999.

14.    United States Patent No. 5,801,900 (the "'900 patent") duly and legally issued on September 1, 1998.

15.    United States Patent No. 5,557,487 (the "'487 patent") duly and legally issued on September 17, 1996.

## FIRST CLAIM FOR RELIEF

(Patent Infringement – Against Cornice, TDK and SAE)

16.    Papst Licensing repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

17.    Upon information and belief, Cornice, TDK and SAE have made, used, sold, or offered to sell to customers in the United States, or imported into the United States, products that embody the elements of one or more claims of the patents set forth in paragraphs 9-15 and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

18.    Upon information and belief, a reasonable opportunity for further investigation is likely to provide evidentiary support that Cornice, TDK and SAE are liable to Papst Licensing

- 3 -

1    under 35 U.S.C. §271(b) by actively inducing others to infringe one or more claims of the patents

2    identified in paragraphs 9-15 by importing into, offering for sale in, and/or selling in the United

3    States products that embody the elements of one or more claims of the patents set forth in

4    paragraphs 9-15 and, therefore, infringe those patents under the U.S. patent laws, 35 U.S.C. §271.

5         19.    Upon information and belief, a reasonable opportunity for further investigation is

6    likely to provide evidentiary support that Cornice, TDK and SAE are liable to Papst Licensing

7    under 35 U.S.C. §271(c) as contributory infringers with regard to others' direct infringement of

8    one or more claims of the patents identified in paragraphs 9-15 that arises from said others

9    importing into, offering for sale in and/or selling in the United States products that embody the

10   elements of one or more claims of the patents set forth in paragraphs 9-15 and, therefore, infringe

11   those patents under the U.S. patent laws, 35 U.S.C. §271.

12        20.    Upon information and belief, a reasonable opportunity for further investigation is

13   likely to provide evidentiary support that Cornice, TDK and SAE committed the said

14   infringements willfully.

15        21.    Upon information and belief, Cornice, TDK and SAE have been and still are

16   committing the said infringements and will continue to do so unless enjoined by this Court.

17        22.    These actions by Cornice, TDK and SAE have damaged Papst Licensing in an

18   amount to be determined at trial and have caused, and will continue to cause Papst Licensing

19   irreparable injury for which Papst Licensing has no adequate remedy at law.

20        WHEREFORE, Papst Licensing prays for relief as set forth below.

21                          <u>SECOND CLAIM FOR RELIEF</u>

22                    (Breach of Written Contract – Against TDK)

23        23.    Papst Licensing repeats and realleges the allegations contained in the foregoing

24   paragraphs 1-15 as though fully set forth herein.

25        24.    In the TDK Agreement, certain of Papst Licensing's patents are licensed to TDK

26   for products covered by the TDK Agreement.

27        25.    Papst Licensing has performed all conditions, covenants and promises required by

28

- 4 -

COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

1    it on its part to be performed in accordance with the terms and conditions of the TDK Agreement.

2         26.     Pursuant to the terms of the TDK Agreement, TDK is obligated to make periodic

3    reports and payments to Papst Licensing concerning worldwide sales of products covered by the

4    TDK Agreement, which sales are made by TDK and/or its subsidiaries such as SAE.

5         27.     Upon information and belief, TDK has not properly reported to Papst Licensing

6    pursuant to the terms of the TDK Agreement.

7         28.     By reason of TDK's failure to report properly to Papst Licensing pursuant to the

8    terms of the TDK Agreement, TDK has materially breached its obligations under the TDK

9    Agreement.

10        29.     As a direct and proximate result of TDK's breaches of the TDK Agreement, Papst

11   Licensing has incurred damages in an amount to be proven at the time of trial.

12        WHEREFORE, Papst Licensing prays for relief as set forth below.

13                                    PRAYER FOR RELIEF

14        WHEREFORE, Papst Licensing prays the Court for the following relief:

15        1.      That judgment be entered in favor of Papst Licensing and against Cornice, TDK

16   and SAE, and each of them, on all counts;

17        2.      That the Court order and decree that Cornice, TDK and SAE, and each of them,

