IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

Plaintiff,

v.

CORNICE, INC.

Defendant.

C.A. No. 04-418 (SLR)

**REDACTED**

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S MOTION FOR SUMMARY
JUDGMENT ON CORNICE'S LICENSING-RELATED DEFENSES
(CORNICE'S NINTH, TENTH, ELEVENTH AND TWELFTH
AFFIRMATIVE DEFENSES) AND ON CORNICE'S
BREACH OF CONTRACT COUNTERCLAIM**

Dated:  November 28, 2005 – *Redacted Date*

Timothy Devlin (#4241)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114

Roger S. Borovoy
David M. Barkan
Shelley K. Mack
500 Arguello Street
Redwood City, CA 94063-1526

Ruffin B. Cordell
Brian R. Nester (#3581)
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C.  20005

Edmond R. Bannon
Lewis Hudnell III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

## TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................1

II.   SUMMARY OF THE ARGUMENT ....................................................................1

III.  STATEMENT OF RELEVANT FACTS ................................................................3

    A.    The Cross-License between Seagate and TDK............................................3

    B.    Cornice's use of the cross-license ...........................................................6

IV.   ARGUMENT ..........................................................................................................8

    A.    Relevant Legal Principles .........................................................................8

        1.    Legal Standards Governing Summary Judgment ..........................8

        2.    General Principles of Contractual Interpretation ...........................9

    B.    There Is No Dispute That ████████████ ...............................................11

    C.    Summary Judgment Should Be Entered ████████ ...............................11

    D.    ████████████████████████████████ ........................................12

        1.    █████████████████████ ..................................................13

            a.    ██████████████ ...............................................14

            b.    ██████████████ ...............................................15

        2.    █████████████████ ........................................................16

i

## TABLE OF CONTENTS (cont'd)

|     |     |     | Page |
| --- | --- | --- | --- |
| E. | ███████████████████████████████████ | ........................ | 17 |
| F. | The Agreement Grants Cornice No Immunity From Suit Because ████████████████████ | .......... | 19 |
| G. | █████████████████████████████████ | .......... | 19 |
| H. | No Implied License Extends to Cornice ████████ ████████████████ | .......... | 20 |
| I. | Cornice's Breach of Contract Counterclaim Also Fails As A Matter of Law Because It Is Not a 3rd Party Beneficiary And Has Failed To Offer Evidence Of Damages | .......... | 21 |
|     | 1. | Breach of Contract Law | 22 |
|     | 2. | Cornice Is Not A Third Party Beneficiary ████ ██████████████ And Has No Standing To Enforce That Agreement | 22 |
|     | 3. | Cornice's Cannot Establish That It Incurred Damages | 25 |
| V. | CONCLUSION | | 27 |

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A & J Liquor,*
  2003 WL. 21419826 ......................................................................................22

*A & J Liquor Co. v. State Comp. Insurance Fund,*
  2003 WL. 21419826 (Cal. Super. June 17, 2003) ...........................................22

*Adel berg Laboratoriess, Inc. v. Miles, Inc.,*
  921 F.2d 1267 (Fed. Cir. 1990)..................................................................9, 10

*Alvin, Ltd. v. United States Postal Service,*
  816 F.2d 1562 (Fed. Cir. 1987)............................................................9, 10, 11

*American Science and Engineering, Inc. v. United States,*
  663 F.2d 82 (Ct. Cl. 1981) ...............................................................................9

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)......................................................................................8, 9

*Bancomer, S.A. v. Superior Court,*
  44 Cal. App. 4th 1450 (1996) ........................................................................23

*Bank of the West,*
  2 Cal. 4th at 1264 ....................................................................................10, 11

*Berclain America Latina, S.A. v. Baan Co. N.V.,*
  74 Cal. App. 4th 401 (1999) ..........................................................................24

*Carborundum Co. v. Molten Metal Equip. Innovations,*
  72 F.3d 872 (Fed. Cir. 1995)................................................................9, 10, 21

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
  222 Cal. App. 3d 1371 (1990) .......................................................................22

*Celotex Corp. v. Catrett, ,*
  477 U.S. 317 (1986)..........................................................................................8

*Conti v. United States,*
  291 F.3d 1334 (Fed. Cir. 2002).....................................................................15

*Continental Casualty Co. v. Hamachi,*
  1997 WL. 709385 (9th Cir. Nov. 12, 1997)...................................................22

*Deluca,*
  2005 WL. 1562003 ...................................................................................15, 25

*Deluca,*
  2005 WL. 1562003 ........................................................................................22

