IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC, )
)
          Plaintiff, )
)
    v. )    Civil Action No. 04-418-SLR
)
CORNICE, INC. )    **REDACTED VERSION**
)
          Defendant. )
)

**DEFENDANT CORNICE, INC.'S OPENING
CLAIM CONSTRUCTION BRIEF FOR U.S. PATENT NO. 6,146,754**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for Defendant and Counterclaim Plaintiff
Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Original Filing Date: November 18, 2005
Redacted Filing Date: November 28, 2005

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CITATIONS |  | iii |
| NATURE AND STAGE OF THE PROCEEDING |  | 1 |
| SUMMARY OF ARGUMENT |  | 1 |
| STATEMENT OF FACTS |  | 3 |
| I. | TECHNICAL BACKGROUND | 3 |
| II. | THE '754 PATENT | 8 |
| III. | PRIOR ITC PROCEEDINGS | 9 |
| ARGUMENT |  | 10 |
| I. | LEGAL STANDARDS | 10 |
| II. | "ALLOY" | 12 |
| | A. The Term "Alloy" Is Used In The Specification To Describe Both Homogeneous And Non-Homogeneous Mixtures. | 13 |
| III. | "SEEDLAYER" | 15 |
| | A. Cornice's Proposed Construction Must Be Adopted Because The Prosecution History Is Clear That The "Seedlayer" Must Be Directly On Top Of The Substrate. | 16 |
| | B. Cornice's Proposed Construction Must Be Adopted Because The '754 Specification Consistently Uses The Term "Seedlayer" In A Positional Manner, Not A Functional Manner. | 18 |
| | C. Seagate's Insertion Of A Functional Limitation Is Inconsistent With The Use Of Term "Seedlayer" In The Prosecution History. | 21 |
| IV. | "SUBSTANTIALLY DIRECTIONAL MAGNETIC ISOTROPY" | 23 |
| | A. The '754 Patent Discusses The Magnetic *Properties* Required For "Substantially Directional Magnetic Isotropy." | 24 |
| | B. Requiring Only One Magnetic Property As Urged By Seagate Is Contradicted By Seagate's Own Expert And By Other Extrinsic Evidence. | 25 |
| | C. The "Substantially Directional Magnetic Isotropy" Limitation, Read In Light Of The Specification, Requires That The Magnetic Layer Must Have "No Dominant Crystallographic Orientation." | 26 |

TABLE OF CONTENTS (continued)

Page

D.     The Applicants' Statements During Prosecution Confirm That The
"Substantially Directional Magnetic Isotropy" Limitation Requires That
The Magnetic Layer Have No Dominant Crystallographic Orientation.     28

V.     "RANDOMLY ORIENTED GRAINS" AND "GRAINS [LYING IN A PLANE]
ARE RANDOMLY ORIENTED"     29

A.     The Ordinary Meaning Of "Randomly Oriented Grains" And "Grains
[Lying In A Plane] Are Randomly Oriented" Limitations, Read In Light
Of The Specification, Must Be Construed To Require Random
Orientation In All Three Dimensions.     30

VI.     "HAVING MAGNETIC PROPERTIES WITH AN ORIENTATION RATIO OF
ABOUT 1.0"     32

A.     The '754 Claim Language And Specification Require That "Magnetic
Properties" Means At Least Two Magnetic Properties.     32

B.     The '754 Specification As Read By One Of Ordinary Skill In The Art
Requires That "About 1.0" Means A Number That Would Round To 1.0.     33

CONCLUSION     33

iii.

