IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | **REDACTED VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CORNICE, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
[NO. 4] THAT SEAGATE CANNOT RECOVER PRE-SUIT DAMAGES**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
*Attorneys for Defendant and Counterclaim
Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Original Filing Date: November 18, 2005
Redacted Filing Date: November 28, 2005

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 1 |
| I.   LEGAL STANDARD | 1 |
| II.   CORNICE IS ENTITLED TO SUMMARY JUDGMENT THAT SEAGATE CANNOT RECOVER PRE-SUIT DAMAGES | 1 |
|     A.   Physical Samples And Photos Of Seagate Products Produced By Seagate Show That The Patents-In-Suit Are Not Marked On Products Alleged To Embody Those Patents | 3 |
|     B.   Seagate Has Refused To Provide Full Discovery On Its Marking Practices | 5 |
| CONCLUSION | 5 |

ii.

# TABLE OF CITATIONS

Page(s)

Cases

*American Med. Sys., Inc. v. Medical Eng;g. Corp.*
    6 F.3d 1523 (Fed. Cir. 1993)      3

*American Medical Sys. v. Medical Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993)      2

*Antonelli* v. *New Jersey*, 419 F.3d 267, 272 (3d Cir. 2005)      2

*Gart* v. *Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)      2

*Sentry Prot. Prods.* v. *Eagle Mfg. Co.*,
    400 F.3d 910 (Fed. Cir. 2005)      2

Statutes

35 U.S.C. §287      2

Fed.R.Civ.P. 56(c)      1

## NATURE AND STAGE OF PROCEEDINGS

Seagate Technology L.L.C. ("Seagate") brought this action against Cornice, Inc. ("Cornice") for infringement of seven patents on June 22, 2004. In accordance with the Scheduling Order, Cornice has filed today a motion for summary judgment with respect to pre-suit damages for all seven patents-in-suit. The same seven patents were at issue in a co-pending investigation between the parties before the International Trade Commission, which ultimately settled in May 2005. In that proceeding, Seagate alleged that more than 35 of its products used the inventions of the patents-in-suit..

## SUMMARY OF ARGUMENT

Seagate has asserted that it sells, or has sold, products embodying the inventions patented by U.S. Patent Nos. 5,600,506 ("the '506 patent"), 6,324,054 ("the '054 patent"), 6,545,845 ("the '845 patent"), 5,596,461 ("the '461 patent"), 6,744,606 ("the '606 patent"), 6,146,754 ("the '754 patent"), and 5,452,159 ("the '159 patent"). Seagate, however, has not produced any evidence that it marked its products with these patent numbers, and Cornice did not receive actual notice of infringement of the patents at issue until Seagate filed this lawsuit on June 22, 2004. Therefore, as a matter of law, Cornice is entitled to summary judgment that Seagate cannot recover damages for infringement prior to the filing of this lawsuit.

## STATEMENT OF FACTS

All relevant facts are set forth in the Argument Section below.

## ARGUMENT

### I. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Antonelli* v. *New Jersey*, 419

F.3d 267, 272 (3d Cir. 2005). Compliance with the marking statute is a proper determination for summary judgment. *See Gart* v. *Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (granting summary judgment limiting damages for failure to effect notice).

## II. CORNICE IS ENTITLED TO SUMMARY JUDGMENT THAT SEAGATE CANNOT RECOVER PRE-SUIT DAMAGES

Where a patent owner sells a product embodying the patented invention, it may seek damages for infringement occurring only during a period in which the patent owner marked the patent number on its products so as to provide constructive notice of the asserted patent. *See Sentry Prot. Prods.* v. *Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (citing *American Medical Sys.* v. *Medical Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993)). In order to obtain the benefit of constructive notice, the patent owner is obligated to comply with the marking provisions of 35 U.S.C. §287(a), which provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

A patent owner that fails to mark its patented products in accordance with these statutory requirements may not recover damages for infringement that occurred prior to the accused infringer receiving actual notice of infringement of the patents at issue from the owner of the patents. *See Maxwell,* 86 F.3d at 1111. The patent owner bears the burden of pleading and proving compliance with the statutory requirements, which applies to all products covered by the patent. *See Id.* Indeed, failure to mark even a small number of products precludes compliance with the marking provision, as the statute requires consistent marking of substantially all products. *American Med. Sys., Inc. v. Medical Eng;g. Corp.*, 6

F.3d 1523, zot (Fed. Cir. 1993). Seagate has failed to meet this burden with respect to each of the patents-in-suit.

