

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/104,698 | 03/22/2002 | Wallis A. Dagus | STL4061 17/40046.24US03 | 8292 |

23553    7390    10/23/2002

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN  55402-0903

| EXAMINER |
|---|
| KLIMOWICZ, WILLIAM JOSEPH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2652 | |

DATE MAILED: 10/23/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

STX 000780

PTO-90C (Rev. 07-01)

| *Office Action Summary* | Application No.<br>10/104,598 | Applicant(s)<br>DAGUE ET AL. |
|---|---|---|
| | Examiner<br>William J. Klimowicz | Art Unit<br>2652 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b)

**Status**

1)☒ Responsive to communication(s) filed on <u>27 September 2002</u>.

2a)☒ This action is FINAL.     2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-16</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-16</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are. a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
4)☐ Interview Summary (PTO-413) Paper No(s). _____.
5)☐ Notice of Informal Patent Application (PTO-152)
6)☐ Other: _____.

STX 000781

Application/Control Number: 10/104,698                                          Page 2
Art Unit: 2652

## DETAILED ACTION

### Claim Rejections - 35 USC § 112

The following is a quotation of the first paragraph of 35 U.S.C. 112:

The specification shall contain a written description of the invention, and of the manner and process of making
and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it
pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode
contemplated by the inventor of carrying out his invention.

Claims 12-16 are rejected under 35 U.S.C. 112, first paragraph, as containing subject

matter which was not described in the specification in such a way as to reasonably convey to one

skilled in the relevant art that the inventor(s), at the time the application was filed, had

possession of the claimed invention.

With regard to claim 12, the limitations of the bearing cartridge as including "an inner

tubular sleeve and an outer tubular sleeve" is not supported by the original disclosure, inclusive

of drawings, abstract and original claims.

With regard to claim 16, the limitations of the bearing cartridge as including a pivot

portion, where the "pivot portion is a single body" is not supported by the original disclosure,

inclusive of drawings, abstract and original claims.

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action.

A person shall be entitled to a patent unless —

(e) the invention was described in—

STX 000782

Application/Control Number: 10/104,698                                    Page 3

Art Unit: 2652

(1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effect under this subsection of a national application published under section 122(b) only if the international application designating the United States was published under Article 21(2)(a) of such treaty in the English language; or

(2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that a patent shall not be deemed filed in the United States for the purposes of this subsection based on the filing of an international application filed under the treaty defined in section 351(a).

Claims 1-16 are rejected under 35 U.S.C. 102(e) as being anticipated by Wright (US 4,805,05).

As per claims 1, 12 Wright (US 4,805,05) discloses a disc drive assembly (FIG. 1) having a base plate (21), at least one disc (43) rotatably mounted on the base plate (21) for rotation about a spin axis (about shaft (26)), and an actuator assembly (including (56)) mounted adjacent the at least one disc (43) positioning a plurality of read/write heads (51) over predetermined radial positions on the at least one disc (43), the actuator assembly comprising: an actuator arm (56) pivotally supported from the base plate (21) for rotation about an actuator axis parallel to the spin axis (about shaft (62)), wherein the actuator arm (56) carries the heads (51) at one end thereof and a generally flat voice coil (91) at an opposite end of the actuator arm (56) and has a central axial bore (into which sleeve (66)) is inserted) therethrough; a bearing cartridge (including (66)) disposed in the central axial bore; and a retaining clip (64) (see, e.g., COL. 3, lines 57-60 and cf. FIGS. 1 and 2) engaging a portion of the bearing cartridge (including (66)) to fasten the actuator arm (56) to the bearing cartridge (including (66)).

As per claims 2, 6, wherein the bearing cartridge (including (66)) has a bottom radial flange (67) and the actuator (56) is captured between the bottom radial flange (67) and the retaining clip (64).

As per claim 3, wherein the retaining clip (64) has a "C" shape (see FIG. 1).

STX 000783

Application/Control Number: 10/104,698                                      Page 4
Art Unit: 2652

As per claims 4, 7, wherein the retaining clip (64) engages a groove at an upper end of the bearing cartridge (see FIG. 2).

