IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | **REDACTED** |
| | ) | |
| Defendant. | ) | |

**CORNICE INC.'S ANSWERING BRIEF IN RESPONSE TO SEAGATE'S
OPENING CLAIM CONSTRUCTION BRIEF FOR U.S. PATENT 6,545,845**

MORRIS, NICHOLS, ARSHT & TUNNELL
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Defendant and Counterclaim Plaintiff Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
**Redacted Filing Date: December 22, 2005**
Original Filing Date: December 16, 2005

i.

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 2 |
| I.   "RETAINING CLIP" | 2 |
| II.  "BEARING CARTRIDGE" | 5 |
| CONCLUSION | 5 |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*J.T. Eaton & Co., Inc. v. Atl. Paste & Glue Co.*,
106 F.3d 1563 (Fed. Cir. 1997) .................................................................... 2

*Network Commerce, Inc. v. Microsoft Corp.*,
422 F.3d 1353 (Fed. Cir. 2005) .................................................................... 2

## NATURE AND STAGE OF THE PROCEEDING

Seagate Technology LLC ("Seagate") brought this action against Cornice, Inc. ("Cornice") for infringement of seven patents on June 22, 2004. The parties have exchanged opening claim construction briefs. Cornice is submitting this Brief in Opposition to Seagate's opening Claim Construction Brief for U.S. Patent No. 6,545,845 ("the '845 patent"), to address legal and factual errors therein.[1]

## SUMMARY OF ARGUMENT

The parties have proposed competing constructions for one term from the '845 patent: "retaining clip." Seagate has offered no construction for the other term construed by Cornice: "bearing cartridge." As made clear by its opening brief, Seagate's arguments ignore the intrinsic record and lack basis in law.

For example, with respect to "retaining clip," Seagate arrives at its construction by cobbling together the dictionary definitions of "retaining" and "clip." Aside from improperly relying on extrinsic evidence, the Federal Circuit has specifically counseled against combining definitions of individual words when attempting to ascertain the proper construction of a coined phrase. With respect to the other disputed term, "bearing cartridge," Seagate offers no argument, instead taking a "wait and see" approach. Without repeating *in toto* its Opening Brief, Cornice will likewise respond to the other pertinent errors of Seagate's argument as warranted.

## STATEMENT OF FACTS

Relevant facts appear in the Argument section.

---

[1] References to Exhibits A-B are to those attached to Cornice's Opening Claim Construction Brief for the '845 Patent (D.I. 172). Exhibit C is attached herewith.

2.

**ARGUMENT**

I.  **"RETAINING CLIP"**

| Claim Language | Cornice's Proposed Construction | Seagate's Proposed Construction |
|---|---|---|
| retaining clip [cls. 5, 6, 7, 9, 11, 12, 14] | The term "retaining clip" means "a device such as a snap ring, retaining ring or clip ring." | A mechanical device for holding or gripping the bearing cartridge to the actuator by engaging a groove(s) on the exterior of the bearing cartridge. |

As discussed in Cornice's Opening Brief, Seagate attempts to cobble together a broad construction of "retaining clip" by offering individual definitions of the constituent terms "retaining" and "clip."[2] However, the Federal Circuit has specifically cautioned against combining definitions of individual words when attempting to ascertain the proper construction of a phrase. *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1359 (Fed. Cir. 2005) (holding that it is improper to add definitions of individual words of composite term: "Network Commerce also agrees that a definition of the term 'download component' as a whole does not exist, but invites the court to combine individual dictionary definitions of 'download' and 'component.' Under that construction, any part of a system involved in the transfer of data from one computer to another would be a download component. This is not a tenable theory in light of the specification."); *J.T. Eaton & Co., Inc. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1568 (Fed. Cir. 1997) ("[meaning for] term with no previous meaning to those of ordinary skill in the art . . . must be found somewhere in the patent"). Seagate's approach is thus flawed, as is its proposed construction.

Not only does Seagate combine the definitions of "retaining" and "clip," but it also urges the additional requirement "by engaging a groove(s) on the exterior of the bearing cartridge." To justify this additional limitation, Seagate argues:

---

[2]  Seagate also adds the requirement "by engaging a groove(s) on the exterior of the bearing cartridge," for which there is no support, discussed *infra*.

3.

> As described in the written description, the retaining clip secures the actuator to the bearing cartridge by engaging a groove on the exterior of the bearing cartridge. Seagate's Opening Brief Regarding Construction of U.S. Patent Nos. 6,324,054, 6,545,845 and 5,596,461. D.I. 150 at p. 34.

