232

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC, | C.A. No.04-418- (SLR)

Plaintiff,

v.

CORNICE, INC.

Defendant.

**REDACTED**

## PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO DEFENDANT CORNICE, INC.'S MOTION FOR SUMMARY JUDGMENT [NO. 4] THAT SEAGATE CANNOT RECOVER PRE-SUIT DAMAGES

Date: December 16, 2005

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Lewis E. Hudnell, III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

## TABLE OF CONTENTS

Page

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................1

II.  SUMMARY OF THE ARGUMENT ........................................1

III. COUNTER-STATEMENT OF FACTS ........................................2

IV.  ARGUMENT ........................................4

   A.  Seagate Provided Actual Notice To Cornice ........................................4

   B.  There Is A Question Of Fact As To Whether The
       Statutory Marking Requirement Even Applies ........................................6

       1.  The Marking Requirement Attaches To Seagate
           Only If Cornice Infringes An Apparatus Claim ........................................7

       2.  The Court Should Deny This Motion Because It
           Has Not Yet Determined Whether Cornice Is
           Liable For Infringing An Apparatus Claim In
           The '754 and '506 Patents ........................................11

   C.  Cornice's Arguments Under 35 U.S.C. § 287(a) Are
       Untimely And Have Been Waived ........................................12

   D.  Cornice's Discovery Arguments Are Misleading And
       Irrelevant ........................................15

V.   CONCLUSION ........................................17

<u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.,*
    239 F.3d 1343 (Fed. Cir. 2001)..........................................................................10

*American Medical Systems, Inc. v. Medical Engineering Corp.,*
    6 F.3d 1523 (Fed. Cir. 1993)..................................................................7, 8, 10

*Amsted Industrial Inc. v. Buckeye Steel Castings Co.,*
    24 F.3d 178 (Fed. Cir. 1994)..............................................................................4

*Bandag, Inc. v. Gerrard Tire Co.,*
    704 F.2d 1578 (Fed. Cir. 1983)......................................................................7, 9

*Ceeco Machinery Manufacturing, Ltd. v. Intercole, Inc.,*
    817 F. Supp. 979 (D. Mass. 1992)..................................................................4, 5

*Devices for Medicine, Inc. v. Boehl,*
    822 F.2d 1062 (Fed. Cir. 1987)......................................................................8, 10

*Dunlap v. Schofield,*
    152 U.S. 244 (1894)............................................................................5, 13, 14

*Gart v. Logitech, Inc.,*
    254 F.3d 1334 (Fed. Cir. 2001).........................................................................14

*Hanson v. Alpine Valley Ski Area, Inc.,*
    718 F.2d 1075 (Fed. Cir. 1983)...................................................................8, 9, 11

*In re Hirschhorn,*
    34 C.C.P.A. 1156 (C.C.P.A. 1947)....................................................................11

*Maxwell v. J. Baker, Inc.,*
    86 F.3d 1098 (Fed. Cir. 1996)...........................................................................12

*Nike Inc. v. Wal-Mart Stores,*
    138 F.3d 1437 (Fed. Cir. 1998)............................................................................3

*Providence Rubber Co. v. Goodyear,*
    76 U.S. 788 (1869)........................................................................................12, 13

*SRI International, Inc. v. Advanced Technology Laboratories, Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997)............................................................................4

*Sentry Prot. Products, Inc. v. Hero Products, Inc.,*
    400 F.3d 910 (Fed. Cir. 2005)............................................................................12

*Sessions v. Romadka,*
    145 U.S. 29 (1892)......................................................................................13, 14

*State Contracting & Engineering Corp. v. Condotte America, Inc.,*
    346 F.3d 1057 (Fed. Cir. 2003)........................................................................8, 9

ii

*Tenneco Automobile Operating Co., Inc. v. Visteon Corp.*,
    375 F. Supp. 2d 360 (D. Del. 2005)............................................................1, 5

*Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*,
    297 U.S. 387 (1936)............................................................................4, 7

### FEDERAL STATUTES

35 U.S.C. § 287(a) ..................................................................................... passim

iii

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On November 18, 2005, defendant Cornice, Inc. ("Cornice") filed its "Motion For Summary Judgment [No. 4] That Seagate Cannot Recover Pre-Suit Damages" [D.I. 161] and its corresponding Brief in Support of this motion [D.I. 162] (hereinafter "Memorandum"). Pursuant to the Court's Scheduling Order [D.I. 36], Plaintiff Seagate Technology LLC ("Seagate") respectfully submits this Opposition to the motion.

