# Ex. 3

TO THE DECLARATION OF TIMOTHY DEVLIN
IN SUPPORT OF PLAINTIFF SEAGATE TECHNOLOGY LLC'S
RESPONSE BRIEF REGARDING CONSTRUCTION OF
DISPUTED TERMS IN U.S. PATENT NO. 5,596,461

**CONFIDENTIAL DOCUMENT**

*These pages have been omitted because
they contain confidential information
subject to the protective order*

*There is no public version of the document that is available.*

# Ex. 4

TO THE DECLARATION OF TIMOTHY DEVLIN
IN SUPPORT OF PLAINTIFF SEAGATE TECHNOLOGY LLC'S
RESPONSE BRIEF REGARDING CONSTRUCTION OF
DISPUTED TERMS IN U.S. PATENT NO. 5,596,461

**CONFIDENTIAL DOCUMENT**

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 5

TO THE DECLARATION OF TIMOTHY DEVLIN
IN SUPPORT OF PLAINTIFF SEAGATE TECHNOLOGY LLC'S
RESPONSE BRIEF REGARDING CONSTRUCTION OF
DISPUTED TERMS IN U.S. PATENT NO. 5,596,461

Certified Mail Receipt EM280022714US                    PATENT
Deposited May 13, 1996                                  DOCKET NO. 21863

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant·    F. Mark Stefansky | ) | Group Art Unit·    2512 |
| | ) | |
| Serial No.:    08/450,213 | ) | Examiner:  J. Evans |
| | ) | |
| Filed:         May 25, 1995 | ) | AMENDMENT IN RESPONSE |
| | ) | TO PAPER NO  4 MAILED |
| For:   SPACE EFFICIENT HOUSING | ) | FEBRUARY 12, 1996 |
| CONFIGURATION FOR A | ) | |
| DISK DRIVE (AMENDED) | ) | Date:   May 13, 1996 |

AMENDMENT IN RESPONSE TO PAPER NO. 4
MAILED FEBRUARY 12, 1996

Box Non-Fee- Amendment
Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

    In response to the Office Action mailed February 12, 1996, please enter the following

amendments in the above-Identified United States Patent Application.

**In the Title:**

    Change the title of the application to --SPACE EFFICIENT HOUSING

CONFIGURATION FOR A DISK DRIVE--.

c.\wpfiles\21863\amend.1                                1

STX 000192

**In the Abstract:**

Page 16, line 2, after "A", insert --space efficient--

Page 16, line 9, after "base member so", delete " , ".

Page 16, line 10, after "be", delete "placed onto".

**In the Specification:**

Page 12, line 14, after "invention.", please insert the following new paragraphs:

--It will be clear that the present invention is well adapted to carry out the objects and
attain the ends and advantages mentioned as well as those inherent therein.  While a presently
preferred embodiment has been described for purposes of this disclosure, numerous changes
may be made which will readily suggest themselves to those skilled in the art and which are
encompassed in the spirit of the invention disclosed and as defined in the appended claims.

What is claimed is:--

**In the Claims:**

Please amend the claims as follows:

Claim 1, line 12, before "cover element including a first raised portion", insert --top
surface of the--.

Claim 3, line 3, delete "plate" and substitute therefor --member--.

Claim 4, line 12, before "cover element including a first raised portion", insert --top
surface of the--.

c:\wp51t\21863\amend.1                                 2

16

STX 000193

Claim 5, line 2, delete "plate" and substitute therefor --member--.

Please cancel Claims 7 and 8.

Please add the following new claims:

Claim 3 (New)  The disk drive housing of claim 2, wherein the cover element and base member further comprise aligned openings usable to secure the cover element to the base member to form the housing, and wherein the disk drive housing further comprises a PCB including an attached connector, the connector including openings aligned with at least certain ones of the openings of the base member and cover element for mounting the connector directly to the top surface of the cover element when the openings of the base member and cover element are used to secure the base member to the cover element.

Claim 4 (New)  The disc drive housing of claim 3, wherein the PCB is mounted over at least selected portions of the second raised portion of the top surface of the cover element.

