240

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

             Plaintiff,

    v.

CORNICE, INC.

             Defendant.

C.A. No. 04-418 (SLR)

REDACTED

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S RESPONSE BRIEF REGARDING
CONSTRUCTION OF DISPUTED TERMS IN U.S. PATENT NO. 6,545,845**

Date: December 16, 2005

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE  19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C.  20005
Tel: (202) 783-5070

Edmond R. Bannon
Lewis E. Hudnell, III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

**TABLE OF CONTENTS**

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

II.   SUMMARY OF THE ARGUMENT ...................................................................1

III.  COUNTER-STATEMENT OF FACTS ...............................................................1

IV.   ARGUMENT ...................................................................................................2

      A.    "Retaining Clip" ....................................................................................2

      B.    "Bearing Cartridge" ...............................................................................5

V.    CONCLUSION ................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

E-Pass Techs., Inc. v. 3COM Corp.
     343 F.3d 1364 (Fed. Cir. 2003)...............................................................5

Phillips v. AWH Corp.
     415 F.3d.1303 (Fed. Cir. 2005) (en banc)..........................................3

Wright Med. Tech., Inc. v. Osteonics Corp.
     122 F.3d 1440 (Fed. Cir. 1997)...............................................................6

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Pursuant to the Court's Scheduling Order [D.I. 36-1], Plaintiff Seagate Technology LLC ("Seagate") hereby submits this Response Brief regarding construction of disputed terms of U.S. Patent No. 6,545,845 ("the '845 patent," Ex. 1).[1]

## II.    SUMMARY OF THE ARGUMENT

Cornice continues to construe the '845 patent inconsistently with its claim terms, specification, and prosecution history. Cornice's entire non-infringement defense to the '845 patent, which covers a retaining clip used to secure an actuator arm to a bearing cartridge, boils down to the construction of the term "retaining clip." Seagate construes this term to mean "a mechanical device for holding or gripping the bearing cartridge to the actuator by engaging a groove(s) on the exterior of the bearing cartridge." Cornice limits the term to the preferred "clip ring" embodiment. Neither the claims, specification, nor the prosecution history serve to limit the claimed "retaining clip" to the preferred embodiment. Instead, when viewed in light of the intrinsic, and conforming extrinsic evidence, the only construction of "retaining clip" that is consistent with the evidence is Seagate's proposed construction.

## III.    COUNTER-STATEMENT OF FACTS

Cornice has a host of misguided "fact" arguments. Since most are irrelevant to claim construction, Seagate disputes but does not address each here. For instance, Cornice argues that the '845 patented invention is not "new," as if arguing invalidity. Of course, Cornice submitted no motion for summary judgment of invalidity here. The art Cornice cites is fully addressed in Dr. Gitis' rebuttal expert report concerning validity of the '845 patent [Ex. 2 at 16-32], and therefore Seagate refers this Court to the relevant pages of that report for a full and proper analysis of these references.

---

[1] Unless otherwise noted, Exhibits in this Brief refer to the Declaration of Timothy Devlin in Support of Plaintiff Seagate Technology LLC'S Response Brief Regarding Construction Of Disputed Terms In U.S. Patent No. 6,545,845, filed concurrently.

## IV.    ARGUMENT

### A.    "Retaining Clip"

The main dispute regarding the meaning of "retaining clip" is whether the term should be limited to the preferred embodiment's "snap ring" or "clip ring," as Cornice espouses, or whether it should be given its commonly understood meaning as Seagate contends. In addition, a dispute remains as to whether the retaining clip should be construed to require engagement of a single groove or multiple grooves on the exterior of the bearing cartridge.

