IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

          Plaintiff,

      v.

CORNICE, INC.

          Defendant.

C.A. No. 04-418 (SLR)



**PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S
MOTION TO PRECLUDE (NO. 2) SEAGATE FROM ASSERTING
INFRINGEMENT WITH RESPECT TO ACCUSED 4.0 PRODUCTS**

Date: December 16, 2005

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Lewis E. Hudnell, III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDING.................................................1

II.   SUMMARY OF THE ARGUMENT ..................................................................1

III.  COUNTER-STATEMENT OF FACTS ...........................................................2

      A.    Cornice's Concealment of Its Products During The ITC
            Investigation.................................................................................2

      B.    The Discovery Dispute Regarding the 4.0 GB Disc
            Drive in this Action......................................................................3

IV.   ARGUMENTS.................................................................................................7

      A.    Cornice's Summary Judgment of Noninfringement
            Regarding Its 4.0 GB Drive Should be Denied.........................7

            1.    Legal Standards for Summary Judgment.....................7

            2.    The Discovery-Related Rulings That Cornice
                  Cites Do Not Justify a Summary Judgment of
                  Noninfringement.............................................................8

            3.    Summary Judgment of Noninfringement on The
                  4.0 GB Drive Should Be Denied Because
                  Substantial Disputes of Material Facts Exist ..............11

            4.          **REDACTED**
                  ..................................................................13

      B.    The Court Should Not Treat This Motion as a Motion In
            Limine ...........................................................................................15

V.    CONCLUSION...............................................................................................16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) ........................................................................ 7

Bradley v. Pittsburgh Bd. of Educ.,
913 F.2d 1064 (3d Cir. 1990) ........................................................ 16

Brobst v. Columbus Servs. Int'l,
761 F.2d 148 (3d Cir. 1985) ........................................................... 9

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) ..................................................................... 7, 8

Costlow v. United States,
552 F.2d 560 (3d Cir. 1977) .......................................................... 10

Gart v. Logitech, Inc.,
254 F.3d 1334 (Fed. Cir. 2001) ....................................................... 8

Gentry Gallery, Inc. v. Berkline Corp.,
134 F.3d 1473 (Fed. Cir. 1998) ....................................................... 8

Kovacs v. Rutgers Univ.,
822 F.2d 1303 (3d Cir. 1987) ........................................................ 10

Otis Elevator Co. v. George Washington Hotel Corp.,
27 F.3d 903 (3d Cir. 1994) ........................................................... 10

Pitney Bowes, Inc. v. Hewlett-Packard Co.,
182 F.3d 1298 (Fed. Cir. 1999) ....................................................... 7

**Rules**

Fed. R. Civ. P. 56(c) ....................................................................... 7

ii

I.    **NATURE AND STAGE OF THE PROCEEDING**

On November 18, 2005, defendant Cornice, Inc. ("Cornice") filed a motion "To Preclude [No. 2] Seagate from Asserting Infringement With Respect To Accused 4.0 Products." [D.I. 157.] Pursuant to the Court's Scheduling Order [D.I. 36-1], Plaintiff Seagate Technology LLC ("Seagate") respectfully submits this Opposition to the motion.

II.    **SUMMARY OF THE ARGUMENT**

The ITC settlement deprived Cornice of the revenue streams from its 1.0, 1.5, and 2.0 GB products. This litigation threatens its 3.0 GB drive. To save the revenue stream from its 4.0 GB drive, Cornice now seeks summary judgment that the 4.0 GB drive does not infringe any of the seven patents-in-suit. But Cornice's present motion should be rejected for a number of reasons.

First, the evidence of record – including Cornice's own admissions – indicates that the 4.0 GB drive

**REDACTED**

should be litigated on the merits. Otherwise, the 4.0 GB product

**REDACTED**

Beyond judicial economy, fundamental fairness counsels against granting Cornice's motion,

**REDACTED**

Second, as subsequent events have shown, the 4.0 GB drive was farther along than what Cornice represented at the June 28th discovery conference.

