# Ex. 1

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# FISH & RICHARDSON P.C.

1425 K Street, N.W.
11th Floor
Washington, DC 20005

Telephone
202 783-5070

Facsimile
202 783-2331

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

**VIA E-MAIL**

November 3, 2004

Russell S. Wheatley, Esq.
Weil, Gothsal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002

Re:    *In re Certain Disc Drives, Components Thereof, and Products Containing Same*, U.S. ITC Inv. No. 337-TA-516

Dear Russ:

This letter memorializes the recent meet and confer sessions regarding Cornice's insufficient document production and insufficient responses to Seagate's interrogatories.

As an initial matter the parties initially agreed that they are not withholding any production based on any claim of third-party confidentiality. Since our discussions however, we have learned, as discussed in my October 29, 2004 letter to David Radulescu, that Cornice is precluding SAE/TDK from producing documents responsive to the ALJ's subpoena based on third-party confidentiality. As set forth in my October 29 letter and Brian Nester's November 3, 2004 letter to David Radulescu, Cornice's actions are baseless and improper and Cornice must withdraw its objections to SAE/TDK and allow them to produce the responsive information.

### A. Cornice's General Objections To Seagate's Interrogatories and Document Requests

With regard general objection No. 7, Cornice confirmed that it is not withholding documents of its known predecessors (including, but not limited to, Convergent Systems Solutions), subsidiaries, parents, and affiliates. Similarly, with regard to Cornice general objections 14, 15, 16 and 17, we understand that Cornice is not narrowing Seagate's definition of SAE, TDK, Hoya, Texas instruments, and Agere, and is instead producing requested documents of these entities known predecessors, subsidiaries, parents, and affiliates.

FISH & RICHARDSON P.C.

Russell S. Wheatley, Esq.
November 3, 2004
Page 2

With regard to General Objections Nos. 8 and 9, Cornice confirms that it has produced information for all versions of its Storage Element products, whether in research, design, production, or commercial phase, not just "current commercialized versions."

### B. Cornice's Interrogatory and Document Response Deficiencies

As an initial matter, for all interrogatory responses for which the parties rely on documents to answer an interrogatory, pursuant to rule 210.29, the parties agreed to provide the Bates numbers to identify documents from which a response to the interrogatory could be ascertained. As noted in my letter to Ms. Vining on November 1, 2004, Cornice has referred to various documents without providing specific Bates numbers. Please supplement your responses immediately.

With respect to interrogatory no. 3, Cornice has agreed to supplement its document production to include a table reflecting Cornice's sales to United States- and foreign-based customers. According to Cornice, the table shall reflect the identity of customers, as well as the volumes and unit prices of sales. As of the date of this letter, Cornice has not produced the supplemental information and must do so immediately.

Further, with respect to interrogatory no. 3, Cornice agreed to supplement its response to identify its importation of the Accused Products for testing, qualification or demonstration. Despite its agreement, Cornice did not include any of this information in its supplemental response to interrogatory no. 3.

With respect to interrogatory nos. 4 and 10, Cornice agreed to supplement its document production to include a table reflecting Cornice's sales to United States- and foreign-based customers. As noted with respect to interrogatory no. 3, as of the date of this letter, Cornice has not produced the supplemental information and must do so immediately.

With regard to interrogatory nos. 11 and 12, Cornice will not supplement its responses. Cornice refuses to identify products into which the Accused Products are, have been, or may be incorporated, or provide information regarding the sale for importation into the United States, importation into the United States, and/or sale in the United States of such products. Once again, Cornice asserts that it has provided what it believes to be all variations and iterations of the relevant technical features of the Accused Products.

FISH & RICHARDSON P.C.

Russell S. Wheatley, Esq.
November 3, 2004
Page 3

With respect to interrogatory no. 15, Cornice will not supplement its response to interrogatory no. 15 to identify all known actual, planned, or expected importations by any third party of the Accused Products into the U.S.

Turning to interrogatory no. 18, Cornice will not supplement its response to identify any consideration, plan or attempt by Cornice to alter the Accused Products to avoid infringement of any of the Seagate patents. According to Cornice, it has produced all technical information identifying each version of the relevant components of the Accused Products.

With regard to interrogatory nos. 20, 21, 25, 28, 44-46, 55-59, 63, 66, which Cornice asserts relates to its contentions, Cornice agreed to supplement its responses when the parties exchange expert reports.

