# EXHIBIT
# 2

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because
they contain confidential information
subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 3



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO |
|---|---|---|---|---|
| 08/435,435 | 05/10/95 | BAUM | M | CONN8682HCF/ |

EXAMINER
HABERMEHL, J

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| | 2513 | 1 /A |

E5M1/0524

FELIX L. D'ARIENZO, JR
CONNER PERIPHERALS, INC
3081 ZANKER ROAD
RC 4-23
SAN JOSE, CA 95134-2128

DATE MAILED:
05/24/96

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to _____ application filed 10 May 1995

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☒ The allowed claims are _____ 1-48, renumbered as 1-2, 5, 3, 6, 4, 7-23, 26, 24, 29, 25, 30, 26, 31, 27, and 32-48, respectively

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has   ☐ been received.   ☐ not been received. ☐ been filed in parent application Serial No. _____ , filed on _____

6. ☒ Note the attached Examiner's Amendment.

7. ☐ Note the attached Examiner's Interview Summary Record, PTOL-413.

8. ☒ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☒ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☒ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE ATTACHED FORM ENTITLED "INFORMATION ON HOW TO EFFECT DRAWING CHANGES."

   a. ☒ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____ CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☒ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☒ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

**Attachments:**
☑ Examiner's Amendment
☐ Examiner's Interview Summary Record PTOL-413
☑ Reasons for Allowance
☑ Notice of References Cited, PTO-892
☑ Information Disclosure Citation, PTO-1449

☐ Notice of Informal Application, PTO-152
☑ Notice re Patent Drawings, PTO-948
☐ Listing of Bonded Draftsmen
☐ Other

PTOL-37 (REV. 12/84)

STX 000377

Serial Number: 08/435435

Art Unit: 2513



1.    An Examiner's Amendment to the record appears below.  Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 C.F.R. § 1.312.  To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the Issue Fee.

Authorization for this Examiner's Amendment was given in a telephone interview with Edward M Suden on 10 May 1996.

*Examiner's Amendment*

2.    The application has been amended as follows:

In the Abstract:

In line 1, delete "are described".

In the Claims:

In claim 10, line 12, delete "first" and insert --digital-- after "second".

In claim 10, line 16, change "second" to --digital--.

In claim 15, line 5, change "addressed" to --address--.

In claim 16, line 10, change "boarder" to --border--.

In claim 17, line 12, delete "first" and insert --digital-- after "second".

In claim 17, line 16, change "second" to --digital--.

In claim 18, line 10, change "boarder" to --border--.

In claim 37, lines 11-12, delete "first" and insert --digital-- after "second".

STX 000378

Serial Number: 08/435435                                              -3-

Art Unit: 2513

In claim 37, line 16, change "second" to --digital--.

In claim 44, lines 11-12, delete "first" and insert --digital-- after "second".

In claim 44, line 16, change "second" to --digital--.

In claim 47, line 3, change "boarder" to --border--.

3.     The following changes to the drawings have been approved by the Examiner and agreed upon by applicant: In Figure 4, Gray Scale Zones "2", "0", "1", and "3" should be --1--, "0", --2--, and "3", respectively (two occurrences). In order to avoid abandonment of the application, applicant must make the above agreed upon drawing changes.

### Reasons for Allowance

4.     Claims 1-48 are allowable over the prior art of record. The following is an Examiner's statement of reasons for the indication of allowable subject matter:

The prior art of record fails to disclose or suggest a quadrature servo pattern repeated 0.75*Z times and a gray scale band repeated every 1.5*Z times where the quadrature servo pattern and the gray scale address define a position on the disk relative to a fixed reference point on the disk, as presented in the environment of claims 1, 22, and 33.

STX 000379

Serial Number: 08/435435                                           -4-

Art Unit: 2513

5.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.  Shimizu Figure 3, Buch Figure 2a, Sugita et al. Figure 5,

Pederson Figure 3, Hirose et al. Figure 2, Hetzler Figures 3-5, Shimuzu et al.

Figure 2, and Sakurai Figure 1A all bear some resemblance to applicant's

invention.


6.    Any inquiry concerning this communication or earlier communications from
the examiner should be directed to James L Habermehl whose telephone number
is (703) 305-3498.

       Any inquiry of a general nature or relating to the status of this application
should be directed to the Group receptionist whose telephone number is (703) 308-
0956.


