IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>   Plaintiff,<br><br>v.<br><br>CORNICE, INC.<br><br>   Defendant. | C.A. No. 04-418 (SLR)<br><br><br>REDACTED |

**DECLARATION OF DAVID B. BOGY, PH.D. IN SUPPORT OF PLAINTIFF
SEAGATE TECHNOLOGY LLC'S BRIEF IN OPPOSITION TO CORNICE'S
MOTION FOR SUMMARY JUDGMENT [NO. 3] OF NON-INFRINGEMENT OF U.S.
PATENT NO. 5,452,159**

I, David B. Bogy, Ph.D., state and declare as follows:

1. I am an independent technical consultant. I have been retained by counsel for Plaintiff Seagate Technology LLC ("Seagate") as an expert in the above-captioned matter. My education, knowledge, and relevant experience are summarized in the curriculum vitae, attached hereto as Exhibit 1.

2. This declaration is in support of Seagate's Brief In Opposition To Cornice's Motion For Summary Judgment [No. 3] Of Non-Infringement Of U.S. Patent No. 5,452,159 ("the '159 patent").

3. I have reviewed the '159 patent and its file history and have set forth my opinions regarding infringement and validity of the '159 patent in expert reports filed in this litigation.

4. In accordance with my initial expert report, I believe that the 1.0 GB SE, 1.5 GB SE, and 2.0 GB SE disc drives infringe claims 1, 2, 3, and 4 of the '159 patent under the doctrine of equivalents because, in my opinion, the magnetic latch assemblies perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed magnetic parking device. Moreover, to the extent any differences exist between the 1.0

GB SE, 1.5 GB SE, and 2.0 GB SE disc drives and claims 1, 2, 3, and 4 of the '159 patent, such differences are insubstantial.

5. The function of "parking" the actuator/head(s) is to maintain or fix the position of the actuator/head(s) so that the head(s) does not come into contact with a data portion of the disc when the disc drive is not operating or during shock events, like someone dropping the drive on the floor, or in other words, protect the head(s) and data portion of the disc from damage.

**REDACTED**

8. The "result" of parking the actuator/head(s) is a disc drive that experiences less drive failures caused by the head(s) contacting the disc.

9. Based on my understanding of Cornice's proposed definition of "park," and in accordance with my expert report, I believe a reasonable fact finder would likely find at least infringement under the doctrine of equivalents given the insubstantial changes between Cornice's devices and the claimed invention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of December, 2005, in Berkeley, California.

_____
David B. Bogy, Ph.D.

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2005, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition the filing will also be sent via hand delivery::

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT &<br>TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

I hereby certify that on December 23, 2005, I have mailed by Federal Express Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | Attorneys for Defendant<br>Cornice, Inc. |
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX 77002 | Attorneys for Defendant<br>Cornice, Inc. |
| Alan J. Weinschel<br>David C. Radulescu<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153 | Attorneys for Defendant<br>Cornice, Inc. |

/s/ Timothy Devlin
Timothy Devlin