234

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

        Plaintiff,

    v.

CORNICE, INC.

        Defendant.

C.A. No. 04-418 (SLR)

REDACTED

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S RESPONSE TO CORNICE, INC.'S MOTION FOR SUMMARY JUDGMENT [NO. 1] OF NON-INFRINGEMENT OF U.S. PATENT NOS. 6,146,754 AND 5,600,506 PURSUANT TO LICENSE**

Date: December 16, 2005

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Lewis E. Hudnell, III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

# TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDING......................................................1

II.  SUMMARY OF THE ARGUMENT ...............................................................1

III. STATEMENT OF RELEVANT FACTS ..........................................................3

    A.     REDACTED...........................................................................................3

    B.     ....................................................................6

IV.  ARGUMENT ...............................................................................7

    A.    Relevant Legal Principles ...............................................................7

        1.    Legal standards governing summary judgment ...........................7

        2.    General principals of contractual interpretation ...........................7

    B.    **REDACTED**

                          ................8

    C.

                          ......................11

                          ......................12

                          ......................14

                          ......................15

    D.                          ......................15

                          ......................15

i

## TABLE OF CONTENTS (cont'd)

| | Page |
|---|---|
| 2. | ...............16 |
| REDACTED | |
| E. | |
| | ...............17 |
| V.  CONCLUSION | ...............21 |

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Adelberg Labs., Inc. v. Miles, Inc.,
　921 F.2d 1267 (Fed. Cir. 1990)..................................................................7, 8

Alvin, Ltd. v. United States Postal Service,
　816 F.2d 1562 (Fed. Cir. 1987)....................................................................7

American Science and Eng'g, Inc. v. United States,
　663 F.2d 82 (Ct. Cl. 1981).....................................................................8, 19

Anderson v. Liberty Lobby, Inc.,
　477 U.S. 242 (1986).....................................................................................7

B. Braun Med., Inc. v. Abbott Laboratories,
　124 F.3d 1419 (Fed. Cir. 1997)..................................................................15

Bank of the West v. Superior Court,
　2 Cal.4th 1254 (1992) ...................................................................................8

Carborundum Co. v. Molten Metal Equip. Innovations,
　72 F.3d 872 (Fed. Cir. 1995).....................................................................7, 8

Founding Members of the Newport Beach Country Club v. Newport
　Beach Country Club, Inc.,
　109 Cal. App. 4th 944 (2003) ........................................................................8

Glass Equip. Dev., Inc. v. Besten, Inc.,
　174 F.3d 1337 (Fed. Cir. 1999)....................................................................7

Greene v. New Dana Perfumes Corp.,
　287 B.R. 328 (D. Del. 2002).......................................................................19

Mallinckrodt, Inc. v. Medipart, Inc.,
　976 F.2d 700 (Fed. Cir. 1992).....................................................................15

McCoy v. Mitsubishi Cutlery, Inc.,
　67 F.3d 917 (Fed. Cir. 1995).........................................................................7

Microsoft Corp. v. Very Competitive Comp. Prods.,
　671 F. Supp. 1250 (N.D. Cal. 1987)..............................................................8

State Contracting & Eng'g Corp. v. State of Florida,
　258 F.3d 1329 (Fed. Cir. 2001)..................................................................7, 8

## I. NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement suit initiated by Seagate Technology LLC ("Seagate") against Cornice, Inc. ("Cornice") for infringement of U.S. Patent Nos. 5,452,159 ("the '159 patent"), 5,596,461 ("the '461 patent"), 5,500,506 ("the '506 patent"), 6,146,754 ("the '754 patent"), 6,324,054 ("the '054 patent"), 6,545,845 ("the '845 patent") and 7,744,606 ("the '606 patent"). Plaintiff Seagate, pursuant to the governing scheduling order, hereby responds to Defendant Cornice's Motion for Summary Judgment [No. 1] of Non-Infringement of U.S. Patent Nos. 6,146,754 and 5,600,506 Pursuant to License.

## II. SUMMARY OF THE ARGUMENT

REDACTED

1

**REDACTED**

**REDACTED**

## III.   STATEMENT OF RELEVANT FACTS

Since its founding in 1979, Seagate has remained one of the world's leading designers, manufacturers and marketers of disc drives. Seagate's continued success through decades of industry change is a testament to the billions of dollars it has invested in research and development. Thanks to this significant investment in innovation, Seagate currently owns approximately 2,700 U.S. patents, with about 1,000 applications pending. [Ex. 1 at 11.][1] Based on the strength of this patent portfolio, a number of companies have sought licenses from Seagate or entered into cross-licenses for the rights to practice these inventions. [See id.]

**REDACTED**

3

**REDACTED**

---

[1] All Exhibits are appended to the Declaration of Timothy Devlin in Support of Seagate's Response to Cornice, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,146,754 and 5,600,506 Pursuant to License, submitted concurrently herewith.
[2] Unless otherwise noted, all emphasis in this brief has been added.

4

**REDACTED**

**REDACTED**

REDACTED

## IV.    ARGUMENT

### A.    Relevant Legal Principles

#### 1.    Legal standards governing summary judgment

It is well-settled that summary judgment is appropriate only where it is clearly established that no genuine issue of material fact exists for trial. Fed. R. Civ. Proc. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Glass Equip. Dev., Inc. v. Besten, Inc., 174 F.3d 1337, 1341 (Fed. Cir. 1999). A genuine issue of material fact exists where a factual dispute between the parties is capable of affecting the outcome of the suit, and sufficient evidence is presented by the nonmoving party to support a jury verdict in its favor. See, e.g., Anderson, 477 U.S. at 248. Even on a motion for summary judgment, the alleged infringer asserting a licensing defense bears the burden of proof to present specific facts establishing the validity of that defense. See Carborundum Co. v. Molten Metal Equip. Innovations, 72 F.3d 872, 878 (Fed. Cir. 1995).

