IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-418-SLR |
| | ) | |
| CORNICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**CORNICE'S REPLY IN SUPPORT OF ITS MOTION [NO. 2] TO PRECLUDE SEAGATE FROM ASSERTING INFRINGEMENT WITH RESPECT TO ACCUSED 4.0 PRODUCTS**

Notwithstanding the Court's three rulings that Cornice's 4.0 gigabyte products are not part of this case, Seagate argues that the Court must not have intended to preclude Seagate from asserting infringement against the 4.0 products (D.I. 246, p. 9). Seagate asserts that "had the Court intended to preclude Seagate from pursuing its infringement action [against the 4.0 products] in any of these three rulings, it would certainly have given due notice...." *Id.* Remarkably, Seagate missed the point of those three rulings. During the discovery conference on June 28, 2005, the Court stated:

> [J]ust because I'm not letting this discovery go forward in this case does not mean you can't *bring another suit at sometime in the future on the 4.0*. All I'm trying to do is close the record so we can bring whatever you have. Whatever the basis was for your bringing this suit in the first instance, we can bring it to a close and get it resolved.

(D.I. 111, p. 15) (emphasis added).

The Court's statement that Seagate could bring a separate suit on the 4.0 products in the future could hardly have been a clearer indication that Seagate is precluded from asserting infringement against those products in this case. Furthermore, the Court's statements at the discovery conferences on May 11 and June 28 provided ample notice that the 4.0 products are not in this case. Even after the June hearing, the Court gave Seagate the opportunity to obtain and present further evidence. The Court found that evidence insufficient (D.I. 123).

Seagate also argues that the Court should deny Cornice's motion because of substantial disputes of material fact. Seagate already presented these "facts" to the Court in August (D.I. 120). The Court denied Seagate's request on the basis that "the court is not persuaded . . . that any such products are presently in the market as commercial products." (D.I. 123). There is no basis for the Court to reconsider that ruling.

Finally, contrary to Seagate's position, Cornice's motion was not one for summary judgment. Even though the Court has already ruled that the 4.0 products are not in this case, Seagate's expert reports included those products. Cornice felt that it was necessary to confirm – for a fourth time – the 4.0 products are not part of this case.

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

January 17, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mant.com
jheaney@mnat.com
  *Attorneys for Defendant and Counterclaim*
  *Plaintiff Cornice, Inc.*

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 17th, 2006, I electronically filed the foregoing, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

| | |
|---|---|
| William J. Marsden, Jr., Esquire<br>Fish & Richardson, P.C.<br>919 N. Market Street<br>Suite 1100<br>Wilmington, DE 19801<br>marsden@fr.com | One (1) Electronic Version by Email<br>and One (1) Hard Copy for Hand Delivery<br>on Wednesday, January 18, 2006 |
| Ruffin B. Cordell, Esquire<br>Fish & Richardson, P.C.<br>1425 K Street, NW, Suite 1100<br>Washington, DC 20005<br>cordell@fr.com | One (1) Electronic Version by Email<br>and One (1) Hard Copy by Federal Express<br>Delivery for Wednesday, January 18, 2006 |

/s/ Julia Heaney (#3052)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com