IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CORNICE, INC.<br><br>      Defendant. | C.A. No. 04-418 (SLR)<br><br>**REDACTED** |

**PLAINTIFF SEAGATE TECHNOLOGY LLC'S RESPONSE BRIEF REGARDING CONSTRUCTION OF DISPUTED TERMS IN U.S. PATENT NO. 6,744,606**

Date: December 16, 2005

FISH & RICHARDSON P.C.
Timothy Devlin (#4241)
919 N. Market Street, Suite 1100
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Roger S. Borovoy
David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Tel: (650) 839-5070

Ruffin B. Cordell
Brian R. Nester
Timothy W. Riffe
Christian A. Chu
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 783-5070

Edmond R. Bannon
Lewis E. Hudnell, III
Citigroup Center
153 East 53rd Street, 52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070

Attorneys for Plaintiff
SEAGATE TECHNOLOGY LLC

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ..................................... 1

II. SUMMARY OF THE ARGUMENT ............................................................ 1

III. COUNTER-STATEMENT OF FACTS ....................................................... 1

IV. ARGUMENT .................................................................................................. 2

    A. "Single Arm Portion" / "Single Arm Support Portion" ..................... 2

        1. "Single" means single, not multiple as Cornice asserts .................. 3

        2. Cornice's additional arguments do not withstand scrutiny ............ 4

        3. "single arm portion" and "single arm *support* portion" use different terms and have different meaning ............................. 5

    B. "Step Portion" .......................................................................................... 6

V. CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Federal Cases**

ACCO Brands, Inc. v. Micro Sec. Devices, Inc.
    346 F.3d 1075 (Fed. Cir. 2003)......................................................................... 4

Innovad, Inc. v. Microsoft Corp.
    260 F.3d 1326 (Fed. Cir. 2001)...................................................................... 3, 5

Johnson & Johnston Associates Inc. v. R.E. Service Co.
    285 F.3d 1046 (Fed. Cir. 2002)......................................................................... 4

Phillips v. AWH Corp.
    415 F.3d 1303 (Fed. Cir. 2005)......................................................................... 5

RF Del., Inc. v. Pac. Keystone Techs., Inc.
    326 F.3d 1255 (Fed. Cir. 2003)......................................................................... 5

W.E. Hall Co., Inc. v. Atlanta Corrugating LLC,
    370 F.3d 1343 (Fed. Cir. 2004)......................................................................... 4

Wright Med. Tech., Inc. v. Osteonics Corp.
    122 F.3d 1440 (Fed. Cir. 1997)...................................................................... 5, 6

**Cases**

Oxford English Dictionary.............................................................................................. 3

## I. NATURE AND STAGE OF THE PROCEEDINGS

Pursuant to the Court's Scheduling Order [D.I. 36-1], Plaintiff Seagate Technology LLC ("Seagate") hereby submits this Response Brief regarding construction of disputed terms of U.S. Patent No. 6,744,606 ("the '606 patent," Ex. 1).[1]

## II. SUMMARY OF THE ARGUMENT

Cornice continues to construe the '606 patent inconsistently with its claim terms, specification, and prosecution history striving to create non-infringement or invalidity contentions. There is only one claim construction dispute with respect to the '606 patent – the meaning of "single." Seagate construes single to mean one and only one, not multiple. At bottom, Cornice essentially construes single to allow for multiple arms or arm supports. Cornice takes this position for validity purposes. Cornice tries to mask the fact that it construes single to mean multiple by using nearly a paragraph of text to construe "single arm":

> only one arm support portion is an integral component of the actuator structure, even though the actuator can also set in motion <u>other arm supports,</u> in ways not covered by the claims, which serve other discs in a multiple-disc, <u>multiple</u>-arm drive.

As detailed below, the plain meaning of single, as supported by the '606 patent specification and prosecution history, makes clear that single means only one, not multiple. Cornice's relies extensively on ITC's Administrative Law Judge (ALJ) construction of single to allow for multiple arms, but ignores that on appeal the Commission reversed that decision.

## III. COUNTER-STATEMENT OF FACTS

Seagate must respond to Cornice's "fact" section which at bottom is merely legal argument.[2] Cornice mischaracterizes the proceedings and holdings of the ITC: arguing that a reversed Administrative Law Judge's legal construction was not reversed legally.

