IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,            )
                                   )        **<u>REDACTED</u>**
            Plaintiff,             )
                                   )
     v.                            )        Civil Action No. 04-418-SLR
                                   )
CORNICE, INC.                      )
                                   )
            Defendant.             )

**DEFENDANT CORNICE, INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION [NO. 6] FOR PARTIAL SUMMARY JUDGMENT REGARDING
THE INVALIDITY OF U.S. PATENT NO. 5,600,506**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
*Attorneys for Defendant and Counterclaim Plaintiff
Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000
Original filing date:  January 17, 2006
Redacted filing date:  January 23, 2006

i.

<u>TABLE OF CONTENTS</u>

|  |  | <u>Page</u> |
|---|---|---|
| TABLE OF CITATIONS |  | ii |
| SUMMARY OF ARGUMENT |  | 1 |
| ARGUMENT |  | 3 |
| I. | THERE ARE NO MATERIAL FACTUAL DISPUTES THAT PRECLUDE SUMMARY JUDGMENT | 3 |
|  | A. There Are No Genuine Issues of Material Fact Regarding The Failure Of Claim 22 Of The '506 Patent To Meet The Enablement And Written Description Requirements Of 35 U.S.C. § 112, ¶1 | 3 |
|  | B. There Are No Genuine Issues Of Material Fact Regarding The Failure To Meet The Definiteness Requirements Of 35 U.S.C. § 112, ¶2. | 5 |
|  | C. Seagate Does Not Dispute Its Failure To Provide *Factual* Discovery Concerning The Bases For Its Allegations Of Commercial Success, Or The Unreliability Of Dr. Messner's Opinions On The Issue. | 6 |
| II. | CLAIM 22 OF THE '506 PATENT IS INVALID UNDER 35 U.S.C. SEC. 112, PARAGRAPH 1 | 6 |
|  | A. Seagate's Opposition Relies On Mischaracterizations Of Cornice's §112, ¶1 Arguments. | 7 |
|  | B. Seagate's Attempts To Distinguish The Controlling Case Law Are Without Avail. | 8 |
| III. | CLAIM 22 OF THE '506 PATENT IS INVALID UNDER 35 U.S.C. SEC. 112, PARAGRAPH 2 | 11 |
| IV. | JUDGMENT AS A MATTER OF LAW IS PROPER WITH RESPECT TO SEAGATE'S ALLEGATIONS REGARDING ALLEGED SECONDARY CONSIDERATIONS IN SUPPORT OF THE NONOBVIOUSNESS OF THE CLAIMS OF THE '506 PATENT | 13 |
| CONCLUSION |  | 15 |

ii.

## TABLE OF CITATIONS

Cases

*Adickes v. S.H. Kress & Co.,*
    398 U.S. 144 (1970)      3

*Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.,*
    228 F.3d 1338 (Fed. Cir. 2001)      11

*AK Steel Corp. v. Sollac,*
    344 F.3d 1234 (Fed. Cir. 2003)      9, 10

*Allen Eng'g Corp. v. Bartell Indus., Inc.,*
    299 F.3d 1336 (Fed. Cir. 2002)      12

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.,*
    509 U.S. 209 (1993)      14

*Cortes-Irizarry v. Corporacion Insular De Seguros,*
    111 F.3d 184 (1st Cir. 1997)      15

*Emergency Fuel, LLC v. Penzoil-Quaker State Co.,*
    187 F. Supp. 575 (D. Md. 2002)      9

*Fowle v. C & C Cola,*
    868 F.2d 59 (3d Cir. 1994)      3, 6

*Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.,*
    45 F.3d 1550 (Fed. Cir. 1995)      3, 6

*In re Wright,*
    999 F.2d 1557 (Fed. Cir. 1993)      10, 11

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,*
    456 U.S. 694 (1982)      14

*LizardTech, Inc. v. Earth Resource Mapping, Inc.,*
    424 F.3d 1336 (Fed. Cir. 2005), reh'g en banc denied,
    2006 WL 23426 (Fed. Cir. Jan. 5, 2006)      8, 9

*National Recovery Technologies, Inc. v. Magnetic Separation Systems, Inc.,*
    166 F.3d 1190 (Fed. Cir. 1999)      10

*Northpoint Technology, Ltd. v. MDS America, Inc.,*
    413 F.3d 1301 (Fed. Cir. 2005)      9

*Oddi v. Ford Motor Co.,*
    234 F.3d 136 (3d Cir. 2000)      15

iii.

