IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAGATE TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **REDACTED** |
| | ) | |
| v. | ) | C.A. No. 04-418 (SLR) |
| | ) | |
| CORNICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CORNICE, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION [NO. 4] FOR SUMMARY JUDGMENT THAT SEAGATE CANNOT RECOVER PRE-SUIT DAMAGES

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendant and Counterclaim*
*Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
Original filing date: January 17, 2006
Redacted filing date: January 23, 2006

i.

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ...........................................................................................................i

SUMMARY OF ARGUMENT ................................................................................................1

ARGUMENT ...........................................................................................................................2

    I.      SEAGATE DID NOT PROVIDE ACTUAL NOTICE.........................................2

        A.    Actual Notice Of Infringement Under 35 U.S.C. § 287 Requires Identification Of The Patent(s) Alleged As Having Been Infringed ...........................................................................2

        B.    Seagate Never Affirmatively Made A Specific Charge Of Infringement With Respect To The Patents-In-Suit ...........................................................................................................4

    II.     SEAGATE DID NOT PROVIDE CONSTRUCTIVE NOTICE OF INFRINGEMENT OF THE PATENTS-IN-SUIT .................................................6

    III.    THE LIMITATION ON DAMAGES UNDER § 287 IS NOT A DEFENSE THAT MUST BE PLEAD BY THE DEFENDANT ........................................................8

CONCLUSION .......................................................................................................................9

ii.

TABLE OF CITATIONS

Page(s)

Cases

*Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*,
    2005 U.S. Dist. LEXIS 33369 (D.Del. December 16, 2005)........................................12

*American Medical Systems ("AMS"), Inc. v. Medical Engineering Corp.*,
    6 F.3d 1523 (1993).............................................................................................9, 10, 11

*Amsted Industries Inc. v. Buckeye Steel Castings Co.*,
    24 F.3d 178 (1994).....................................................................................................5, 8

*Ceeco Machinery Manufacturing., Ltd. v. Intercole, Inc.*,
    817 F. Supp. 979 (D. Mass. 1992).................................................................................6

*Gart v. Logitech, Inc.*,
    254 F.3d 1334 (Fed. Cir. 2001)......................................................................................9

*Hanson v. Alpine Valley Ski Area, Inc.*,
    718 F.2d 1075 (1983)....................................................................................................11

*IMX, Inc. v. Lendingtree, LLC*,
    2005 WL 3465555 (D. Del. December 14, 2005)...............................................6, 10, 11

*Lans v. Digital Equipment Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001).............................................................................5, 6, 11

*Maxwell v. Baker*,
    86 F.3d 1098 (Fed. Cir. 1996)......................................................................................12

*Mosel Vitelic Corp. v. Micron Technology, Inc.*,
    2000 WL 1728351 (Feb. 25, D.Del. 2000).............................................................10, 11

*Motorola v. United States*,
    729 F.2d 765 (Fed. Cir. 1984).......................................................................................11

*Philips Electronics North America Corp. v. Contec Corp.*,
    312 F. Supp. 2d 649 (D.Del. 2005)...............................................................................10

*Sentry v. Protection Products, Inc. v. Eagle Mfring. Co.*,
    400 F.3d 910 (Fed. Cir. 2005).......................................................................................12

*SRI International v. Advanced Technology Laboratories*,
    127 F.3d 1462 (Fed. Cir. 1997)......................................................................................5

*State Contracting & Engineering Corp. v. Condotte America, Inc.*,
    346 F.3d 1057 (2003)....................................................................................................11

*Uniboard Aktiebolag v. Acer America Corp.*,
     118 F. Supp.2d 19 (D.D.C. 2000) ................................................................................5

Statutes

35 U.S.C. § 287 ................................................................................................................4

## SUMMARY OF ARGUMENT

Seagate misstates the law pertaining to the notice of infringement required by 35 U.S.C. § 287. Having finally admitted that it has not marked its products with its patent numbers, after repeatedly dodging Cornice's attempts to establish this during discovery,[1] Seagate now argues that Cornice had actual notice of Seagate's specific claims of infringement prior to the filing of this lawsuit. Seagate concedes that it never provided Cornice with notice of infringement of the patents-in-suit, but Seagate argues that Section 287 does not require such notice. Seagate is wrong. Section 287 requires that, absent marking, a patent owner must charge an alleged infringer with infringement of a patent. The evidence relied upon by Seagate to show actual notice to Cornice falls far short of the requirements of Section 287. The communications do not reference any particular patent or infringement, and in fact were made before Seagate had ever seen Cornice's accused products or made any infringement determination. No issue of fact exists as to whether Cornice was on notice prior to the filing of this lawsuit. The undisputed facts show that Cornice was not.

