IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAGATE TECHNOLOGY LLC,

               Plaintiff,

   v.

CORNICE, INC.,

               Defendant.

## <u>REDACTED</u>

Civil Action No. 04-418 (SLR)

---

**CORNICE, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT [NO. 1] OF NON-INFRINGEMENT OF
U.S. PATENT NOS. 6,146,754 AND 5,600,506 PURSUANT TO LICENSE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market St.
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
   *Attorneys for Defendant and Counterclaim*
   *Plaintiff Cornice, Inc.*

OF COUNSEL:

Vernon Winters
Steven Carlson
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Russell Wheatley
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Arlene Hahn
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000
Original filing date:  January 17, 2006
Redacted filing date:  January 23, 2006

i.

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDING ..........................................................1

II.   SUMMARY OF ARGUMENT .............................................................................................1

III.  ARGUMENT .........................................................................................................................1

      A.    Cornice's Motion Addresses Licensed Components, Not The Overall Hard Drive ..........1

      B.                                                                                                  2

      C.                                                                                                  5

            1.                              **REDACTED**                                                5

            2.                                                                                            5

            3.                                                                                            6

            4.                                                                                            7

      D.    Seagate Does Not Dispute That The '754 And '506 Patents Encompass Licensed
            Products.................................................................................................................................7

      E.    Cornice Is Immune For The Sale Of Its Magnetic Disks And Servo Systems..................8

            1.                              **REDACTED**                                                8

            2.    The Immunity Against Contributory Infringement Applies...................................9

      F.                                      **REDACTED**                                                10

            1.    "Other Claims" Do Not Cover The Servo Systems ...............................................10

            2.    The Disks Accused Of Infringement Do Not Have Other Viable
                  Commercial Uses ..................................................................................................12

            3.    Sale Of The Disks Would Constitute Contributory Infringement.......................13

      G.    Patent Exhaustion Applies ................................................................................................13

IV.   CONCLUSION ...................................................................................................................15

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*Conti v. United States,*
  291 F.3d 1334 (Fed. Cir. 2002)...................................................................................................4

*Hodosh v. Block Drug Co.,*
  833 F.2d 1575 (Fed. Cir. 1987)............................................................................................12, 13

*Ierardi v. Lorillard, Inc.,*
  1991 WL 158911 (E.D. Pa. 1991) .............................................................................................6

*In re Marriage of McTiernan and Dubrow,*
  133 Cal.App.4th 1090 (Cal. App. 2005) ...................................................................................4

*Intel Corp. v. United States Int'l Trade Commission,*
  946 F.2d 821 (Fed. Cir. 1991)....................................................................................................4

*Intel Corporation v. ULSI System Technology, Inc.,*
  995 F.2d 1566 (Fed. Cir. 1993)............................................................................................4, 13

*Members of Peanut Quota Holders Ass'n, Inc. v. United States,*
  421 F.3d 1323 (Fed. Cir. 2005)..................................................................................................4

*PPM Finance, Inc. v. Norandal USA, Inc.,*
  297 F.Supp.2d 1072 (N.D. Ill 2004) ..........................................................................................6

Statutes

Fed. R. Evid. 201 ............................................................................................................................5

1.

## I.   NATURE AND STAGE OF THE PROCEEDING

On November 18, 2005, Cornice filed its opening brief in support of its motion for summary judgment of non-infringement of Seagate's U.S. Patent No. 6,146,754 ('754 patent) and U.S. Patent No. 5,600,506 ('506 patent) pursuant to license. [D.I. 155]. Seagate filed its answering brief on December 16, 2005. [D.I. 234]. This is Cornice's reply brief.

## II.   SUMMARY OF ARGUMENT

Seagate has failed to identify any material facts that are genuinely in dispute.

### REDACTED

SAE is fully authorized to sell and "transfer" Licensed Products to Cornice. In turn, Cornice is authorized to resell those Licensed Products to its own customers. Because Seagate's '754 and '506 patents purport to claim the "magnetic disks" that are the subject of the License, Cornice is immune from suit under these patents.

## III.   ARGUMENT

### A.   Cornice's Motion Addresses Licensed Components, Not The Overall Hard Drive

Cornice has tailored its motion to focus on the particular components of its hard drives that directly fall within the licensed field of technology:                **REDACTED**

Cornice's motion seeks a finding of non-infringement of two of Seagate's patents (the '754 and '506 patents) because these two patents purport to cover the technology that falls within this licensed field. By far, these two patents are the most technically demanding patents involved in this suit, and eliminating them on summary judgment will greatly streamline the case for presentation to the jury. Seagate's brief misconstrues Cornice's motion as being directed to Cornice's entire hard drives. See Seagate's Answering Brief [D.I. 234] (hereinafter "Ans. Br.") at 1 ("[Cornice] cannot show that what SAE sells to Cornice, the drive, is a 'Licensed Combination.'").

2.

B.

**REDACTED**

3.