18   have infringed the Re. '722 patent, the Re. '662 patent, the Re. '178 patent, the '918 patent, the

19   '916 patent, the '900 patent, and the '487 patent, by making, using, offering for sale, and/or

20   selling to customers in the United States, or importing into the United States, products that

21   embody the elements of one or more claims of those patents;

22        3.      That the Court order and decree that the infringement of the Re. '722 patent, the

23   Re. '662 patent, the Re. '178 patent, the '918 patent, the '916 patent, the '900 patent, and the '487

24   patent by Cornice, TDK and SAE, and each of them, was willful;

25        4.      An award of damages arising out of Cornice, TDK and SAE's acts of

26   infringement, contributory infringement, and active inducement of infringement of the Re. '722

27   patent, the Re. '662 patent, the Re. '178 patent, the '918 patent, the '916 patent, the '900 patent,

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

COMPLAINT

DOCSSFO-12416450.1

1  and the '487;

2    5.    An award of treble damages pursuant to 35 U.S.C. Section 284, due to the willful

3  and deliberate character of the infringement by Cornice, TDK and SAE, and each of them;

4    6.    That the Court preliminarily and permanently enjoin Cornice, TDK and SAE, and

5  each of them, their officers, directors, principals, agents, servants, employees, successors and

6  assigns, and all those in active concert or participation with Cornice, TDK and SAE, or any of

7  them, or under any of Cornice, TDK or SAE's authority, jointly and severally, from making,

8  using, offering for sale, and/or selling to customers in the United States, or importing into the

9  United States, products that embody the elements of one or more claims of the Re. '722 patent,

10  the Re. '662 patent, the Re. '178 patent, the '918 patent, the '916 patent, the '900 patent, or the

11  '487, and from otherwise infringing, contributing to the infringement of, or actively inducing

12  infringement of, each of those patents;

13    7.    That the Court order and decree, pursuant to 35 U.S.C. Section 285, that this an

14  exceptional case entitling Papst Licensing to an award of its reasonable attorneys' fees and costs;

15    8.    That judgment be entered in favor of Papst Licensing and against TDK for all

16  damages sustained by Papst Licensing due to TDK's breaches of the TDK Agreement;

17    9.    That Papst Licensing be awarded its costs and reasonable attorneys' fees incurred

18  in this action

19    10.    That Papst Licensing be awarded prejudgment interest and post-judgment interest

20  on the above damages awards;

21  - - - - -

22  - - - - -

23  - - - - -

24  - - - - -

25  - - - - -

26  - - - - -

27  - - - - -

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

- 6 -

COMPLAINT

1        11.    That Papst Licensing be awarded such other and further relief as the Court may

2    deem just and proper.

3                DATED:  September 26, 2005.

4

5                                        REED SMITH LLP

6

7                                        By _____

8                                            John S. Siamas
                                             Attorneys for Plaintiff
9                                            Papst Licensing GmbH & Co. KG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Papst Licensing hereby demands a jury trial as to all triable issues in this action.

DATED:  September 26, 2005.

REED SMITH LLP

By _____
John S. Siamas
Attorneys for Plaintiff
Papst Licensing GmbH & Co. KG

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

- 8 -

DOCSSFO-12416450.1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

## PURSUANT TO CIVIL LOCAL RULE 3-16

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED:  September 26, 2005.

REED SMITH LLP

By _____
John S. Siamas
Attorneys for Plaintiff
Papst Licensing GmbH & Co. KG

COMPLAINT

DOCSSFO-12416450.1

FILED

05 SEP 26 PM 3:07

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAPST LICENSING GMBH | ) |
|                Plaintiff(s) | ) |

**E-Filing**

C 05-03880 EMC

  -v-

CORNICE, INC.
              Defendant(s)

ORDER SETTING INITIAL CASE MANAGEMENT
CONFERENCE

IT IS HEREBY ORDERED that this action is assigned to the
Honorable Edward M. Chen. When serving the complaint or
notice of removal, the plaintiff or removing defendant must
serve on all other parties a copy of this order, the handbook
entitled "Dispute Resolution Procedures in the Northern District
of California," the Notice of Assignment to United States Magistrate
Judge for Trial, and all other documents specified in Civil Local Rule 4-2.
Counsel must comply with the case schedule listed below unless the
Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the
Alternative Dispute Resolution (ADR) Multi-Option Program governed
by ADR Local Rule 3. Counsel and clients must familiarize themselves
with that rule and with the handbook entitled "Dispute Resolution
Procedures in the Northern District of California."