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*Deluca v. Mass. Mutual Life Insurance Co.,*
    2005 WL. 1562003 (E.D. Cal. June 28, 2005) ................................................. 22

*Deville Court Apartments, L.P. v. Federal Home Loan Mortg. Corp.,*
    39 F. Supp. 2d 428 (D. Del. 1999) ................................................................... 25

*Fireman's Fund Insurance Co. v. Maryland Casualty Co.,*
    21 Cal. App. 4th 1586 (1994) .......................................................................... 23

*Founding Members of the Newport Beach Country Club v. Newport
    Beach Country Club, Inc.,*
    109 Cal. App. 4th 944 (2003) .......................................................................... 10

*Garcia v. Truck Insurance Exchange,*
    36 Cal. 3d 426 (1984) ..................................................................................... 23

*Glass Equip. Development, Inc. v. Besten, Inc.,*
    174 F.3d 1337 (Fed. Cir. 1999) ....................................................................... 21

*Greene v. New Dana Perfumes Corp.,*
    287 B.R. 328 (D. Del. 2002) ........................................................................... 20

*Heidelberg Harris, Inc. v. Loebach,*
    145 F.3d 1454 (Fed. Cir. 1998) ....................................................................... 10

*Hess v. Ford Motor Co.,*
    27 Cal. 4th 516 (2002) .................................................................................... 23

*Intel Corp. v. U.S. International Trade Commission,*
    946 F.2d 821 (Fed. Cir. 1991) ........................................................... 9, 10, 16, 17

*Kalmanovitz v. Bitting,*
    43 Cal. App. 4th 311 (1996) ................................................................. 23, 24, 25

*Kirkwood Kin Corp. v. Dunkin' Donuts, Inc.,*
    1995 WL. 411319 (Del.Super.Ct. 1995) .......................................................... 25

*Lucent Information Management, Inc. v. Lucent Techs., Inc.,*
    5 F. Supp. 2d 238 (D.Del.1998) ...................................................................... 25

*Martinez v. Socoma Cos.,*
    11 Cal. 3d 394 (1974) ................................................................................. 23, 24

*McCoy v. Mitsubishi Cutlery, Inc.,*
    67 F.3d 917 (Fed. Cir. 1995) ........................................................................ 9, 10

*Mears v. Nationwide Mutual Insurance Co.,*
    91 F.3d 1118 (8th Cir. 1996) ........................................................................... 25

# TABLE OF AUTHORITIES (cont'd)

<u>Page(s)</u>

*Members of the Peanut Quota Holders Association, Inc. v. United States*,
421 F.3d 1323 (Fed. Cir. 2005)....................................................................8, 15

*Microsoft Corp. v. Very Competitive Computer Products*,
671 F. Supp. 1250 (N.D. Cal. 1987) ................................................................10

*Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert &*
*Salzer Maschinenfabrik Aktiengesellschaft*,
829 F.2d 1075 (Fed. Cir. 1987).........................................................................10

*Stanis v. Allied Signal Inc.*,
1999 WL 435734 (Fed. Cir. Jan. 29, 1999) .....................................................22

*State Contracting & Engineering Corp. v. State of Florida*,
258 F.3d 1329 (Fed. Cir. 2001).....................................................................9, 11

## STATUTES

35 U.S.C. § 271(c) ............................................................................................5, 6

Cal Civ. Code § 1559.............................................................................................23

Cal. Civ. Code § 1636...........................................................................................11

Cal. Civ. Code § 1638...........................................................................................10

Cal. Civ. Code § 1639...........................................................................................10

Cal. Civ. Code §§ 1641, 1647...............................................................................11

Cal. Civ. Code § 1644...........................................................................................10

Cal. Civ. Code § 1649...........................................................................................11

Fed. R. Civ. P. 56(c) ..............................................................................................8

v

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action initiated by Seagate Technology LLC

("Seagate") against defendant Cornice Inc. ("Cornice") in 2004, for infringement of U.S.

Patent Nos. 5,452,159 ("the '159 patent"), 5,596,461 ("the '461 patent"), 5,600,506 ("the

'506 patent"), 6,146,754 ("the '754 patent"), 6,324,054 ("the '054 patent"), 6,545,845

("the '845 patent") and 7,744,606 ("the '606 patent").  [Ex. A-G.].[1]  Discovery is nearly

complete.  Pursuant to the Court's Scheduling Order, Plaintiff submits this opening brief

in support of its Motion for Summary Judgment of Cornice's Licensing-Related

Defenses, Cornice's Ninth, Tenth, Eleventh and Twelfth Affirmative Defenses and

Breach of Contract Counterclaim.