# TABLE OF CITATIONS

Page(s)

Cases

*Aquatex Indus. v. Techniche Solutions*,
    419 F.3d 1374 (Fed. Cir. Aug 19, 2005) — 11

*Bell Atlantic Network Services, Inc. v. Covad Communications Group, Inc.*,
    262 F.3d 1258 (Fed. Cir. 2001) — 12

*Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*,
    334 F.3d 1294 (Fed. Cir. 2003) — 21

*Ecolab, Inc. v. Envirochem, Inc.*,
    264 F.3d 1358 (Fed. Cir. 2001) — 17, 18

*Irdeto Access, Inc. v. Echostar Satellite Corp.*,
    383 F.3d 1295 (Fed. Cir. 2004) — 11, 26

*Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*,
    285 F.3d 1353 (Fed. Cir. 2002) — 33

*Netword, LLC v. Central Corp.*,
    242 F.3d 1347 (Fed. Cir. 2001) — 11

*Nystrom v. Trex Co.*,
    424 F.3d 1136 (Fed. Cir. 2005) — 11, 12, 24

*Texas Digital Systems, Inc. v. Telegenix, Inc.*,
    308 F.3d 1193 (Fed. Cir. 2002) — 10

*Vitronics Corp. v. Conceptronics, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) — 11

## NATURE AND STAGE OF THE PROCEEDING

Seagate Technology LLC ("Seagate") brought this action against Cornice, Inc. ("Cornice") for infringement of seven patents on June 22, 2004. In accordance with the Scheduling Order, the parties are filing a Joint Claim Construction Statement on the seven patents-in-suit today. Cornice is submitting this Opening Claim Construction Brief in support of its constructions of certain claim terms in U.S. Patent No. 6,146,754 ("the '754 Patent"), and separate claim construction briefs addressing each of the other six patents-in-suit.

Cornice is also filing today a motion for summary judgment of non-infringement of the '754 Patent (as well as U.S. Patent No. 5,600,506 ("the '506 Patent")) based on a cross-license agreement between                REDACTED

The granting of that motion would alleviate the need for the Court to resolve the parties' claim construction disputes set forth below, and would dispose of these two patents in suit in their entirety.

## SUMMARY OF ARGUMENT

The parties have proposed competing constructions for five terms from the asserted claims (1, 6, 7 and 10-13) of the '754 Patent: (i) "alloy" [found in claims 1 and 13; limits all claims], (ii) "seedlayer" [found in claims 1 and 13; limits all claims], (iii) "substantially directional magnetic isotropy" [found in claims 1 and 13; limits all claims], (iv) "randomly oriented grains" [found in claim 10; limits claims 10 and 12] and "grains [lying in a plane] are randomly oriented" [limits claim 13], and (v) "having magnetic properties with an orientation ratio of about 1.0" [limits claim 12].

The following recites representative claim 1 and then summarizes Cornice's proposed constructions for the five disputed claim terms:

1.    A magnetic recording medium comprising:

a non-magnetic substrate;

a **chromium or chromium alloy seedlayer** on the non-magnetic substrate;

an underlayer on the seedlayer; and

a magnetic layer on the underlayer, wherein the magnetic layer exhibits **substantially directional magnetic isotropy**.

U.S. Patent No. 6,146,754 ("'754 Patent") at claim 1.

| Claim Term | Cornice's Proposed Construction |
|---|---|
| "alloy"<br>[cls. 1, 6, 13] | The term "alloy" means "a metal mixture composed of two or more elements." |
| "seedlayer"<br>[cls. 1, 13] | The term "seedlayer" means "a film layer that is between the substrate and the underlayer and in direct contact with the substrate." |
| "substantially directional magnetic isotropy"<br>[cls. 1, 13] | "A longitudinal magnetic media has 'substantially directional magnetic isotropy' when it has substantially equal values of magnetic properties, regardless of whether the property measurement occurs in the circumferential or radial direction, and it has a magnetic layer that has no dominant crystallographic orientation." |
| "randomly oriented grains" [cl. 10]<br>"grains [lying in a plane] are randomly oriented" [cl. 13] | "A longitudinal magnetic media has 'randomly oriented grains' or 'grains [lying in a plane] are randomly oriented' when the magnetic c-axis of the grains are randomly oriented in all three dimensions. |
| "having magnetic properties with an orientation ratio of about 1.0"<br>[cl. 12] | The term "magnetic properties" as used in the phrase "having magnetic properties with an orientation ratio of about 1.0" means "at least two magnetic properties."<br><br>The term "orientation ratio of about 1.0" as used in the phrase "having magnetic properties with an orientation ratio of about 1.0" means "an orientation ratio number that would round to 1.0." |