    A.    **Physical Samples And Photos Of Seagate Products Produced By Seagate Show That The Patents-In-Suit Are Not Marked On Products Alleged To Embody Those Patents**

Seagate has alleged that approximately 31 models of six different Seagate products, including the Barracuda ATA and the Medalist 13640, embody the '506 patent. *See* Appendix of Exhibits in Support of Cornice's Motion for Summary Judgment that Seagate Cannot Recover Pre-Suit Damages (hereinafter "Appendix"), Exh. A, at p. 57. The physical sample of the Barracuda ATA as well as the Medalist 13640 product depicted in the photo produced by Seagate during discovery are not marked with the '506 patent, or any other patent. *See* Appendix, Exh. B (STX 105721) and C (STX 105720).

Seagate has alleged that approximately 22 models of five different Seagate products, including the U Series 4, U Series 5, U Series 6, U8 and U10, embody the '054 patent. *See* Appendix, Exh. A., at p. 50. The U Series 4, U Series 5, U Series 6, U8 and U10 products depicted in the photos produced by Seagate during discovery are not marked with the '054 patent, or any other patent. *See* Appendix, Exh. D (STX 103868), E (STX 103867), F (STX 103869), G (STX 98979), H (STX 103870) and I (STX 103871).

Seagate has alleged that approximately 31 models of six different Seagate products, including the Barracuda 7200.7, Momentus, Barracuda ATA, and Barracuda ATA II, embody the '845 patent. *See* Appendix, Exh. A., at p. 53. The physical sample of the Barracuda 7200.7 as well as the Momentus, Barracuda ATA and Barracuda ATA II products depicted in photos produced by Seagate during discovery are not marked with the '845 patent, or any other patent. *See* Appendix, Exh. J (STX 99183-84), K (STX 99013-14), B (STX 105721), and M (STX 105718)

Seagate has alleged that approximately **REDACTED** different Seagate products, including the ST 1 **REDACTED**, embody the '461 patent. *See* Appendix, Exh. A., at p. 61, and L at p. 2. The physical sample of the ST 1 **REDACTED** product depicted in the photo

4.

produced by Seagate during discovery are not marked with the '461 patent, or any other patent. *See* Appendix, Exh. N (STX 99019-20), O (STX 99875), and P (STX 105719).

Seagate has alleged that the Barracuda 7200.7 embodies the '606 patent. *See* Appendix, Exh. A, at p. 67. The physical sample of the Barracuda 7200.7 produced by Seagate during discovery is not marked with the '606 patent, or any other patent. *See* Appendix, Exh. J (STX 99183-84).

Seagate has alleged that approximately 15 products, referred to as the CP Series products, embody the '159 patent. *See* Appendix, Exh. A at p. 43. The CP Series products were manufactured by Conner Peripherals, Inc., which Seagate acquired in 1996. The six CP Series products depicted in the photos produced by Seagate during discovery are not marked with the '159 patent. *See* Appendix, Exh. Q, R, S, T ,U and V. (Connor Peripheral photos)

Seagate has alleged that the Hitachi 1 GB Microdrive embodies the '754 patent. *See* Appendix, Exh. A, at p. 47. Hitachi manufactures this product pursuant to cross-licenses between it and Seagate. *See* Appendix, Exh. W. Seagate has produced no evidence showing that Hitachi marks this product with the '754 patent. Further, the Microdrive depicted in the photos produced by Seagate is not marked with the '754 patent, or any other patent. *See* Appendix, Exh. X (Ex. 36 to ITC Compl). Additionally, Seagate has not made reasonable efforts to ensure compliance with the marking provisions by Hitachi. When a patent owner licenses its patent to a third party, the courts apply a "rule of reason" approach in considering whether the patent owner made reasonable efforts to ensure compliance with the marking requirements. *See Maxwell*, 86 F.3d at 1112.

**REDACTED**  *See* Appendix, Exh. W. And Seagate has produced no evidence showing any effort by Seagate to ensure marking of its patents on Hitachi products, including the Microdrive.

5.

### B. Seagate Has Refused To Provide Full Discovery On Its Marking Practices

Cornice has repeatedly attempted to conduct discovery on Seagate's marking practices, and Seagate has repeatedly rebuffed Cornice's efforts. Cornice submitted five interrogatories seeking information on Seagate's marking practices, and Seagate refused to answer three of them based upon the argument that Cornice had exhausted the interrogatories permitted by the Court, even though the relevant interrogatory numbers are 30-34 and the Court permitted as many as 50 interrogatories pursuant to the Scheduling Order entered November 3, 2004 (D.I. 36, ¶ 2(b)(2)).[1] *See* Appendix, Ex. Y. With regard to the two remaining interrogatories, Seagate merely cited a handful of Bates numbers and repeated the same partial answer to both interrogatories. *Id.* at 10-11. The answer provided no information with respect to marking for the '159, '606 or '754 patents. *Id.* But, the photos and physical samples bearing the cited Bates numbers show that Seagate did not mark the products alleged as embodying the '054, '461, '506 and '845 patents, as already discussed above.