Additionally, as per claim 5, the actuator assembly positioning a transducer (51) over a rotating data storage disc (43) in the disc drive, the actuator assembly (including (56)) further comprising: an elongated actuator arm (56) having a first end supporting a transducer (51), a second end carrying a voice coil (91), and central pivot portion having the aforementioned central axial bore therethrough; a generally cylindrical bearing cartridge (including (66)) inserted into the central bore; and the retaining clip (64) fastening the bearing cartridge in the central pivot portion of the actuator arm (including (56)).

As per claim 6, wherein the bearing cartridge has a bottom radial flange and the pivot portion of the actuator is captured between the flange and the retaining clip fastened to the bearing cartridge.

As per claim 7, wherein the retaining clip engages a groove in the bearing cartridge.

As per claim 8, wherein the retaining ring (64) is compression fitted (by virtue of its seating and "C" shape to fit over shaft (62)) to the bearing cartridge (including (66)) to secure the actuator arm (including (56)) to the bearing cartridge.

Additionally, as per claim 9, the disc drive data storage device having the base plate (21), a spin motor (including 24, 26, 57, 29, 39) mounted to the base plate (21) carrying a storage disc (43) rotatably mounted on the spin motor for rotation about an axis, and the actuator assembly (including (56)) mounted on a post (62) having an axis parallel to the disc spin axis on the base plate adjacent the storage disc (43) (FIG. 2), the actuator assembly further comprising: the actuator arm (56) having a pivot portion having the aforementioned central bore and a distal end

STX 000784

Application/Control Number: 10/104,698                                    Page 5
Art Unit: 2652

supporting the transducer (51) operably positioned over the storage disc (43), and a proximal end

carrying a voice coil (91); and the aforementioned bearing cartridge mounted on the post (62)

and fastened in the central bore of the actuator arm (56) by the generally circular retaining clip

(64) engaging the bearing cartridge to secure the actuator arm to the bearing cartridge.

    As per claims 10, 13, wherein the retaining clip (64) is a split ring shaped clip (as clearly

seen in FIG. 1).

    As per claims 11, 14, wherein the bearing cartridge (including (66)) has a bottom flange

(67) and a peripheral groove inherently provided as is necessarily recognized by one having skill

in the art in order to secure clip (64) to shaft (62)) at an upper end receiving the clip to secure the

actuator arm to the bearing cartridge (FIG. 2).

    Additionally, with regard to claim 12, additionally, the bearing cartridge can be broadly

construed to include an inner tubular sleeve (e.g., the inner race of the ball bearing designated in

conventional form as an X-block" 63 I FIG. 2 and an outer tubular sleeve (e.g., the outer race of

the ball bearings (63) and/or member (67)), and as such, as per claim 15, the tubular inner sleeve

(inner race of bearing (63)) is fastened to post (62)).

    Additionally, as per claim 12, a stationary post (62) is provided.

    As per claim 16, a plurality of integral actuator arms that extend from a pivot portion (67)

(portion of actuator surrounding bearing cartridge) wherein the pivot portion is a single body.

See FIG. 2.

### Response to Arguments

    Applicants' arguments filed September 27, 2002 (paper No. 4) have been considered but

they are not persuasive.

STX 000785

Application/Control Number: 10/104,698                                          Page 6
Art Unit: 2652

The Applicants allege that:

    The Wright patent does not disclose a bearing cartridge that is fastened to
the actuator arm separate from the pivot post or shaft 62 at all. The Wright
bearing cartridge is fastened to the stationary pivot shaft 62. Note that the top of
the stationary shaft 62 is clearly shown in FIG. 1 of Wright'055. Note that there is
a snap ring 64 shown positioned around the shaft 62, best seen in FIG. 2. This
snap ring 64 engages the stationary post and presses on a washer over the upper
bearing 63 that in turn presses on an internal flange (not numerically identified)
on the cylinder 66 to in turn fasten the cylinder 66 to the stationary pivot shaft 62.
The actuator arms 56 are not fastened to the cylinder 66 by the retaining snap ring
64 at all. The actuator arms 56 are fastened to the bottom flange of the cylinder 66
by way of vertical bolts 71.

    Finally, there is no suggestion in Wright'055 or any of the other cited
references to utilize a snap ring or other retaining clip to fasten a separate bearing
cartridge to the actuator arm(s) as is claimed by Applicants."