In fact the "written description" makes no such statement. The sum total of the specification's putative discussion of the retaining clip is reproduced below:[3]

> Actuator arm 40 is attached to bearing cartridge 62 by a clip ring 63. Using clip ring 63 instead of epoxy allows the bearing cartridge 62 to be tested prior to assembly and cleaned independently of the actuator arm 40.

D.I. 150, Exh. 2 (hereinafter the '845 patent) at col. 8, lines 28-31 and col. 17, lines 2-6. Thus the supposed support for Seagate's additional limitation does not exist, and thus should Seagate's proposed construction should be rejected.

Finally, Seagate attempts to overcome the disclaimer of threaded means (such as nuts and bolts) which occurred during prosecution of the '845 patent. In doing so, Seagate presents a variety of supposed distinctions between the Wright '055 patent and the claimed invention (as construed by Seagate). Unfortunately, Seagate's current arguments do not comport with the actual statements made during prosecution. For example:

| Seagate's Argument From Opening Claim Construction Brief | Actual Quotation From Prosecution History |
|---|---|
| "[T]he applicants were merely explaining to the Examiner that the alleged retaining clip 64 [in the Wright '055 reference] was only used to fasten the alleged bearing cartridge to the separate post, *not to fasten the bearing cartridge to the actuator arms*." <br><br> D.I. 150 at p. 36 (emphasis added). | "Thus, *the 'bearing cartridge'* [in the Wright '055 reference] *is fastened to the actuator arms* by the bolts 71." <br><br> D. I. 172, Exh. A-7, '845 File History at STX 790 (emphasis added). |

---

[3] REDACTED          REDACTED

Seagate's attempt to import limitations into the claims from a figure appearing in the patent should be borne in mind when evaluating Seagate's other arguments in this case.

4.

Thus, the actual excerpt from the prosecution history says the *exact opposite* of what Seagate now argues, and thus directly contradicts the construction of the term Seagate now proffers. Indeed, Seagate's proposed construction is so broad, its own expert has struggled with its meaning, testifying REDACTED (thus invalidating the patent):

REDACTED

REDACTED

REDACTED

*See Attached* Exh. C, Gitis deposition at p. 99.　　　REDACTED
　　REDACTED　　　　　　　　　　　　　　　　　　REDACTED

For this and all the foregoing reasons, Cornice's proposed construction should be adopted.

5.

## II.　"BEARING CARTRIDGE"

| Claim Language | Cornice's Proposed Construction | Seagate's Proposed Construction |
|---|---|---|
| bearing cartridge<br>[cls. 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 14, 15] | The term "bearing cartridge" means "an assembly with ball bearings, an inner body, and an outer body, that permits the inner and outer bodies to rotate relative to one another." | none |

Although Seagate claims to disagree with Cornice's proposed construction of this term, it fails to offer any alternative and fails to provide any argument or evidence as to why Cornice's construction should not be adopted. By failing to do so, Seagate ignores the schedule set forth by this Court for the exchange of arguments and evidence in support of the parties' positions, saying instead that it "will await Cornice's interpretations and argument therefor..." D.I. 150 at p. 37.[4] Of course, Seagate is and has been fully aware of "Cornice's interpretations and argument therefor," just as it has been with respect to all of Cornice's other constructions. Cornice's proposed construction therefore stands unrebutted, and the Court should ignore any argument put forth by Seagate with respect to this term in its responsive briefing.

## CONCLUSION

For the foregoing reasons, and those discussed more fully in Cornice's Opening Brief, Cornice respectfully requests that its proposed constructions for "retaining clip" and "bearing cartridge" be adopted by the Court.

---

[4]　Seagate also makes passing reference to "Cornice's multiple definitions for this claim limitation," however Cornice's proposed construction has been and remains that put forth in the Joint Claim Construction Statement (D.I. 143)

6.

        MORRIS, NICHOLS, ARSHT & TUNNELL

        /s/ Julia Heaney (#3052)
        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        (302) 658-9200
        jblumenfeld@mnat.com
        jheaney@mnat.com
          *Attorneys for Defendant and Counterclaim Plaintiff*
          *Cornice, Inc.*

OF COUNSEL:
Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

December 16, 2005
498090

C

**THIS EXHIBIT HAS BEEN REDACTED**

Case 1:04-cv-00418-SLR    Document 270    Filed 12/22/2005    Page 11 of 12

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on December 22, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Marsden, Jr., Esquire
>Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND:**

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19801

**BY FEDERAL EXPRESS:**
Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC  20005

>/s/ *Julia Heaney*
>Julia Heaney (#3052)
>MORRIS, NICHOLS, ARSHT & TUNNELL
>jheaney@mnat.com
>  *Attorneys for Defendant and*
>  *Counterclaim Plaintiff Cornice, Inc.*