## II.    SUMMARY OF THE ARGUMENT

There are at least four reasons to deny the present motion. First, Cornice relies on 35 U.S.C. § 287(a) ("Section 287") in an attempt to limit damages, yet it virtually ignores the most critical part of the statute relating to the facts of this case. More specifically, a patentee (like Seagate) who does not mark its patented article is still entitled to damages "on proof that the infringer was notified of the infringement and continued to infringe thereafter." 35 U.S.C. § 287(a). Cornice simply ignores the documents and testimony of record regarding its communications with Seagate about its infringing one-inch disc drive long before the filing date of this lawsuit. The record demonstrates that Cornice was on notice before this case was filed.

Second, this Court has previously recognized that, "[c]ompliance with 35 U.S.C. § 287(a) is a question of fact." Tenneco Auto. Operating Co., Inc. v. Visteon Corp., 375 F. Supp. 2d 360, 365 (D. Del. 2005) (Robinson, C.J.). To the extent Cornice denies that it was on notice prior to the filing date of the lawsuit, a question of fact exists, and summary judgment is clearly inappropriate.

Third, two of the patents-in-suit contain method claims that have been asserted against Cornice. It is black letter law that the marking requirement of Section 287(a) does not apply to method claims. Therefore, until the factual question of infringement is determined (i.e. which claims are infringed – method claims, apparatus claims, or both), this motion is premature.

1

Fourth, Cornice has waived its marking defense by failing to plead it in either its original or amended answer and counterclaims. [D.I. 11 and D.I. 51, Ex. 1].

Defendant's discovery arguments are irrelevant since Seagate is not relying on marking to collect pre-suit damages.

## III.    COUNTER-STATEMENT OF FACTS

Cornice spends a considerable amount of space in its Memorandum arguing that Seagate has not marked all of its products covered by the patents-in-suit, which is true. However, Cornice barely mentions the critical issue of actual notice and completely ignores the fact that Seagate placed Cornice on notice of infringement as early as the

The documents and testimony of record evidence that in :

REDACTED

---

[1] Unless otherwise indicated, citations to Exhibits in this Opposition refer to the Exhibits attached to the Declaration of Timothy Devlin in Support of Plaintiff Seagate Technology LLC's Opposition to Defendant Cornice Inc.'s Motion for Summary Judgment [No. 4] That Seagate Cannot Recover Pre-Suit Damages, filed concurrently herewith.

2

REDACTED

[Id.] For Cornice to now portray itself as some sort of "innocent" infringer is hypocritical at best.[2]

---

[2] The Federal Circuit has stated that one purpose of the marking statute is "helping to avoid innocent infringement." Nike Inc. v. Wal-Mart Stores, 138 F.3d 1437, 1443 (Fed.

## IV.    ARGUMENT

### A.    Seagate Provided Actual Notice To Cornice

A patentee who fails to mark his patented article is still entitled to damages pursuant to 35 U.S.C. § 287(a) "on proof that the infringer was notified of the infringement and continued to infringe thereafter." The Federal Circuit has held that such notice must be "actual notice" given by the patentee to the alleged infringer, and it discussed the requirements of such notice in SRI International, Inc. v. Advanced Technology Laboratories, Inc., 127 F.3d 1462 (Fed. Cir. 1997). The Court in SRI International recognized that the form and content of such actual notice may vary. Although the Federal Circuit noted that one way to satisfy the notice requirement is to identify the patent and the infringing activity, the Court concluded that "the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." Id. at 1470.

Actual notice does require "the affirmative communication of a specific charge of infringement by a specific accused product or device." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Though the specific accused product or device needs to be identified, no court has held that the specific patent must be identified. The only case that Seagate is aware of to specifically address this issue is Ceeco Machinery Manufacturing, Ltd. v. Intercole, Inc., 817 F. Supp. 979, 986-87 (D. Mass. 1992), and that court held that § 287 notice did not require identification of the patent.

The District Court in Ceeco came to this conclusion for three reasons. First, the plain language of § 287(a) does not require the identification of the patent. The District

Cir. 1998) (citing Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co., 297 U.S. 387 (1936)).

4.

Court thought it significant that the statute specifically required the patent number for marking but did not mention the patent number for actual notice. Id. at 986.