Claim 5 (New)  The disc drive housing of claim 6, wherein the cover element further includes a set of support posts usable to mount the disk drive housing in a host computer.

f:\wpfiles\21865\amend )                    3

STX 000194

<u>Remarks</u>

The present application was filed May 25, 1995 and the first Office Action (Paper No. 4) was mailed February 12, 1996, which provided objections to the drawings, title and abstract and rejections to the claims.

In response thereto, the Applicant has hereinabove requested amendments to the title, the abstract and the claims, including the cancelling of certain claims and the addition of new claims to the application. Additionally, the Applicant has hereinabove requested amendments to the specification to make explicit that which was implicit in the application as originally filed.

The Applicant submits that the amendments are proper, do not introduce new matter, and will not create an undue burden on the Examiner, including the requirement for an additional search. Thus, the Applicant respectfully requests the entering of the amendments by the Examiner.

The following claims are pending in the application:

| Claim | Status |
|---|---|
| 1 (Amended) | Independent. |
| 2 (Original) | Depends from Claim 1 |
| 3 (Amended) | Depends from Claim 1. |
| 4 (Amended) | Independent. |
| 5 (Amended) | Depends from Claim 4. |
| 6 (Original) | Depends from Claim 4. |
| 9 (New) | Depends from Claim 2. |
| 10 (New) | Depends from Claim 9. |
| 11 (New) | Depends from Claim 6. |

e:\wp60\st\21863\amend  1                                  4

STX 000195

## Objection to the Drawings

The Office Action mailed February 12, 1996 provided an objection to the drawings;

particularly the Office Action stated:

> The drawings are objected to because of the deficiencies noted
> on attached form PTO-948.
> (Office Action, page 2)

Upon review of the Notice of Draftsperson's Patent Drawing Review Form PTO-948,

the Applicant notes that the objection to the drawings is based upon improper margins,

improper character of the lines, numbers and letters, and improper reference number height.

Thus, as the objections are considered as being directed to the form of the drawings

and correction at this time is not necessary for further consideration of the claims, the

Applicant respectfully requests that the objection to the drawings be held in abeyance until

allowable subject matter is indicated.  At such time that claims are allowed, the Applicant

will submit formal drawings conforming to PTO drawing requirements.

## Objection to the Title

Additionally, the Office Action mailed February 12, 1996 provided an objection to the

title of the application; more particularly, the Office Action stated:

> The title of the invention is not descriptive.  A new title is
> required that is clearly indicative of the invention to which the
> claims are directed.
> (Office Action, page 2)

In response to this objection, amendments have been requested hereinabove to change

s:\wp70\sst\21867\amend.1                    5

STX 000196

the title of the application to "SPACE EFFICIENT HOUSING CONFIGURATION FOR A

DISK DRIVE". Thus, with the entering of this amendment, the Applicant requests

withdrawal of the objection to the title.

### Objection to the Abstract

The Office Action mailed February 12, 1996 further objected to the abstract;

particularly, the Office Action stated:

> The Abstract of the Disclosure is objected to because in lines 8
> and 9, "base member so, that the cover element can be placed
> onto secured to the base member" is awkward.
> (Office Action, page 2)

As provided hereinabove, amendments have been requested to correct the language in

the abstract in order to address this objection to the abstract. Additionally, another minor

amendment to the abstract has been requested hereinabove. Thus, with the entering of these

amendments, the Applicant requests withdrawal of the objection to the abstract.

### Rejection of Claims 1-6 under 35 U.S.C. § 102(b)

The Office Action mailed February 12, 1996 rejected Claims 1-6 under 35 U.S.C. §

102(b) as being anticipated by U.S. Patent No. 5,025,335 (hereinafter "Stefansky '335").

More particularly, the Office Action stated:

> Claims 1 to 6 are rejected under 35 U.S.C. § 102(b) as being
> anticipated by Stefansky (U.S. 5,025,335). Please see
> attachment #1. A cover (24) includes mounting brackets (32)
> *for securing a PCB (36) to said cover.*
> (Office Action, page 2)

c:\wpfiles\3186\Xamend_1

6

STX 000197

Additionally, the Attachment # 1, which was attached to the Office Action, comprises a photocopy of Drawing Sheet 1 of Stefansky '335 (showing FIG. 1 thereof), with the additional identification of a "First Raised Portion" and a "Second Raised Portion" of the top cover of FIG. 1. The Applicant appreciates the inclusion of the Attachment #1 in the Office Action, as the Attachment #1 has furthered the Applicant's understanding of the rejection of Claims 1-6 by the Office Action.