When viewed in light of the intrinsic evidence, the term "retaining clip" should be construed to mean "a mechanical device for holding or gripping the bearing cartridge to the actuator by engaging a groove(s) on the exterior of the bearing cartridge." [See, e.g., Ex. 1 at 8:28-31; Figs. 4 and 14.] The claims of the '845 patent recite a "retaining clip" used to secure (i.e., hold or grip) the bearing cartridge to the actuator. As described in the written description, the retaining clip secures the actuator to the bearing cartridge by engaging a groove on the exterior of the bearing cartridge. [Id. at 8:28-31; Fig. 4.] In the preferred embodiment, the retaining clip is referred to as a "clip ring." The clip ring engages a peripheral groove formed on the exterior of the bearing cartridge in order to secure the bearing cartridge to the actuator. [Id. at 8:28-31; Fig. 4.]

The commonly understood meaning of the terms comprising the phrase "retaining clip" further support Seagate's construction. The term "retaining" means "to keep or hold in a particular place, condition, or position." [Ex. 3 at 1054.] The term "clip" means "a device for gripping; clasp; fastener." [Id. at 282.] Cornice attacks these definitions, not for the fact that they illustrate the ordinary meaning of the terms, but to suggest that they do not recite that the retaining clip must engage a groove or grooves on the exterior of the bearing cartridge. [D.I. 172 at 12.]

In doing so, Cornice ignores controlling precedent that states that while dictionary definitions may be used in determining the common understood meaning of claim language,

2

the terms must still be construed within the context of the intrinsic evidence. Phillips v. AWH Corp., 415 F.3d.1303, 1319 (Fed. Cir. 2005) (en banc). Here, the patentee made clear that the "retaining clip" engages a groove or grooves on the exterior of the bearing cartridge in order to retain the actuator to the bearing cartridge. Accordingly, not only are the generally accepted dictionary definitions consistent with the description of the claimed "retaining clip," they advise one of ordinary skill in the art as to the proper scope of the claims when read in light of the patent. Id.

    In addition, Cornice has argued that the threaded nut in the Cornice accused products does not engage a groove on the exterior of the bearing cartridge but instead engages a thread, which is made up of multiple grooves. [Ex. 4 at 17, ¶ 32.]

REDACTED

[D.I. 172 at 12.] Thus, Cornice's averments that a proper definition of "retaining clip" does not include the limitation that it engages a groove or grooves on the exterior of the bearing cartridge are unfounded.

    In a simple attempt to avoid infringement, Cornice improperly limits the term retaining clip to "a device such as a snap ring, retaining ring, or clip ring." [D.I. 172 at 6.] Cornice's construction is improperly limited to the preferred embodiment and based on a misunderstanding of the prosecution history. Cornice admits that it limits "retaining clip" to the preferred embodiment disclosed in the written description. [D.I. 172 at 6. ("The only embodiment of the retaining clip disclosed by the '845 patent is this clip ring."] Cornice however fails to provide any evidence as to why the term should be limited to this embodiment and, more importantly, Cornice's tactic has been expressly and routinely rejected by the Federal Circuit. Phillips, 415 F.3d at 1323 ("we have expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment.").

3

Cornice's additional reliance on the prosecution history to assert that Seagate "distinguished threaded means (such as nuts) from its invention" is also misplaced. [D.I. 172 at 7.] During prosecution, the Patent Examiner initially rejected the pending claims in view of Figure 2 of U.S. Patent No. 4,805,055 to Wright ("the Wright '055 patent) (reproduced below):



*Fig.2*

[Ex. 6, Figure 2.] According to the Examiner, the Wright '055 patent disclosed a "retaining clip (64)" (highlight in red) that engaged a portion of the bearing cartridge (highlighted in blue) to fasten the bearing cartridge to the actuator arms (highlighted in green). [Ex. 7 at 3 (STX000765).] In response to the Examiner's objection, the applicants explained that the asserted "retaining clip (64)" of the Wright '055 patent "does not engage 'a portion of the bearing cartridge to fasten the actuator arm 56 to the bearing cartridge." [Ex. 8 at 3.] Instead, the actuator arms in the Wright '055 patent are captured on the "bearing cartridge" by bolts which thread into the bottom flange of the bearing cartridge 66. [Id.]