**REDACTED**    Yet, just 20 days after the discovery conference, Cornice issued a press release announcing not only the existence of

1

the 4.0 GB drive, but also that Cornice would be shipping the product in July 2005 in volumes of 10,000 units at $65 per drive.

**REDACTED**

### III.    COUNTER-STATEMENT OF FACTS

#### A.    Cornice's Concealment of Its Products During The ITC Investigation

Cornice sells small hard disc drives accused of infringing the seven patents-in-suit. These disc drives come in five discrete storage-capacity points: 1.0 Gigabyte ("GB"), 1.5 GB, 2.0 GB, 3.0 GB, and 4.0 GB. At the onset of the ITC investigation and this action, Cornice was already publicly selling the first three capacity points. But it was carefully obstructing discovery on its other products.

In the ITC proceeding, Seagate requested discovery of any product that Cornice would market or sell before the close of the evidentiary record, and Cornice responded with assurances that it had produced all responsive information without limiting its production to "currently commercialized products." [Ex. 1 (Nov. 3, 2004 Ltr fr. Mr. Riffe to Mr. Wheatley) at 2.] But evidence to the contrary surfaced during the December 7, 2004 deposition of Cornice's corporate witness Michael McNeil.

Throughout Mr. McNeil's deposition, Cornice repeatedly instructed the witness not to answer questions regarding products not specifically named in the ITC Complaint. [Ex. 2 (Dec. 7, 2004 M. McNeil Depo. Tr.) at 78:22-87:10.] To prevent Cornice's continued obstruction of discovery, Seagate requested a telephonic hearing with Administrative Law Judge Harris. During the telephonic hearing, Cornice justified its instruction by **REDACTED**

[Ex. 3 (Dec. 7, 2004 Tel. Hearing Tr.) at 7:20-8:8; 10:13-25; 11:19-24; 15:1-23.] After considering the parties' respective positions, Judge Harris ordered the witness to respond

2

REDACTED,  [Id. at 18:1-10.]  As a result, Seagate discovered that there was another drive that Cornice had concealed until then – the 3.0 GB drive.  [Ex. 2 (Dec. 7, 2004 M. McNeil Depo. Tr.) at 155:1-21.]  With the 3.0 GB drive becoming an accused product in the ITC case, Cornice stopped delaying the product's public launch and publicly introduced the drive within a few days of Mr. McNeil's deposition.  [Ex. 4 (Dec. 14, 2004 article re 3.0 GB Cornice drive).]

A few months later, Seagate again discovered that Cornice had withheld discovery on other products ready for commercialization.  One of these products was the 4.0 GB disc drive, as indicated by an internal e-mail dated December 17, 2004,

REDACTED

[Ex. 5 (Dec. 17, 2004 E-mail fr. Mr. Kow).]  According to the e-mail,

REDACTED

. [Id. at 1-2.]  An excerpt from that document, discussing "         REDACTED                  ," states:

[Id. at 2 (emphasis added.)]

Despite this information, Cornice continued to maintain that the 4.0 GB drive was REDACTED                  , and thus not subject to discovery in the ITC proceeding.  Although the parties disputed this point, the partial settlement reached on the virtual eve of the ITC trial deferred the issue to this action.  [Ex. 6 (May 2, 2005 Cornice's press release re ITC settlement).]

**B.    The Discovery Dispute Regarding the 4.0 GB Disc Drive in this Action**

Because Cornice agreed as part of the settlement to discontinue the manufacturing of its 1.0 GB, 1.5 GB and 2.0 GB disc drives [id.], the focus of this action shifted to the

3

still infringing 3.0 GB drive and to the 4.0 GB drive

REDACTED

. Despite Seagate's discovery requests, Cornice refused to produce further information about the 4.0 GB product.