With regard to interrogatory nos. 30 and 52, pursuant to its agreement, Cornice has identified in its supplemental responses the individuals who are currently included within its "core engineering team," as well as identified the patents for which these individuals are named as inventors. Cornice, however, refuses to identify any former employees, or their patents, who were included within its "core engineering team."

With regard to interrogatory no. 32 and document request no. 63, Cornice will not identify or produce documents relating to Mr. Jianbo He, even after Seagate, at Cornice's request, provided Cornice with a specific, narrowed list of information pertaining to Mr. He.

With regard to interrogatories 35-39 and 42, and document request nos. 12-15, Cornice will not supplement its responses or production, even after Seagate, at Cornice's request, in order to focus the interrogatories and document requests, provided Cornice with a specific, tailored list of communications that were responsive to each request.

With respect to interrogatory 40, Cornice will produce representative samples of purchase orders, etc. by and between Hoya, Agere, and Cornice. Citing undue burden, Cornice refuses to produce all such orders. In addition, Cornice refuses to identify purchase orders that Cornice issues to suppliers of components of its drives, and also refuses to identify or produce purchase orders that Cornice receives from its customers. Further, Cornice asserts that it has already produced its contract with SAE, however, upon review of the Cornice documents, Seagate has been unable to identify this agreement. Please provide the Bates numbers for this agreement immediately.

FISH & RICHARDSON P.C.

Russell S. Wheatley, Esq.
November 3, 2004
Page 4

With regard to interrogatory nos. 41 and 44 and document request no. 8, Cornice refuses to respond to the requests.

### i. Additional Document Response Deficiencies

With regard to document request nos. 3, 5-7, and 34-42, Cornice agrees to supplement its production to include a table of all of Cornice's customers, including its non-U.S. based customers, unit volume and unit price information and shipment records. Further, Cornice agrees to produce documents identifying Cornice drives imported by Cornice itself into the U.S. for the purpose of demonstrations and/or testing. Seagate has not received such information.

Cornice refuses to produce documents relating to its distribution network, including its distributors, other than the supplemental customer sales table discussed above.

Cornice refuses to produce any information relating to incorporation of the Accused Products into downstream products, including design-in related customer communications, or communications about design wins for the accused products. As we discussed, this information is responsive to many requests, but document request no. 4 is representative.

With regard to document request no. 5, Cornice agreed to supplement its production to provide documents relating to the distribution, re-sale, or licensing of the Accused Products, including documents relating to all distributors, re-sellers, manufacturing and/or warehousing facilities, and product distribution outlets. Likewise, Cornice agreed to produce information sufficient to identify the location of its inventory and the quantity of this inventory in the United States from 2003 to the present. Seagate has not received this information.

With regard to at least document request nos. 16 and 64, Cornice refuses to supplement its production to include documents identifying the investments in capital equipment used in the manufacture/assembly of the Accused Products, and the entities responsible for such investments, and all documents reflecting money paid by Cornice for the manufacture, assembly, or services related to the Accused Products.

With regard to at least document request nos. 26, 27, 28 and 32, Cornice refuses to provide documents relating to Cornice's marketing of the Accused Products to current, past, and prospective customers, such as sales presentations, brochures and customer communications.

With regard to document request nos. 29-31, Cornice maintains its objections to these requests, and will not produce documents discussing or making reference to the

FISH & RICHARDSON P.C.

Russell S. Wheatley, Esq.
November 3, 2004
Page 5

quality, value, acceptability, workability, performance or benefits, market share of the
Accused Products and products containing same.

With regard to document request nos. 33 and 44, Cornice will supplement its
production to include recent business plans.

With regard to document request no. 53, Cornice will produce complete copies of its
patents and/or patent applications, including internal file histories.

With regard to document request no. 54, Cornice agrees to provide copies of any
licenses entered into, signed and executed, or proposed by Cornice or any other third
party to obtain rights to make, use, sell the Accused Products and products containing
the same.

With regard to document request no. 55, Cornice asserts that it has provided Seagate
with all documents referring or relating to when and how Cornice first became aware
of the patents-in-suit.

With regard to document request no. 56, Cornice will produce any communication
between Cornice and any other person regarding the patents-in-suit or this litigation.