Habermehl/jlh
May 10, 1996

STX 000380

| FORM PTO-892 (REV 12-1994) | U.S DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | Serial No. 08/435435 | Group Art Unit 2513 | Attachment to Paper No 1 |
|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | Applicant(s) | Baum et al. | |

## U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | ISSUE DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| | 5,146,374 | Sep/1992 | Sakurai | 360 | 78.14 | |
| | 5,245,594 | Sep/1993 | Shimuzu | 360 | 77.08X | |
| | 5,262,907 | Nov/1993 | Duffy et al. | 360 | 78.14X | |
| | 5,274,509 | Dec/1993 | Buch | 360 | 48 | |
| | 5,274,510 | Dec/1993 | Sugita et al. | 360 | 78.14X | |
| | 5,369,535 | Nov/1994 | Hetzler | 360 | 78.14 | |
| | 5,396,380 | Mar/1995 | Shimizu et al. | 360 | 78.14 | |
| | 5,400,201 | Mar/1995 | Pederson | 360 | 78.14X | |
| | 5,434,725 | Jul/1995 | Hirose et al. | 360 | 78.04X | 06/01/1993 |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | ISSUE DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## NON-PATENT REFERENCES
(Include Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | |
| | |
| | |

James L Habermehl
Examiner

5/10/96
Date

\* A copy of this reference is not being furnished with this Office action (MPEP 707.05(a)).

STX 000381

# File History Report

☐  Paper number _____ is missing from the United States Patent and Trademark
Office's original copy of the file history. No additional information is available.


☒  The following page(s) **pto 948** of paper number **3** is/are missing from the United
States Patent and Trademark Office's original copy of the file history. No additional
information is available


Additional comments: _____

STX 000382

# EXHIBIT
# 4

**CONFIDENTIAL DOCUMENT**

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# EXHIBIT
# 5

**CONFIDENTIAL DOCUMENT**

*These pages have been omitted because they contain confidential information subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 6

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# EXHIBIT
# 7

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because they contain confidential information subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 8

# FISH & RICHARDSON P.C.

Citigroup Center
153 East 53rd Street,
52nd Floor
New York, New York
10022-4611

Frederick P. Fish
1855-1930

Telephone
212 765-5070

W.K. Richardson
1859-1951

## VIA EMAIL AND REGULAR MAIL

Facsimile
212 258-2291

October 12, 2005

Web Site
www.fr.com

Steven J. Rizzi, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119

**FR**

AUSTIN

Re:    Seagate Technology, LLC v. Cornice, Inc.
USDC-D. Del. - C.A. No. 04-418 (SLR)

Dear Steven

BOSTON

I write in response to your letter of October 3, 2005.

DALLAS

DELAWARE

With respect to Seagate's responses to Cornice's First Set of Requests for
Admission and Third Set of Interrogatories as they relate to the '506 patent, Seagate
maintains the position that its responses are adequate for at least the reasons set forth
in my letter of September 27, 2005.

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

With respect to 30(b)(6) witnesses on '506 patent topics, your understanding
of my September 27, 2005 letter is not entirely correct.  Seagate is willing to produce
a 30(b)(6) witness on '506 patent topics provided that Cornice also produces a
witness to address the inadequacies of Cornice's 30(b)(6) testimony on '506 patent
topics as detailed in my September 27th letter.  Please confirm that Cornice will
produce a 30(b)(6) witness for the '506 patent topics noticed by Seagate so that we
can schedule Seagate and Cornice's depositions.  We will assume that Cornice
refuses to produce a 30(b)(6) witness if Cornice, by Friday, October 14, 2005, fails to
commit to producing further testimony.

Sincerely,

Lewis E. Hudnell

Lewis E. Hudnell, III

30251890.doc

# EXHIBIT
# 9

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because they contain confidential information subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 10

# CONFIDENTIAL DOCUMENT

***These pages have been omitted because they contain confidential information subject to the protective order***

***There is no public version of the document that is available.***

# EXHIBIT
# 11

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because they contain confidential information subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 12

# CONFIDENTIAL DOCUMENT

*These pages have been omitted because
they contain confidential information
subject to the protective order*

*There is no public version of the document that is available.*

# EXHIBIT
# 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

               Plaintiff,

      v.

CORNICE, INC.

               Defendant.

C.A. No. 04-418 (SLR)


**CONFIDENTIAL
FILED UNDER SEAL**


**DECLARATION OF WILLIAM C. MESSNER, PH.D. REGARDING
PLAINTIFF SEAGATE'S RESPONSE TO DEFENDANT CORNICE'S
MOTION FOR SUMMARY JUDGMENT [NO. 6] REGARDING THE
INVALIDITY OF U.S. PATENT 5,600,506**

Date: December 16, 2005

I, WILLIAM C. MESSNER, Ph.D, declare as follows:

1.     My name is William C. Messner and I am a professor at Carnegie Mellon University in the Department of Mechanical Engineering. I have been retained as an expert in this action by Plaintiff Seagate Technology, LLC. I make this declaration of my own personal knowledge, and if called upon as a witness would competently testify to the facts set forth below.

2.     I hereby incorporate by reference the excerpts of my expert reports attached as Exhibits 2, 5 and 6 to the Declaration of Timothy Devlin in Support of Seagate's Response to Defendant Cornice's Motion for Summary Judgment [No. 6] Regarding Invalidity of U.S. Patent 5,600,506.

4.     I believe the statements made in the attached report excerpts are true and correct, and I am prepared to testify regarding their subject matter, if asked to do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed by me in Brookline, Massachusetts on this 16th day of December, 2005.

William C. Messner

2