#### 2.    General principals of contractual interpretation

Like any other contract, a patent license agreement is a type of contract subject to ordinary state contract law. See, e.g., State Contracting & Eng'g Corp. v. State of Florida, 258 F.3d 1329, 1339 (Fed. Cir. 2001); McCoy v. Mitsubishi Cutlery, Inc., 67 F.3d 917, 920 (Fed. Cir. 1995). Contractual interpretation of a license agreement is traditionally viewed as a question of law. See, e.g., Adelberg Labs., Inc. v. Miles, Inc., 921 F.2d 1267, 1274 (Fed. Cir. 1990); Alvin, Ltd. v. United States Postal Service, 816 F.2d 1562, 1565 (Fed. Cir. 1987). Here, the Seagate/TDK Agreement designates California law as controlling. [Ex. 3, § 11.1.]

An agreement conferring patent licensing rights must comply with the standard contractual requirements of offer, acceptance and consideration. See, e.g., American Science

7

and Eng'g, Inc. v. United States, 663 F.2d 82, 86 (Ct. Cl. 1981). A defendant asserting a licensing defense to a patent infringement claim must establish facts to show that a license was actually extended to the purported licensee and that the licensor was vested with the authority to license the patent at issue. See, e.g., Microsoft Corp. v. Very Competitive Comp. Prods., 671 F. Supp. 1250, 1257-58 (N.D. Cal. 1987). The existence of a valid license or sublicense is a question of law. See, e.g., Carborundum, 72 F.3d at 877; Adelberg Labs., 921 F.2d at 1274.

Under California law, the purpose of contractual interpretation is to give effect to the intent of the contracting parties. See, e.g., Bank of the West v. Superior Court, 2 Cal.4th 1254, 1264 (1992). "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. . . ." Cal. Civ. Code § 1639; Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc., 109 Cal. App. 4th 944, 955 (2003). Contractual language must be interpreted in the context of the entire agreement, and ambiguities may not be found in the abstract. See Bank of the West, 2 Cal. 4th at 1264-65; Cal. Civ. Code §§ 1641, 1647. Where language is present in one section of a contract but omitted from another, that omission demonstrates the parties' intent to exclude that language from the clause which omits it. See, e.g., State Contracting & Eng'g, 258 F.3d at 1340.

B.

**REDACTED**

8

REDACTED

REDACTED

> An act of the parties, or of the law, by which the title to property is conveyed from one person to another.

[Ex. 21.] Instead, Cornice relies on another definition, but again *truncates* its full text which indicates that title is transferred: "[t]o convey or remove from one place, person, etc., to another; pass or hand over from one to another; specifically, to change over the possession or control of (*as, to transfer a title* to land). To sell or give." [Id.] Far from supporting the contention that bare temporary possession of an object is enough to enable a party to "transfer" that item, the Black's Law Dictionary definition relied upon by Cornice instead establishes that passage of title is necessary for a transfer to occur.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

1.    **Exhaustion is inapplicable under these circumstances**

The exhaustion doctrine is inapplicable here. The patent exhaustion doctrine applies <u>only</u> when a patented good is the subject of an unrestricted and unconditional <u>authorized</u> first <u>sale</u> in the United States. <u>See, e.g., B. Braun Med., Inc. v. Abbott Laboratories</u>, 124 F.3d 1419, 1426 (Fed. Cir. 1997); <u>Mallinckrodt, Inc. v. Medipart, Inc.</u>, 976 F.2d 700, 706 (Fed. Cir. 1992)

REDACTED

15

REDACTED

REDACTED

**REDACTED**

REDACTED

REDACTED

## V.    CONCLUSION

For the reasons set forth above, the Court should grant Seagate's motion for summary judgment with respect to the '606, '159, '845, '054, and '461 patents, per the parties' agreement.

Further, with respect to the other patents-in-suit (the '754 and '506 patents), the Court should grant summary judgment dismissing Cornice's Ninth, Tenth, Eleventh and Twelfth Affirmative Defenses and its Breach of Contract Counterclaim because

### REDACTED

Dated:  December 16, 2005                    FISH & RICHARDSON P.C.


By:  _____*s/ Timothy Devlin*_____
     Timothy Devlin (#4241)
     919 N. Market Street, Suite 1100
     Wilmington, DE  19899-1114
     Tel: (302) 652-5070


     Attorneys for Plaintiff
     SEAGATE TECHNOLOGY LLC

21

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2005, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition the filing will also be sent via hand delivery::

Jack B. Blumenfeld, Esquire                Attorneys for Defendant
MORRIS NICHOLS ARSHT &                    Cornice, Inc.
TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

I hereby certify that on December 23, 2005, I have mailed by Federal Express Service, the document(s) to the following non-registered participants:

Mathew D. Powers                          Attorneys for Defendant
Jason D. Kipnis                           Cornice, Inc.
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Russell Wheatley                          Attorneys for Defendant
WEIL, GOTSHAL & MANGES LLP                Cornice, Inc.
700 Louisiana, Suite 1600
Houston, TX  77002

Alan J. Weinschel                         Attorneys for Defendant
David C. Radulescu                        Cornice, Inc.
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153


                              _____/s/ Timothy Devlin_____
                                    Timothy Devlin