---

[1] Unless otherwise noted, Exhibits in this Brief refer to the Declaration of Timothy Devlin in Support of Plaintiff Seagate Technology LLC'S Response Brief Regarding Construction Of Disputed Terms In U.S. PATENT NO. 6,744,606, filed concurrently.

[2] Cornice has a host of other misguided "fact" arguments. Since most are irrelevant to claim construction, Seagate disputes but does not address each here. For instance, Cornice argues that the '606 patented invention is not "new," as if arguing invalidity. Of course, Cornice submitted no motion for summary judgment of invalidity here. It did however make such a motion before the ITC, which the ITC ultimately denied. Indeed, even the ALJ (who invalidated a subset of the

1

Turning first to the ITC's construction of "an actuator" with "a single arm," the ITC rejected Cornice's construction that single means multiple. No one disputes that initially the ALJ construed single to mean multiple. Nevertheless, that decision was reversed on appeal by the full Commission. It is beyond dispute that the ITC reversed the ALJ's decision:

> **SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has determined (1) to review and **reverse** the presiding administrative law judge's ("ALJ's") initial determination ("ID") granting in part respondent's motion for summary determination of the invalidity of certain claims of U.S. Patent No. 6,744,606

[Ex. 2.] Indeed, although the ITC did not construe "single" either in Seagate or Cornice's favor, it strongly suggested that single means one, not multiple, when it holds with emphasis:

> Assuming *arguendo* that the ALJ's claim construction is correct, summary determination is inappropriate because there are genuine issues of material fact as to what is disclosed in the two prior art references.

[Id. at 2 (emphasis in original).] It is worth emphasizing that the ITC emphasized the term "arguendo" in its decision, and this likely signals to the ALJ that single means single, not multiple, and it certainly makes clear that the ITC, the ultimate arbiter, did not adopt the ALJ's construction of single as Cornice holds out here. Indeed, the ITC expressly states that it "determined to take *no position* on the ALJ's claim construction." [Id. (emphasis in original).] Cornice's claim that the ITC adopted the ALJ's construction of single lacks credibility.

## IV. ARGUMENT

### A. "Single Arm Portion" / "Single Arm Support Portion"

There are two disputes regarding the meaning of "single arm portion"/ "single arm support portion." The first is the meaning of "single," which Seagate construes to mean only one, and

---

asserted claims before the Commission reversed) denied Cornice's motion with respect to other, asserted claims. Indeed, the evidence will show that Cornice is relying on actuators that include multiple arms, not the claimed single armed actuator, and this is the precise reason it argues incredulously that single means multiple. Indeed, the independent Investigative Attorney from the ITC's Office of Unfair Import Investigations agreed with Seagate, and opposed Cornice's motion for summary judgment. [Ex. 6.] The art Cornice cites is fully addressed in Dr. Bogy's rebuttal expert report concerning validity of the '606 patent [Ex. 7 at 39-79], and therefore Seagate refers this Court to the relevant pages of that report for a full and proper analysis of these references.

2

Cornice essentially construes to mean multiple. The second dispute is whether the term "support" in "arm support" has meaning.

### 1. "Single" means single, not multiple as Cornice asserts

Seagate construes single to mean "only one, not multiple." Cornice on the other hand construes single to mean:

> only one arm support portion is an integral component of the actuator structure, even though the actuator can also set in motion other arm supports, in ways not covered by the claims, which serve other discs in a multiple-disc, multiple-arm drive.

The plain and ordinary meaning of the claim language supports Seagate's construction. The claim language mandates "An actuator for use in a disc drive, comprising:" a "single" arm or arm support. Because the term "single" does not have a technical meaning in the art, it therefore receives its general ordinary and accustomed meaning: "one only, not double or multiple." Oxford English Dictionary 1355 (1991) [Ex. 3.] In other words, the term "single" arm or arm support requires "one only, not double or multiple" arms or arm support portions. Innovad, Inc. v. Microsoft Corp., 260 F.3d 1326, 1333 (Fed. Cir. 2001) (holding that the term "single, bi-state switch," even when combined with the open transition term "comprising," precludes the use of multiple switches to perform the recited function).