*Pentec, Inc. v. Graphic Controls Corp.*,
    776 F.2d 309 (Fed. Cir. 1985) ............................................................ 16

*Polaroid Corp. v. Eastman Kodak Co.*,
    641 F. Supp. 828 (D. Mass. 1985),
    *aff'd*, 789 F.2d 1556 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 850 (1986) ....... 16

*Regents of the University of California v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997) ............................................................ 10

*Scrofani v. Stihl Inc.*,
    44 Fed. Appx. 559, 2002 WL 1798805 (3d Cir. 2002) .................................... 15

*Simmons v. Ford Motor Co.*,
    132 Fed. Appx. 950, 2005 WL 1274662 (3d Cir. 2005) .................................. 15

*Stiftung v. Renishaw PLC*,
    945 F.2d 1173 (Fed. Cir. 1991) ........................................................ 2, 7, 12

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec. Co.*,
    264 F.3d 1111 (Fed. Cir. 2001) ............................................................ 9

*Vas-Cath Inc. v. Mahurkar*,
    935 F.2d 1555 (Fed. Cir. 1991) ............................................................ 11

1.

## SUMMARY OF ARGUMENT

Cornice submits this Reply in support of its motion for partial summary judgment concerning three discrete issues relating to its invalidity defenses with respect to U.S. Patent No. 5,600,506 (the "'506 patent").[1]

The first concerns Cornice's allegation that claim 22 of the '506 patent is invalid as a matter of law under 35 U.S.C. § 112, ¶1 for failure to meet the written description and enablement requirements. Seeking to compensate for its inability to demonstrate a genuine issue of material fact regarding this issue, Seagate mischaracterizes the basis for Cornice's defense, and then melds its opposition into its response to the second, discrete issue raised in Cornice's motion: invalidity under 35 U.S.C. § 112, ¶2. In so doing, however, Seagate never responds to the substance of Cornice's actual arguments. As made clear in Cornice's Opening Brief in Support of its Motion for Partial Summary Judgment [No. 6] Regarding the Invalidity of U.S. Patent No. 5,600,506 ("Cornice's Opening Brief") (D.I. 168), this aspect of Cornice's motion is not based on the failure of claim 22 to include both major elements of the purported invention (the specially recorded magnetic disk and "position generator"), but the fact that it claims more broadly than what is described and enabled in the patent. Even a cursory review of Seagate Technology LLC's Response Brief Opposing Partial Summary Judgment Regarding the Invalidity of U.S. Patent No. 5,600,506 ("Seagate's Opposition") (D.I. 254) reveals that Seagate does not dispute the critical facts underlying the *actual* basis for Cornice's motion: nowhere in the '506 patent does it describe or enable a disk with a servo band and gray scale band that "coact to define radial positions on said magnetic disk from a fixed reference point in said gray scale band on the surface of said disk" in the absence of a transducer and position generator. Seagate indisputably claimed more than it invented in claim 22, and for this reason the claim is invalid as not described or enabled as required by 35 U.S.C. § 112, ¶1.

---

[1]    References to Exhibits A-S are to those attached to Cornice's Opening Brief in Support of Its Motion [No. 6] Regarding the Invalidity of U.S. Patent No. 5,600,506 (D.I. 168).

2.

The second aspect of Cornice's motion pertains to its defense that claim 22 is also invalid under 35 U.S.C. § 112, ¶2 due to its failure to claim what the applicant "regards as his invention" as required by this statutory provision. Seagate seeks to dismiss this argument by pointing to its expert's (Dr. Messner) unsworn opinions **REDACTED**

D.I. 254 at 4. Again, Seagate's Opposition does not meet the substance of Cornice's argument. In particular, Seagate does not reasonably dispute that claim 22, which claims only a disk, is in conflict with the entirety of the patent with regard to the numerous statements unmistakably describing the "invention" as consisting of two "major elements." And the authority Seagate relies upon in arguing that it is permissible to claim a "subcombination" requires that the subcombination "ha[ve] utility separate and apart from other aspects of the invention." *Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1181 (Fed. Cir. 1991). Seagate doesn't even attempt to explain how this standard is met in the case of the disk itself, and it clearly is not. The claimed disk has utility only when used in conjunction with a transducer and position generator that determines the position of the transducer relative to the surface of the disk. Thus, the Court should conclude that claim 22 is invalid as a matter of law under 35 U.S.C. § 112, ¶2.