Seagate also contends that the marking requirements of Section 287 do not apply to two of the patents-in-suit because those patents include method claims. Seagate is again wrong. Where a patent contains both apparatus and method claims and there is a tangible product that embodies the patent, the patent owner must mark the patent number on the product in order to avail itself of the constructive notice provisions of Section 287 for the method claims. As Seagate now admits that it has not marked its products with its patent numbers, and since those patents include both apparatus and method claims, it cannot rely on the constructive notice provisions of Section 287 to seek pre-suit damages.

Finally, Seagate argues that Cornice was obligated to plead a marking defense in its answer to Seagate's complaint and has waived the defense by its failure to do so. Yet again Seagate is wrong. The limitation on damages under Section 287 is not a defense and thus need not be plead. The

---

[1]    Cornice repeatedly requested that Seagate stipulate that it does not mark its products with the number of any of the patents-in-suit (*see, e.g.*, Appendix in Support of Defendant Cornice, Inc.'s Opening Brief in Support of Its Motion for Summary Judgment that Seagate Cannot Recover Pre-suit Damages (D.I. 163), Exh. DD at 5), but Seagate refused, which forced Cornice to file this motion. Now, in its opposition brief, Seagate finally admits that it did not mark its products.

burden is on the patent owner to show that notice of infringement was given in order to support its

damages claims.

## ARGUMENT

I.    SEAGATE DID NOT PROVIDE ACTUAL NOTICE

    A.    Actual Notice Of Infringement Under 35 U.S.C. § 287 Requires Identification Of The Patent(s) Alleged As Having Been Infringed

        Seagate argues that it gave Cornice actual notice by three general communications concerning Seagate's overall patent portfolio and position in the hard drive industry. None of these communications satisfies the notice requirements of Section 287 because they did not inform Cornice of the particular patents Seagate believed Cornice had infringed nor did they even assert that Cornice had engaged in any infringement.

        Seagate argues that actual notice does not require identification of a specific patent, citing *SRI International v. Advanced Technology Laboratories*, 127 F.3d 1462 (Fed. Cir. 1997), for the proposition that "the form and content of such actual notice may vary" and that identification of the patent is merely one way to satisfy the notice requirement. (D.I. 232 at 4) Although the *SRI* court did observe that actual notice may take various forms, it held that "the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the *identity of the patent* and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." 127 F.3d at 1470 (emphasis added). Nothing in the court's opinion suggests that actual identification of the patent is merely one option to effect notice. To the contrary, the Federal Circuit held in *Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (1994), that "[a]ctual notice requires the affirmative communication of *a specific charge of infringement* by a specific accused product or device." *Id.* at 186-87 (emphasis added).

        Similarly, in *Uniboard Aktiebolag v. Acer America Corp.*, 118 F. Supp.2d 19 (D.D.C. 2000), *aff'd sub nom. Lans v. Digital Equipment Corp.*, 252 F.3d 1320 (Fed. Cir. 2001), the court explained that actual notice must "put the defendant on notice of *which patent is being infringed*, the specific actions which infringe the patent, and who the patentee is." *Id.* at 24 n.10 (emphasis added). On

appeal, the Federal Circuit held that notice must come from the patent owner, observing that "a looser rule would both frustrate the purpose of notification and present difficult, if not unworkable, enforcement problems," as the courts would struggle to determine what sort of interest in the patent would suffice for the notice requirement. *Lans*, 252 F.3d at 1327. The same problems would arise if notice could be effected without identification of the specific patent, as the courts would struggle to determine what level of specificity would suffice.

> Further, the Federal Circuit observed in *Lans*:

> Besides alerting the alleged infringer to avoid further infringement, the notice requirement also permits the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute. Thus, without knowledge of the patentee's identity, an alleged infringer may lose the benefit of this primary purpose of the notice requirement. An alleged infringer may lose the opportunity to consult with the patentee about design changes to avoid infringement. Similarly, without knowledge of the patentee, an alleged infringer may lose the chance to negotiate a valid license. In sum, knowledge of the patentee's identity facilitates avoidance of infringement with design changes, negotiations for licenses, and even early resolution of rights in a declaratory judgment proceeding.