**REDACTED**

The caselaw does not support Seagate's contention that transferring a good requires a transfer of legal title.  The cases cited by Seagate ask whether a certain item is the "property" of a party, as presented in the context of a takings case or a divorce.  *See Members of Peanut Quota Holders Ass'n,*

---
[1]

**REDACTED**

4.

*Inc. v. United States*, 421 F.3d 1323, 1330-31 (Fed. Cir. 2005) (recognizing that transferability is one factor to analyze in determining whether intangible interest arises to level of "property" for takings claim); *Conti v. United States*, 291 F.3d 1334, 1340-42 (Fed. Cir. 2002) (ruling that fishing license was not "property" for purposes of a takings claim because, inter alia, it was not transferable); *In re Marriage of McTiernan and Dubrow*, 133 Cal.App.4th 1090, 1100, (Cal. App. 2005) (in divorce context, noting that things that rise to level of personal property may be transferred). None of these opinions seek to define a "transfer." They simply state the basic rule that if something is the property of a party, then that party generally has the right to transfer it.

**REDACTED**

5.

C.

REDACTED

_____

2

REDACTED

6.

**REDACTED**

Whether or not the witness had prior personal knowledge of these facts is irrelevant, because Rule 30(b)(6) witnesses have a duty to learn facts beyond their immediate personal knowledge. *See PPM Finance, Inc. v. Norandal USA, Inc.*, 297 F.Supp.2d 1072, 1085-86 (N.D. Ill 2004) ("A Rule 30(b)(6) witness, however, need not have personal knowledge of the facts to which he testifies, because he testifies as to the corporation's position on the matters set forth in the Rule 30(b)(6) [notice], not his personal opinion."); *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. 1991) ("[A]n individual employee's lack of personal knowledge is irrelevant.").

**REDACTED**

7.

**REDACTED**

D.     Seagate Does Not Dispute That The '754 And '506 Patents Encompass Licensed
        Products

**REDACTED**

8.

**REDACTED**

E.     <u>**Cornice Is Immune For The Sale Of Its Magnetic Disks And Servo Systems**</u>

The immunity of Section 2.5 applies to Cornice.  The two arguments asserted by Seagate

are untenable.

**REDACTED**

9.

**REDACTED**

2.     <u>**The Immunity Against Contributory Infringement Applies**</u>

**REDACTED**

10.

**REDACTED**

1.    <u>"Other Claims" Do Not Cover The Servo Systems</u>

**REDACTED**

---

3        There are no other viable uses for the disks, as discussed on page 13.

11.

**REDACTED**

12.

**REDACTED**

2.      **The Disks Accused Of Infringement Do Not Have Other Viable Commercial Uses**

**REDACTED**

13.

**REDACTED**

3.    <u>Sale Of The Disks Would Constitute Contributory Infringement</u>

**REDACTED**

Accordingly, there is no genuine dispute that Cornice's servo systems constitute Licensed Combinations. As with Licensed Products, Cornice is immune from suit for the sale of these Licensed Combinations. *See* Opening Appendix [D.I. 156], Exh. D, § 2.5 [License].

G.    <u>Patent Exhaustion Applies</u>

In addition to the immunity provisions of the License, Cornice is free from liability under the legal doctrine of patent exhaustion. Seagate does not dispute that if Cornice's hard drives are the subject of an authorized U.S. sale, then there can be no subsequent liability for their re-sale. *See ULSI*, 995 F.2d at 1568 (quoting *Bloomer v. Millinger*, 68 U.S. (1 Wall.) 340 (1864)) ("The law is well settled that an authorized sale of a patented product places that product beyond the reach of the patent.").

14.

REDACTED

15.

Therefore, there is no genuine dispute that patent exhaustion bars infringement of the '754 and '506 patents.

## IV.     CONCLUSION

For the foregoing reasons, Cornice's motion should be granted.  The Court should enter summary judgment for Cornice on its Second, Ninth, Tenth, and Eleventh Affirmative Defenses as to the '754 and '506 patents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julia Heaney
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
  *Attorneys for Defendant and Counterclaim*
  *Plaintiff Cornice, Inc.*

OF COUNSEL:

Matthew D. Powers, Esq.
Jason D. Kipnis, Esq.
Steven C. Carlson
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3098

Russell Wheatley
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX  77001
(713) 546-5000

Alan J. Weinschel
David C. Radulescu
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

January 17, 2006
502332

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 23, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND:**

William J. Marsden, Jr., Esquire
Fish & Richardson, P.C.
919 N. Market Street, Suite 1100
Wilmington, DE  19801

**BY FEDERAL EXPRESS:**
Ruffin B. Cordell, Esquire
Fish & Richardson, P.C.
1425 K Street, NW, Suite 1100
Washington, DC  20005

/s/ *Julia Heaney*
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
jheaney@mnat.com
  *Attorneys for Defendant and*
  *Counterclaim Plaintiff Cornice, Inc.*