CASE SCHEDULE   [ADR MULTI-OPTION PROGRAM]

| Date | Event | Governing Rule |
|------|-------|----------------|
| 09/26/2005 | Complaint filed | |
| 01/11/2006 | Last day to meet and confer re initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR LR 3-5 |
| 01/11/2006 | Last day to file Joint ADR Certification with Stipulation to ADR process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 01/25/2006 | Last day to complete initial disclosures or state objection in Rule 26(f) Report, file/serve Case Management Statement, and file/serve Rule 26(f) Report | FRCivP 26(a)(1) Civil L.R.16-9 |
| 02/01/2006 | Case Management Conference in Ctrm C, 15th Floor at 1:30 PM | Civil L.R. 16-10 |

10

# Exhibit 10

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

11

# Exhibit 11

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because
they contain confidential information
subject to the protective order*

*There is no public version of the document that is
available.*

12

# Exhibit 12

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

14

# Exhibit
# 27



| U.S. Patent No. 6,146,754: Claim 1 | Cornice Storage Element 1.5 GB disc drive |
| --- | --- |
| 1. A magnetic recording medium comprising: | Cornice Storage Element 1.5 GB disc drive. |

Thin film structures measured by Electron Spectroscopy for Chemical Analysis (ESCA) and Time-of-Flight Secondary Ion Mass Spectrometry (TOF-SIMS) are shown in the chart below for the Cornice Storage Element 1.5 GB medium,

| Description | Composition |
| --- | --- |
| Lubricant | (unspecified) |
| Overcoat | C, H, N |
| Magnetic Layer | CoCrPtTa, CoCrPtTaB |
| Underlayer | NiAl, CrW |
| Seedlayer | Cr |
| Substrate | NiP-coated Glass |

a non-magnetic substrate;

a chromium or chromium alloy seedlayer on the non-magnetic substrate;

an underlayer on the seedlayer;

and a magnetic layer on the underlayer;

| U.S. Patent No. 6,146,754: Claim 1 | Cornice Storage Element 1.5 GB disc drive |
|---|---|
| wherein the magnetic layer exhibits substantially directional magnetic isotropy. | In-plane magnetic orientation ratio measured by Orientation Ratio Magnetometer (ORM) demonstrates that the magnetic layer of the medium exhibits substantially directional magnetic isotropy, as shown below: <br><br> **Orientation Ratio (OR)** <br><br>  |

2

15

# Exhibit
# 30

| U.S. Patent No. 5,600,506: Claim 22 | Cornice Storage Element 1.5 GB disc drive |
|---|---|
| 22. A magnetic disk for use in a sector servo disk drive system, | Cornice Storage Element 1.5 GB disc drive.  |



| U.S. Patent No. 5,600,506: Claim 22 | Cornice Storage Element 1.5 GB disc drive |
|---|---|
| said disk having a plurality of sectors located on a surface of said magnetic disk, | Full disc imaged with Candela Optical Surface Analyzer Model 6100 (M channel, Kerr effect). Insets imaged with Digital Instruments Magnetic Force Microscope (MFM). |
| each sector having Z data tracks located between an inner diameter and an outer diameter on said magnetic disk, | |
| a servo band recorded across all said Z data tracks and a gray scale band recorded across all said Z data tracks, | |