## II.    SUMMARY OF THE ARGUMENT

Seagate and TDK entered an Agreement ("the Agreement") ███████ .  The

Agreement is designed to ███████████████████████████████████

███████████████ .  The Agreement is geared toward ███████████████



Cornice now asserts that it is licensed under the Seagate-TDK Agreement because

SAE, who assembles Cornice's drives, is allegedly sublicensed.  Cornice claims that SAE

is a subsidiary of TDK, and as a subsidiary, SAE is sublicensed under the Seagate-TDK

Agreement.

Cornice, however, essentially tries to convert an Agreement ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████ .

---

[1]  All Exhibits are appended to the Declaration of Timothy Devlin in Support of Seagate's Motion for Summary Judgment of Cornice's Licensing Defenses and Breach of Contract Counterclaim, submitted concurrently herewith.

And although the Agreement █████████████████████████████████████
██████████████████████████████████████████████████. As detailed

below, the Agreement, as a matter of law,[2] is inapplicable here for four independently

sufficient reasons:



1. ████████████████████████████████████ █████████████
██████████████████, and thus the Agreement provides no protection for
Cornice with respect to the '606 patent.

2. ██████████████████████████████████ and summary judgment may
therefore be entered in Seagate's favor with respect to any license-
based defenses or counterclaims on those patents.

3. █████████████████████████████████████████████████
███████████████ █ ████████████████████████████████
████████████████████.

4. Even assuming, █████████████████████████████████
███████.

For the above reasons, the Court should grant summary judgment dismissing Cornice's

Ninth, Tenth, Eleventh, and Twelfth affirmative defenses and Cornice's breach of

contract counterclaim.

Still further, █████████████████████████████ ████████

█████████████████████████████████████████████████. This

provides a fifth independently sufficient basis to negate Cornice's Ninth, Tenth, Eleventh,

and Twelfth affirmative defenses ██████████████████████, and dismiss entirely

███████████████████████████████ Cornice's Breach of Contract

Counterclaim.

---

[2] Furthermore, there is an additional reason that Cornice's drives cannot be licensed. ████████████
████████. This additional reason for rejecting Cornice's licensing-related defenses and
counterclaim, however, depends on facts to be proven at trial. Seagate reserves the right to rely

2

Lastly, there are two more independently sufficient bases to dismiss Cornice's breach of contract counterclaim. First, Cornice cannot show that it was an intended third-party beneficiary of the Seagate-TDK Agreement entitling it to assert a breach of contract claim under its auspices. Second, Cornice cannot show any evidence of any injury or quantify that injury, and absent a showing of damages, the Court should dismiss Cornice's breach of contract counterclaim.

## III.    STATEMENT OF RELEVANT FACTS

### A.    The Cross-License between Seagate and TDK

Since its founding in 1979, Seagate has remained one of the world's leading designers, manufacturers and marketers of disc drives. Seagate's continued success through decades of industry change is a testament to the billions of dollars it has invested in research and development. Thanks to this significant investment in innovation,

████████████████████████████████████████

███████████████ Based on the strength of this patent portfolio, █████████

████████████████████████████████████████

███████████████████

█████████████████████████████████

Headquartered in Japan, TDK develops and manufactures electronic components (such as capacitors, magnets, and hard disc drive heads) and tape-based storage media (such as cassette tapes or video tapes). [Ex. Z at 11-12.] Like Seagate, TDK has significantly invested in R&D in its technology areas and accumulated a substantial patent portfolio. [Id. at 36-37.] ████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

---

on this basis at trial if the Court does not reject Cornice's defenses at the summary judgment stage.



---

3 Unless otherwise noted, all emphasis in this brief has been added.

5



TDK and Seagate have continued to contribute and innovate in their respective technology areas.

**B.      Cornice's use of the cross-license**

A few years ago, Cornice decided to enter the disc drive industry, without seeking or obtaining any license from other companies. ███████████████████

████████████████████████████████
████████████████████████████████████
██████████████

The factual record is undisputed regarding ███████████████
████████████████████████████████
███████████████████████████
████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████

As Cornice's witnesses admitted in this case, ██████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████

██████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████

████████

The ████████████████ was ongoing when Seagate commenced this

action against Cornice in June of 2004. ██████████████████████████

██████████████████████████████ In fact, it was only months

later that Cornice first raised the Agreement as the basis for certain affirmative defenses

and its new counterclaim in its amended Answer and Counterclaim. [D.I. 51 Att. 1.] Not

surprisingly, shortly before Cornice moved to amend its Answer and Counterclaims,

7

████████████████████████████████

███████████████████

███████████████████ Cornice is now asserting a number of

contract-related affirmative defenses, including:

- its 9th affirmative defense, claiming immunity from suit as an alleged third-party beneficiary of the Agreement;

- its 10th affirmative defense, contending it is somehow licensed under the patents-in-suit;

- its 11th affirmative defense, maintaining that the patent exhaustion/first sale doctrine attaches in this case; and

- its 12th affirmative defense, arguing it has received an implied license to infringe.