<u>**STATEMENT OF FACTS**</u>

I.    <u>**TECHNICAL BACKGROUND**</u>

The following technical background is based on the Expert Report of Kevin R. Coffey, Ph.D. Regarding Invalidity of U.S. Patent 6,146,754 ("Coffey Invalidity Report")[1] and the technology tutorial slides prepared for the ALJ in the prior ITC action (attached thereto as Exhibit 36).  The '754 Patent is directed to a magnetic disk for use in hard-disk drives.  The claimed disk has substantially "isotropic" magnetic properties based on a particular crystallographic structure.

The magnetic crystals at issue are made of a cobalt-based alloy.  During manufacture of a disk, the cobalt alloy is sputtered onto the disk.  The atoms of the cobalt alloy organize themselves into crystals (also called "grains") lying in a plane on the surface of the disc.  The orientation of these grains on the disk is a central issue in the case.  Following is an illustration of a cobalt crystal (or grain):



Crystal of Cobalt Alloy

---

[1]    The original Coffey Invalidity Report is                    **REDACTED**
A copy of that report is being filed as "Ex. A" to the Appendix To Cornice's Opening Claim Construction Brief For U.S. Patent No. 6,146,754, with unnecessary Exhibits thereto removed as not being relevant to the claim construction issues herein.  Exhibits to the Coffey Invalidity Report are cited herein as "Ex. A-tab __".  For example, the '754 Patent is attached as Exhibit D to the Coffey Invalidity Report and cited herein as "Ex. A-tab D"; the technology tutorial is attached as Exhibit 36 to the Coffey Invalidity Report and cited herein as "Ex. A-tab 36".

Cobalt grains have north and south poles, just like other magnets. Cobalt is a reversible magnet, and so the magnetic poles can be readily flipped from north/south to south/north, as illustrated below.



This feature allows cobalt to be useful for storing data — *i.e.*, by flipping the magnetic polarity of grains between north/south and south/north, data can be stored and converted into the 1's and 0's that are the basis of computing.

Crystallographic orientation refers to the direction, or orientation, of particular planes of atoms in a crystalline lattice structure. It is common for crystallographic orientation to be represented symbolically using "Miller indices." *See* Ex. B [B. D. Cullity, "Elements of X-Ray Diffraction," Addison-Wesley Publishing Company, Inc. (1978), p. 41 ("Cullity")]. Miller indices represent the orientation of atoms by expressing such orientation as a series of numbers in parenthesis, such as (100), (210), (11$\bar{2}$0), etc. Specifically, Miller indices are the reciprocals of the fractional intercepts that a plane

makes with the crystallographic axes. *See id.* at 42.  Thus, each digit in the parentheses is a reciprocal of the intercept that the plane makes with that axis.[2]

For example, the figure below graphically demonstrates the (210) atomic plane within a cubic crystal:[3]



The Miller indices for this plane are calculated as follows:

- A plane intercepts the first axis (axis a) at "1/2" (depicted in red), the second axis (axis b) at "1" (depicted in blue), and the third axis (axis c) at ∞ (infinity, *i.e.*, the plane never intercepts the (c) axis) (depicted in green).

- Because 2 is the reciprocal of 1/2, 1 is the reciprocal of 1, and zero is the reciprocal of ∞ (infinity), the reciprocals of such intercepts are 2, 1, and zero, respectively.

- Thus, the Miller index for such a plane would be 2, 1, and 0, or (210).

---

[2]    Where the crystallographic lattice structure has only three axes, the Miller index only has three numbers; however, where the lattice structure has four axes, the Miller index has four numbers.

[3]    The figure is adapted from Ex. B [Cullity] p. 46.