Similarly, Cornice sought during discovery all documents and things relating to any marking of any product or related materials with the patent number of any of the Seagate patents-in-suit as well as all documents and things relating to any notice given by Seagate to Cornice reflecting Seagate's contention that Cornice was infringing any of the patents-in-suit. However, none of the few photos or physical samples produced by Seagate appears to show that Seagate took any steps to cause the patent numbers to be marked on products embodying the patents-in-suit, and apart from the few documents identified in response to Cornice's interrogatory responses discussed above, Seagate has identified no documents it contends evidence marking of any of the numbers of the patents-in-suit on any products

---

[1] Seagate characterized some individual interrogatories as separate, multiple interrogatories based upon "subparts" within the interrogatories, even though the interrogatories actually contain no subparts. For example, Seagate treated interrogatory number 31 as "3 separate interrogatories" even though it is a narrowly tailored interrogatory with no discernible subparts. *See* Appendix, Ex. Y at p. 10-11.

Case 1:04-cv-00418-SLR   Document 223   Filed 11/28/2005   Page 9 of 11

6.

alleged to embody the patents. Seagate has also not identified any documents that show actual notice to Cornice of Seagate's contention that Cornice was infringing the patents-in-suit.

Further, when Cornice sought deposition testimony on Seagate's marking practices pursuant to a Rule 30(b)(6) notice served upon Seagate, Seagate designated the testimony of five corporate deponents for the deposition topic regarding marking, but did so as many as five months <u>after</u> the depositions had already been taken.[2]  *See* Appendix, Exh. Z and AA.  The designated testimony is wholly unrelated to marking, and, indeed, there is no testimony from any of these five witnesses showing compliance by Seagate with the statutory marking requirements.  Thus, the testimony designated by Seagate does nothing to meet Seagate's burden.  When Cornice pressed for witnesses knowledgeable on Seagate's marking practices, Seagate recited its belated and untimely designations of completed and unrelated deposition testimony, and refused to produce a witness, instead arguing that Seagate's partial answer to only two of Cornice's interrogatories "fully answers, and obviates any need for testimony regarding, these marking topics."[3]  *See* Appendix, Exh. DD.

---

[2]  Prior to each of the depositions, Seagate specifically designated each of the five witnesses on deposition topics wholly unrelated to marking.  *See* Appendix, Ex. BB and CC (Mortimer at 10:23-15:16; Lussier at 9:15-11:10; Clark at 6:19-8:19; Cluff at 7:14-9:21, 146:4-166:14; Grassman at 13:4-15:24).  Three of the witnesses were designated on topics even unrelated to damages, and Seagate substantially narrowed the scope of the testimony of the other two witnesses to particular areas within specific topics and only to the extent those areas related to merely one Seagate product, the ST 1.  *Id.*  Additionally, the witnesses testified that they were not prepared to offer testimony on any topics other than those for which they had been designated.  (Mortimer at 13:13-16; Lussier at 11:11-13:2; Clark at 8:20-9:22; Cluff at 9:22-11:12; Grassman 15:25-16:3).  It is improper to designate corporate deponents on deposition topics months after the depositions have been completed, especially when the witnesses were previously designated on completely unrelated topics out of some 60 topics.

[3]  Pursuant to the Scheduling Order (D.I. 36), fact discovery closed on June 30, 2005.  The Court should not now permit Seagate to submit new evidence that it refused to produce during discovery.  *See Praxair, Inc. v. ATMI, Inc.*, 2005 U.S. Dist. LEXIS 26794, at *16-21 (D. Del. Nov. 8, 2005) (SLR).

7.

## CONCLUSION

For the foregoing reasons, the Court should grant Cornice's motion for summary judgment that Seagate cannot recover damages for infringement prior to the filing of this lawsuit on June 22, 2004.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Defendant and Counterclaim Plaintiff Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

Original Filing Date:  November 18, 2005
Redacted Filing Date:  November 28, 2005

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on November 28, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC 20005

/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL
jheaney@mnat.com
  *Attorneys for Defendant and*
  *Counterclaim Plaintiff Cornice, Inc.*