See Applicants' remarks at page 5 of Paper No. 4.

The Examiner maintains that the washer as identified by the Applicants is considered to

be part of the bearing cartridge.  Nothing in the claims or the very sparse description of the

bearing cartridge within the instant specification excludes the bearing cartridge as including a

washer.

## Conclusion

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

STX 000786

Application/Control Number: 10/104,698                                    Page 7
Art Unit: 2652

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to William J. Klimowicz whose telephone number is (703) 305-

3452 The examiner can normally be reached on Monday-Thursday (6:30AM-5:00PM).

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hoa T. Nguyen can be reached on (703) 305-9687. The fax phone numbers for the

organization where this application or proceeding is assigned are (703) 872-9314 for regular

communications and (703) 872-9314 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 305-4700.

William J. Klimowicz
Primary Examiner
Art Unit 2652

WJK
October 21, 2002

STX 000787

S/N 10/104,698

PATENT

Confirmation No. 8292

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Applicant: | Wallis A. Dague, et al. | Examiner: | William Joseph Klimowicz |
|---|---|---|---|
| Serial No.: | 10/104,698 | Group Art Unit: | 2652 |
| Filed: | March 22, 2002 | Docket No.: | STL4061.17/40046.24USD3 |
| Title: | ACTUATOR ASSEMBLY RETAINING CLIP | | |

CERTIFICATE UNDER 37 CFR 1.10

'Express Mail' mailing label number: EV673470606US
Date of Deposit:  December 23, 2002

I hereby certify that this paper or fee is being deposited with the United States Postal Service 'Express Mail Post Office To Addressee' service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, Washington, D.C. 20231

By _____
Name: Mary C. Heller

AMENDMENT

RECEIVED

DEC 3 0 2002

Technology Center 2800

Box AF
Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

This amendment is responsive to the final Office Action mailed on October 23, 2002 setting a three month shortened statutory period for response expiring on January 23, 2002. Please amend the application as follows.

IN THE CLAIMS:

Please amend claims 12, 14, 15 and 16 to read as set forth below.

12. (Amended)     In a disc drive data storage device having a base plate, a spin motor mounted to the base plate carrying a storage disc rotatably mounted on the spin motor for rotation about an axis, and an actuator assembly mounted on a stationary post having an axis parallel to the disc spin axis adjacent the storage disc, the actuator assembly comprising:

an actuator arm having a pivot portion having a central bore, a distal end supporting a transducer operably positioned over the storage disc, and a proximal end carrying a voice coil; and

STX 000788

a bearing cartridge retained in the central bore of the actuator arm by a generally circular retaining clip engaging the bearing cartridge and securing the actuator arm to the bearing cartridge.



14. (Amended)    The actuator assembly according to claim 12 wherein the bearing cartridge has a bottom flange and a peripheral groove at an upper end receiving the clip to secure the actuator arm to the cartridge between the flange and the retaining clip.



15. (Amended)    The actuator assembly according to claim 14 wherein the bearing cartridge is fastened to the stationary post on the base plate of the disc drive.

16. (Amended)    The actuator assembly according to claim 12 wherein the pivot portion of the actuator arm has a plurality of integral actuator arms extending from the pivot portion.

STX 000789

2

## REMARKS

The examiner's thorough consideration of the application is appreciated. However, reconsideration and withdrawal of the claim rejections is respectfully requested for the following reasons.

Claims 12-16 stand rejected under 35 USC 112. Claims 12, 14, 15 and 16 have been amended to obviate the rejection under 35 USC 112. Specifically, claims 12, 14 and 15 have been amended to remove specific reference to the inner and outer sleeves of the bearing cartridge. Claim 16 has been amended to clarify that the pivot portion is part of the actuator arm, not part of the bearing cartridge. These amended claims obviate the rejection under 35 USC 112, and thus this rejection should now be withdrawn.

Claims 1-16 stand rejected as anticipated by Wright. The examiner asserts that the retaining clip 64 engages "a portion of the bearing cartridge to fasten the actuator arm 56 to the bearing cartridge", and therefore meets all the limitations of Applicants' independent claim 1. In support of this position, the examiner takes the position that the washer is part of the bearing cartridge.