Second, the Supreme Court in Dunlap v. Schofield, 152 U.S. 244, 248 (1894) suggested a less stringent approach to the notice requirement. Ceeco, 817 F. Supp. at 986.

Third, "the two types of notice authorized by the statute logically have different requirements and dimensions." Id. Marking is a constructive notice, and it is reasonable to require more specific notification when notice is constructive and not actual so that the potential infringer has enough information to assess his risk of infringement. Actual notice, by contrast, means that the parties are already communicating; the alleged infringer can request whatever information that he needs to assess his risk of infringement directly from the patentee. Id.

Based on the foregoing analysis, the District Court in Ceeco held that the requirements of § 287 notice were met when the patentee's sales representative orally "expressed concerns of infringement" in connection with the purchase of certain types of machines to various personnel of the alleged infringer, even though the sales representative did not identify the patent that would be infringed. Id. at 985-87.

Cornice's claim that Seagate has not identified any documents that show actual notice to Cornice [D.I. 162 at 6] is either blatantly false or irrelevant depending on Cornice's intended meaning. [See Exs. 1-6 and 12-13].

## REDACTED

That notice either clearly complied with the actual notice requirements of § 287(a), or this is a fact issue which must be decided by the jury. See Tenneco, 375 F. Supp. 2d at 365.

5

**B.     There Is A Question Of Fact As To Whether The Statutory Marking Requirement Even Applies**

Cornice has made much of the statutory marking requirement, but it has neglected to inform the Court that this requirement does not apply when the defendant infringes method claims only. Indeed, the statute is quite clear. The duty to mark applies to "any patented *article*" that a patentee may make or sell.[3] 35 U.S.C. § 287(a). And while a patent lawsuit may involve several patents, some of which contain both method and apparatus claims, the law of the Federal Circuit provides that Section 287 limits a patentee's recoverable damages only where a court concludes that an apparatus claim has been infringed.

Seagate has asserted seven patents against Cornice in this case. Two of these patents, United States Patent No. 6,146,754 ("the '754 patent") [Ex. 7] and United States Patent No. 5,600,506 ("the '506 patent") [Ex. 8] contain both method claims and apparatus claims. Cornice contests infringement of all of the claims that Seagate has charged it of infringing. [See, e.g., D.I. 51, Ex. 1 and D.I. 114 (Amended Answer and Counterclaims)]. Thus, there is a dispute as to whether or not Cornice infringes any apparatus claim—a dispute that asks the Court to resolve genuine issues of material fact.

Accordingly, Cornice's motion is premature. If the Court denies Cornice's pending motions for summary judgment on Seagate's infringement claims [see D.I. 154, 158, 164 and 167], then it should also deny this motion to limit Seagate's damages under Section 287. Likewise, the Court should deny this motion in the unlikely event that it concludes, as a matter of law, that Cornice does not infringe any apparatus claim.

---

[3] Emphasis added. Emphasis has been added in this Opposition unless otherwise indicated.

6.

1.    **The Marking Requirement Attaches To Seagate**
**Only If Cornice Infringes An Apparatus Claim**

It has long been the law that patentees do not have to provide actual notice by marking where infringement of a patented method or process is concerned. *See* Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co., 297 U.S. 387 (1936); Bandag, Inc. v. Gerrard Tire Co., 704 F.2d 1578, 1581 (Fed. Cir. 1983) (It is "settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method."). The rationale behind the rule makes sense. Notice "to the public by a visible mark . . . can only be given in connection with some fabricated article." Wine Ry. Appliance, 297 U.S. at 395. Thus, in the easy case, where only method claims are at issue, Section 287 does not limit a patentee's recoverable damages.

The Federal Circuit has addressed the somewhat more complicated situation involving "mixed" patents having both method and apparatus claims in a small number of cases. For example, in American Medical Systems, Inc. v. Medical Engineering Corp., 6 F.3d 1523, 1527 (Fed. Cir. 1993), the court considered whether Section 287 limited a patentee's recoverable damages where a single patent containing apparatus and method claims had been asserted. The patent owner appealed the trial court's judgment limiting its recoverable damages to those it had sustained after giving actual notice to the defendant. Id. at 1529-30, 1538-39. The patentee argued that it was exempt from the marking requirement because the method claims in its patent were directed to a process of making the claimed apparatus, not a method of using it. Therefore, purchasers of the patented apparatus sold by the patent owner could not reasonably expect to receive an implied license to practice the method claims in the way they could have if the method claims were directed to a method of using the claimed apparatus. Id. at 1538-39.