However, the Applicant respectfully traverses the rejection of Claims 1-6 (as amended) as being anticipated by Stefansky '335.

To address the reasons why the Applicant traverses the rejection, the Applicant first wishes to point out the well established rule that the claims are to be fairly read in light of the specification, but it is improper to read limitations from the specification into the claims. In traversing the present rejection, the Applicant will not read specific limitations from the specification into the claims, but rather, the Applicant will focus upon the explicit claim language found in Claims 1-6 (as now amended) and compare this language, as fairly interpreted by one skilled in the art, to the reasons provided for the rejection of the claims.

Claim 1 claims a disk drive housing, including 1) a base member and 2) a cover element, the cover element being received onto and secured to the base member to form the housing. Additionally, the cover element comprises a top surface and sidewalls depending downwardly from the top surface.

Although Claim 1 includes additional limitations which are readily reviewable from the claim, of particular interest are the following limitations set forth in Claim 1 concerning

c:\wpfiles\21863\amend 1                         7

STX 000198

the top surface of the cover element:

> the top surface of the cover element including a first raised
> portion to provide a height dimension within the housing
> sufficient for topmost portions of a spindle motor and
> head stack assembly of a disc stack assembly;
>
> remaining portions of the top surface of the cover element
> providing a continuous, single PCB support surface.

(exerpt from Claim 1, as amended)

It will be recognized that the amendment of Claim 1 to modify the language "the cover element including a first raised portion" to "the top surface of the cover element including a first raised portion" is supported by the specification and brings the language of Claim 1 more into conformity with the language "remaining portions of the top surface of the cover element" found in Claims 1 and 2.

Thus, Claim 1 (as amended) claims a disc drive housing which includes a top cover element, the top cover element comprising a top surface and sidewalls depending downwardly from the top surface, the top surface including a first raised portion, and remaining portions of the top surface providing a continuous PCB support surface.

A review of Stefansky '335 shows that one of skill in the art would readily understand that this reference teaches the well known expedient of a top cover element having a top surface and sidewalls depending downwardly from the top surface. The Applicant notes that the Attachment #1 identifies portions of FIG. 1 of Stefansky '335 as a first raised portion and a second raised portion. However, the Applicants submit that these elements identified in Attachment #1 rather correspond to the top surface and the sidewalls, which are required by

c:\wpfiles\21805\amend 1                          8

STX 000199

the explicit language of Claim 1. The Applicant submits that, in addition to the top surface and the sidewalls, Claim 1 also requires a first raised portion of the top surface and remaining portions of the top surface which provide a continuous, single PCB support surface. The Applicant respectfully submits that Stefansky '335 neither teaches, nor suggests, a first raised portion of the top surface and remaining portions of the top surface. The Applicant further respectfully submits that Stefansky '335 neither teaches nor suggests the remaining portions of the top surface to provide continuous, single PCB support surface.

In rejecting the Claims 1-6 as being anticipated by Stefansky '335, the Office Action stated that the "cover (24) includes mounting brackets (32) for securing a PCB (36) to said cover" (Office Action, page 2). The Applicant agrees with this assessment of Stefansky '335, insofar as the cover does include mounting brackets for securing a PCB (Stefansky '335, col. 5, lines 52-56)

However, the Applicant submits that the explicit claim language of Claim 1 requires more than merely a cover which includes mounting brackets for securing a PCB, as taught by Stefansky '335; rather, a review of Claim 1 shows that specific limitations of Claim 1 are not taught or suggested by Stefansky '335.

Particularly, Claim 1 requires that the cover element have a top surface including a first raised portion, and remaining portions of the top surface providing a continuous, single PCB support surface. A review of Stefansky '335 shows that Stefansky '335 does not include "remaining portions of the top surface providing a continuous, single PCB support surface".

e:\wp\0\cr\31863\amend 1

9

**STX 000200**

First of all, one skilled in the art would readily understand that "top surface" means "top surface". There is no need or reason to give this term anything other than its common, understood meaning. However, Stefansky '335 shows the PCB to be mounted to the bottom of the cover element, not to the top surface of the cover element. Thus, Stefansky '335 does not provide a PCB support surface as part of the top surface of the cover element, as required by the language of Claim 1.