Contrary to Cornice's assertions, instead of arguing that the claimed "retaining clip" does not cover threaded fasteners, such as the bolt in the Wright '055 patent or the threaded nut in the accused Cornice devices, the applicants were merely explaining to the Examiner that the alleged "retaining clip (64)" was only used to fasten the alleged bearing cartridge to

4

the separate post, not to fasten the bearing cartridge to the actuator arms. [Id.] The threaded bolts of the Wright '055 patent are used to fasten the actuator arms to the alleged bearing cartridge and do not engage grooves on the exterior of the bearing cartridge, nor do they fasten the alleged cartridge to the actuator arms in the central pivot portion of the actuator. [Ex. 8 at 25-27.] Accordingly, when read in the context of the applicants' statements during prosecution of the '845 patent, it is clear that Cornice's assertions that the applicants' in any way disclaimed coverage of a threaded retaining clip are unfounded.

Cornice's additional arguments that the inventors' testimony during deposition further support Cornice's construction are also without merit. As Cornice itself recognizes, "inventor testimony is of little probative value for purposes of claim construction." E-Pass Techs., Inc. v. 3COM Corp., 343 F.3d 1364, 1370 (Fed. Cir. 2003); [D.I. 172 at 9 (citing same).] Thus, the Court should construe "retaining clip" to mean "a mechanical device for holding or gripping the bearing cartridge to the actuator by engaging a groove(s) on the exterior of the bearing cartridge."

**B.    "Bearing Cartridge"**

The Court should construe "bearing cartridge" in accordance with its ordinary meaning to mean "a cartridge, including bearings, that provides for rotation of the actuator assembly about a pivot axis." Seagate has maintained throughout the parties' ITC investigation and this matter that this term should be construed in accordance with its ordinary meaning. The plain meaning of this term is fully supported by the claim language and the specification. For example, the specification provides that "[a] bearing cartridge 62, which is fixed to the base plate 12, is inserted in actuator arm 40 to provide a pivot point." [Ex. 1 at 8:26-28.]

Ignoring the intrinsic evidence and common meaning, Cornice seeks to import extraneous limitations all in an attempt to bolster its feeble invalidity arguments. According to Cornice, the bearing cartridge must include, in addition to bearings, an inner body, which rotates or is stationary with respect to an outer body. Cornice's sole support for these

5

extraneous limitations is extrinsic evidence, gleaned through the testimony of its paid expert. The claims and understanding of one of ordinary skill in the art, however, contradict Cornice's construction.

For example, Claim 9 specifically requires that the "bearing cartridge" is mounted on a separate "post". Assuming *arguendo* that the Court adopts Cornice's proposed construction, the post in Claim 9 would be subsumed by the "inner body" of Cornice's construction and would render the "post" limitation superfluous. Wright Med. Tech., Inc. v. Osteonics Corp., 122 F.3d 1440, 1444 (Fed. Cir. 1997) (rejecting claim construction that would make other terms in disputed claims mere "surplusage").

Moreover, as Seagate's expert, Dr. Gitis testified it is common engineering understanding that a "bearing cartridge" does not necessarily require an "inner body." [Ex. 9 at 87:14-16.] In addition, even the alleged prior art references Cornice relies upon shows that its construction is flawed. Reviewing Figure 2 of the Wright '055 patent, *supra*, illustrates an alleged bearing assembly (highlighted in blue) that does not contain an "inner body." Instead, as shown in the figure, the alleged bearing assembly is mounted on a separate post 62.

## V.    CONCLUSION

For the foregoing reasons, Seagate respectfully requests that the Court adopt its proposed constructions in their entirety and reject Cornice's proposals.

Dated: December 16, 2005                    FISH & RICHARDSON P.C.

By:  */s/ Timothy Devlin*
     Timothy Devlin (#4241)
     919 N. Market Street, Suite 1100
     Wilmington, DE  19899-1114
     Tel: (302) 652-5070

     Attorney for Plaintiff
     SEAGATE TECHNOLOGY LLC