The parties presented this discovery dispute to this Court at the May 11, 2005 discovery conference. Although noting that it does not allow discovery into products still in R&D, the Court indicated that "[n]ow, if you want to add some more about a product if it's going to be marketed before this case goes to trial, then I would be happy to hear more on that." [D.I. 67 (copy attached as Ex. 7) at 11:12-19.] Cornice's counsel then represented that the 4.0 GB drive was still "        **REDACTED**        ."
[Id. at 17:4-14.] Based on this representation, the Court stated:

REDACTED

[Id. at 20:2-12.]

In the ensuing month, Seagate obtained independent evidence indicating that Cornice        **REDACTED**        . [D.I. 111 (copy attached as Ex. 8) at 7:15-23.] On that basis, Seagate made an oral motion during the June 28, 2005 discovery conference to compel Cornice to produce information regarding the 4.0 GB drive. [Id. at 5:5-15.] In response, Cornice's counsel again represented that

REDACTED

4

[Id. at 12:5-10 (emphases added).] Cornice's attorney further underscored this point by

indicating that "                        **REDACTED**

" [Id. at 17:16-22.] Based on these representations, the Court stated:

    3         THE COURT: Well, but the bottom line is,
    4   if it's not being marketed as a commercial product, I
    5   thought I had already ruled that it was not part of this
    6   case. Therefore, the argument you are making is, once
    7   again, trying to push my ruling and change it. I am not
    8   changing it. It is not on the market. It is not for
    9   sale on the market.

[Id. at 14:3-9.] But recognizing that Seagate could not independently test the alleged

status of the 4.0 GB drive, the Court ordered Cornice to produce a corporate designee to

testify regarding the schedule of the disputed product and gave Seagate leave to submit

limited evidence – in the form of excerpts of deposition transcripts – supporting a

possible reconsideration of the Court's discovery order. [Id. at 16:10-14, and 19:13-19.]

On Friday July 15, 2005, Cornice finally produced for deposition Mr. Scott Holt

to address the status of the 4.0 GB product. [Ex. 9 (July 15, 2005 S. Holt Depo. Tr.).]

On Monday July 18, 2005 (the next business day after Mr. Holt's deposition), Cornice

issued a press release announcing the release of its 4.0 GB disc drive. [Ex. 10 (July 18,

2005 Cornice Press Release).] The press release highlighted the higher storage capacity

of the drive and the inclusion of an improvement – called "Crash Guard II" – that reduces

head crashes. [Id. at 1.] The document also stated that "[t]he 4.0-gigabyte SE with Crash

Guard II technology will be available in July 2005 at $65 per unit in quantities of

10,000."[1] [Id. at 2 (emphasis added).] In other words, Cornice had the 4.0 GB drive

---

[1] Because the Court indicated during the June 28th discovery conference that it only
wanted relevant excerpts from deposition transcripts and exhibits in any submission
regarding discovery on the 4.0 GB drive, Seagate was unable to present Cornice's July
press release in its August 3, 2005 submission. [D.I. 120.]

ready, but delayed the public launch until two weeks after the discovery cut-off date and one business day after the deposition of its corporate designee.

Because the Court had noted its unavailability during the month of July [D.I. 67 at 16-17], Seagate waited until early August to seek leave to pursue discovery on the 4.0 GB drive. [D.I. 120.] Per the Court's instructions, Seagate limited its submission in support of its request to relevant excerpts from Mr. Holt's deposition transcript and exhibits, without extraneous evidence or arguments. [Id.] Based on its review of the deposition transcript and exhibits, the Court denied Seagate's discovery-related request in a written order issued on August 9, 2005. [D.I. 123.]

Although Seagate could no longer pursue discovery regarding Cornice's 4.0 GB drive, it had learned from Mr. Holt's testimony that **REDACTED**

[Ex. 9 (July 15, 2005 S. Holt Depo. Tr.) at 37:2-3.]

**REDACTED**                [Id. at 39:22-40:1.]

[Id. at 40:18-20.]

**REDACTED**

Cornice now seeks a declaratory ruling of noninfringement regarding the 4.0 GB disc drive. [D.I. 157.]