With regard to at least document request nos. 57, 58, and 59, Cornice will provide all
documents referring or relating to any consideration given by Cornice to any possible
liability for patent infringement should Cornice commence or continue to make, use,
distribute or sell the Accused Products, including without limitation any legal advice
sought or received and any analysis of any Cornice products for potential or actual
infringement of the patents-in-suit, to the extent Cornice does not assert privilege.

With regard to document request no. 64, Cornice will produce documents referring or
relating the patents-in-suit, but not documents relating to Seagate.

Finally, Seagate notes that each of the parties agreed to supplement its document
production. In good faith, Seagate supplemented its production on November 2,
2004. As discussed above, although Cornice agreed to supplement its production, it
has not done so, nor has it given Seagate any assurances that it plans to do so in the

FISH & RICHARDSON P.C.

Russell S. Wheatley, Esq.
November 3, 2004
Page 6


near future. Cornice must provide the supplementation immediately as it is well
aware that the parties are currently scheduling depositions. Any further delay by
Cornice to provide the supplemental information is unduly prejudicing Seagate's
ability to prepare for these depositions.


Very truly yours,

Timothy W. Riffe

cc:  Thomas S. Fusco, Esq.

# Ex. 2

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 3

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because
they contain confidential information
subject to the protective order*

*There is no public version of the document that is
available.*

# Ex. 4

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

 **NEWS.COM**
NEWS OF CHANGE

News.com Mobile
for PDA or phone

CNET tech sites: Pro

Login: E-mail address

My N

| Front Door | Business Tech | Cutting Edge | Access | Threats | Media 2.0 | Markets | Digital Life |

# Mini drive survives school of hard knocks

By Michael Kanellos
Staff Writer, CNET News.com
Published: December 14, 2004, 7:34 AM PST

TalkBack | E-mail | Print | TrackBack

**Finally, a miniature hard drive you can drop on the sidewalk.**

Mini-drive specialist Cornice will unfurl a new 3-gigabyte, 1-inch-diameter hard drive at next month's Consumer Electronics Show that offers more shock resistance and uses less battery life than its predecessors. The drive is due out in 2005.

The company, which has landed its drives in Sony music players and a Samsung cell phone, will distinguish itself in an increasingly crowded field in 2005 by emphasizing price and durability rather than capacity.

At 3GB, the drive--which Cornice calls a "storage element"--will hold less data than high-end drives from competitors such as Hitachi. The drive, however, will come with a "crash guard" latch that physically locks the drive arm in place when not in use. Locking the arm is designed to cut down failures associated with dropping.

Even with the arm unlocked, an MP3 player containing the upcoming drive can be dropped from about 5 feet without damage--higher than in the past, noted David Feller, vice president of marketing.

"You want to make sure that it if falls off your belt and onto the concrete, it won't die," he said.

Batteries on some devices containing the company's drives will last 20 hours, he added.

Manufacturers will offer players with the 3GB drive for $159 to $199 next year. Players with 1-inch drives currently cost about $200 to $250. Price declines are related in part to cutting out additional parts from the drive.

Competition in the mini-drive market will likely increase next year as more competitors, such as Toshiba and Samsung, enter the market.

 ENTERPRIS
SPAM AND
CLICK HERE FOR F

RECLAIM

---

**DID YOU KNOW?**
Select a tab below to set you

**THE BIG PICTURE** | **RELATED ST**

Put this story in perspective with th

---

**In other news:**

SNARFing your way
through e-mail

Evolution of the couch
potato

That Google feeling, but
on the cheap

Perspective: Wikipedia
and the nature of truth

More music players are actually based around flash memory, but the
percentage of players containing 1.8-inch or 1-inch drives is growing
fast. Hard-drive players also generally sell for more than flash memory
ones.

Toshiba and Hitachi are both set to make announcements at CES, which
takes place Jan. 6 to 10 in Las Vegas.

[TalkBack]  [E-mail]  [Print]  [TrackBack]

**READ MORE ON THIS STORY'S TOPICS AND COMPANIES**

| Storage | Add to My News | Create an alert |
| Music | Add to My News | Create an alert |
| Memory | Add to My News | Create an alert |
| MP3 players | Add to My News | Create an alert |