The specification of the '606 patent does not depart from this ordinary meaning. The written description emphasizes that the invention taught an innovation that rendered the use of a "single arm" actuator feasible. [Ex. 1 at 2:15-2:67.] In fact, the Detailed Description of the Invention section discloses solely single actuator arm embodiments. [E.g., id. at 3:59-3:62; 5:1-5:8; 5:25-5:29.] In addition, when referring to embodiments with a "single arm" or "single arm support," the '606 patent clearly depicts the covered preferred embodiment as an actuator with "only one" arm or arm support. [E.g., id. at 3:59-64 and 5:2-8; Fig. 2.]

The specification, therefore, indicates that the claim terms "single arm" and "single arm support portion" should be read according to their plain meaning, and defined as limited only to one arm or arm support portion. W.E. Hall Co., Inc. v. Atlanta Corrugating LLC, 370 F.3d 1343, 1350-

3

51 (Fed. Cir. 2004) (holding that the claim term "single piece construction" did not include multiple pieces because the intrinsic evidence established no meaning other than the ordinary and accustomed meaning).

Cornice spends much of its time in its opening claim construction brief discussing various snippets from the written description in an attempt to move focus away from the claim language and into the specification. It is well settled that an inventor is not required to claim every embodiment discussed in the patent's specification, and indeed, it is the claims that define the invention not the specification. Johnson & Johnston Associates Inc. v. R.E. Service Co., 285 F.3d 1046, 1052 (Fed. Cir. 2002) ("the claims, not the specification, provide the measure of the patentee's right to exclude."). Thus, while there may be references to "arms" in the specification, the claims are limited to a "single arm" or "single arm support" and Cornice provides no evidence to negate the plain meaning of the claims.

Were there any doubt, the Patent Examiner's reasons for allowing the claims of the '606 patent makes clear that single allows only one arm or arm support:

> The following is an examiner's statement of reasons for allowance: the prior art does not show or reasonably teach/suggest to one of ordinary skill in the art to which said subject matter pertains to, to the combination of structure in an actuator assembly including a <u>single [only one] arm</u> which is either in a configuration of a) having a plane of the arm portion displaced from a plane defined by the coil support, or b) the plane of the arm portion is positioned a different distance from a base of the disc drive than that plane defined by the coil support.

[Ex. 4 (emphasis added, but brackets in original).] Both the patentee and the Examiner understood the claimed invention to require "only one" actuator arm, or arm support, as distinguished from multi-armed prior art actuators that the Examiner considered during prosecution of the '606 patent. See ACCO Brands, Inc. v. Micro Sec. Devices, Inc., 346 F.3d 1075, 1078-79 (Fed. Cir. 2003) (relying on an Examiner's reasons for allowance in interpreting a claim).

### 2. Cornice's additional arguments do not withstand scrutiny

Cornice makes a host of attenuated arguments that cannot stand against the intrinsic evidence. First, Cornice's argues that because the specification discusses that a drive can contain one

4

or more discs, this somehow means that the claimed "An actuator ... comprising ... a single arm" can include an actuator with multiple arms. [D.I. 176 at 11.] While the passages do suggest that one or more discs may be employed, they in no way suggest that when the patentee claimed "An actuator ... comprising ... a single arm" he meant single to be a multi-armed actuator. Indeed, instead of focusing on the number of discs, Cornice should consider the number of arms claimed and specifically disclosed by the '606 patent. When referring to embodiments with a "single arm," the '606 patent clearly depicts an actuator with "only one" arm. [E.g., Ex. 1 at 3:59-3:64, 5:2-5:8, Fig. 2.]. As discussed above, the intrinsic evidence is replete with instances demonstrating that single should be given its ordinary meaning.

Second, Cornice argues that the term "comprising" allows the actuator to encompass other unclaimed components, including additional arms. [D.I. 176 at 12.] However, that reading would render the claim term "single" superfluous. Wright Med. Tech., Inc. v. Osteonics Corp., 122 F.3d 1440, 1444 (Fed. Cir. 1997). Although the transition term "comprising" permits additional components, such as the pivot shaft around which the actuator rotates, it cannot eliminate the express limitation "single" from the body of the claim. Innovad, 260 F.3d at 1333.