As to the third matter raised in Cornice's motion, Cornice requests an order barring Seagate from offering evidence relating to the so-called "secondary considerations" of nonobviousness. Seagate offers no reasonable response to Cornice's motion, and specifically does not dispute that it has no evidence of any secondary considerations in support of alleged nonobviousness apart from commercial success, or that it denied Cornice critical discovery concerning the factual bases underlying its expert's opinions regarding alleged commercial success. **REDACTED**

For all these reasons, Seagate should be barred from offering evidence of alleged commercial success, as well

3.

as any other alleged secondary considerations, in response to Cornice's defense of invalidity based on obviousness.

## ARGUMENT

### I.    THERE ARE NO MATERIAL FACTUAL DISPUTES THAT PRECLUDE SUMMARY JUDGMENT

Cornice's motion presents three issues for summary judgment: (1) the failure of claim 22 of the '506 patent to meet the enablement and written description requirements of 35 U.S.C. § 112, ¶1; (2) the failure of claim 22 to meet the definiteness requirements of 35 U.S.C. § 112, ¶2; and (3) that Seagate should be precluded from presenting evidence relating to alleged secondary considerations in support of nonobviousness.

For each of these issues, there are no material disputes concerning the underlying facts relevant to the motion. As an initial matter, Seagate offers no expert or factual declarations, instead relying on legal argument and its inadmissible expert report. For this reason alone, Seagate's Opposition is insufficient to defeat summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1970) (unsworn statements do not meet the requirements of F.R.C.P. 56); *Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc.*, 45 F.3d 1550, 1562 (Fed. Cir. 1995) ("There must be sufficient substance, other than attorney argument, to show that the issue requires trial."); *Fowle v. C & C Cola*, 868 F.2d 59, 67 (3d Cir. 1994) (unsworn "expert's report is not competent to be considered on a motion for summary judgment."). Nevertheless, even fully considering Seagate's Opposition, it still does not raise any genuine issues of material fact.

### A.    There Are No Genuine Issues of Material Fact Regarding The Failure Of Claim 22 Of The '506 Patent To Meet The Enablement And Written Description Requirements Of 35 U.S.C. § 112, ¶1

As discussed in Cornice's Opening Brief, claim 22 and its dependent claims specify a disk encoded with a servo pattern where the servo band and gray scale band "coact to define radial

4.

positions on said magnetic disk from a fixed reference point in said gray scale band on the surface of said

disk." As further described in Cornice's Opening Brief, the entirety of the written description of the '506

patent – which nowhere uses the term "coact" – discloses that the only means by which these patterns can

work together or cooperate to define radial positions is when a transducer reads the patterns, and the

"position generator" then determines from this information the position of the transducer relative to the

surface of the disk. D.I. 168 at 4-6, 13-18. Nowhere in its Opposition does Seagate dispute that the '506

patent fails to enable or disclose any other means or method by which the claimed "coacting" occurs as

described in claim 22. *See* D.I. 254 at 9-13. To the contrary, Seagate's Opposition demonstrates the

absence of any factual dispute on this issue by discussing at length passages of the '506 patent

specification that describe the process of "defin[ing] radial positions on said magnetic disk" solely in the

context of the *combination* of the magnetic disk of claim 22 with a transducer and position generator. *See*

D.I. 254 at 4, 9-10, 11-12. For example, on page 4 of its Opposition, Seagate cites the following passage

as describing "each element of claim 22":

> *Thus* by permanently writing, in the preamble area of each sector on the
> surface of disk 10, the servo band in the described manner and the gray
> scale band in the described manner, a disk is established that provides
> data that uniquely identifies any radial location between the outer
> diameter OD and the inner diameter ID on disk 10.