*Id.* So too, without identification of the patent, an alleged infringer may lose the opportunity to consider design changes because it would have no basis for determining the nature of the alleged infringement. Nor could the alleged infringer seek to negotiate a license without knowledge of the patent to be licensed. As the Federal Circuit observed in *Lans* and as this Court observed just last month in *IMX, Inc. v. Lendingtree, LLC*, 2005 WL 3465555, at *4 (D. Del. December 14, 2005), the purpose of the notice requirement is to afford the alleged infringer an opportunity to avoid infringement, something it cannot possibly do without knowledge of the patent it is alleged to have infringed.[2]

---

[2]     Seagate relies on *Ceeco Machinery Manufacturing., Ltd. v. Intercole, Inc.*, 817 F. Supp. 979 (D. Mass. 1992), for the proposition that actual notice of infringement does not require identification of the patent. (D.I. 232 at 4-5) *Ceeco* is inconsistent with the more recent jurisprudence in the Federal Circuit.

B.    Seagate Never Affirmatively Made A Specific Charge Of Infringement With Respect To The Patents-In-Suit

Seagate relies on three communications to Cornice as evidence of supposed actual notice of infringement of the patents-in-suit. The first is a slide presentation entitled *Redacted* which was emailed to Cornice on May 31, 2002. Nothing in that presentation communicated to Cornice a specific charge of infringement of the patents-in-suit. The slides merely noted that *Redacted* *Redacted* (D.I. 233, Exh. 1) There is no reference to any patent or to any Cornice product. Indeed, there is no claim of infringement of any kind anywhere in the presentation. The presentation merely contains Seagate's purported assessment of the difficulties of any new entrant operating in the hard drive market in view of the many patents held by nine different manufacturers and suggests various approaches to operate in the market successfully. *Id.* A Seagate employee who helped author the slides stated that *Redacted* *Redacted* (D.I. 233, Exh. 3 (Altinger Deposition Exh. 19)) *Redacted*

The Seagate employee who forwarded the slide presentation, Phillip Altinger, characterized the slides as *Redacted* ι the May 31, 2002 email. (D.I. 233, Exh. 1) Mr. Altinger testified that ; *Redacted* *Redacted* and the slides were sent to Cornice in the context of a *Redacted* not in the context of any alleged infringement. (D.I. 233, Exh. 3 at 131:17-22, 137:10-21) Additionally, recognizing the vagueness of the slides, Mr. Altinger suggested that ι *Redacted* *Redacted* (D.I. 233, Exh. 1) Mr. Altinger testified that he did not recall any such conversation ever having taken place. (D.I. 233, Exh. 3 at 138:14-24)

The second communication that Seagate relies upon is an April 10, 2003 letter from Seagate's General Counsel, William Hudson, to Mr. Magenis. This letter also did not communicate to Cornice a specific charge of infringement with respect to the patents-in-suit. Indeed, Mr. Hudson warned

in the letter that Seagate    *Redacted*    not that

there was any infringement.  (D.I. 233, Exh. 4) (emphasis added)  Moreover, Seagate's Assistant

Corporate Counsel, acknowledged in a June 24, 2003 letter to Mr. Magenis that    *Redacted*

*Redacted*

(D.I. 233, Exh. 6) (emphasis added)  Thus, Mr. Hudson's April 10 letter could not possibly have

constituted a specific charge of infringement, as required by Section 287.  Further, the letter did not

identify any specific Seagate patent, let alone any of the patents-in-suit. (D.I. 233, Exh. 4)  Mr. Hudson

merely noted :    *Redacted*

*Redacted*

Seagate relies on Mr. Hudson's comment that '    *Redacted*

*Redacted*    Id. This is not

a specific charge of infringement of any of the patents-in-suit.    *Redacted*

The third communication that Seagate relies upon is a June 24, 2003 letter to

Mr. Magenis.  Once again, the letter included no reference to any particular patents or alleged acts of

infringement.  Instead, it merely stated that Seagate    *Redacted*

*Redacted*    (D.I. 233, Exh. 6) (emphasis added)  The fact that Seagate stated that   *Redacted*

*Redacted*    demonstrates that this cannot

constitute a "specific charge of infringement."  Thus, this statement also fails to satisfy the notice

requirements of Section 287.[3]

---

[3]    Seagate also cites Mr. Magenis' April 16, 2003 response to Mr. Hudson's April 10 letter.  (D.I. 233, Exh. 5)  Notice must be given by the patent owner, and thus the April 16 letter from Cornice cannot constitute notice.  *See Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (1994).  It is irrelevant "whether the defendant knew of the patent or knew of his own infringement.  The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* Therefore,