2

| U.S. Patent No. 5,600,506: Claim 22 | Cornice Storage Element 1.5 GB disc drive |
|---|---|
| said servo band comprising | As shown in the image below (created from a transducer readback signal measured on spin stand), the servo band includes a quadrature servo pattern that is repeated 0.75*Z times.  In addition, the gray scale band includes 1.5*Z consecutively addressed gray scale areas.  The servo band and the gray scale band coact to define radial positions on the disk from a fixed reference point in the gray scale band on the surface of the disk. |
| a quadrature servo pattern repeated 0.75*Z times, | |
| said gray scale band comprises 1.5*Z consecutively addressed gray scale areas where said servo band and said gray scale band coact to define radial positions on said magnetic disk from a fixed reference point in said gray scale band on the surface of said disk. |  |

3

16

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

**CERTAIN DISC DRIVES,
COMPONENTS THEREOF, AND
PRODUCTS CONTAINING SAME**

Investigation No. 337-TA-516

**ORDER NO. 2:  Notice of Preliminary Conference and Order for Discovery Statements**

A preliminary conference will be held before Administrative Law Judge Sidney Harris

with regard to the investigation of *Certain Disc Drives, Components Thereof, and Products*

*Containing Same*, at 1:00 p.m., on Wednesday , September 29, 2004, in Hearing Room B (111),

International Trade Commission, 500 E Street, S.W., Washington, D.C. The purpose of the

conference is to determine the issues to be litigated, to review and discuss the attached hearing

ground rules, to review the discovery statements of the parties, to establish a schedule for the

exchange of information and evidence relevant to this investigation, to set a procedural schedule

for the hearing, and to resolve any other matters necessary to the efficient conduct of this

investigation.

At or before 12:00 noon on September 24, 2004, each party shall serve on the

Administrative Law Judge and the other parties to this investigation a discovery statement which

includes the following:

1. The proposed issues to be litigated (within the framework of the general issues

determined by the Commission's Notice of Investigation) and any stipulations agreed to

by all parties.

2.  A description of information and evidence that each party intends to submit to prove its own case.

3.  A description of specific information and evidence that each party will be seeking from other parties and third persons.

4.  A proposed schedule for the prompt exchange among the parties of information and evidence without the use of formal discovery methods.

5.  A description of information and evidence each party believes can be obtained only by deposition, interrogatory, subpoena, or request for admission.

6.  A proposed procedural schedule that includes dates for discovery motions cutoff, submission of prehearing statements, direct exhibits, the prehearing conference, the duration of the hearing, as well as a proposed target date for completion of this investigation.

Two copies of the discovery statements shall be served on the office of the Administrative Law Judge and one copy shall be served on each of the other parties to this investigation.  The parties need not file a copy of the discovery statement with the Secretary.

So ORDERED.

Sidney Harris
Administrative Law Judge

Issued:  August 23, 2004

2

## GROUND RULES FOR HEARING

These Ground Rules are to aid the Administrative Law Judge in the orderly conduct of a hearing pursuant to the Administrative Procedure Act (*see* 5 U.S.C. § 556(c)) and to insure compliance with the stringent time limits of section 337.

1. Additional Materials

In a patent-based case, unless they are attached as exhibits to the complaint, complainant shall, within forty (40) days after institution of the investigation or ten (10) days after the preliminary conference, whichever first occurs, serve on the Administrative Law Judge one original or photocopy of the certified Patent and Trademark Office file wrapper for each involved U.S. letters patent, and one copy of each patent and applicable pages of each technical reference mentioned in the file wrapper of each involved U.S. letters patent.

2. Discovery and Motions

a. Parties with similar interests must coordinate and consolidate depositions and all other discovery.

b. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the investigation. Information can be sought if it appears reasonably calculated to lead to discovery of admissible evidence.

c. Discovery requests and responses thereto shall be served upon all parties, including the Commission investigative attorney. Discovery documents need not be served on the Secretary's Office unless they are motions, but *one* courtesy copy of discovery requests and answers should be served on the Administrative Law Judge.

d. Redundant discovery requests or discovery requests intended merely to harass a party will not be permitted. If redundant or improper requests are made, the Administrative Law Judge

will entertain a motion to limit discovery, *e.g.*, set a maximum number of interrogatories a party

may serve upon another party.