[D.I. 51 Att. 1 at 14-16.] Cornice even added an eleventh counterclaim for breach of contract, asserting that it is a "third-party beneficiary" to the Agreement. None of these contract-based defenses or Cornice's counterclaim have merit. As detailed below, Seagate is entitled to summary judgment on these defenses and the 11th counterclaim, because Cornice has failed to meet its burden of proof to offer evidence on which a reasonable jury could find in its favor.

## IV.    ARGUMENT

### A.    Relevant Legal Principles

#### 1.    Legal Standards Governing Summary Judgment

Summary judgment is appropriate in a patent or other civil case where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Members of the Peanut Quota Holders Ass'n, Inc. v. United States, 421 F.3d 1323, 1329 (Fed. Cir. 2005). To avoid summary judgment, the nonmoving party cannot simply rest on its pleadings, but instead must marshal specific facts establishing a genuine issue of material fact for resolution at trial. See, e.g., Celotex Corp. v. Catrett,

477 U.S. 317, 324 (1986). A genuine dispute of material fact exists only if the factual dispute at issue is capable of affecting the outcome of the suit and where sufficient specific evidence is presented by the nonmoving party to support a jury verdict in its favor. See, e.g., Anderson, 477 U.S. at 248.

In the context of a motion for summary judgment of a licensing defense asserted by an alleged infringer, once the moving party makes a prima facie showing that no genuine issue of material fact exists for trial, the burden of establishing specific facts to support the affirmative licensing defense is on the alleged infringer. See, e.g., Carborundum Co. v. Molten Metal Equip. Innovations, 72 F.3d 872, 878 (Fed. Cir. 1995); Intel Corp. v. U.S. Int'l Trade Comm'n, 946 F.2d 821, 828 (Fed. Cir. 1991). Even at the summary judgment stage, the alleged infringer bears the burden of proof to present specific facts establishing the validity of its licensing-related affirmative defenses and satisfying each of the elements of its breach of contract counterclaim. See Carborundum Co., 72 F.3d at 878.

### 2. General Principles of Contractual Interpretation

It is well-settled that a patent license agreement is a type of contract to be interpreted in accordance with ordinary principles of state contract law. See, e.g., State Contracting & Eng'g Corp. v. State of Florida, 258 F.3d 1329, 1339 (Fed. Cir. 2001); McCoy v. Mitsubishi Cutlery, Inc., 67 F.3d 917, 920 (Fed. Cir. 1995). The interpretation of a contract is a legal issue for resolution by the Court. See, e.g., Adelberg Labs., Inc. v. Miles, Inc., 921 F.2d 1267, 1274 (Fed. Cir. 1990); Alvin, Ltd. v. United States Postal Service, 816 F.2d 1562, 1565 (Fed. Cir. 1987). According to its terms, ████████

████████████████████████████████████████

████████████████████

As with any contract, a patent license must comply with the traditional contract requirements of offer, acceptance and consideration. See, e.g., American Science and Eng'g, Inc. v. United States, 663 F.2d 82, 86 (Ct. Cl. 1981). The parties to a license

9

agreement are free to construct that license and its terms in whatever legal manner they choose, as with any other kind of contract. See McCoy, 67 F.3d at 920; Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft, 829 F.2d 1075, 1081 (Fed. Cir. 1987). Defendants asserting a licensing defense to infringement allegations must show that the licensor had the ability to license the patent and that such a license was actually extended to the purported licensee. See, e.g., Microsoft Corp. v. Very Competitive Computer Prods., 671 F. Supp. 1250, 1257-58 (N.D. Cal. 1987) (failure to establish existence of sublicense). Whether or not a valid license or sublicense agreement exists is a question of law. See, e.g., Carborundum, 72 F.3d at 877; Adelberg Labs., Inc. v. Miles, Inc., 921 F.2d 1267, 1274 (Fed. Cir. 1990).