Applicants respectfully traverse this assertion and the rejection. Wright Figs. 1 and 2 clearly show the retaining ring 64 fastened to the stationary post 62. It is the examiner's position in the Office Action that the bearing cartridge of Wright comprises the cylinder 66, upper and lower bearings 63, and the washer (un-numbered). Assuming this position is correct, the retaining ring 64 holds the bearing cartridge on the post 62. Specifically, the retaining ring 64 engages the washer on the top of the upper bearing 63 to hold the "bearing cartridge" assembly of bearings 63, the washer, and the cylinder 66 on the post 62. The examiner is respectfully requested to note that the actuator arms 56 and spacers 69 are stacked on the flange 67 of the cylinder 66 and captured on the "bearing cartridge" by vertical bolts 71 which thread into the bottom flange 67 of the cylinder 66. Thus the "bearing cartridge" is fastened to the actuator arms by the bolts 71. The retaining clip 64 clearly does not engage "a portion of the bearing cartridge to fasten the actuator arm 56 to the bearing cartridge". The retaining clip 64 engages a portion of the bearing cartridge to fasten the bearing cartridge to the stationary post 62.

In stark contrast, in Applicants' claimed invention, the bearing cartridge (62 and 362) is fastened to the actuator arm (40 and 340) by the clip ring (63 and 363). See Applicants' specification, pages 11, lines 21-25 and page 24, lines 3-7. Applicants' independent claim 1 and

STX 000790

3

claim 12 each specifically recites that the retaining ring engages a portion of the bearing cartridge to fasten the actuator arm to the bearing cartridge. Wright does not meet this specific limitation. In Wright, the retaining ring engages a portion of the bearing cartridge to fasten the bearing cartridge to the stationary post. ,The rejection under 35 USC 102(b) is improper and should be withdrawn.

Claims 1-16 remain pending in the application. These claims are clearly allowable over Wright and thus a Notice of Allowance is earnestly solicited. This response is believed to fully respond to each point raised in the final Office Action. Should the examiner have any remaining questions or concerns, he is encouraged to contact the undersigned attorney by telephone to expeditiously resolve such concerns.

Respectfully submitted,

Seagate Technology LLC
(Assignee of the entire interest)

Date 12/23/02

23552
PATENT TRADEMARK OFFICE

John B. Wahl, Reg. No. 33,044
Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
(303) 357-1644
(303) 357-1641 (fax)

STX 000791

4

S/N 10/104,698 <span style="float:right">PATENT</span>

Confirmation No. 8292

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Wallis A. Dague, et al. | Examiner: | William Joseph Klimowicz |
| Serial No.: | 10/104,698 | Group Art Unit: | 2652 |
| Filed: | March 22, 2002 | Docket No.: | STL4061.17/40046.24USD3 |
| Title: | ACTUATOR ASSEMBLY RETAINING CLIP | | |

## CLAIM AMENDMENT MARKUP

1.      A disc drive assembly having a base plate, at least one disc rotatably mounted on the base plate for rotation about a spin axis, and an actuator assembly mounted adjacent the at least one disc positioning a plurality of read/write heads over predetermined radial positions on the at least one disc, the actuator assembly comprising:

an actuator arm pivotally supported from the base plate for rotation about an actuator axis parallel to the spin axis, wherein the actuator arm carries the heads at one end thereof and a generally flat voice coil at an opposite end of the actuator arm and has a central axial bore therethrough;

a bearing cartridge disposed in the central axial bore; and

a retaining clip engaging a portion of the bearing cartridge to fasten the actuator arm to the bearing cartridge.

2.      The disc drive assembly according to claim 1 wherein the bearing cartridge has a bottom radial flange and the actuator is captured between the bottom radial flange and the retaining clip.

3.      The disc drive assembly according to claim 1 wherein the retaining clip has a "C" shape.

4.      The disc drive assembly according to claim 3 wherein the retaining clip engages a groove at an upper end of the bearing cartridge.