This was a distinction without a difference in the Federal Circuit's view. The court stated that where a patent with method and apparatus claims is concerned, and "to the extent that there is a tangible item to mark by which notice of the asserted method

7

claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." Id. Thus American Medical Systems held that it is irrelevant, for the purposes of limiting recoverable damages under Section 287, whether the method claims of a "mixed" patent are directed to a method of using or a method of making the claimed apparatus. Id., see also, Devices for Medicine, Inc. v. Boehl, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (hereinafter "Boehl") (no error where court instructed jury to limit damages because patentee had sold unmarked product that, when used, infringed patentee's method patent).

The Federal Circuit has carved out several exceptions to the American Medical Systems rule, and this case falls into one of them. In State Contracting & Engineering Corp. v. Condotte America, Inc., 346 F.3d 1057, 1074 (Fed. Cir. 2003), the court declined to look behind a patent containing only method claims to see if there was some product the patentee sold that it could have marked. Two "pure" patents were at issue there—one with method claims only and another with apparatus claims only. Id. at 1061. The defendants had admitted infringement of both patents, id. at 1062, and they argued that American Medical Systems limited the patentee's recoverable damages stemming from infringement of the method patent because infringement of the apparatus patent was also present. The court disagreed, and stated that American Medical Systems was:

> [I]napposite because here an asserted patent—the '288 patent—contains only method claims, and *we look to the asserted patents independently.* We have not previously held that a patent containing only method claims is examined to see if something could have been marked in order to assess whether the notice provision applies, and we decline to do so now. Cf. Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1083 (Fed. Cir. 1983) (upholding decision that *section 287 did not apply when only process claims were found infringed* and the patent contained apparatus claims).

Id. at 1074.

This case falls into a second exception found in the Federal Circuit's opinion in Hanson, which the Federal Circuit cited in the passage above. Hanson involved a single

8

"mixed" patent containing claims to a method and apparatus for making snow. 718 F.2d at 1076. The trial court found only the method claims infringed, and the Federal Circuit had affirmed that finding in an earlier opinion. Id. at 1076-77. The defendant sought to limit the patentee's recoverable damages on the ground that the patent-in-suit contained apparatus claims in addition to the infringed method claims. Id. at 1082. The magistrate judge rejected this argument, and the Federal Circuit affirmed. Id. at 1082-83. As the court explained:

> Alpine states that the Hanson patent also includes apparatus claims. *The only claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson patent, which are drawn to "the method of forming, distributing and depositing snow upon a surface . . . ."* See Hanson v. Alpine Valley Ski Area, 611 F.2d at 158, 204 USPQ at 805. In affirming the district court's finding of infringement in this case, the court of appeals stated in the first sentence of its opinion that "the patent alleged to be infringed is [for] a process for making snow for winter sports." 611 F.2d at 157, 204 USPQ at 803-04. It is "settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method." Bandag, Inc. v. Gerrard Tire Co., 704 F.2d 1578, 1581, 217 USPQ 977, 979 (Fed. Cir. 1983).

Id. at 1083. Thus, even before the Federal Circuit decided American Medical Systems, it had determined that the statutory marking requirement cannot limit a patentee's recoverable damages where a court does not find infringement of any apparatus claim.[4]

In State Contracting, the Federal Circuit characterized its earlier decision in Hanson as one "upholding [a] decision that section 287 did not apply when *only process claims were found infringed* and the patent contained apparatus claims." 346 F.3d at 1074. Thus, the Federal Circuit acknowledged explicitly that the Hanson court had used a claim-by-claim approach in applying Section 287 to the situation where infringement of

---

[4] Section 287 does not limit a patentee's recoverable damages stemming from infringement of a patent having only method claims, even where a court finds apparatus claims in a separate patent infringed. That is the holding in State Contracting, discussed supra.

method and apparatus claims of the same patent was present and the accused infringer wants to limit the patentee's recoverable damages for failure to mark. <u>Hanson</u> shows that resolution of the marking question hinges on infringement of the apparatus claims. Indeed, such a rule harmonizes cases in which the Federal Circuit limited recoverable damages, such as <u>American Medical Systems</u> and <u>Boehl</u>, with the court's decision in <u>Hanson</u>. Infringement of at least one apparatus claim was present in both <u>American Medical Systems</u> and <u>Boehl</u>.[5] In <u>Hanson</u>, infringement of the apparatus claims was absent; only the method claims were infringed.