Additionally, Claim 1 requires that the top surface include a "continuous, single PCB support surface". However, Stefansky '335 shows the PCB to be mounted by way of four discrete mounting brackets. The Applicant respectfully submits that four discrete mounting brackets would not be understood by one skilled in the art to be the same as a "continuous, single PCB support surface". Thus, Stefansky '335 does not provide a "continuous, single PCB support surface", as required by the explicit language of Claim 1.

Moreover, Claim 1 describes the top surface as having a raised portion (providing a height dimension to accommodate internal disk drive components) and remaining portions of the top surface providing a continuous, single PCB support surface. Examining the language of Claim 1, it would readily be understood by one skilled in the art that the "raised portion" of the top surface would be at a higher elevation than the "remaining portions" of the top surface; that is, the word "raised" would be attributed its normal, common meaning, and when used in conjunction with the phrase "remaining portions", a contrast in elevation between the "raised portion" and the "remaining portions" of the same element (top surface) would readily be understood. However, a review of Stefansky '335 shows that the mounting

e:\wpfiles\02163\amrnd 1                    10

STX 000201

brackets 32 are at the same elevation as the top surface of the cover 24. Thus, the Applicant respectfully submits that Stefansky does not fairly teach or suggest a "raised portion" and "remaining portions" of the top surface of the cover element.

Claim 1 requires the cover element to have a top surface and sidewalls, the top surface further having a raised portion and remaining portions (the raised portion having a higher elevation than the remaining portions). Yet the Attachment #1 does not identify different elevations for the top surface. Even if the characterization of the Attachment #1 concerning the "first raised portion" is accepted, for purposes of argument, then the claim limitations of Claim 1 which require a top surface having both a raised portion and remaining portions are still not found in Stefansky '335.

Thus, in summary as pertaining to the rejection of Claim 1, the Applicant respectfully submits that Stefansky '335 does not anticipate Claim 1, as several explicit limitations of Claim 1 are not taught nor suggested by Stefansky '335. Particularly, as provided hereinabove, Stefansky '335 does not teach or suggest a cover element having a top surface and sidewalls depending downwardly therefrom, the top surface having a first raised portion and remaining portions, and the remaining portions providing a continuous, single PCB support surface. The Applicant thus requests reconsideration and withdrawal of the rejection of Claim 1.

Having concluded a discussion of Claim 1, attention is now requested to Claim 2, which depends from Claim 1. Claim 2 provides:

c:\wpfiles\21863\amend.1                    11

STX 000202

> 2.  The disk drive housing of claim 1 wherein the
> remaining portions of the top surface include a second raised
> portion to provide a height dimension within the housing
> *sufficient for topmost portions of a stack of disks of the disk*
> stack assembly, the first raised portion being higher than the
> second raised portion.
> (Claim 2, emphasis added)

As provided by the foregoing language, Claim 2 adds the additional limitation of a

second raised portion of the top surface of the cover element, the first raised portion having a

higher elevation than the second raised portion.  As Claim 2 depends from Claim 1, the

foregoing discussion with regard to Claim 1 is considered applicable to Claim 2 as well.

Thus, the Applicant submits that Claim 2 is patentably distinct from Stefansky '335 based

upon the foregoing discussion of Claim 1; however, the Applicant submits that Claim 2 is

further patentably distinct from Stefansky '335 based upon the additional limitations found in

Claim 2.

Again, focusing upon the explicit claim language of Claim 2, the claim requires a

second raised portion as well as a first raised portion as part of the top surface of the cover

element.  As provided hereinabove, the Attachment #1 provided with the Office Action

mailed February 12, 1996 identified portions of the cover as a "first raised portion" and a

"second raised portion".  However, the Applicant submits that these identified portions

actually correspond to the top surface and the sidewalls, which are express limitations of

Claim 2 (by way of independent Claim 1).