6

## IV.     ARGUMENTS

### A.     Cornice's Summary Judgment of Noninfringement Regarding Its 4.0 GB Drive Should be Denied

In its Scheduling Order, the Court permitted the parties to file summary judgment motions, Daubert motions, and claim construction briefs on November 18, 2005. [D.I. 36-1, at ¶ 2(c)(2) and ¶¶ 6-7.] Cornice filed this "Motion to Preclude Seagate from Asserting Infringement With Respect To Accused 4.0 Products" on November 18, 2005. [D.I. 157.] Since this motion is neither a Daubert challenge nor a claim construction brief, it is therefore a summary judgment motion regardless of the title Cornice gave to its request.[2] Under controlling precedent, Cornice's motion for summary judgment of noninfringement regarding the 4.0 GB drive cannot be granted, because the motion lacks support from the authorities to which Cornice cites and because disputes of material facts preclude a grant on this motion.

### 1.     Legal Standards for Summary Judgment

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Thus, summary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims." Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1304 (Fed. Cir. 1999); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (stating that summary judgment is only appropriate when no "reasonable jury could return a verdict for the nonmoving party.") To avoid summary judgment, the nonmoving party simply needs to offer specific facts establishing a genuine issue of material fact for resolution at trial. Celotex, 477 U.S. at

---

[2] For the reasons discussed below in Section B, see infra Part IV.B., the Court's previous orders and basic fairness preclude treating Cornice's motion  as a motion in limine.

324. A genuine dispute of material fact exists if the factual dispute at issue could affect the outcome of the suit and the nonmoving party presents sufficient specific evidence to support a jury verdict in its favor. Anderson, 477 U.S. at 248.

A motion for summary judgment of noninfringement requires as a first step claim construction as a matter of law, and as a second step, comparison with the accused products as a matter of fact. See Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1476 (Fed. Cir. 1998). But "[a]n infringement issue is properly decided upon summary judgment when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." Gart v. Logitech, Inc., 254 F.3d 1334, 1339 (Fed. Cir. 2001).

### 2.    The Discovery-Related Rulings That Cornice Cites Do Not Justify a Summary Judgment of Noninfringement

Cornice attempts to justify its noninfringement summary judgment motion by pointing to three discovery rulings. [D.I. 157.] That is nonsensical. Contrary to Cornice's insinuations, these three rulings did not adjudicate whether Cornice's 4.0 GB drive infringes the patents-in-suit and did not preclude Seagate from alleging infringement based on the available evidence. As their respective scope and context show, the three rulings disposed of only one issue: whether Seagate is entitled to discovery on Cornice's 4.0 GB disc drive.

During the May 11, 2005 discovery conference, Seagate outlined the parties' discovery dispute regarding Cornice's 4.0 GB product. After hearing both sides and receiving representation from Cornice's counsel that the 4.0 GB drive was still in research and development, the Court declined to extend the discovery cut-off date. [D.I. 67 at 20:2-12.] But the Court noted that products marketed before trial may properly be part of the case: "Now, if you want to add some more about a product if it's going to be marketed before this case goes to trial, then I would be happy to hear more on that." [Id. at 11:12-19 (emphasis added).] Thus, contrary to Cornice's arguments, the Court did not

8

exclude the 4.0 GB drive – as long as it is marketed before trial – from this case and did not adjudicate whether this disc drive infringes any patents-in-suit.

The ruling issued during the June 28, 2005 hearing also focused on a discovery dispute. Specifically, the Court's ruling disposed of the motion to compel that Seagate orally made at the onset of the hearing regarding withheld discovery on the 4.0 GB drive. [D.I. 111 at 5:5-15.]                    **REDACTED**

                                                                                       [Id. at

12:5-10; 17:16-22.] Based on these representations, the Court denied the motion to compel without prejudice, referring back to its May 11, 2005 discovery ruling by stating that "the bottom line is, if it's not being marketed as a commercial product, I thought I had already ruled that it was not part of this case." [Id. at 14:3-5.] Far from adjudicating the issue raised in the present motion, the Court only addressed the motion to compel Seagate made at the hearing.