**TALKBACK**                                              **1 comments**

**Micro-gyro sensors**                                    **Post a comment**
Robbie Jena   Dec 14, 2004, 10:13 AM PST

                                        **Read more comments >**



**Dice Career Gu**

**Post your resur**
seen by thousa
Find your next gr

**Are you earning**
Find out how you

**Search more th**
keywords skill,
Read all about it:

**The leading prov**
online recruiting
for tech profess

# Ex. 5

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 6

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS



| Home | Technology | Products | Applications | Partners | News | Company |

Press Releases    Events    News Articles    Press Kit

## Press Releases

### SEAGATE AND CORNICE REACH PARTIAL SETTLEMENT OF THEIR PENDING PATENT LAWSUITS

LONGMONT, Colo. — May 2, 2005 — Seagate Technology (NYSE:STX) and Cornice today announced that they had reached a partial settlement of their pending patent lawsuits. Under the terms of the settlement, for the sake of judicial economy and pending a resolution of the dispute in the United States District Court for the District of Delaware, Cornice has agreed that it would cease manufacture by May 31, 2005 of the products that were the subject of a Complaint filed by Seagate before the United States International Trade Commission on June 22, 2004, which include the Cornice 1.0, 1.5 and 2.0 GB products. A hearing before an Administrative Law Judge at the ITC had been scheduled to begin on May 2, 2005.

The partial settlement does not affect either Seagate's pending complaint for patent infringement in the US District Court or Cornice's cross-complaint. A trial in the Delaware lawsuit remains scheduled for June 2006.

**About Cornice**

Cornice Inc. is the leading innovator in compact, low-cost, high-capacity storage that enables a new generation of pocket-able consumer electronic devices for the world's foremost brand-name manufacturers. The Cornice Storage Element (SE) is durable, integrated personal storage that brings new levels of affordability and content capacity to these devices. The Cornice SE is built into a wide variety of consumer products, including mobile phones, MP3 players, personal video recorders, GPS devices and portable storage products. Cornice customers consist of the world's leading consumer electronics manufacturers, including Creative Labs, Garmin, iRiver, Philips, Rio, Samsung, Soniqcast, Sony and Thomson/RCA. Privately held, Cornice is headquartered in Longmont, Colorado, with integration centers in Hong Kong, Japan and Taiwan. Visit Cornice at http://www.corniceco.com/.

**About Seagate**

Seagate is the worldwide leader in the design, manufacturing and marketing of hard disc drives, providing products for a wide-range of Enterprise, Desktop, Mobile Computing, and Consumer Electronics applications. Seagate's business model leverages technology leadership and world-class manufacturing to deliver industry-leading innovation and quality to its global customers, and to be the low cost producer in all markets in which it participates. The company is committed to providing award-winning products, customer support and reliability to meet the world's growing demand for information storage. Seagate can be found around the globe and at www.seagate.com.

Seagate and Seagate Technology are registered trademarks of Seagate Technology LLC. All other trademarks or registered trademarks are the property of their respective owners.

**CORNICE CORPORATE CONTACT**

Melissa Johnson
Cornice, Inc.
303.827.7103
mjohnson@corniceco.com

**MEDIA CONTACT**

Syreeta Mussante
Sparkpr
415.321.1865
syreeta@sparkpr.com

**Quarterly News**

Enter your email addre
to learn about new Co
offerings and the lates
and technologies that
the future of consume

**Quick Links**

Press Kit
About the Company
Contact Us

Copyright 2005, Cornice, Inc. All Rights Reserved.                    303.651.7291  info

Technology    Products    Applications    Partners    News    Company    Contact

# Ex. 7

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 8

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because they contain confidential information subject to the protective order*

*There is no public version of the document that is available.*

# Ex. 9

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 10

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS



| Home | Technology | Products | Applications | Partners | News | Company |

Press Releases | Events | News Articles | Press Kit

## Press Releases

# CORNICE INTRODUCES 4GB STORAGE ELEMENT; ENABLES PORTABLE MULTIMEDIA PLAYERS WITH INCREASED FUNCTIONALITY AT LOWER SYSTEM COSTS

*Small Form Factor Storage Innovator Sets a New Bar in Areal Density, Maintains Leadership in Durability and Affordability*

Longmont, CO., July 18th, 2005 – Cornice Inc., an innovator in consumer storage solutions — today announced a revolutionary new 4.0-gigabyte Storage Element (SE). This new product will allow OEMs to extend the functionality of the latest consumer electronics devices while offering revolutionary new features at shelf prices that can only be enabled by Cornice's unique low cost architecture. MP3 players, cell phones, personal video recorders and GPS devices will all be immediately enhanced by this new SE.