Lastly, Cornice argues that this limitation requires an arm that is "integral" to the actuator. [D.I. 176 at 12.] Of course, the claim no where says "integral." Still further, dependent claim 3 of the '606 patent expressly claims the "integral" limitation that Cornice now seeks to import:

> 3. The actuator of claim 1, in which the coil support portion and the arm portion are integrally formed.

[Ex. 1 at 6:1-6:2] Importing the narrowing claim limitation of dependent claim 3 into broad claim 1 is presumptively erroneous. Phillips v. AWH Corp., 415 F.3d 1303, 1314-15 (Fed. Cir. 2005); RF Del., Inc. v. Pac. Keystone Techs., Inc., 326 F.3d 1255, 1262-64 (Fed. Cir. 2003).

Accordingly, the Court should construe single to mean "only one, not multiple."

### 3. "single arm portion" and "single arm *support* portion" use different terms and have different meaning

As discussed in detail in Seagate's opening brief, the limitation "single arm support portion" should be construed separately and according to its ordinary meaning to mean an actuator with "only

one, not multiple, arm support portions." In contrast, Cornice argues that "arm portion" and "arm support portion" have the same meaning despite using different terms.

Cornice argues that the different claim terms, "arm" and "arm support," should be construed to have the same meaning. Under Cornice's construct, "arm" and "arm support" both mean "arm." Adoption of Cornice's proposed construction, however, would render the limitation "support" in claim 11 meaningless, and such a construct is never appropriate. See Wright, 122 F.3d at 1444 (rejecting claim construction that would make other terms in disputed claims mere "surplusage"). In addition, even Cornice's expert does not support Cornice's construction. During deposition, Cornice's expert admitted that "arm" and "arm support" are different structures. Dr. Morehouse testified that "arm portion" requires an actuator arm, and "arm support portion" invokes the portion of the actuator that supports the actuator arm. [E.g., Ex. 5 at 65:24-66:2.]

**B.    "Step Portion"**

Claims 4, 5, and 9 require a "step portion." Seagate construes "step portion" to require Cornice argues it means "[t]he portion of the actuator that positions the arm and coil support portions in distinct planes." [D.I. 176 at 13.]

An inspection of claim 4 of the '606 patent, which introduces the "step portion" limitation, reveals that there is nothing in the claim language that restricts the coil support and arm portions to be positioned in distinct planes. Indeed, all that claim 4 requires is that the step portion lie between the coil support portion and arm portion, thereby separating the two portions by some distance. [See, e.g., Ex. 1, Fig. 2.]

Cornice is again merely attempting to read limitations from the specification into the claims by pointing to various passages in the written description that describe how in certain embodiments the actuator can lie in two, or more than two, planes. [D.I. 176 at 13-14.]

**REDACTED**

6

**REDACTED**

Accordingly, the Court should construe "step portion" as "part of the actuator that distances the coil support portion and the arm portion."

## V.    CONCLUSION

For the foregoing reasons, Seagate respectfully requests that the Court adopt its proposed constructions in their entirety and reject Cornice's proposals.

Dated: December 16, 2005              FISH & RICHARDSON P.C.


                                      By: */s/ Timothy Devlin*
                                          Timothy Devlin (#4241)
                                          919 N. Market Street, Suite 1100
                                          Wilmington, DE 19899-1114
                                          Tel: (302) 652-5070

                                      Attorney for Plaintiff
                                      SEAGATE TECHNOLOGY LLC

7

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2006, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition the filing will also be sent via hand delivery::

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>MORRIS NICHOLS ARSHT & TUNNELL<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347 | Attorneys for Defendant<br>Cornice, Inc. |

I hereby certify that on January 4, 2006, I have mailed by Federal Express Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Mathew D. Powers<br>Jason D. Kipnis<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA  94065 | Attorneys for Defendant<br>Cornice, Inc. |
| Russell Wheatley<br>WEIL, GOTSHAL & MANGES LLP<br>700 Louisiana, Suite 1600<br>Houston, TX  77002 | Attorneys for Defendant<br>Cornice, Inc. |
| Alan J. Weinschel<br>David C. Radulescu<br>Arlene Hahn<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY  10153 | Attorneys for Defendant<br>Cornice, Inc. |

                                            */s/ Timothy Devlin*
                                              Timothy Devlin