> Exh. A, '506 Patent, col. 6:24-29 (emphasis added).

However, the immediately prior paragraph, to which the "Thus" refers, provides

necessary context for this paragraph:

> A displacement signal having a value indicative of the displacement from
> the center of a zone for the transducer is obtained from the difference in
> the magnitude read for the two servo bursts whose boundary is centered
> in that zone. By adding the displacement signal to the center signal, *a*
> *position signal is obtained having a value in gray scale units indicative*
> *of the position of the transducer with reference to the center of gray*
> *scale area 0.*

> Exh. A, '506 Patent, col. 6:16-23 (emphasis added).

As such, Seagate neglects to acknowledge that the discussion of the disk "that provides

data that uniquely identifies any radial location" is referring to the "radial location" of a "transducer"

5.

determined using a position generator. This is further confirmed by the other portion of the patent specification that Seagate cites on page 4 of its brief, which allegedly "describes how the combination of gray scale band and quadrature pattern cooperate to define radial position [sic] on the disk":

> The combination of the recorded servo band employing one of the quadrature servo patterns and gray scale band of sequentially addressed gray scale areas essentially provides a ruler that can be used to measure *the radial position of the transducer* from a reference point on the surface of the disk.

> Exh. A, '506 Patent, col. 11:23-27 (emphasis added).

However, here too Seagate ignores that the passage it quotes is directed to determining the "radial position *of the transducer*." In sum, Seagate does not present facts to dispute that the '506 patent fails to enable or disclose a means or method by which the "coacting" occurs in the absence of a transducer and position generator.

> **B.    There Are No Genuine Issues Of Material Fact Regarding The   Failure To Meet The Definiteness Requirements Of 35 U.S.C. § 112, ¶2.**

As Cornice explained in its opening brief, the "invention" of the '506 patent requires at least two elements: a specially encoded magnetic disk and a "position generator." D.I. 168 at 4-6, 13-18. Because claim 22 and its dependent claims recite only one of these elements—the encoded magnetic disk—they fail to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶2.

**REDACTED**

*See* D.I. 254 at 4, 13-15. However, Seagate's legal argument and unsworn expert report do not create a genuine issue of fact. *See Glaverbel Societe Anonyme,* 45 F.3d at 1562 (Fed. Cir. 1995) ("There must be sufficient substance, other than attorney argument, to show that the issue requires trial."); *Fowle v. C & C Cola,* 868

6.

F.2d 59, 67 (3d Cir. 1994) (unsworn "expert's report is not competent to be considered on a motion for summary judgment.").

> **C.** **Seagate Does Not Dispute Its Failure To Provide *Factual* Discovery Concerning The Bases For Its Allegations Of Commercial Success, Or The Unreliability Of Dr. Messner's Opinions On The Issue.**

As an initial matter, it is undisputed that Seagate has not alleged any secondary considerations of nonobviousness, except for purported commercial success. *See* D.I. 254 at 5, 15-18. With respect to commercial success, Cornice detailed the facts surrounding Seagate's refusal to provide critical factual discovery on this issue in its opening brief. D.I. 168 at 7-10. Seagate does not dispute that it failed to provide factual discovery on the facts underlying Dr. Messner's opinions, and thus prevented Cornice from being able to substantively cross-examine him. *E.g.*, D.I. 254 at 16. In fact, Seagate does not dispute that it never produced a single fact witness to testify regarding the documents underlying Dr. Messner's opinions, or any of the relevant details regarding the products that allegedly utilized the subject matter of the '506 patent. *E.g.*, D.I. 254 at 16.

**REDACTED**

> **II.** **CLAIM 22 OF THE '506 PATENT IS INVALID UNDER 35 U.S.C. SEC. 112, PARAGRAPH 1**

Even if considered, Dr. Messner's opinions do not pertain to the issue that Cornice's motion is based on: that by generically reciting the ability of the servo band and gray scale band to "coact to define radial positions," the applicants claimed far beyond that which is described and enabled in the '506 patent specification, rendering the claim invalid under section 112, paragraph 1. Indeed, Seagate does not even dispute that claim 22 is so broad as to cover any means of "coacting." *See, e.g.*, D.I. 254 at 9-10.