The first notice of a specific charge of infringement Seagate gave to Cornice was the complaint filed in this lawsuit, identifying specific Seagate patents and the conduct by Cornice alleged to infringe those patents.  Cornice received Seagate's complaint on June 22, 2004, and therefore Seagate cannot recover damages for any act of infringement that occurred prior to June 22, 2004.[4]

## II.    SEAGATE DID NOT PROVIDE CONSTRUCTIVE NOTICE OF INFRINGEMENT OF THE PATENTS-IN-SUIT

Seagate does not dispute that each of the patents-in-suit is embodied in a physical product or device produced by Seagate, as set forth in Cornice's Opening Brief.  (D.I. 162)  Seagate concedes that it has not marked those products with the numbers of the patents-in-suit, or any other patents, and thus has failed to comply with the marking requirements of Section 287.  Seagate, however, attempts to absolve itself of this failure for two of the patents-in-suit, United States Patent Nos. 6,146,754 and 5,600,506.  Seagate argues that those patents contain both apparatus claims and method claims and that because method claims are not subject to the marking requirements, the patents need not have been marked.  (D.I. 232 at 6-11)  But, both the Federal Circuit and this Court have rejected Seagate's argument.

The Federal Circuit rejected Seagate's argument in *American Medical Systems ("AMS"), Inc. v. Medical Engineering Corp.*, 6 F.3d 1523 (1993), holding:  "Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obligated to do so if it intends to avail itself of the

_____

Cornice's knowledge or understanding, as expressed in the April 16 letter, is irrelevant to the question of notice as a matter of law.

[4]    Seagate argues that the sufficiency of its purported notice is a question of fact that must be decided by the jury.  However, "this issue is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the 'particular defendants by informing them of his patent and of their infringement of it."  *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (affirming summary judgment that plaintiff had not effected actual notice of infringement with respect to two of the accused products).  As explained above, the three communications Seagate relies upon are insufficient as a matter of law, and Seagate has not identified any other evidence to support its claim that Cornice was given actual notice of infringement.  Therefore, no reasonable jury could find that Seagate provided actual notice, and thus summary judgment is appropriate.

constructive notice provisions of section 287(a)." *Id.* at 1538-39. The Federal Circuit held that although

method claims are typically not subject to the marking requirements of Section 287, physical products

must be marked when that can be done. *Id.* The court noted that the "reason that the marking statute does

not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or

process there is nothing to mark," but recognized that this reasoning does not apply where a patent is

embodied in a tangible device. *Id.* at 1538. Therefore the embodying product must be marked, or the

patentee cannot recover pre-suit damages for product or method claims.

This Court likewise rejected Seagate's argument in *Mosel Vitelic Corp. v. Micron*

*Technology, Inc.*, 2000 WL 1728351 (Feb. 25, D.Del. 2000), and again in *Philips Electronics North*

*America Corp. v. Contec Corp.*, 312 F. Supp. 2d 649 (D.Del. 2005), and yet again only a month ago in

*IMX, Inc. v. Lendingtree, LLC*, 2005 WL 3465555 (D. Del. December 14, 2005). In *Mosel*, the court

observed:

> As the *American Medical Systems* court made clear, regardless of
> whether a plaintiff is asserting method claims, apparatus claims, or both,
> that party must properly mark its products in order to obtain the benefits
> of the constructive notice provisions set forth in Section 287. In fact, the
> only time that the notice provisions or the federal statute do not come
> into play is when the patent is directed to *only* a method or a process.

2000 WL 1728351 at *2 (emphasis in original). Likewise, in *Philips*, the court granted summary

judgment because the plaintiffs had not given the defendants notice of infringement by failing to mark its

products with the patent-in-suit, even though the plaintiffs were asserting only method claims. 312 F.

Supp. 2d at 651-52. The court held that the plaintiffs had produced "tangible items which were capable

of being marked to give the public notice of the asserted method claims. . . ." *Id.* at 652. Similarly, in

*IMX*, this Court granted summary judgment because the plaintiff had failed to mark its website, which

was not patented but was used to access and operate the patented invention and was thus "intrinsic to the

patented system and constitutes a 'tangible item to mark by which notice of the asserted method claims

can be given.'" *IMX, Inc. v. Lendingtree, LLC*, 2005 WL 3465555, at *4 (D. Del. December 14, 2005).