     e. Unless otherwise ordered, any party desiring to take a deposition shall give notice in

writing to every other party of not less than 10 days if the deposition is to be taken of a person

located in the United States, or of not less than 15 business days if the deposition is to be taken of

a person located outside the United States. *See* 19 C.F.R. § 210.28(c).

     f. Unless otherwise ordered, the party upon whom interrogatories have been served shall

serve a copy of the answers, and any objections, within 10 days after the service of the

interrogatories. *See* 19 C.F.R. § 210.29(b).

     g. With respect to a request for the production of documents or things, or to permit entry

upon land, unless otherwise ordered, the party upon whom a request has been served shall serve a

written response within 10 business days after the service of the request. *See* 19 C.F.R. §

210.30(b)(2).

     h. Unless otherwise ordered, a request for admission may be served at anytime 20 days

after the date of service of the complaint and notice of investigation. *See* 19 C.F.R. § 210.31(a).

Unless otherwise ordered, a party upon whom a request for admission has been served, shall

serve an answer or objection within 10 days after the service of the request, otherwise the matter

may be deemed admitted. *See* 19 C.F.R. § 210.31(b).

     i. Any motion to limit or quash a subpoena shall be filed within 10 days after receipt

thereof, or within such other time as the Administrative Law Judge may allow. *See* 19 C.F.R. §

210.32(d).

     j. All parties shall make reasonable efforts to resolve among themselves disputes arising

d. All documents to be served on the Secretary and the Administrative Law Judge must be *received* on the date upon which they are due, *not* mailed on that day.

e. Unless otherwise ordered, all *responses to motions are due in the Office of the Secretary and the Administrative Law Judge's office within 10 days* after service of the motion on the responding party. The date of service on a party is the date of mailing, if mailed, or the date of delivery, if hand-delivered. The additional time provided under 19 C.F.R. § 201.16(d) after service by mail *does not apply*, unless mailing is to a person in a foreign country, in which event the additional time allowed for responses to motions shall be as follows: (i) ten (10) calendar days where service is by regular airmail; (ii) five (5) calendar days where service is by an express-type mail or courier service. *See* 19 C.F.R. § 210.6.

f. Computation of time for responding to motions shall be in accordance with 19 C.F.R. § 201.14, *i.e.*, computation begins with the first *business* day following the date the responding party is served with the motion, and includes the last day of the period, unless it is a Saturday, Sunday, or Federal legal holiday, in which event the period runs until the end of the next business day.

g. Parties are encouraged to agree upon a method of service so that the parties will receive all documents at the same time the documents are received by the Commission.

h. Documents are not to be telecopied to the Administrative Law Judge without his prior approval.

4. Prehearing Statement

Each party who desires to participate in the final hearing in this investigation must file on or before the date to be ordered in the prehearing schedule a prehearing statement containing the

6

following information:

    a. The names of all known witnesses, their addresses, whether they are fact or expert witnesses (and their area of expertise), and a brief outline of each witness' testimony. In the case of expert witnesses, a copy of the expert's report and curriculum vitae should accompany this submission.

    b. A list of all exhibits which the parties will seek to introduce at the hearing.

    c. A list of proposed stipulations on which the parties are reasonably certain they can agree.

    d. A statement of the issues to be considered at the hearing that sets forth *with particularity* a party's contentions on each of the proposed issues, including citations to legal authorities in support thereof. Any contentions not set forth in detail as required herein shall be deemed abandoned or withdrawn, except for contentions of which a party is not aware and could not be aware in the exercise of reasonable diligence at the time of filing the prehearing statement.

    e. A proposed agenda for the prehearing conference.

    f. Estimated duration of the hearing.

    g. Certification regarding good faith efforts to settle. *See infra.*

5. Evidence

    a. Only factual material and expert opinion shall be received into evidence. Legal argument should be presented in the briefs.

    b. Legal experts may only testify as to procedures of the U.S. Patent and Trademark Office.

    c. All testimony of expert witnesses and "disputed" fact witnesses shall be live.