Under California law, contractual interpretation is a question of law where based on the language of the contract itself. See Intel, 946 F.2d at 826; cf. Heidelberg Harris, Inc. v. Loebach, 145 F.3d 1454, 1458 (Fed. Cir. 1998) ("The construction of a license agreement is a question of law. . . ."). "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. . . ." Cal. Civ. Code § 1639; see also Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc., 109 Cal. App. 4th 944, 955 (2003). Contractual language is to be assigned its "ordinary and popular sense" instead of a strict legal meaning, unless a special meaning is conferred by usage. Cal. Civ. Code § 1644; see also Founding Members, 109 Cal. App. 4th at 955. Where the terms of a contract are clear and explicit, those terms are controlling. See, e.g., Bank of the West, 2 Cal. 4th at 1264; Cal. Civ. Code § 1638.

In resolving a dispute relating to proper interpretation of a contract, its language and the parties' conduct are considered in light of all circumstances presented, and the intent of the parties is given "great weight" if it can be ascertained. See, e.g., Alvin, Ltd. v. United States Postal Service, 816 F.2d 1562, 1565 (Fed. Cir. 1987); Rest. (Second) of

10

Contracts, § 202(1). The goal of contractual interpretation is to give effect to the intent of the parties. See, e.g., Bank of the West, 2 Cal. 4th at 1264; Cal. Civ. Code § 1636. The parties' intent is to be gleaned from the contract as a whole. See, e.g., Alvin, 816 F.2d at 1565. If contractual language is ambiguous, it must be given the interpretation that the promisee understood that the promisor believed it to have. See Bank of the West, 2 Cal. 4th at 1264-65; Cal. Civ. Code § 1649. Contractual language must be interpreted in the context of the instrument as a whole and the circumstances of the case, and may not be deemed ambiguous in the abstract. See id. at 1265; Cal. Civ. Code §§ 1641, 1647.

It is also a maxim of contractual interpretation that the omission of language from one section of a contractual agreement where that language appears elsewhere in the agreement, demonstrating the parties' cognizance of it, demonstrates the parties' intent to exclude such language from the provision which omits it. See, e.g., State Contracting & Eng'g, 258 F.3d at 1340.



**B.**

. [Ex. G.] Accordingly, the Court should grant summary judgment as to Cornice's Ninth through Twelfth affirmative defenses and its breach of contract counterclaim.

**C.**

[REDACTED] Because there is no dispute
that [REDACTED], summary
judgment should be granted as to Cornice's Ninth, Tenth, Eleventh and Twelfth
affirmative defenses and its breach of contract counterclaim.

**D.**    [REDACTED]

Summary judgment should also be granted in Seagate's favor as to Cornice's
Ninth, Tenth, Eleventh and Twelfth affirmative defenses and its breach of contract
counterclaim to the extent they relate to [REDACTED]
[REDACTED].

First, there is no dispute that [REDACTED]

12



1.

a. ████████████████████████████████

The following facts are not disputed.  There is no dispute that ██████████
███████████████████████████████████████████████████
██████████████████████████████ It is also
undisputed that ███████████████████████████████████
████████. It is further undisputed that ██████████████████
███████████████████████████████████████
██████████████████████████████████████████
██████████████ The parties agree that █████████████████████████
███████████████████████████, and that █████████
██████████████████████████████████████████
████████████████████████████████████
██████████ Further, no one disputes the fact that █████████████
███████████████████████████████████████████
██████████████████████████

Nonetheless, ███████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████
████████████. Cornice's argument is meritless. █████████████████
██████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████



4 ████████████████████████████████████████████████



**b.**

For instance, no one disputes the fact that

15



**2.**



E.

Here, there is no genuine dispute of material fact that

[5]

---

[5] There are other reasons the patents in suit are not licensed here, although they involve factual issues not ripe for summary judgment.

**F.** ████████████████████████████████████████████

Cornice is not immune from suit, as it avers in its answer, ████████████
████████████████████████████████████████████████
██████████████. For the reasons discussed above, ████████████████
████████████████████ and Cornice has no claim of immunity from suit.

**G.** ████████████████████████████████████████
█████████████████████

As stated above, ████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████[6] ██████
██████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████

████████████████████████████████████████████████
████████████████████████████

Seagate will establish at trial that ████████████████████ which is another
independently sufficient basis for finding none of the patents-in-suit are licensed.  Cornice,
however, disputes infringement, and thus, this basis for rejection of Cornice's licensing defenses
and counterclaim is not ripe for summary judgment.