STX 000792

5

5.    A actuator assembly for positioning a transducer over a rotating data storage disc in a disc drive, the actuator assembly comprising:

an elongated actuator arm having a first end supporting a transducer, a second end carrying a voice coil, and central pivot portion having a central axial bore therethrough;

a generally cylindrical bearing cartridge inserted into the central bore; and

a retaining clip fastening the bearing cartridge in the central pivot portion of the actuator arm.

6.    The actuator assembly according to claim 5 wherein the bearing cartridge has a bottom radial flange and the pivot portion of the actuator is captured between the flange and the retaining clip fastened to the bearing cartridge.

7.    The actuator assembly according to 6 wherein the retaining clip engages a groove in the bearing cartridge.

8.    The actuator assembly according to claim 7, wherein the retaining clip is compression fitted to the bearing cartridge to secure the actuator arm to the bearing cartridge.

9.    A disc drive data storage device having a base plate, a spin motor mounted to the base plate carrying a storage disc rotatably mounted on the spin motor for rotation about an axis, and an actuator assembly mounted on a post having an axis parallel to the disc spin axis on the base plate adjacent the storage disc, the actuator assembly comprising:

an actuator arm having a pivot portion having a central bore and a distal end supporting a transducer operably positioned over the storage disc, and a proximal end carrying a voice coil; and

a bearing cartridge mounted on the post and fastened in the central bore of the actuator arm by a generally circular retaining clip engaging the bearing cartridge to secure the actuator arm to the bearing cartridge.

STX 000793

10.    The disc drive according to claim 9, wherein the retaining clip is a split ring shaped clip.

11.    The disc drive according to claim 9, wherein the bearing cartridge has a bottom flange and a peripheral groove at an upper end receiving the clip to secure the actuator arm to the bearing cartridge.

12. (Amended)    In a disc drive data storage device having a base plate, a spin motor mounted to the base plate carrying a storage disc rotatably mounted on the spin motor for rotation about an axis, and an actuator assembly mounted on a stationary post having an axis parallel to the disc spin axis adjacent the storage disc, the actuator assembly comprising:

an actuator arm having a pivot portion having a central bore, a distal end supporting a transducer operably positioned over the storage disc, and a proximal end carrying a voice coil; and

a bearing cartridge [having an inner tubular sleeve and an outer tubular sleeve, wherein the cartridge is] retained in the central bore of the actuator arm by a generally circular retaining clip engaging the bearing cartridge [to secure] and securing the actuator arm to the bearing cartridge.

13.    The actuator assembly according to claim 12 wherein the retaining clip is a split ring shaped clip.

14. (Amended)    The actuator assembly according to claim 12 wherein [the outer tubular sleeve of] the bearing cartridge has a bottom flange and a peripheral groove at an upper end receiving the clip to secure the actuator arm to the cartridge between the flange and the retaining clip.

15. (Amended)    The actuator assembly according to claim 14 wherein the [tubular inner sleeve] bearing cartridge is fastened to the stationary post on the base plate of the disc drive.

STX 000794

16. (Amended)        The actuator assembly according to claim 12 [further comprising] wherein the pivot portion of the actuator arm has a plurality of integral actuator arms extending from the pivot portion [and wherein the pivot portion is a single body].

STX 000795

8

12-26-02

AF
2-700

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Wallis A. Dague, et al. | Examiner: | William Joseph Klimowicz |
| Serial No.: | 10/104,698 | Group Art Unit: | 2652 |
| Filed: | March 22, 2002 | Docket: | STL4061.17/40046.24USD3 |
| Confirmation No.: | 8292 | Notice of Allow. Date: | |
| Title: | ACTUATOR ASSEMBLY RETAINING CLIP | | |

---

**CERTIFICATE UNDER 37 CFR 1.10**
"Express Mail" mailing label number: EV073470606US
Date of Deposit: December 23, 2002

I hereby certify that this paper or fee is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Box NON-FEE AMENDMENT, Commissioner for Patents and Trademarks, Washington, D.C. 20231.