The Federal Circuit's approach of looking to the asserted claims independently makes sense for several reasons. First, where a patentee prevails on its method claims and suffers defeat on the apparatus claims, it can no longer ground recovery on the apparatus claims. The mere assertion of a patent with apparatus claims in the complaint cannot trigger the statute's marking provisions. The duty to mark must depend then on something more, namely infringement of at least one apparatus claim. That is because infringement of the apparatus claim, not its mere assertion, undergirds entitlement to damages for the unauthorized practice by the defendant. When a patentee's infringement allegations fall by the wayside because a court decides them adversely to the patent owner, so does its entitlement to damages. Logically, the limitations Section 287 places on recoverable damages must also fall away under such circumstances.

Second, the Federal Circuit's claim-by-claim approach in applying the marking statute is consistent with how it resolves infringement and invalidity disputes. It does both on a claim-by-claim basis. <u>Amazon.com, Inc. v. Barnesandnoble.com, Inc.</u>, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("[W]hether performed at the preliminary injunction stage or at some later stage in the course of a particular case, infringement and validity analyses must be performed on a claim-by-claim basis."). This is not surprising, since it

---

[5] Indeed, the defendants conceded infringement in both those cases. <u>American Medical Systems</u>, 6 F.3d at 1529; <u>Boehl</u>, 822 F.2d at 1064-65.

has long been the law that every claim in a patent circumscribes a different patentable invention. In re Hirschhorn, 34 C.C.P.A. 1156, 1165 (C.C.P.A. 1947).

Cornice's motion neglects the fact that Section 287 is applied differently, depending on whether method claims, apparatus claims, or both, are infringed. Consequently, Cornice's motion fails to appreciate that the Court's application of Section 287 depends on whether if finds infringement of an apparatus claim. Accordingly, and for the reasons discussed in greater detail below, the Court should deny Cornice's motion, at a minimum, because it is premature.

> **2.    The Court Should Deny This Motion Because It Has Not Yet Determined Whether Cornice Is Liable For Infringing An Apparatus Claim In The '754 and '506 Patents**

The Court has not yet determined that Cornice infringes any of the apparatus claims asserted in this case. Therefore, the Court cannot yet rule, as a matter of law, that Section 287 limits Seagate's recoverable damages. Hanson, 718 F.2d at 1083.

Claim 13 of the '754 patent [Ex. 7] and claims 33-41 of the '506 patent [Ex. 8] (collectively, "the Asserted Method Claims") are directed, generally, to methods of manufacturing. As discussed above, Cornice contests infringement of the asserted claims in this lawsuit, and has filed for summary judgment on Seagate's claims of infringement. Seagate has opposed Cornice's motions in papers filed concurrently herewith.

Cornice's present motion is, therefore, premature. If the Court denies Cornice's various motions for summary judgment on infringement, then the possibility remains that the Court will find at trial that Cornice infringes only the Asserted Method claims. If so, then Cornice will not have been found to have infringed any apparatus claim, and Section 287 cannot limit Seagate's damages.

Even if the Court were inclined to grant-in-part Cornice's motions for summary judgment on infringement by ruling that Cornice does not infringe any of the apparatus claims, it would still mean that the Court could find at trial that Cornice infringes only the Asserted Method Claims. Thus, the Court should deny Cornice's motion to limit

11

Seagate's recoverable damages even if Cornice's summary judgment motions succeed on Seagate's apparatus claims but not on the Asserted Method Claims.

The common denominator, no matter what the Court is inclined to do, is that Section 287 cannot limit Seagate's recoverable damages unless and until the Court determines that Cornice infringes an apparatus claim in the '506 and '754 patents. For at least this reason, as well as those presented above, the Court should deny Cornice's motion.

### C.    Cornice's Arguments Under 35 U.S.C. § 287(a) Are Untimely And Have Been Waived

The burden of initially pleading and proving compliance with the marking requirements of 35 U.S.C. § 287(a) rests with the patentee. Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996). Seagate has satisfied this burden by averring both in its Complaint and in its First Amended Complaint that "Cornice's acts of infringement have been made with full knowledge of Seagate's rights in the '159 patent. On information and belief, the infringement by defendant Cornice has been willful and deliberate."[6] [D.I. 1; D.I. 8]. See Sentry Prot. Prods., Inc. v. Hero Prods., Inc., 400 F.3d 910, 918 (Fed. Cir. 2005) ("Sentry's pleading that the 'infringements have been willful and with full knowledge of the '611, and '781 patents' was sufficient.") (relying on Dunlap, 152 U.S. at 249).