A review of Stefansky '335 does not provide any teaching or suggestion therein of a

first raised portion of the top surface which is higher than the second raised portion of the top

c:\wpfiles\32865\amend.1                              12

STX 000203

surface  Indeed, as provided hereinabove, the Applicant respectfully submits that Stefansky '335 is completely silent with respect to a "first raised portion", a "second raised portion" and "remaining portions" of the top surface of the cover element, as provided in the claims.

However, for the sake of argument assuming that the characterization of the "first raised portion" and the "second raised portion" of the Attachment #1 is correct, several claim limitations are still not met; particularly, the claims also require sidewalls in addition to the second raised portion, but the characterization of the Attachment #1 means that there are not any sidewalls in Stefansky '335.  Every claim limitation is material and essential and Claim 2 claims both sidewalls and a second raised portion.  Thus, Stefansky '335 requires both sidewalls and a second raised portion to anticipate Claim 2; however, as shown in Stefansky '335, the reference is silent concerning a second raised portion and instead clearly teaches a sidewall.  An argument that the same element in Stefansky '335 could serve as both the sidewalls and the second raised portion would also be contrary to the explicit claim language, as Claim 1 describes the cover element as being comprised of a top surface AND sidewalls, and the second raised portion is claimed in Claim 2 as being part of the top surface.  Thus, the sidewalls and the top surface are different, according to the explicit language of the claim.

The explicit claim language of Claim 2 therefore forgoes the interpretation of the element identified in the Attachment #2 as the second raised portion.

It is respectfully submitted that those skilled in the art, when reviewing the explicit claim language, would readily understand the element characterized in the Attachment #1 as

STX 000204

the "second raised portion" corresponds to the "sidewalls" claimed in Claim 1. It is further respectfully submitted that those skilled in the art would clearly find Stefansky '335 to be silent concerning the "first raised portion", "second raised portion" and "remaining portions" explicitly claimed in Claim 2.

In summary, the Applicant submits that Stefansky '335 does not anticipate, teach or suggest the limitations found in Claim 2. The Applicant therefore respectfully requests reconsideration and withdrawal of the rejection of Claim 2.

Turning now briefly to Claim 3 which was also rejected as being anticipated by Stefansky '335, it is respectfully submitted that the foregoing discussion concerning Claim 1 is applicable to Claim 3, as Claim 3 depends from Claim 1. The Applicants wish to state at this time that the amendments provided hereinabove to Claim 3 to change "base plate" to "base member" are requested to conform the claim language of Claim 3 to Claim 1.

Claim 3 (as amended) further includes the limitation that:

> "...the base [plate] member includes a raised portion defining a recess aligned with the first raised portion and having a shape corresponding to the preselected shape of the first raised portion..."
> (Claim 3, as amended)

It is respectfully submitted that Stefansky '335 neither teaches nor suggests this limitation of Claim 3 that the base member include "a raised portion defining a recess aligned with the first raised portion"; that is, Stefansky '335 is not only silent with regard to a "first raised portion" of the top surface of the cover element, Stefansky '335 is further silent with regards to a corresponding "raised portion defining a recess aligned with the first raised portion" of

c:\myfiles\21367amend 3                                        14

STX 000205

the base member. Thus, the Applicant respectfully requests reconsideration and withdrawal of the rejection of Claim 3.

Referring now to Claims 4-6 (Claim 4 being an independent claim and Claims 5 and 6 depend therefrom), Claims 4-6 were also rejected as being anticipated by Stefansky '335. It will be noted that amendments have been requested hereinabove to Claim 4 (which are similar to the amendments to Claim 1) to change the claim language "the cover element including a first raised portion" to "the top surface of the cover element including a first raised portion" to bring the claim language into conformity. It will be further noted that amendments have been requested to Claim 5 (which are similar to the amendments to Claim 3) to change the claim language "base plate" to "base member", in order to bring the claim language into conformity.

As Claims 4-6 are similar to the Claims 1-3, and the same rationale was provided in the Office Action concerning the rejection of both of these sets of claims, the foregoing discussion concerning Claims 1-3 is considered applicable to the rejection of Claims 4-6 Thus, the Applicant respectfully requests reconsideration and withdrawal of the rejection of Claims 4-6.