The August 9, 2005 order reinforces this point. The Order only addressed one issue in that order: Seagate's "request for discovery on any 4.0 gig products." [D.I. 123.] As the Order explained, the Court denied the request because it was not persuaded "that any such products are presently in the market as commercial products." [Id.] Like the previous rulings, this Order disposed of a discovery dispute, rather than a substantive issue of noninfringement as Cornice now suggests.

As this review of the discovery rulings indicate, Cornice is wrong in presuming that the Court reached, and in fact adjudicated, the issue raised in the present motion – whether Seagate may pursue its claims that the 4.0 GB drive infringes any of the seven patents-in-suit. Had the Court intended to preclude Seagate from pursuing its infringement action on this product in any of these three rulings, it would certainly have given due notice before making an adjudication as a matter of law that would eliminate a part of the infringement causes of action Seagate brought in its Complaint. See Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 153-54 (3d Cir. 1985) (reversing district court's

9

evidentiary ruling precluding plaintiffs from using certain evidence, because "the district court's procedure converted the in limine motion into one for summary judgment, but without the procedural protections of notice which the federal rules require before judgment on the merits may be granted."). In addition to providing fair notice, the Court would also have afforded Seagate an opportunity to be heard and to present evidence establishing a genuine dispute of material facts before summarily adjudicating that Cornice's 4.0 GB did not infringe the patents-in-suit. See Otis Elevator Co. v. George Washington Hotel Corp., 27 F.3d 903, 910 (3d Cir. 1994) ("[A] district court may not grant summary judgment sua sponte unless the court gives notice and an opportunity to oppose summary judgment."). And to give Seagate access to evidence necessary to oppose the motion and that only Cornice possesses, the Court would also have permitted full discovery into the 4.0 GB product before issuing a ruling on the merits as a matter of law. See Kovacs v. Rutgers Univ., 822 F.2d 1303, 1313-14 (3d Cir. 1987) (determining that summary judgment on the merits of a claim was improper without discovery, noting that "there has been no discovery on the factual issues relating to the merits. In this posture, summary judgment on this issue would have been premature."); Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977) ("[W]e have said that where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.").[3]

But the record is devoid of any such notice, opportunity to be heard, or discovery related to the merits of the issues. [D.I. 67, 111, 123.] There is no such evidence in the record for one simple reason: the Court's ruling only addressed the scope of discovery,

---

[3] Should the Court be inclined at this juncture to grant Cornice's instant motion on the merits, Seagate respectfully moves for a continuance and leave to take discovery on the 4.0 GB product in order to properly oppose Cornice's premature motion. See Costlow, 552 F.2d at 564.

without ever reaching the substantive question of whether Cornice's 4.0 GB product infringe the patents-in-suit.

Accordingly, Cornice reads more into these three discovery rulings than their narrow scope can justify. Because the Court's previous rulings do not even address the present summary judgment motion, they do not support Cornice's instant motion.

###    3.    Summary Judgment of Noninfringement on The 4.0 GB Drive Should Be Denied Because Substantial Disputes of Material Facts Exist

Throughout the ITC investigation and this action, Cornice has done its utmost to preserve its future revenue stream by obstructing discovery on its soon-to-be-commercialized products. In December 2004, Judge Harris had to compel disclosure of the 3.0 GB disc drive. [Ex. 2 (Dec. 7, 2004 M. McNeil Depo. Tr.) at 155:1-21.] With "the cat out of the bag," Cornice then publicly launched that drive just a few days later. [Ex. 4 (Dec. 14, 2004 article re 3.0 GB Cornice drive).]