"The market is demanding increasing capability in ever smaller devices. iPods are becoming computers and computers are shrinking very rapidly. At the same time people still believe that small devices should be inexpensive and will not accept devices that aren't reliable," said Rob Enderle, principal analyst for the Enderle Group. "The ideal capacity for most of these devices, today, is 4.0-gigabytes because it provides the best balance between capacity and manageability. Currently Cornice makes the most reliable product with this capacity that can fit in a sub $199 device and that combination gives them a serious advantage in this emerging market."

Cornice's unique architecture lowers cost by using only one side of the disk and removing components not needed in small portable electronic devices. At 4.0-gigabytes on one side, Cornice remains firmly in the leadership position for storage density.

"The CE market has clearly demonstrated the demand for affordable, high capacity storage in small packages with incomparable growth rates in hard drive-enabled MP3 players, mobile phones, and other pocket-able electronics," said Camillo Martino, Cornice's new president and chief executive officer. "Having shipped millions of components into multimedia and cellular products, Cornice now has the broadest design expertise in the industry and with the launch of a whole new set of unique features beyond just capacity, is poised to lead the way in moving the industry to smarter and more capable storage.

**Durable Devices for Today's Active Lifestyle**
Cornice technology ensures that consumer electronics devices will provide continuous and uninterrupted playback even during today's most active lifestyles. The new Cornice 4.0-gigabyte SE is protected by Cornice's second-generation ruggedness design, Crash Guard II™, and can withstand excessive shaking, extreme drops, and other abuse without skipping, stopping, or crashing.

Crash Guard II™ consists of:

- **Active Latch** – When dropped, the most common damage to a hard drive occurs when the head scrapes across the surface of the disk (not unlike the needle scratching across an old vinyl LP record when the turntable was bumped). Cornice not only removes the head from the disk, but also securely locks it in place with an active latch mechanism whenever the drive is not actively seeking data.
- **Skip Control** – Hard drives are going places they have never been before – jogging, 4-wheel driving, skydiving – and are expected to operate even with excessive and repetitive motion. Cornice designed the SE from the ground up to withstand the most extreme conditions while providing continuous playback without skipping or

Quarterly News

Enter your email addre
to learn about new Co
offerings and the lates
and technologies that
the future of consumer

Quick Links

Press Kit
About the Company
Contact Us

restarting.

- **Drop Safe** – The newest feature in the Crash Guard family allows the SE to actually sense being dropped. This means that even if the SE is in the middle of reading or writing data to the disk, it can immediately react and place the head safety under the active latch well before the unit actually strikes the ground.

Since its initial launch in 2003, Cornice has driven innovation and achieved first-to-market status in five separate categories – the mobile phone, digital video camera, pocket-able digital audio, personal storage (USB stick storage), and GPS markets with customers such as Archos, Garmin, Philips, Rio, Samsung and Sony.

**Pricing and Availability**
The 4.0-gigabyte SE with Crash Guard II technology will be available in July 2005 at $65 per unit in quantities of 10,000.

**About Cornice**
Cornice Inc. is the leading innovator in consumer storage solutions that enable a new generation of pocket-able consumer electronic devices for the world's foremost brand-name manufacturers. The Cornice Storage Element (SE) is durable, integrated personal storage that brings new levels of durability and content capacity to these devices. The Cornice SE is built into a wide variety of consumer products, including mobile phones, MP3 players, personal video recorders, GPS devices and portable storage products. Cornice customers consist of the world's leading consumer electronics manufacturers. Privately held, Cornice is headquartered in Longmont, Colorado, with integration centers in Hong Kong, Japan and Taiwan. Visit Cornice at http://www.corniceco.com/.

| CORNICE CORPORATE CONTACT | MEDIA CONTACT |
|---|---|
| Melissa Johnson | Syreeta Mussante |
| Cornice, Inc. | Sparkpr |
| 303.827.7103 | 415.321.1865 |
| mjohnson@corniceco.com | syreeta@sparkpr.com |

Copyright 2005, Cornice, Inc. All Rights Reserved.                    303.651.7291   info

Technology    Products    Applications    Partners    News    Company    Contact

# Ex. 11

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 12

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# Ex. 13

DECLARATION OF TIMOTHY DEVLIN IN SUPPORT OF
PLAINTIFF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO CORNICE'S MOTION TO
PRECLUDE (NO. 2) SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO
ACCUSED 4.0 PRODUCTS

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***