**A.    Seagate's Opposition Relies On Mischaracterizations Of Cornice's §112, ¶1 Arguments.**

Because Seagate has no factual evidence or legal support to oppose Cornice's motion, it instead responds to straw man arguments in its Opposition. Seagate premises its Opposition on the false grounds that Cornice's §112, ¶1 arguments are based on claim 22's failure to "recite a transducer or position generator." D.I. 254 at 9, 11. Seagate then relies on inapposite law pertaining to (1) the claiming of subcombinations that have independent utility; and (2) claims that do not recite every feature for practical utilization of the claimed subject matter. D.I. 254 at 8-11.

However, Cornice's motion based on §112, ¶1 does not rely on the arguments that Seagate has constructed. Moreover, with respect to the first issue, Seagate cites *Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1181, 1187 (Fed. Cir. 1991) to proclaim that "Claim 22 is proper." D.I. 254 at 8, 11. However, *Stiftung* is explicitly limited to the definiteness requirement of §112, ¶2, and thus irrelevant to Cornice's §112, ¶1 arguments. 945 F.2d at 1181 ("it is entirely consistent with the claim definiteness requirement of the *second paragraph* of section 112, to present 'subcombination' claims drawn to only one aspect or combination of elements of an invention that has utility separate and apart from the other aspects of the invention") (emphasis added).

With respect to the description requirement of §112, ¶1, Seagate briefly argues that the "coact" language is described in the specification. D.I. 254 at 10. However, Seagate merely quotes language in the specification directed to determining "the radial position of *the transducer*." D.I. 254 at 10 (*quoting* '506 Patent at col. 11:23-27). This serves only to support Cornice's argument that the '506 patent describes and enables no more than a magnetic disk working in concert with a position generator and transducer. With respect to the enablement requirement of §112, ¶1, Seagate completely ignores the "coact" language,

**REDACTED**

D.I. 254 at 12. However, claim 22 indisputably requires that the gray scale band and servo band on the disk must "coact to define radial positions."

8.

In sum, nowhere does Seagate address the actual issue raised by Cornice's motion, that the scope of claim 22 exceeds what is described and enabled by the specification.

**B.      Seagate's Attempts To Distinguish The Controlling Case Law Are Without Avail.**

Seagate's attempt to addresses the case law supporting the overbreadth of claim 22 is also unavailing. First, Seagate attempts to distinguish *LizardTech, Inc. v. Earth Resource Mapping, Inc*, 424 F.3d 1336 (Fed. Cir. 2005), *reh'g en banc denied*, 2006 WL 23426 (Fed. Cir. Jan. 5, 2006), the Federal Circuit's most recent reiteration of the well-established principle that a patent must illustrate "how to make and use the invention across the full breadth of the claim." 424 F.3d at 1345[2]; D.I. 254 at 10-11. Put another way, *LizardTech* precludes claiming more than was invented. 424 F.3d at 1346 ("The patent system is based on the proposition that the claims cover only the invented subject matter.") (*quoting Phillips v. AWH Corp.*, 415 F.3d 1303, 1321 (Fed. Cir. 2005)).

Moreover, *LizardTech* involved an analogous fact pattern to the '506 patent. In particular, the *LizardTech* court invalidated a claim because while only one technique for seamlessly compressing digital images using "digital wave transforms" or "DWTs" was disclosed in the patent, the claim at issue "generically" claimed a method for obtaining a seamless DWT, omitting the steps embodying the only specific technique disclosed in the patent. 424 F.3d at 1344-45.

**REDACTED**

---

[2]      In the order denying rehearing *en banc*, Judges Lourie, Michel and Newman issued a concurrence stating unambiguously the broad application of *LizardTech*:

> Claims are not necessarily limited to preferred embodiments, but, if there are no other embodiments, and no other disclosure, then they may be so limited. One does not receive entitlement to a period of exclusivity for what one has not disclosed to the public. . . . . But merely calling an embodiment "preferred," when there are no others, does not entitle one to claims broader than the disclosure.

2006 WL 23426 (Jan. 5, 2006) (Lourie, J., concurring).

9.