Seagate attempts to create an exception to the well-established rule in *AMS*. Relying on a

Federal Circuit decision from more than 20 years ago, *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d

1075 (1983), Seagate argues that where a patent contains both apparatus and method claims and the patent is embodied in a tangible product, the patent owner need not have marked the product if it is determined that the apparatus claims had not been infringed. (D.I. 232 at 8-10) *Hanson*, however, preceded *AMS* by a decade. Seagate also relies on a more recent federal court decision, *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057 (2003). But, that decision held that *AMS* was inapposite because the patent at issue in *State Contracting* contained only method claims. *Id* at 1074. Likewise, *State Contracting* is inapposite here because the '754 and '506 patents do not contain only method claims.

In *Mosel*, in rejecting the argument that a patent owner need not mark a tangible product that embodies method claims of a patent, the court reasoned that if such products are properly marked, the public and possible infringers will be referred to the patents at issue and thus will be placed on constructive notice of the method claims. 2000 WL 1728351 at *2. This is consistent with the Federal Circuit's observation in *Lans* and this Court's observation in *IMX* that the purpose of the notice requirement is to afford the alleged infringer an opportunity to avoid infringement. As has been shown, Cornice was not afforded this opportunity prior to the filing of this lawsuit.[5]

III.    THE LIMITATION ON DAMAGES UNDER § 287 IS NOT A DEFENSE THAT MUST BE PLEAD BY THE DEFENDANT

Saving the least for last, Seagate's final argument is that Cornice waived its arguments under Section 287 by not pleading failure to mark as an affirmative defense. (D.I. 232 at 12) Seagate relies upon two Supreme Court decisions from the 19th century. *Id.* at 12-13. Much more recently, however, both the Federal Circuit and this Court have rejected Seagate's argument, holding that the limitation on damages under Section 287 is not a defense and cannot be waived. *See, e.g., Motorola v. United States*, 729 F.2d 765, 769-70 (Fed. Cir. 1984) (analyzing the history of Section 287 and its

---

[5]    Seagate argues that the Court should deny summary judgment because it has not yet determined whether Cornice infringed the apparatus claims of the '754 or '506 patents. (D.I. 232 at 11-12) However, Seagate was obligated to mark the products with the patent numbers, as discussed above, and failed to do so. The issue of infringement is not relevant to the determination of notice or the limitation on damages.

predecessor statutes and holding that the limitation on damages is not a defense); *Advanced Medical Optics, Inc. v. Alcon Laboratories, Inc.*, 2005 U.S. Dist. LEXIS 33369 at *7 (D.Del. December 16, 2005) (holding that the defendants had not waived their marking argument for failure to plead it because marking is not a defense).

The plaintiff bears the burden of pleading and proving marking or actual notice. *Maxwell v. Baker*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). Seagate contends that it "has satisfied this burden by averring both in its Complaint and in its First Amended Complaint that 'Cornice's acts of infringement have been made with full knowledge of Seagate's rights in the [patents-in-suit]. On information and belief, the infringement by defendant Cornice has been willful and deliberate." (D.I. 232 at 12) Seagate cites *Sentry v. Protection Products, Inc. v. Eagle Mfring. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005), to support its argument that a mere allegation of notice is all that is required. *Id.* In *Sentry*, however, the only issue before the Court was whether the plaintiffs had adequately plead notice in the complaint, not whether they had satisfied their burden of proving notice. Any allegation of notice in Seagate's complaint satisfies only its burden to "plead" compliance with Section 287. Seagate must still *prove* notice, which it cannot do.

## CONCLUSION

For the reasons set forth in Cornice's Opening Brief and herein, the Court should grant Cornice's motion for summary judgment that Seagate cannot recover damages for alleged infringement prior to the filing of this lawsuit on June 22, 2004.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
302-658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorneys for Defendant and Counterclaim Plaintiff Cornice, Inc.*

OF COUNSEL:

Mathew D. Powers
Jason D. Kipnis
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

January 17, 2006

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 17th, 2006, I electronically filed the

foregoing, which will send notification of such filing(s) to the following:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street
Suite 1100
Wilmington, DE 19801
marsden@fr.com

One (1) Electronic Version by Email
and One (1) Hard Copy for Hand Delivery
on Wednesday, January 18, 2006

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC 20005
cordell@fr.com

One (1) Electronic Version by Email
and One (1) Hard Copy by Federal Express
Delivery for Wednesday, January 18, 2006

/s/ Julia Heaney (#3052)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 23, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr., Esquire
> Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

### BY FEDERAL EXPRESS:

Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC 20005

/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
jheaney@mnat.com
  *Attorneys for Defendant and
  Counterclaim Plaintiff Cornice, Inc.*