7

17

# Exhibit 17

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

18

# Exhibit 18

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

19

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.  20436

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| CERTAIN DISC DRIVES, COMPONENTS THEREOF, ) | Inv. No. 337-TA-516 |
| AND PRODUCTS CONTAINING SAME ) | |
| ) | |

NOTICE OF COMMISSION DECISION TO REVIEW
AND REVERSE AN INITIAL DETERMINATION GRANTING SUMMARY
DETERMINATION OF THE INVALIDITY OF CLAIMS 1, 2, 4, 6, 9–15, 17, 19, AND 20
OF U.S. PATENT NO. 6,744,606; DENIAL OF MOTION FOR LEAVE TO FILE A
REPLY BRIEF

**AGENCY:**    U.S. International Trade Commission.

**ACTION:**    Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has
determined (1) to review and reverse the presiding administrative law judge's ("ALJ's") initial
determination ("ID") granting in part respondent's motion for summary determination of the
invalidity of certain claims of U.S. Patent No. 6,744,606 and (2) to deny complainant's January
21, 2005, motion for leave to file a reply brief.

**FOR FURTHER INFORMATION CONTACT:** Clara Kuehn, Esq., Office of the General
Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436,
telephone (202) 205-3012.  Copies of the nonconfidential version of the ALJ's ID and all other
nonconfidential documents filed in connection with this investigation are or will be available for
inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary,
U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C.  20436, telephone
202-205-2000.  General information concerning the Commission may also be obtained by
accessing its Internet server (*http://www.usitc.gov*).  The public record for this investigation may
be viewed on the Commission's electronic docket (EDIS-ON-LINE) at *http://edis.usitc.gov*.
Hearing-impaired persons are advised that information on this matter can be obtained by
contacting the Commission's TDD terminal on 202-205-1810.

**SUPPLEMENTARY INFORMATION:**
        The Commission instituted this investigation on August 5, 2004, based on a complaint
filed on behalf of Seagate Technology, LLC ("Seagate").  69 *Fed. Reg.* 47460 (Aug. 5, 2004).
The complaint, as supplemented, alleged violations of section 337 in the importation into the

United States, sale for importation, and sale within the United States after importation of certain disc drives, components thereof, and products containing same by reason of infringement of certain claims of seven U.S. patents, including claims 1, 2, 4–6, 9–15, 17–19, and 20 of the '606 patent. The notice of investigation named Cornice, Inc. ("Cornice") of Longmont, Colorado as the sole respondent.

On November 12, 2004, respondent Cornice filed a motion for summary determination of invalidity of the asserted claims of the '606 patent on the ground that the asserted claims were anticipated by each of five prior art references. On December 1, 2004, complainant Seagate and the Commission investigative attorney ("IA") filed responses opposing the motion.

On December 28, 2004, the ALJ issued Order No. 6, an ID granting the motion in part and an order denying the motion in part. The ALJ granted summary determination that claims 1, 2, 4, 6, 9, 10, 11, 12, 13, 14, 15, 17, 19, and 20 of the '606 patent are invalid under 35 U.S.C. § 102(b) as anticipated by two prior art references. The ALJ denied the balance of the motion for summary determination.

On January 5, 2005, Seagate filed a petition for review. On January 12, 2005, Cornice filed a response opposing the petition for review. On the same day, the IA filed a response supporting the petition. On January 21, 2005, Seagate filed a motion for leave to file a reply brief to Cornice's response to Seagate's petition for review. The Commission determined to deny the motion.

The Commission determined to review and reverse the ALJ's ID granting summary determination on the ground that, assuming *arguendo* that the ALJ's claim construction is correct, summary determination is inappropriate because there are genuine issues of material fact as to what is disclosed in the two prior art references. *See* Commission rule 210.18(b) (19 C.F.R. 210.18(b)). The Commission determined to *take no position* on the ALJ's claim construction.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in sections 210.42–.43 of the Commission's Rules of Practice and Procedure (19 C.F.R. §§ 210.42–.43).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: January 27, 2005

2

CERTAIN DISC DRIVES, COMPONENTS THEREOF AND PRODUCTS          337-TA-516
CONTAINING SAME

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **NOTICE OF COMMISSION DECISION TO REVIEW AND REVERSE AN INITIAL DETERMINATION GRANTING SUMMARY DETERMINATION OF THE INVALIDITY OF CLAIMS 1, 2, 4, 6, 9-15, 17, 19 AND 20 OF U.S. PATENT NO. 6,744,606; DENIAL OF MOTION FOR LEAVE TO FILE A REPLY BRIEF** was served upon the Commission Investigative Attorney,  Clara Kuehn, Esq., and all parties via first class mail and air mail where necessary on January 28, 2005.