[6] Seagate in no way concedes that ████████████████████████████████. Seagate
expressly reserves the right to challenge ████████████████ at trial if this motion is
denied.  For purposes of this motion only, Seagate is moving solely on the ████████████
████████████████████████████████████, without conceding ████████
████████.

Further, Seagate does not concede that ████████████████, and reserves the right to contest this
fact at trial.



Accordingly, as a matter of law this Court should hold that ███████████████████████████, and grant partial summary judgment in Seagate's favor on Cornice's Ninth, Tenth, Eleventh, and Twelfth affirmative defenses ██████████████, and dismiss entirely ███████████████████████ Cornice's Breach of Contract Counterclaim.

### H.    No Implied License Extends to Cornice ██████████████████

While Cornice also asserts an implied license defense ██████████████ ██████████████, the well-settled law governing the existence of implied licenses leaves no doubt that Cornice has no implied license. To establish the grant of an implied license, an accused infringer must demonstrate, inter alia, that the

20

circumstances "'plainly indicate that the grant of a license should be inferred.'" Carborundum Co. v. Molten Metal Equip. Innovations, 72 F.3d 872, 878 (Fed. Cir. 1995); (citation omitted); see also, e.g., Glass Equip. Dev., Inc. v. Besten, Inc., 174 F.3d 1337, 1342 (Fed. Cir. 1999). The existence of an implied license is a question of law, and the accused infringer bears the burden of establishing the existence of an implied license to maintain the affirmative defense. See, e.g., Carborundum Co., 72 F.3d at 878; Glass Equip. Dev., 174 F.3d at 1341-42.

, there was no implied license here because ████████████████████████████████████ ████████████████████████████. Certainly, no intrinsic or extrinsic evidence has been adduced to support the notion that any of the circumstances ██████████ ██████████████████████████ "plainly indicate" that an implied license to Cornice should be inferred. "One party's unilateral expectations as to the scope of the implied license are irrelevant." Carborundum Co., 72 F.3d at 878. Certainly, Cornice's unilateral expectations to be a licensee are much more attenuated here.

Because no evidence exists to support Cornice's implied license affirmative defense, summary judgment should also be granted to Seagate on Cornice's Ninth through Twelfth affirmative defenses ███████████████████, and entirely ████████████████████████████ on Cornice's Breach of Contract Counterclaim.

## I.    Cornice's Breach of Contract Counterclaim Also Fails As A Matter of Law Because It Is Not a 3rd Party Beneficiary And Has Failed To Offer Evidence Of Damages

The Court should grant summary judgment dismissing Cornice's breach of contract counterclaim for two additional reasons. First, Cornice cannot establish that it was an intended third-party beneficiary, which is a prerequisite to bringing its counterclaim. Second, Cornice cannot establish damages here, which also is an element of its counterclaim.

21

## 1.    Breach of Contract Law

Under California law, which governs the interpretation of the Seagate-TDK

contract [Ex. H, § 11.1], a party asserting a claim for breach of contract must establish (1)

the formation of a valid contract; (2) claimant's performance under the contract or excuse

for nonperformance; (3) breach of the contract; and (4) resulting damages to the claimant.

See, e.g., Deluca v. Mass. Mutual Life Ins. Co., 2005 WL 1562003, at *4 (E.D. Cal. June

28, 2005); Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388

(1990). To prevail on a claim for breach of contract, the party asserting that claim must

demonstrate, by a preponderance of the evidence, the formation of a valid contract and its

terms. See A & J Liquor Co. v. State Comp. Ins. Fund, 2003 WL 21419826, at *66 (Cal.

Super. June 17, 2003). No claim for breach of contract may be maintained without

evidence of the formation of a valid contract. See, e.g., Deluca, 2005 WL 1562003, at

*7; Careau & Co., 222 Cal. App. 3d at 1388; Stanis v. Allied Signal Inc., 1999 WL

435734, at *3 (Fed. Cir. Jan. 29, 1999) (dismissing breach of contract counterclaim on

summary judgment for failure to prove existence of valid license); Continental Casualty

Co. v. Hamachi, 1997 WL 709385, at *2 (9th Cir. Nov. 12, 1997). Failure to prove even

one essential prerequisite element of an alleged breach of contract is fatal to the claim.

See, e.g., A & J Liquor, 2003 WL 21419826, at 66; Bellevue v. Prudential Ins. Co., 23

Fed. Appx. 809, 810-11 (9th Cir. 2001).