By: _____
Name: Mary C. Nolder

---

Box AF
Commissioner for Patents
Washington, D.C. 20231

Sir:

**RECEIVED**

**DEC 3 0 2002**

**Technology Center 2600**

We are transmitting herewith the attached:

☒ Transmittal Sheet in duplicate containing Certificate of Mailing
☒ Amendment Including Version With Markings To Show Changes Made
☒ Return postcard

### CLAIMS AS AMENDED

| Claims Remaining After Amendment | | Highest Number Previously Paid For | | Present Extra | Rate | Fee |
|---|---|---|---|---|---|---|
| | | | | | X | |
| | | | | | X | |
| MULTIPLE DEPENDENT CLAIM FEE | | | | | | |
| TOTAL FILING FEE | | | | | | |

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers or any future reply, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT & GOULD P.C.
P.O. Box 2903, Minneapolis, MN 55402-0903
303.357.1670

By: 
Name: John R. Wahl
Reg. No.: 38,044
JRWahl/mca



```
23552
PATENT TRADEMARK OFFICE
```

STX 000796

(PTO TRANSMITTAL - GENERAL)

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 10/104,698 | DAGUE ET AL |
| | Examiner | Art Unit | |
| | William J Klimowicz | 2652 | |

-- The *MAILING DATE* of this communication appears on the cover sheet with the correspondence address--
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *Amendment B and the telephonic interview held Jan. 2, 2002*.

2. ☒ The allowed claim(s) is/are *1-16*.

3. ☒ The drawings filed on *22 March 2002* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some*  c) ☐ None  of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☒ Acknowledgment is made of a claim for domestic priority under 35 U S C §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
      1) ☐ hereto or 2) ☐ to Paper No. ____.
    (b) ☐ including changes required by the proposed drawing correction filed ____, which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No ____.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1☐ Notice of References Cited (PTO-892)
2☐ Notice of Informal Patent Application (PTO-152)
3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
4☒ Interview Summary (PTO-413), Paper No.7 .
5☐ Information Disclosure Statements (PTO-1449), Paper No ____.
6☒ Examiner's Amendment/Comment
7☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8☒ Examiner's Statement of Reasons for Allowance
9☐ Other

U S Patent and Trademark Office
PTO-37 (Rev. 04-01)        Notice of Allowability        Part of Paper No. 7 .

STX 000797

Application/Control Number: 10/104,698                                      Page 2
Art Unit: 2652

### EXAMINER'S AMENDMENT

An Examiner's amendment to the record appears below. Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR

1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the

payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with

John R. Wahl on January 2, 2002.

The application has been amended as follows:

(I) The after-final amendment (Amendment B; Paper No. 6) has been entered.

(II) With regard to claim 5 (line 6), after the phrase "the bearing cartridge" the following

has been inserted --to the actuator arm--.


### *Reasons for Allowance*

The following is an Examiner's statement of reasons for allowance:

The prior art of record fails to fairly, teach, show or suggest, by either anticipating or

rendering obvious, the invention as set forth in the claims of the instant application.

Furthermore, an update of a search previously made does not detect the combined

claimed elements as set forth in the pending claims. Additionally, the reasons for allowance of

the claims over the prior art of record is believed to be clear from the prosecution history taken

as a whole. More particularly, the instant invention (as set forth in independent claims 1, 5, 9

and 12) provides for an actuator assembly within (of for use within) a disc drive, wherein the

actuator assembly includes an actuator arm. A bearing cartridge is provided within a central bore

STX 000798

Application/Control Number: 10/104,698                                    Page 3
Art Unit: 2652

of the actuator arm and is fastened to the actuator arm via a retaining clip which secures the

actuator arm to the bearing cartridge. Support for the instantly claimed invention includes a

filing date of January 25, 1988.

    The closet prior art includes Wright (US 4,805,055) who discloses a retaining clip (64)

around the post (62) of an actuator pivot axis. The retaining clip, however, does not secure or

fasten the bearing cartridge (66) to the actuator arm (56), but merely fastens an already coupled

actuator arm/bearing cartridge to the central post (62). Additionally, Wright (US 4,805,055)

does not provide, alone or in combination with the art of record, any suggestion or teaching for

securing the bearing cartridge to the actuator arm via a retaining clip.

    Any comments considered necessary by applicant must be submitted no later than the

payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for

Allowance."


### Conclusion

    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to William J. Klimowicz whose telephone number is (703) 305-

3452. The examiner can normally be reached on Monday-Thursday (6.30AM-5:00PM).

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Hoa T. Nguyen can be reached on (703) 305-9687. The fax phone numbers for the

organization where this application or proceeding is assigned are (703) 872-9314 for regular

communications and (703) 872-9314 for After Final communications.