In contrast, Cornice did not plead failure to mark as a limitation on Seagate's recoverable damages. In Providence Rubber Co. v. Goodyear, 76 U.S. 788, 801 (1869), the Supreme Court held that a defendant had waived its right to limit a plaintiff-patentee's recoverable damages under the predecessor statute to Section 287(a) by failing to timely plead its arguments. In Goodyear, neither the complaint nor the answer contained any averments as to the patentee's compliance with the statute vel non. Id.

---

[6] See Complaint [D.I. 1] at 3; see also, id. at 4 (same averment with respect to '506 patent); id. at 4-5 ('754 patent); id. at 5 ('054 patent); id. at 6 ('845 patent and '461 patent); First Amended Complaint [D.I. 8] at 7 ('606 patent).

After the lower court found liability, the defendant raised the marking issue for the first time at a hearing held before the master to ascertain the quantum of damages. See Dunlap, 152 U.S. at 249-50 (reporting that defendant in Goodyear did not raise marking limitation until subsequent hearing). The defendant objected to the master's ruling that its arguments were untimely, and therefore, that they had been waived. Goodyear, 76 U.S. at 801.

The Court affirmed the master's ruling and the resulting determination that the patentee's recovery should not be limited to the time period after it had given the defendant actual notice. The Court stated that:

> The answer of the defendants is as silent upon the subject [of marking] as the bill of the complainants. No such issue was made by the pleadings. It was too late for the defendants to raise the point before the master. They were concluded by their previous silence, and must be held to have waived it. It cannot be considered here.

Id. The Court expressly grounded its decision on a rule it had announced in an earlier portion of its opinion. Id. There, the Court had stated that:

> In equity, the proofs and allegations must correspond. The examination of the case by the court is confined to the issues made by the pleadings. Proofs without the requisite allegations are as unavailing as such allegations would be without the proofs requisite to support them.

Id. at 793 (footnote omitted).

In Sessions v. Romadka, 145 U.S. 29, 50 (1892), the Supreme Court explained that it "is not an unreasonable requirement that the defendant, who relies upon a want of knowledge upon his part of the actual existence of the patent, should aver the same in his answer, that the plaintiff may be duly advised of the defence [sic]."

Cornice's motion suffers from the same fatal defect that was present in Goodyear—an offer of "proof without the requisite allegations." Prior to filing the instant motion, Cornice had not plead Section 287(a) as a limitation on Seagate's recoverable damages even though Seagate had discharged its duty to plead in its

complaint compliance with the statute. Under the <u>Goodyear</u> rule, then, the Court should deny this motion even if Cornice's proofs were to establish – which they cannot – that no reasonable juror could conclude that Seagate complied with the requirements of Section 287. This is so because without any corresponding allegations in its answer, the belated proofs Cornice submits here "are as unavailing as such allegations would be without the proofs requisite to support them." <u>Id.</u>

 Nothing the Supreme Court said in <u>Dunlap v. Schofield</u> is to the contrary. In that case, the plaintiffs:

> made no allegation or proof that the goods [sold by the patentee] were marked as the statute required. They did allege in their bill that they notified the defendants of the patent and of their infringement; but this allegation was distinctly denied in the defendants' answer, and the plaintiffs offered no proof in support of it.

152 U.S. at 248. In <u>Dunlap</u> the Supreme Court held that the lower court had committed reversible error by awarding damages to a patentee who presented no evidence of marking. <u>Id.</u> at 248-50. Thus, <u>Dunlap</u> stands for the unremarkable proposition that if a plaintiff-patentee pleads knowledge and willfulness and the defendant answers with a general denial, then summary judgment is proper if the plaintiff presents no evidence showing that he complied with Section 287. <u>See Gart v. Logitech, Inc.</u>, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (relying on language found originally in <u>Dunlap</u> and stating that summary judgment is proper where "no reasonable jury could find that the patentee either has or has not provided actual notice to the 'particular defendants by informing them of his patent and of their infringement of it.'").[7] That is not the situation here.