### Rejection of Claim 8 Under 35 U.S.C. § 102(e)

Additionally, the Office Action mailed February 12, 1996 rejected Claim 8 under 35 U.S.C. § 102(e) as being anticipated by U.S. Patent No. 5,420,733 ("Knighton '733"). More particularly, the Office Action stated:

c:\wpfiles\21865\amend.1                    15

STX 000206

> Claim 8 is rejected under 35 U.S.C. § 102(e) as being clearly anticipated by Knighton et al (U S 5,420,733).
> (Office Action, page 3)

As provided hereinabove, amendments have been requested to cancel independent Claim 8 and add new dependent Claims 9 and 10. The new Claims 9 and 10 have been written to generally incorporate the subject matter of cancelled Claim 8, with Claim 9 depending from Claim 2 and Claim 10 depending from Claim 9.

The Applicant respectfully submits that the cancellation of Claim 8 obviates the above rejection; further, the Applicant submits that newly added Claims 9 and 10 define patentable subject matter over the cited art, because of modifications to the language from cancelled Claim 8 and because Claims 9 and 10 depend from claims which, as provided hereinabove, are believed to be in proper condition for allowance. Thus, the Applicant requests reconsideration and withdrawal of the rejection based upon Claim 8 and allowance of the new Claims 9 and 10.

### Rejection of Claim 7 Under 35 U.S.C. § 103

The Office Action mailed February 12, 1996 also rejected Claim 7 under 35 U.S.C. § 103 as being unpatentable over Stefansky '335. Particularly, the Office Action stated:

> Claim 7 is rejected under 35 U.S.C. § 103 as being unpatentable over Stefansky. Note attachment #1 and paragraph 5 concerning the disclosure of Stefansky. Stefansky discloses post (26a-26d) for attaching his disk drive to a computer which are mounted to the base rather than the cover.

> Official Notice is given that it was notoriously old and

c:\opf\tzt\21863\amend 1                              16

STX 000207

> well known in the art to utilize attachment structures which were
> mounted to a cover for attaching a disk drive to a host
> computer.
>
> It would have been obvious to one of ordinary skill in the
> art at the time the invention was made to provide the disk drive
> of Stefansky with attachment structures which were mounted to
> the cover for attaching the disk drive to a host computer as was
> well known in the art. The motivation would have been:
> mounting a disk drive to a host computer via attachment
> structures provided to both a base and a cover would have
> provided balanced support of increased stability.
> (Office Action, pages 3-4)

As provided hereinabove, amendments have been requested to cancel independent

Claim 7 and add new dependent Claim 11. The new Claim 11 has been written to generally

incorporate the subject matter of cancelled Claim 7, with new Claim 11 depending from

Claim 6.

The Applicant respectfully submits that the cancellation of Claim 7 obviates the above

rejection; further, the Applicant submits that the newly added Claim 11 defines patentable

subject matter over the cited art because of the patentability of Claim 6, from which Claim

11 depends. Thus, the Applicant requests reconsideration and withdrawal of the rejection

based upon Claim 8 and allowance of the new Claim 11.

c:\wpfiles\21867\amend.1                                    17

STX 000208

It is respectfully submitted that the application, as now amended, is in condition for allowance for the reasons stated hereinabove. Therefore, it is requested that the Examiner reconsider the application and allow all the claims therein. This amendment is intended to be a complete response to the Office Action mailed February 12, 1996.

## POWER OF ATTORNEY

The undersigned attorney certifies that the Law Firm of McCarthy & Associates, Inc., 101 Park Avenue, Suite 250, Oklahoma City, OK 73102, has been assigned the responsibility for prosecution of this patent application by Assignee, as evidenced with the attached POWER OF ATTORNEY BY ASSIGNEE OF ENTIRE INTEREST (REVOCATION OF PRIOR POWERS OF ATTORNEY (with Certificate Under 37 CFR 3.73(b) attached).

Please advise if you require anything further.

Respectfully submitted,

F. MARK STEPANSKY,
Applicant

By:    _____
Bill D. McCarthy, Registration No. 26,772
Randall K. McCarthy, Registration No. 39,297
McCarthy & Associates, Inc.
101 Park Avenue - Suite 250
Oklahoma City, Oklahoma  73102
Telephone:    (405)232-5600

Attorneys for Applicant

c:\wp\files\2186\amend.1                    18

STX 000209