The 4.0 GB drive is no exception to this tactic. During both discovery conferences on May 11 and June 28, Cornice adamantly asserted that

**REDACTED**

. [D.I. 111 at 12:5-10 and 17:16-22.] Yet, on July 18, 2005 (just three weeks after the June 28 hearing and the next business day after the deposition of its corporate designee on the status of the new drive), Cornice issued a press release announcing the availability of its 4.0 GB drive. [Ex. 10 (July 18, 2005 Cornice Press Release).] In the mid-July press release, Cornice even claimed that "[t]he 4.0-gigabyte SE with Crash Guard II technology will be available in July 2005 at $65 per unit in quantities of 10,000." [Id. at 2 (emphasis added).] In three short weeks, Cornice's 4.0 GB drive

**REDACTED**

There is no miracle at work here, and the explanation is simple:

**REDACTED**

." [Ex. 9 (July 15,

11

2005 S. Holt Depo. Tr.) at 37:2-3.]


**REDACTED**


[Id. at 39:14-40:20.]


**REDACTED**

[Id. at 109:21-110:9 (emphasis added).]

**REDACTED**

[Id. at 42:13-20.]

**REDACTED**

4.          **REDACTED**

**REDACTED**

      The defendant realized this problem shortly after the Court ordered it, at the June 28, 2005 discovery conference, to produce evidence related to the timing of its 4.0 GB program.          **REDACTED**

13

REDACTED

[Ex. 11 (July 25, 2005 Ltr fr. Mr. Wheatley to Mr. Nester) at 1.]

REDACTED

When Administrative Law Judge Harris permitted Seagate to depose Cornice's corporate

designee on the status of the 4.0 GB program in late March of 2005,

REDACTED                        [Ex. 12 (Mar.

21, 2005 Tr. of S. Holt Depo.) at 9:4-10:2.]  As recently as the June 28 discovery

conference,            REDACTED

[D.I. 111 at

12:5-8.]

REDACTED

[Id.]

When Seagate subsequently noted the still deficient production on

REDACTED                        [Ex.

11 (July 25, 2005 Ltr fr. Mr. Wheatley to Mr. Nester) at 1.]  In response, Cornice stated:

REDACTED

[Id. at 1-2 (emphasis added).]  By

14

REDACTED


Even more problematic for Cornice's current noninfringement motion is the

REDACTED


[D.I. 67 at 17:4-14; D.I. 111 at 12:5-10 & 17:16-22],


REDACTED


[D.I. 67 at 11:12-19.]


REDACTED


[E.g., Ex. 13 (dated July 25, 2005); Ex. 9 at 108:25-109:9 (        REDACTED
).]


REDACTED


**B.     The Court Should Not Treat This Motion as a Motion In Limine**

Based on the title Cornice gave to this motion, Seagate expects that Cornice will try to circumvent the deficiencies in its summary judgment motion by recasting it as a motion in limine. But Cornice cannot do so for at least two reasons.

15

First, such an evidentiary motion would be premature under the Court's March 23, 2005 order. [D.I. 50.] The March 2005 Order explicitly instructed that the "parties in this patent litigation shall not file motions in limine," requiring the parties to be ready to address their evidentiary disputes at the April 17, 2006 pretrial conference. [Id.]

Second, an evidentiary motion cannot result in the relief that Cornice now seeks – a judgment precluding Seagate from asserting any of the seven patents-in-suit against Cornice's 4.0 GB drive. As the Third Circuit explained, "[u]nlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (disapproving disposition of in limine motion through summary judgment). Accordingly, to issue a judgment – with its preclusive effects in subsequent litigation – on the 4.0 GB product as Cornice now requests would improperly reach the merits of whether the product infringes and therefore exceeds the proper use of in limine motions. See id.

## V.     CONCLUSION

For the reasons provided above, Seagate respectfully requests that the Court deny Cornice's Motion to Preclude (No. 2) Seagate From Asserting Infringement With Respect To Accused 4.0 Products.

Dated: December 16, 2005                    FISH & RICHARDSON P.C.


                                            By: /s/ Timothy Devlin
                                                Timothy Devlin (#4241)
                                                919 N. Market Street, Suite 1100
                                                Wilmington, DE 19899-1114
                                                Tel: (302) 652-5070

                                            Attorney for Plaintiff
                                            SEAGATE TECHNOLOGY LLC


16