**REDACTED**

Seagate seeks to distinguish *Lizardtech* on the basis that, unlike the apparatus claim here at issue, it "instead involved a method claim with scope beyond the method described in the specification." D.I. 254 at 10.  However, Seagate articulates no principled basis for limiting *LizardTech* to method claims, and none exists.  Courts have found all types of claims – method, apparatus, and composition of matter – invalid on the basis that they claimed more than what was actually invented.  *See, e.g., Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1308-09 (Fed. Cir. 2005) (apparatus and method); *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1244 (Fed. Cir. 2003) (composition of matter); *Emergency Fuel, LLC v. Penzoil-Quaker State Co.*, 187 F. Supp. 575, 582-83 (D. Md. 2002), *aff'd*, 71 Fed. Appx. 826, 831, 2003 WL 21772131 (Fed. Cir. 2003) (composition of matter and method); *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. General Elec. Co.*, 264 F.3d 1111, 1119 (Fed. Cir. 2001) (apparatus); *National Recovery Technologies, Inc. v. Magnetic Separation Systems, Inc.*, 166 F.3d 1190, 1198-97 (Fed. Cir. 1999) (method); *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1567 (Fed. Cir. 1997) (composition of matter); *In re Wright*, 999 F.2d 1557, 1561-62 (Fed. Cir. 1993) (composition of matter).  In any event, "coact" is a verb, and the contested language ("wherein said servo band and said gray scale band coact to define radial positions on said magnetic disk") plainly describes an act, not a structure.   There is no legitimate basis to avoid the impact of the *LizardTech* holding on claim 22.

Seagate also purports to distinguish *AK Steel Corp. v. Sollac*, 344 F.3d 1234 (Fed. Cir. 2003) and *In re Wright*, 999 F.2d 1557 (Fed. Cir. 1993), but in so doing mischaracterizes their holdings.  D.I. 254 at 12-13.  In particular, Seagate contends that in *AK Steel* the court found no enablement "because the specification expressly taught away from the claim at issue," whereas in the instant case, "there is no 'teaching away' from the claimed invention." D.I. 254 at 12.  However, in *AK Steel*, the court

10.

did not limit its rulings concerning failure to meet the enablement requirement to those where the specification "teaches away" from the claimed invention. Indeed, a substantial factor in *AK Steel* was the patentee's own failure to practice the full scope of the claimed invention. *AK Steel*, 344 F.3d at 1244-45 ("given the specification's teaching away from the subject matter that was eventually claimed *and AK Steel's own failures to make and use the later claimed invention at the time of the application*, the district court correctly concluded that there was no genuine issue of material fact relating to undue experimentation as it relates to enablement") (emphasis added).

       With respect to *In re Wright*, Seagate argues that the court found the claims at issue not enabled because "[the patentee] attempted to cover vaccines that not only could not be produced at the time of the application's filing, but also vaccines that could not be successfully produced years later, such as an AIDS vaccine." D.I. 254 at 12. Seagate argues that because "both Seagate and Cornice have practiced [claim 22]," *In re Wright* is inapposite, and this is evidence that claim 22 is thus enabled. D.I. 254 at 12-13. Seagate's argument misconstrues the enablement issue in two respects. First, the focus is on whether the *specification* enables the *full scope* of the claim. As the court in *In re Wright* explained, "to be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" 999 F.2d at 1561 (*quoting In re Vaeck*, 947 F.2d 488, 495 (Fed. Cir. 1991)) (emphasis added). In addition, the proper time frame for considering enablement is at the time of the filing of the application. *Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1345 (Fed. Cir. 2001).[3] Whether Seagate or Cornice allegedly practiced claim 22 years later is irrelevant. *See Wright*, 999 F.2d at 1563 n.8 ("the issue is not what the state of the art is today or what a skilled artisan today would believe, but rather what the state of the art was [at the filing date] and what a skilled artisan would have believed at that time"). Thus, Seagate's

---

[3]    Similarly, compliance with the written description requirement of §112, ¶1 is also measured at the time of filing of the patent application. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1566 (Fed. Cir. 1991) ("Application sufficiency under § 112, first paragraph, must be judged as of the filing date.").

11.

allegation of infringement of claim 22 by Cornice some seven years after the '506 patent application was filed has no bearing on the validity of claim 22.