Marilyn R. Abbott, Secretary
**U.S. International Trade Commission**
500 E Street, SW – Room 112
Washington, DC  20436

**ON BEHALF OF SEAGATE
TECHNOLOGY, LLC:**

Ruffin B. Cordell, Esq.
Brian R. Nester, Esq..
Timothy W. Riffe, Esq.
**Fish & Richardson P.C.**
1425 K Street NW,  Suite 1100
Washington, D.C.  20005

**ON BEHALF OF CONICE, INC.:**

David A. Hickerson, Esq.
Joanne M. Guerrera, Esq.
Alejandra C. Montenegro, Esq.
**Weil, Gotshal & Manges LLP**
1501 K Street, N.W., Suite 100
Washington, D.C.  20005

David C. Radulescu, Esq.
Arlene A. Hahn, Esq.
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY  10153

Matthew D. Powers, Esq.
Jason D. Kipnis, Esq.
Adrian Percer, Esq.
**Weil, Gotshal & Manges LLP**
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Russell Sheatley, Esq.
Steven Morgan, Esq.
**Weil, Gotshal & Manges LLP**
700 Louisiana, suite 1600
Houston, TX  77001

20

Case 1:04-cv-00418-SLR    Document 190-2    Filed 11/23/2005    Page 59 of 59

Seagate Technology News Release Seagate Files Patent Infringement Complaint Against Cornice, Inc.

Page 1 of 2



seagate.com

| home | products | support | partners | news + info | jobs | where to buy | contact us |

Home > News + Information > News Room > News Releases > Seagate Files Patent Infringement Complaint Against Cornice, Inc.

investor relations | about Seagate | site index

Enter keyword(s)

Advanced search

SEARCH

**About Seagate**

News Room
> Awards
> Case Studies
> Disc Drive Photos
> Language
  Translations
> Media Coverage
> Media Kits
> News Releases
> Technology
  Papers

Investor
Relations

Product
Overview

Global
Citizenship

Technology

Events

## Seagate Files Patent Infringement Complaint Against Cornice, Inc.

*For Immediate Release*

**SEAGATE FILES PATENT INFRINGEMENT COMPLAINT AGAINST CORNICE, INC.**

SCOTTS VALLEY, Calif.—23 June 2004— Seagate Technology (NYSE:STX), the worldwide leader in hard disc drives, today announced that it has filed a patent infringement lawsuit against Cornice, Inc. in the United States District Court for the District of Delaware.

Seagate's lawsuit against Cornice in the U.S. District Court asserts infringement of six United States patents that relate to several areas of disc drive technology. As part of this lawsuit, Seagate is seeking monetary damages and a permanent injunction that bars Cornice from making, using, importing, offering to sell, or selling the allegedly infringing products in the United States.

"We believe very strongly in competing in the marketplace based on the innovation, reliability, performance and quality of our products," said Bill Watkins, Seagate president. "However, we cannot allow the competitive advantage we've established through our long-term investment in R&D to be unfairly attacked by those who would illegally infringe on our technology portfolio and intellectual property."

Seagate is the worldwide leader in the design, manufacturing and marketing of hard disc drives, providing products for a wide-range of Enterprise, PC, Notebook, and Consumer Electronics applications. The company is committed to delivering award-winning products, customer support and reliability, to meet the world's growing demand for information storage. Seagate can be found around the globe and at www.seagate.com.

NOTE: Seagate and Seagate Technology are registered trademarks of Seagate Technology LLC. All other trademarks or registered trademarks are the property of their respective owners.

For further information, contact Brian Ziel, (831) 439-5429.