### 2.    Cornice Is Not A Third Party Beneficiary ██████████ And Has No Standing To Enforce That Agreement

Cornice lacks standing to enforce the provisions of ████████

against Seagate under a third party beneficiary theory. At best, Cornice is an incidental

beneficiary (were the license to apply, which it does not here) – not a third party

beneficiary.

California law is very clear and strict about third-party beneficiary status.

California Civil Code Section 1559 defines a third party beneficiary as one for whose

22

express benefit a contract is made. Cal Civ. Code § 1559. Ordinary principles of contract interpretation govern the question of whether an agreement <u>manifests an express intent</u> to benefit a putative third party beneficiary, and require interpreting the contract as a whole in light of the circumstances under which it was made. <u>See, e.g.</u>, <u>Hess</u>, 27 Cal. 4th at 524; <u>Bancomer, S.A. v. Superior Court</u>, 44 Cal. App. 4th 1450, 1458 (1996). California law provides that a putative third party beneficiary's right to enforce a contract is predicated upon the contracting parties' express intent to benefit that alleged third party by entering into that contract. <u>See, e.g.</u>, <u>Hess v. Ford Motor Co.</u>, 27 Cal. 4th 516 (2002); <u>Kalmanovitz v. Bitting</u>, 43 Cal. App. 4th 311, 314 (1996). An incidental beneficiary under a contract is not a third party beneficiary, and lacks standing to enforce the terms of that contract. <u>See, e.g.</u>, <u>Garcia v. Truck Ins. Exchange</u>, 36 Cal. 3d 426, 436 (1984); <u>Bancomer</u>, 44 Cal. App. 4th at 1458; <u>Fireman's Fund Ins. Co. v. Maryland Casualty Co.</u>, 21 Cal. App. 4th 1586, 1600 (1994). "'[T]he circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement.'" <u>Hess</u>, 27 Cal. 4th at 524 (citation omitted); <u>see also, e.g.</u>, <u>Bancomer</u>, 44 Cal. App. 4th at 1458. Whether or not a party is a third party beneficiary under a particular agreement is a question of law in the absence of conflicting extrinsic evidence. <u>See, e.g.</u>, <u>Kalmanovitz</u>, 43 Cal. App. 4th at 315.

Under California law, third party beneficiaries are typically either creditor or donee beneficiaries. <u>See Martinez v. Socoma Cos.</u>, 11 Cal. 3d 394, 400 (1974). To qualify as a creditor beneficiary, the promisor's performance of the contract must discharge some form of legal duty owed by the promisee to the beneficiary. <u>See id.</u> at 400. One is a donee beneficiary only if the promisor's contractual intent to bestow a gift or confer a right upon that party is clear from the nature of the contract and its surrounding circumstances. <u>See id.</u> at 400-401.

Here, it is apparent from the unambiguous language ███████████

███████████████████████████████████████████

23

██████████████████████████████████████████
███████████████████████████████████ The fact that
Cornice neither participated ████████████████████████ nor agreed to
be bound by its terms are strong indicia that it is not third party beneficiary. <u>See</u>, <u>e.g.</u>,
<u>Berclain America Latina, S.A. v. Baan Co. N.V.</u>, 74 Cal. App. 4th 401, 408 (1999).
Further, ██████████████████████████████████. [Ex. H.]
Indeed, Cornice did not even exist ████████████████████████
██████████████.

    As further evidence that it is not a third party beneficiary, Cornice does not fall
within the typical third party paradigm recognized by California law. ███████████
██████████████████████████████████████████
███████████████████████████████████████████████
████████████████. ███████████████████████████
██████████████████████████████████████████████
███████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████████
██████████, again indicating Cornice is at best an incidental beneficiary rather than a
third-party beneficiary.

    Any benefit that Cornice argues it receives as a result of the Agreement is purely
incidental to ████████████████████████████████
██████████████████████████████████████████████
████████████████████████████. Under such
circumstances, any benefit that flows to Cornice from the Agreement can hardly be said
to be a result of the Agreement's "express intent" to benefit Cornice. <u>See</u>, <u>e.g.</u>,
<u>Kalmanovitz</u>, 43 Cal. App. 4th at 314. Simply put, no such intent to benefit Cornice, █

████████████████████████████ is "clearly manifested" in the text of the

Agreement.  Id at 314-15.  Accordingly, the Court should dismiss Cornice's breach of

contract counterclaim.

### 3.    Cornice's Cannot Establish That It Incurred Damages

Seagate is also entitled to summary judgment for the independently sufficient

basis that Cornice is unable to establish any damages resulting from Seagate's alleged

breach.  Deluca holds that Cornice must demonstrate that it was injured to succeed on a

claim for breach of damages.  Deluca, 2005 WL 1562003, at *4.  Cornice can make no

such showing.