STX 000799

Application/Control Number 10/104,698                                    Page 4
Art Unit: 2652

    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is (703) 305-4700.

William J. Klimowicz
Primary Examiner
Art Unit 2652

WJK
January 3, 2003

STX 000800

| Interview Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/104,698 | DAGUE ET AL. |
| | Examiner | Art Unit |
| | William J. Klimowicz | 2652 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _William J. Klimowicz._          (3)_____

(2) _John R. Wahl._                  (4)_____

Date of Interview: _02 January 2003_ .

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes   e)☒ No.
If Yes, brief description: _____ .

Claim(s) discussed: _5_ .

Identification of prior art discussed: _None_ .

Agreement with respect to the claims  f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Claim 5 was amended to clarify that the actuator arm is fastened and secured to the bearing cartridge by the retaining clip_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

    i)☒ It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

**STX 000801**

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action

U.S. Patent and Trademark Office
PTO-413 (Rev 03-98)                                    Examiner's signature, if required

                        Interview Summary                         Paper No. 7.

## Summary of Record of Interview Requirements

Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record

A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

37 CFR § 1.2 Business to be transacted in writing.

All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable. Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
  (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were of special significance or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

STX 000802

2



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

| | |
|---|---|
| 23552    7590    01/06/2003<br>**MERCHANT & GOULD PC**<br>**P.O. BOX 2903**<br>**MINNEAPOLIS, MN 55402-0903** | **EXAMINER**<br>KLIMOWICZ, WILLIAM JOSEPH |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 2652 | 360-265.609 |

DATE MAILED: 01/06/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/104,698 | 03/22/2002 | Wallis A. Dagus | STX4061.17/40046.34USD3 | 8292 |

TITLE OF INVENTION: ACTUATOR ASSEMBLY RETAINING CLIP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 04/07/2003 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

**STX 000803**

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail** Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1) | | | | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |
|---|---|---|---|---|
| 23552    7590    01/06/2003 | | | | |

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/104,698 | 03/22/2002 | Wallis A. Dagoc | STL4061.17/N0046.24USD3 | 8292 |

TITLE OF INVENTION: ACTUATOR ASSEMBLY RETAINING CLIP

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $300 | $1600 | 04/07/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| KLIMOWICZ, WILLIAM JOSEPH | 2652 | 360-265600 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47, Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE              (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:          4b. Payment of Fee(s):

☐ Issue Fee          ☐ A check in the amount of the fee(s) is enclosed.
☐ Publication Fee    ☐ Payment by credit card. Form PTO-2038 is attached.
☐ Advance Order - # of Copies _____    ☐ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)          _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE(S)**

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004 OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

STX 000804

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/104,698 | 03/22/2002 | Wolfie A. Dague | STL4061.17#00046.24USD5 | 8292 |

| 23552 | 7590 | 01/06/2003 |
|---|---|---|

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903

| EXAMINER |
|---|
| KLIMOWICZ, WILLIAM JOSEPH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2632 | |

DATE MAILED: 01/06/2003

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The patent term adjustment to date is 0 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 0 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Any questions regarding the patent term extension or adjustment determination should be directed to the Office of Patent Legal Administration at (703)305-1383.

FTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

**STX 000805**

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO |
|---|---|---|---|---|
| 10/104,698 | 03/22/2002 | Wallis A. Dupus | STL4061.17#00046.24USD3 | 8292 |

| EXAMINER |
|---|
| KLIMOWICZ, WILLIAM JOSEPH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2651 | |

23572    7590    01/06/2003
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN 55402-0903
UNITED STATES

DATE MAILED 01/06/2003

### Notice of Fee Increase on January 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after January 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on January 1, 2003. See Revision of Patent and Trademark Fees for Fiscal Year 2003: Final Rule, 67 Fed. Reg. 70847, 70849 (November 27, 2002).

The current fee schedule is accessible from: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of the fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after January 1, 2003 (or mailed with a certificate of mailing on or after January 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV 04-02) Approved for use through 01/31/2004

STX 000806