 For the reasons discussed above, Cornice failed to comply with the basic pleading requirements for limiting Seagate's recoverable damages under 35 U.S.C. § 287(a).

---

[7] In <u>Gart v. Logitech, Inc.</u> the Federal Circuit entered summary judgment in the patentee's favor because "no reasonable jury could find that <u>Logitech</u> was not 'notified of infringement pursuant to section 287(a).'" 254 F.3d at 1347 (internal quotation marks omitted).

Therefore, the Court should hold that Cornice's arguments under Section 287 were untimely raised, and it should deny this motion accordingly.

### D.    Cornice's Discovery Arguments Are Misleading And Irrelevant

As noted in Defendant's Memorandum at page 5, this Court limited the number of interrogatories that could be propounded by a party to 50. [D.I. 36, ¶ 2(b)(2)]. Cornice attempted to avoid the Court's Order by propounding numerous interrogatories with multiple parts and subparts. For example, Defendant's Interrogatory No. 21, which Cornice contends should be counted as one interrogatory against the 50 Interrogatory limit, is set forth below:

> INTERROGATORY NO. 21:
>
> Identify all individuals with knowledge of or involvement in the financial and/or accounting aspects of Seagate's business as it relates to Seagate Products during the period from 1980 through the present, including but not limited to those with knowledge or involvement relating to each of the following, and the location and custodian of documents related to each of the following:
>
> (a) all sales or revenues (including any deductions) for Seagate Products;
>
> (b) all costs related to Seagate Products, including overhead costs, which include but are not limited to administrative, marketing, selling, labor and research and development expenses, and all fixed, variable, and semi-variable costs;
>
> (c) all prices of Seagate Products, including price lists and pricing strategies;
>
> (d) all profits on Seagate Products;
>
> (e) marginal costs, per program, related to Seagate Products;

(f) trend(s) in sales, market share, costs, profits or prices;

(g) actual or potential customers of Seagate Products;

(h) development or strategic plans, budgets, forecasts, and projections, including policy and marketing decisions and negotiations;

(i) past and present market shares, and definition of the relevant market;

(j) customer lists;

(k) product development costs, including marketing costs, selling, general and administrative (SG&A) expenses, engineering expenses, and general allocation expenses;

(l) past and present demand;

(m) establishment or setting of prices for Seagate Products;

(n) gross margin, and the methods for calculating gross margin; and, for each such individual, describe in detail his or her knowledge and/or involvement in the aforementioned activities.

[Ex. 9, pp. 3-4].[8] As the Court can readily see, this interrogatory is at least 14 different questions disguised as one. Seagate objected to this attempt by Cornice to skirt the rules and accordingly refused to answer several Cornice interrogatories over the Court's limit of 50. [See Ex. 10] Cornice's Interrogatory Nos. 32-34 were among those not requiring a response. [Id.].

Cornice raised this issue with the Court at the discovery conference held on June 28, 2005. [Ex. 11, p. 29] After counsel for Seagate explained the bases for the objections [Ex. 11, pp. 31-32], the Court implicitly rejected Defendant's position by refusing to address the issue.

---

[8] For further examples, see also, Interrogatory Nos.18 and 24 [Ex. 9].

16

Regardless, since Seagate is not relying on marking its products with the patent numbers in order to collect pre-suit damages, Cornice's discovery arguments are irrelevant.[9]

REDACTED

The defendant in this case is far from being an "innocent" infringer.

## V.    CONCLUSION

For the foregoing reasons, Seagate respectfully requests that the Court deny Cornice's Motion For Summary Judgment [No. 4] That Seagate Cannot Recover Pre-Suit Damages.

Dated: December 16, 2005          FISH & RICHARDSON P.C.


                                  By: /s/ Timothy Devlin
                                  Timothy Devlin (#4241)
                                  919 N. Market Street, Suite 1100
                                  Wilmington, DE  19899-1114
                                  Tel: (202) 652-5070

                                  Attorneys for Plaintiff
                                  SEAGATE TECHNOLOGY LLC

---

[9] Cornice has not and cannot complain that it did not receive documents and have an opportunity to depose Seagate's witnesses on the notice of infringement discussed herein. [See, e.g., Exs. 1-6 and 12-13]. Indeed, even Cornice's own CEO testified that [See, e.g.,

Ex. 2, pp. 44, line 22 – 46, line 6].        REDACTED

17