III.    **CLAIM 22 OF THE '506 PATENT IS INVALID UNDER 35 U.S.C. SEC. 112, PARAGRAPH 2**

As explained in Cornice's Opening Brief, the purported invention of the '506 patent is a position measuring system for determining the position of a transducer relative to a disk, and consists of at least an encoded magnetic disk and a "position generator." D.I. 168 at 4-6. However, claim 22 recites only the magnetic disk, which renders claim 22 and its dependent claims invalid for failing to meet the definiteness requirement of 35 U.S.C. § 112, ¶2. This requirement is violated if it would be apparent to one of skill in the art, based on the specification, that the subject matter of a claim is not what the patentees "regarded as their invention." *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002).

Given the clear, unequivocal statements in the written description of the patent concerning the two "major elements" that together comprise the "invention" (detailed in Cornice's Opening Brief (D.I. 168) at 4-7, 18-20), it would be apparent to one of skill in the art that the magnetic disk alone of claim 22 is not what the named inventors "regarded as their invention." This is particularly the case given the statements in the patent that the two elements – the disk and "position generator" – are interdependent. *E.g.*, Exh. A, '506 Patent at cols. 4:11-31; 12:26-46.

In its Opposition, Seagate quotes *Stiftung* for the premise that:

> It has long been held, and we today reaffirm, that it is entirely consistent with the claim definiteness requirement of the second paragraph of section 112, to present "subcombination" claims drawn to only one aspect of combination of elements of an invention *that has utility separate and apart from other aspects of the invention.*

945 F.2d at 1181 (emphasis added).

Not surprisingly, Seagate fails to address the italicized language from *Stiftung*, which explicitly requires that the claimed subcombination have "utility separate and apart from other aspects of the invention." *Id.* Nowhere does Seagate even allege that the disk of claim 22 has utility separate from

12.

the transducer, position generator, and/or other components of a hard disk drive. This is not surprising given that the patent teaches just the opposite. Therefore, *Stiftung* does not help Seagate salvage claim 22.

Seagate also takes issue with Cornice's discussion of the testimony of the primary named inventor Michael Baum, citing *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372 (Fed. Cir. 2000). D.I. 254 at 15. In *Kimberly-Clark* the Federal Circuit ruled that the district court erred in relying on the inventor's testimony in granting summary judgment of invalidity under §112, ¶2. 216 F.3d at 1377-79. Unlike the patent-in-suit, the patent there at issue did not itself contradict the claim, and the district court relied solely on the inventor's testimony. *Id.* at 1376 ("The district court concluded, however, that Solomon's deposition testimony revealed that 'her patent does not accurately depict her invention'"). However, in its opening brief Cornice identified the extensive support for its argument in the intrinsic record of the patent. *E.g.*, '506 Patent at Abstract ("The system [of the '506 patent] is comprised of two major elements. The first element is a disk. . .The second element is a position generator. . . ."); col. 3:22-25 ("The present invention is the method and apparatus for generating a position signal indicative of the location of a transducer with reference to the surface of a disk within a disk drive system."); col. 3:26-28 ("The apparatus is comprised of two major elements, a properly encoded sector magnetic disk and a position generator.").

**REDACTED**

13.

IV.    **JUDGMENT AS A MATTER OF LAW IS PROPER WITH RESPECT TO SEAGATE'S ALLEGATIONS REGARDING ALLEGED SECONDARY CONSIDERATIONS IN SUPPORT OF THE NONOBVIOUSNESS OF THE CLAIMS OF THE '506 PATENT**

As an initial matter, in response to Cornice's motion Seagate does not identify any secondary considerations that allegedly support nonobviousness other than commercial success. There is thus no factual dispute that Seagate lacks any evidence regarding such other secondary considerations. *E.g.*, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)

Regarding commercial success, Seagate does not dispute that it failed to provide critical factual discovery concerning the facts underlying its allegations and Dr. Messner's opinions. *E.g.*, D.I. 254 at 16. Of course, expert opinion is no replacement for factual discovery. *See, e.g., Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("Expert testimony is useful as a guide to interpreting . . . facts, but it is not a substitute for them.").

**REDACTED**

However, Dr. Messner is solely an expert witness—not a fact witness with personal knowledge of the sales and specific configurations of Seagate's products alleged to practice the '506 patent. *See* D.I 254 at 15.