Cornice has produced no evidence of any damages suffered.  See, e.g., Deville

Court Apartments, L.P. v. Federal Home Loan Mortg. Corp., 39 F. Supp. 2d 428, 432-33

(D. Del. 1999) (holding that burden is on party claiming breach of contract to establish

damages); see also Mears v. Nationwide Mut. Ins. Co., 91 F.3d 1118, 1123 (8th Cir.

1996) (ruling that party seeking damages for breach of contract must present evidence

sufficient to fix damages in dollars and cents).  ████████████████████

██████████████████████████████████████

██████████████████████████████

████████████████████████████████████████

██████████████████████████████

Thus, Cornice fails to establish an element of its claim.  Indeed Cornice fails to

provide any specificity of any alleged injury ████████████████████████

███████████████████████████████████████████

████████████████████.  That is not enough to prevail on a breach of contract

claim.  See Lucent Information Mgmt., Inc. v. Lucent Techs., Inc., 5 F. Supp. 2d 238, 243

(D.Del.1998) (citing Kirkwood Kin Corp. v. Dunkin' Donuts, Inc., 1995 WL 411319

(Del.Super.Ct. 1995).  In the same vein, Cornice's claim also fails because it has failed to

quantify the value of these speculative alleged injuries.  Mears, at 1123 (party seeking

damages for breach of contract must present evidence sufficient to fix damages in <u>dollars and cents</u>).

In fact, Cornice has not provided any discovery on the damages it allegedly suffered. Cornice has submitted <u>no</u> expert report regarding either of these two shortfalls. And, although claiming to be entitled to legal fees, ████████████████████ ████████████████████████████████████████████

Accordingly, this Court should grant summary judgment in Seagate's favor on Cornice's breach of contract counterclaim.

## V.    CONCLUSION

For the reasons set forth above, the Court should grant Seagate's Motion for

Summary Judgment of Defendant's Licensing-Related Affirmative Defenses and Breach

of Contract Counterclaim.

Dated:  November 18, 2005
       *November 28, 2005*
       *(redacted date)*

FISH & RICHARDSON P.C.


By:  */s/ Timothy Devlin*
    William J. Marsden, Jr. (#2247)
    Timothy Devlin (#4241)
    919 N. Market Street, Suite 1100
    Wilmington, DE  19899-1114
    Tel: (302) 652-5070

    Roger S. Borovoy (admitted *pro hac vice*)
    David M. Barkan (admitted *pro hac vice*)
    Shelley K. Mack (admitted *pro hac vice*)
    500 Arguello Street
    Redwood City, CA 94063-1526
    Tel: (650) 839-5070

    Brian R. Nester (#3581)
    Timothy W. Riffe (admitted *pro hac vice*)
    Christian A. Chu (admitted *pro hac vice*)
    1425 K Street NW, Suite 1100
    Washington, D.C.  20005
    Tel: (202) 783-5070

    Edmond R. Bannon (admitted *pro hac vice*)
    Lewis Hudnell III (admitted *pro hac vice*)
    Citigroup Center
    153 East 53rd Street, 52nd Floor
    New York, NY 10022-4611
    Tel: (212) 765-5070

    Attorneys for Plaintiff
    SEAGATE TECHNOLOGY LLC

40312200.doc

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2005, I electronically filed the redacted version of **PLAINTIFF SEAGATE TECHNOLOGY LLC'S MOTION FOR SUMMARY JUDGMENT ON CORNICE'S LICENSING-RELATED DEFENSES (CORNICE'S NINTH, TENTH, ELEVENTH AND TWELFTH AFFIRMATIVE DEFENSES) AND ON CORNICE'S BREACH OF CONTRACT COUNTERCLAIM** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld, Esquire                    Attorneys for Defendant
MORRIS NICHOLS ARSHT &                    Cornice, Inc.
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

I hereby certify that on November 28, 2005, I have mailed by Federal Express Service,

the document(s) to the following non-registered participants:

Mathew D. Powers                    Attorneys for Defendant
Jason D. Kipnis                    Cornice, Inc.
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Russell Wheatley                    Attorneys for Defendant
WEIL, GOTSHAL & MANGES LLP          Cornice, Inc.
700 Louisiana, Suite 1600
Houston, TX  77002

Alan J. Weinschel                    Attorneys for Defendant
David C. Radulescu                    Cornice, Inc.
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153


                              /s/ Timothy Devlin
                              Timothy Devlin