**REDACTED**

Seagate's assertion that Cornice had an opportunity to question the named inventors regarding commercial success also lacks force. D.I. 254 at 16-17.

**REDACTED**

For these reasons, Cornice sought a 30(b)(6) witness regarding such facts and documents, which Seagate

14.

refused to produce, notwithstanding that Cornice put Seagate on notice it would seek a preclusion remedy. Seagate does not dispute this.

Seagate then attacks Cornice's *Daubert* challenge to Dr. Messner's opinions on procedural grounds, alleging that an "embedded Daubert motion is improper on summary judgment, and should be rejected." D.I. 254 at 18. Seagate cites no authority and misstates the law. It is entirely proper for courts to consider *Daubert* issues in the context of summary judgment. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 152-55, 158 (3d Cir. 2000) (excluding expert's testimony at summary judgment stage); *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997) ("If proffered expert testimony fails to cross Daubert 's threshold for admissibility, a district court may exclude that evidence from consideration when passing upon a motion for summary judgment."); *see also Simmons v. Ford Motor Co.*, 132 Fed. Appx. 950, 951, 2005 WL 1274662 (3d Cir. 2005) (affirming summary judgment on the basis that lower court properly excluded expert testimony); *Scrofani v. Stihl Inc.*, 44 Fed. Appx. 559, 561, 2002 WL 1798805 (3d Cir. 2002) (same).

Significantly, Seagate never addresses the substance of Cornice's *Daubert* arguments. *See* D.I. 254 at 18-19. In particular

**REDACTED**

D.I. 168 at 20-24.

And had Seagate produced a witness to testify on the facts underlying its commercial success allegations, Cornice would likely have been able to identify further bases to challenge Seagate's and Dr. Messner's contentions regarding alleged commercial success.

Finally, Seagate does not address or dispute
**REDACTED**

*See* D.I. 254 at 17. In particular, Seagate does not dispute that in the context of the '506 patent,

15.

which is directed to only one of numerous features of a hard disk drive, commercial success requires a showing linking the alleged success to the specific patent at issue. *See, e.g., Polaroid Corp. v. Eastman Kodak Co.*, 641 F. Supp. 828, 833 (D. Mass. 1985), *aff'd*, 789 F.2d 1556 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 850 (1986) (evidence "inadequate to permit me to assign to any one patent credit for the commercial success of the whole"). Nor does Seagate dispute that, given its dominant position in the market prior to introduction of the products alleged to practice the '506 patent, it must show more than mere sales numbers to demonstrate commercial success. *Pentec, Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 316 (Fed. Cir. 1985) ("Because [plaintiff] was clearly the market leader well before the introduction of the [embodying product], its sales figures cannot be given controlling weight in determining the effect of commercial success in this case on the question of obviousness."). Seagate's failure to even respond to these arguments warrants granting of Cornice's motion.

## CONCLUSION

For all the foregoing reasons, and those in its opening brief, the Court should grant Cornice's motion that claim 22 of the '506 patent is invalid under 35 U.S.C. §112, ¶¶ 1 and 2, and should bar Seagate from introducing evidence concerning alleged secondary considerations of nonobviousness. At a minimum, the Court should preclude Seagate's expert, Dr. Messner, from offering any opinion concerning the alleged commercial success of the subject matter of the '506 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
   *Attorneys for Defendant and Counterclaim Plaintiff
   Cornice, Inc.*

16.

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

January 17, 2006
502295

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 17th, 2006, I electronically filed the foregoing, which will send notification of such filing(s) to the following:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801
marsden@fr.com

One (1) Electronic Version by Email
and One (1) Hard Copy for Hand Delivery
on Wednesday, January 18, 2006

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC 20005
cordell@fr.com

One (1) Electronic Version by Email
and One (1) Hard Copy by Federal Express
Delivery for Wednesday, January 18, 2006

/s/ Julia Heaney (#3052)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 23, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND:**

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

**BY FEDERAL EXPRESS:**
Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC 20005

/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
jheaney@mnat.com
  *Attorneys for Defendant and*
  *Counterclaim Plaintiff Cornice, Inc.*